

**CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.**
COUNSELLORS AT LAW

June 1, 2016

<u>VIA ECF</u>

The Honorable Joseph A. Dickson
United States Magistrate Judge
Martin Luther King Federal Building
50 Walnut Street
Newark, NJ 07102

      Re:    *In re Mercedes-Benz Emissions Litigation*
              Civil Action No. 16-881 (JLL) (JAD)

Dear Judge Dickson:

      The undersigned represent Plaintiffs and the putative class in the Mercedes Diesel emissions litigation pending before Your Honor and Judge Linares. In accordance with Your Honor's instructions at the May 10 status conference (Dkt. No. 23), the parties have conferred regarding various pre-trial scheduling and case-management issues. The parties appear to be close to agreement on a form of confidentiality order and will continue to discuss an order to govern the production of electronically stored information (ESI).[1]

      Unfortunately, the parties have been unable to agree on proposed orders addressing preservation and discovery. In order to assist Your Honor, we have attached Plaintiffs' proposed Scheduling Order as Exhibit A, as well as a redline version of the Preservation Order reflecting the parties' differences (with Plaintiffs' positions represented in redline; *see* Exhibit B). Plaintiffs submit this letter setting forth their positions on issues for which the parties were unable to reach agreement.

    **A.**    **Discovery Order**

      The parties have been unable to agree on a discovery order. The principal disagreement is whether discovery should proceed now or await resolution of motions to dismiss.

      Plaintiffs' believe that discovery should commence immediately. It has been four months since the first complaint in this consolidated action was filed, and no discovery has occurred. While the Court is familiar with the standards governing stays of discovery, it is important to highlight the fundamental principles in this area of law. A stay pending a motion to dismiss is the exception to the rule and should only be granted upon a showing of good cause by the party

---

[1] Mercedes provided a first draft of an ESI protocol over the holiday weekend. The parties will need more time to discuss the matter. Plaintiffs propose that the parties submit to the Court on June 10 an agreed-upon ESI protocol or disputes relating thereto.

The Honorable Joseph A. Dickson
June 1, 2016
Page 2

seeking the stay, here Mercedes. Importantly, "[i]mposition of a stay is not appropriate simply on the basis that a motion to dismiss has been [or will be] filed, as the Federal Rules make no such provision." *In re Currency Conversion Fee Antitrust Litig.*, 2002 WL 88278, at *1 (S.D.N.Y. 2002). Indeed, "it is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay." *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007); *Coyle v. Hornell Brewing Co.*, 2009 WL 1652399, at *3 (D.N.J. 2009) ("Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.") (citation omitted). "[T]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of the Court's discretion." *Nussbaum v. Diversified Consultants, Inc.*, 2015 U.S. Dist. LEXIS 129750, at *4 (D.N.J. Sept. 28, 2015) (citing cases). Mercedes cannot claim good cause here for a variety of compelling reasons.

Mercedes confuses the mere filing of a Rule 12(b)(6) motion with satisfying the good cause standard. Where, as here, a Rule 12(b)(6) motion is contemplated, it likely will address primarily the sufficiency of the complaint. But "resolution of the pending motion is not necessarily dispositive because the pleadings may be amended to correct the deficiencies." *Coca-Cola Bottling Co. of the Lehigh Valley v. Grol*, 1993 WL 13139559, at *2 (E.D. Pa Mar. 8, 1993) (citations omitted). Thus, a stay of discovery is unwarranted in the circumstance where a motion to dismiss primarily attacks the sufficiency of the pleadings. *Id.* at *3. These precedents are particularly compelling in this case given the detailed, comprehensive nature of Plaintiffs' pleading. This is not a case that relies upon speculation or suspicion. To the contrary, it is based upon real world testing and incontrovertible facts about how Mercedes has, using sophisticated technology, circumvented diesel emissions standards[2] and made misrepresentations to Plaintiffs and the Class.[3] So, while Mercedes promised that the BlueTEC diesels were "the world's cleanest diesel automobiles," have "ultra-low emissions" with "up to 30% lower greenhouse-gas emissions than gasoline,"[4] these representations were false given Mercedes' blatant manipulation of emissions systems in the vehicles. Testing by both Plaintiffs and independent organizations reveals that Mercedes has programmed its BlueTEC vehicles to turn off or otherwise limit the effectiveness of the NOx reduction systems during real-world driving. For example, Plaintiffs' scientific testing demonstrates that, at highway speeds, average emissions were found to be 4.5 times the federal highway standard.[5] As another example, a study conducted by TNO for the Dutch Ministry of Infrastructure concluded that, in most circumstances arising in normal situations on the road, the emission control system scarcely succeeded in any effective reduction of NOx emissions.[6] And TNO's testing revealed very different performance in dynamometer tests under governmental protocols: emissions were dramatically lower. This indicates that Mercedes has intentionally programmed the emissions software so as to "defeat" the

---

[2] *See*, *e.g.*, Consolidated Amended Complaint (CAC), ¶¶ 111-134.

