# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCEDES-BENZ EMISSIONS LITIGATION | Civil Action No. 16-881(JLL)(JAD)<br><br>**PLAINTIFFS' PROPOSED DISCOVERY PLAN** |

The parties to the above-captioned actions respectfully submit the following Joint Discovery Plan:

1. **Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.**

**Counsel for Plaintiffs**

James E. Cecchi
**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey  07068
Tel:  (973) 994-1700
Fax:  (973) 994-1744

Steve W. Berman
Sean R. Matt
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 8th Avenue, Suite 3300
Seattle, Washington  98101
Tel: (206) 623-7292
Fax: (206) 623-0594

*Interim Lead Counsel*

**Counsel for Defendants**

Geoffrey M. Sigler
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel: (202) 887-3752
Fax:  (202) 530-9635

2. **Set forth a factual description of the case, including the causes of action and affirmative defenses asserted.**

   **Plaintiffs' Position:**

   On May 6, 2016, Plaintiffs filed their Consolidated Amended Complaint.  Plaintiffs allege that Mercedes promotes its BlueTEC "clean diesel" vehicles as low-emission, "Earth

Friendly" vehicles but that such representations are deceptive and false. Based on extensive testing by Plaintiffs and other organizations, Plaintiffs allege that Mercedes has programmed its BlueTEC vehicles to turn off or otherwise limit the effectiveness of their emissions reduction systems during real-world driving. Thus, Plaintiffs allege, these Mercedes vehicles are not "clean diesels" and emit more pollutants than allowed by federal and state laws—and far more than their gasoline fueled counterparts or what reasonable consumers expected based on Mercedes' advertising. Mercedes has recently admitted that a shut-off device in the engine management of certain BlueTEC diesel cars stops the reduction of nitrogen oxide ($NO_x$) when ambient temperatures drop below 50 degrees Fahrenheit and under other, unspecified circumstances, but Plaintiffs allege that Mercedes has engineered the emissions systems to shut off or reduce effectiveness in most real world driving conditions. The Consolidated Amended Complaint names two Defendants, Mercedes-Benz USA, LLC and Daimler AG. Plaintiffs seek certification of a national class and state-based subclasses of all BlueTEC diesel owners, and assert claims for violation of state unfair and deceptive trade practices acts, breach of contract, and fraudulent concealment under the laws of 30 states.

**3.** **Have settlement discussions taken place?**

        Yes _____ No __X__

**4.** **The parties have met pursuant to Fed. R. Civ. P. 26(f).**

**5.** **The parties have not exchanged the information required by Fed. R. Civ. P. 26(a)(1).**

The parties will exchange their initial disclosures compliant with Rule 26(a) on or before July 8, 2016.

**6.** **Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).**

2

None

**7.     No discovery has been conducted to date in this matter.**

**8.      Proposed Joint Discovery Plan:**

**(a)**     Discovery is needed on the following subjects:

**Plaintiffs' Proposed Scope of Discovery:**

Discovery should encompass the claims and defenses asserted in the Consolidated Amended Complaint.

**(b)**     Discovery should not be conducted in phases or limited to particular issues.

(**c**)    **Proposed Schedule**

1. Submit agreed-upon document preservation order or disputes relating to the document preservation order by June 1, 2016.

2. Submit agreed-upon Discovery Confidentiality Order or disputes relating to the Discovery Confidentiality Order by June 1, 2016.

3. Submit an agreed-upon ESI protocol or disputes relating to the ESI protocol by June 10, 2016.

4. Fed. R. Civ. P. 26(a) Disclosures by July 8, 2016.

5. Service of initial written discovery by June 10, 2016, including jurisdictional discovery related to defendant Daimler AG. Responses to jurisdictional discovery due July 10, 2016.

6. Maximum number of interrogatories by each side 50, subject to additional interrogatories for good cause shown.

7. Maximum number of depositions by each side 50, subject to additional depositions for good cause shown.

8. Deadline for substantial completion of Production of Documents: October 28, 2016.

9. Motions to amend or add parties: Filed by December 16, 2016.

10. Factual discovery to be completed: May 26, 2017

11. Affirmative expert report(s): June 30, 2017

3

      12.     Responsive expert report(s):  <u>July 31, 2017</u>

      13.     Rebuttal expert reports:  <u>August 26, 2017</u>  The subject matter of any rebuttal expert reports should be limited to contradict or rebut evidence on the same subject matter identified in responsive expert reports.

      14.     Merits Expert depositions:  <u>September 29, 2017</u>

      15.     Motion for Class Certification: <u>November 3, 2017</u>

      16.     Dispositive Motions:  <u>Within 30 days after completion of all discovery</u>

**(e)**     **A pretrial conference may take place <u>as directed by the Court</u>.**

**(f)**     **A trial date (jury trial) will be set <u>as directed by the Court</u>.**

**9.     Do you anticipate any special discovery needs (*i.e.*, videotaped/telephone depositions, problems with out-of-state witnesses or documents, etc.):**

At present, the parties do not anticipate any special discovery needs. Should this situation change and the parties cannot resolve any such issues among themselves, they will promptly raise these changed circumstances with the Court.

**10.     Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?**

No, but the parties will agree to meet and confer in an effort to address and jointly resolve any issues that may arise.

**11.     Do you anticipate any discovery problem(s) not listed above.**

Special discovery may be required for any and all documents that are not written in English, which will need to be translated. Further, if any interoffice documents were automatically translated during the exchange, both versions of the document will be required. There may also be issues relating to depositions of Daimler AG employees in Germany.

**12.     State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (*i.e.*, after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).**

This matter is not appropriate for arbitration because the amount in controversy is in excess of the amount provided in the Local Rules. At this point, it is not appropriate for mediation, but may be after some limited discovery has occurred.

13. **Is this case appropriate for bifurcation?**

   **Plaintiffs' Position:** No

   **Defendants' Position:**

14. **The parties do not consent to the trial being conducted by a Magistrate Judge.**

15. **Identify any other issues to address at the Rule 16 Conference.**

   None.

**CARELLA, BYRNE, CECCHI,**
**OLSTEIN, BRODY & AGNELLO, P.C.**
*Interim Lead Counsel for Plaintiffs and the Proposed Classes*


By _____
          JAMES E. CECCHI

**HAGENS BERMAN SOBOL SHAPIRO LLP**
*Interim Lead Counsel for Plaintiffs and the Proposed Classes*


By: _____
          STEVE W. BERMAN

Christopher A. Seeger
**SEEGER WEISS LLP**
77 Water Street, New York,
New York, NY 10005
Tel: (212) 584-0700
Fax: (212) 584-0799

Bob Hilliard
**HILLIARD MUNOZ GONZALES LLP**
719 S Shoreline Blvd, # 500

Corpus Christi, TX 78401
(361) 882-1612

Lesley Weaver
**BLOCK & LEVITON LLP**
520 3rd St., Suite 108
Oakland, California  94607
Tel:  (415) 968-8999
Fax:  (617) 507-6020

*Plaintiffs' Executive Committee*