[3] *See*, *e.g.*, CAC, ¶¶ 104-110.

[4] *See*, *e.g.*, CAC, ¶ 107.

[5] *See*, *e.g.*, CAC, ¶ 128.

[6] *See*, *e.g.*, CAC, ¶¶ 116-19.

The Honorable Joseph A. Dickson
June 1, 2016
Page 3

effectiveness of on-the-road emissions controls while satisfying government testing protocols conducted in the lab.[7]

Moreover, the United States Department of Justice is conducting an investigation and has directed Mercedes to begin an internal investigation to review its certification and admissions process related to exhaust emissions in the United States.[8]  It is highly unlikely that this pleading will be dismissed with prejudice by way of a 12(b)(6) challenge.  Such a speculative outcome should not drive case-management decisions at this time, including instituting a stay.

Mercedes has cited several opinions that stayed discovery pending a ruling on a motion to dismiss.  *See*, *e.g.*, *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010); *Victor v. Huber*, 2012 WL 2564841, at *2 (M.D. Pa. July 2, 2012).  Those cases merely stand for the wholly unremarkable proposition that the court has broad discretion to stay discovery (or not) while a 12(b)(6) motion is pending.  In this case, the most compelling precedent is one not cited by defendants: *In re Volkswagen "Clean Diesel" Marketing, Sales Practices & Products Liability Litigation* (*VW*), N.D. Cal. Case No. MDL 2672 CRB (JSC), pending before Judge Breyer in San Francisco.  That case—as does this one—involves an ongoing violation that is causing significant damage to the environment every day through the noxious pollution emitted by non-conforming diesel vehicles.  The *VW* litigation has proceeded quickly and, a mere six months after formation of the MDL, *VW* is moving toward a substantial settlement at the end of the July.

Given the ongoing and serious nature of the violations at issue, it is far preferable for Plaintiffs, the Court, and the public that this case be moved forward expeditiously rather than through the typical lethargic track that defendants prefer and that Mercedes has demanded here.  Indeed, Mercedes' has been implementing the playbook of delay.  For instance, during the May 10 status conference, the Court directed the parties to work on a joint discovery plan for submission on June 1.  Plaintiffs provided Mercedes with a draft on May 16.  It took until May 24 for Mercedes to respond and participate in a call, during which counsel for Mercedes stated that they were unable to discuss Plaintiffs' proposal because of unspecified "client unavailability" and asked that Plaintiffs stipulate to a joint request to move the deadline to June 15.  Given Mercedes' past delay and apparent bad faith, Plaintiffs that day declined and requested that Mercedes promptly provide its counter-proposal.  *See* Exhibit C.  **Mercedes never responded vis-à-vis the proposed discovery order**.  Another example is provided by Mercedes' negotiation of the Preservation Order—an ordeal that has taken over two months through three meet-and-confers, and the parties still could not even agree on whether it would be an order or protocol (more on this below).[9]

Unquestionably, the best means of driving cases toward resolution, whether by trial, summary judgment or settlement, is to move them forward through discovery.  Defendants' predictable response—that this case is not *VW*—rings particularly hollow because Mercedes involves the same exact conscience disregard of federal and state emissions standards and similarly deceptive marketing of the vehicles as "clean" diesels when they were anything but

---

[7] *See*, *e.g.*, CAC, ¶ 119.

[8] *See*, *e.g.*, http://www.roadandtrack.com/new-cars/car-technology/news/a28932/mercedes-benz-bluetec-diesel-emissions/.

[9] On May 25, Mercedes finally provided its first draft of a preservation protocol, approximately two months after Plaintiffs first proffered a draft.

The Honorable Joseph A. Dickson
June 1, 2016
Page 4

clean. Defendants' proposed stay achieves nothing other than delay, which is Mercedes' true objective and one which the Court should, respectfully, reject.

Discovery should proceed in a reasonable, cogently-organized manner that efficiently readies this case for trial, and Plaintiffs' proposed order accomplishes these goals. Under Plaintiffs' proposal, discovery commences immediately upon entry of the Discovery Plan and encompasses the claims asserted in the Consolidated Amended Complaint (CAC) and defenses related thereto. Here are the highlights of Plaintiffs' cogent plan:

- Initial disclosures due July 8, 2016.

- Deadline for substantial completion of Production of Documents: October 28, 2016.

- Motions to amend or add parties due December 16, 2016.

- Fact discovery ends on May 26, 2017.

- Plaintiffs' expert disclosures are due June 30, 2017; Defendants' are due July 31, 2017; and Plaintiffs' disclosure of rebuttal experts is due August 26, 2017. Merits expert depositions to be completed by September 29, 2017.

- Plaintiffs' motion for class certification is due November 3, 2017.

- The dispositive motion deadline is 30 days following the conclusion of expert discovery.

The foregoing schedule readies this case for trial within approximately 20 months and does not interfere with Defendants' ability to file their Rule 12(b) motions.

**B.     Preservation Order**

There are several disagreements as to the entry of a Preservation Order, which Plaintiffs highlight below.

    **1.     Entry of an order or a "protocol."**

The threshold disagreement is whether a Preservation Order should be entered at all. Mercedes contends that a "protocol" that establishes guidelines that are not ordered by the Court should suffice. Plaintiffs' position is that an order is necessary to ensure that the parties preserve information that is likely to be relevant in the case. Indeed, the use of preservation orders is common in this District. *See*, *e.g.*, In re Vytorin/Zetia Marketing, Sales Practices & Prods. Liab. Litig., D.N.J. Case No. 08-285(DMC), Stipulated Order Regarding the Preservation of Documents and Electronically Stored Information (Exhibit D); *Dust Pro*, *Inc. v. CSX Transportation*, *Inc. et al.*, D.N.J. Case No. 07-2251 (DMC), Stipulation and Order Regarding the Preservation of Documents and Electronically Stored Information (Exhibit E); *Wachtel v. Health Net*, *Inc*., 239 F.R.D. 81 (D.N.J. 2006); *In re Prudential Ins. Co. of Am. Sales Practices Litig*., 169 F.R.D. 598 (D.N.J. 1997).

Preservation orders have also been issued by courts in a variety of litigation against automobile defendants, including the similar *VW* litigation (*see* Pretrial Order No. 15: Relating to

The Honorable Joseph A. Dickson
June 1, 2016
Page 5

Preservation of Documents and Electronically Stored Information, Exhibit F) and in *In Re Toyota Motor Corp. Unintended Acceleration Marketing*, *Sales Practices & Prods. Liab. Litig.*, C.D. Cal. Case No. 8:10ML02151 JVS, Order for Preservation of Documents and Tangible Things (Exhibit G). Plaintiffs' Proposed Preservation Order here is largely based on the order recently enacted in *VW*.

Mercedes has not persuasively explained why a preservation order should not be entered—an order that benefits all parties. For instance, Mercedes has failed to explain why it believes that a preservation order is not necessary, while a confidentiality order (and not protocol) is. Moreover, the examples provided above are of orders and not merely protocols. Mercedes' resistance to the entry of a Preservation Order here is reason for concern and makes one wonder what information Mercedes is failing to preserve (or wishes to destroy) and is amplified by a dispute over what information is relevant (as profiled below). The concern is particularly acute given that relevant information will be found in Daimler's German offices where there may be a cultural predisposition against preservation.

2.  **Time period disputes.**

Mercedes has taken the position that its preservation obligations should relate only to information created on or after January 1, 2007, and that the "Diesel Vehicles" to which the obligations pertain should begin with Model Year 2009 for most BlueTEC model versions and Model Year 2010 for the E Class BlueTEC—the earliest model years purchased or leased by the named Plaintiffs. But Mercedes' attempt to truncate both current preservation obligations and future discovery is at odds with both the allegations of the CAC and Rule 26's broad view of relevance.

Plaintiffs' proposed class definition encompasses all diesel powered BlueTEC models, which include the following: ML 320, ML 350, GL 320, E320, S350, R320, E Class, GL Class, ML Class, R Class, S Class, GLK Class, GLE Class, and Sprinter. The class definition itself does not place any time limitation on the models at issue—to the extent that a model was not available with the BlueTEC engine until a certain point in time, then that model is only relevant for the time period that it was offered as BlueTEC; in other words, non-BlueTEC models are excluded. Furthermore, for model year 2007 Mercedes introduced to much fanfare its first BlueTEC models[10]—models that Mercedes marketed and promoted as having "clean diesel" engines. Given the customary two-year engine development cycle, this obligates Mercedes to preserve from 2005 onward information related to the BlueTEC models. Limiting the time period to 2009 onward is contrary to Rule 26's command that the parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . ." and will almost certainly result in the destruction of highly probative evidence.

3.  **Definition of "emission control systems."**

The emission control systems found in the BlueTEC class vehicles employ multiple strategies to reduce pollution. Those strategies include exhaust gas recirculation (EGR), in which exhaust gases are routed back into the engine and mixed with fresh incoming air for another round of combustion. Another strategy is to use catalytic converters to transform NOx

---

[10] *See* http://articles.latimes.com/2007/feb/21/autos/hy-neil21 (noting introduction of the 2007 Mercedes-Benz E320 Bluetec).

The Honorable Joseph A. Dickson
June 1, 2016
Page 6

emissions into less harmful gases. As the CAC explains, there is an inherent tradeoff between reducing NOx and particulate matter—reducing NOx can lead to an increase in particulate matter. *E.g.*, CAC ¶ 93. Moreover, for a diesel car to be considered a "clean" vehicle, it must produce both low particulate matter **and** low NOx. *E.g.*, CAC ¶ 94. Thus, documents discussing measures to reduce **both** particulate matter and NOx are highly relevant and should be preserved, as are documents referencing the relationship between these two forms of pollution emitted from the BlueTEC vehicles' exhaust.

Plaintiffs' proposed definition of "emission control systems" captures both emission control strategies as referenced in the CAC. Under Plaintiffs' proposal, "'Emission Control Systems' means BlueTEC or any other exhaust treatment systems, auxiliary emission control devices, or similar devices, programs, or systems used to control or limit emissions in any Diesel Vehicle." Mercedes proposes to limit the scope of this definition by inserting the word "NOx" before "emissions," thereby relieving it of the obligation to preserve any documents relating to the control of particulate matter. Mercedes should not be allowed to truncate the relevance of the emission control systems through its more narrow—and factually unsupported—definition.

**4.     Other categories of relevant information.**

Mercedes wishes to exclude from its preservation obligations three categories of information that are highly relevant to this case and were encompassed by the preservation order in the *VW* litigation. The categories are:

- The economic benefit or savings, if any, derived from any non-compliance associated with the use of the Emissions Control Systems installed in the Diesel Vehicles;

- Data, research, or analysis regarding exhaust emissions from the Diesel Vehicles; and

- Vehicle registration data or analyses reflecting how many of each Diesel Vehicle were registered in each geographic region, major city, and/or zip code.

Registration data is highly relevant to reaching class members should a class be certified by the Court. And the relevancy of emissions data and any documents discussing the economic benefit or savings of failing to comply with emissions regulations cannot be disputed. Mercedes should be required to preserve this important information.

Mercedes also contends that it should not be required to preserve information relating to the value of the Diesel Vehicles and of comparable vehicles made by competitors, including but not limited to segmented "T-Line" data (industry standard valuation data). This information is highly relevant to the calculation of potential damages in the case and should, therefore, be preserved.

**5.     Plaintiff-related information.**

Among many other categories of information, Mercedes contends that Plaintiffs should be required to preserve information relating to (i) any named plaintiff's commitment to or interest in the environment, and (ii) any named plaintiff's knowledge or awareness of facts underlying the allegations in the CAC. But both categories of information are overbroad and too amorphous to be reasonably implemented. For example, whether a named plaintiff volunteers time or contributes money to environmental causes (or not) is not relevant to their claims, and

The Honorable Joseph A. Dickson
June 1, 2016
Page 7

producing any such information would constitute an invasion of privacy. And information related to "plaintiff's knowledge or awareness of facts" in the CAC is so ill-defined as to be meaningless. Plaintiffs should not be subject to such vague preservation requirements.

**C.    Conclusion**

Plaintiffs have proposed a cogent Discovery Plan and schedule that resolves their claims in an efficient manner and a proposed Preservation Order that ensures that the parties secure and preserve relevant information. The Court should adopt Plaintiffs' proposed orders.

Respectfully submitted,

By   /s/ James E. Cecchi
        JAMES E. CECCHI
**CARELLA, BYRNE, CECCHI,**
**OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey  07068
Tel:  (973) 994-1700
Fax:  (973) 994-1744


By   /s/ Steve W. Berman
        STEVE W. BERMAN
Sean R. Matt
Jessica A. Thompson
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 8th Avenue, Suite 3300
Seattle, Washington  98101
Tel: (206) 623-7292
Fax: (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com

*Interim Lead Counsel for Plaintiffs and the Proposed Classes*