# Exhibit E

# UNITED STATES DISTRICT COURT
# FOR NEW JERSEY

| | |
|---|---|
| DUST PRO, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CSX TRANSPORTATION, INC., BNSF RAILWAY COMPANY, UNION PACIFIC RAILROAD COMPANY, NORFOLK SOUTHERN RAILWAY COMPANY, KANSAS CITY SOUTHERN RAILWAY COMPANY<br><br>Defendants. | Civil Action No. 07-2251 (DMC)<br><br>**AND ALL CONSOLIDATED ACTIONS** |

**STIPULATION AND ORDER REGARDING THE PRESERVATION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

WHEREAS, the above consolidated actions were commenced in the United States District Court for the District of New Jersey by plaintiffs Dust Pro, Inc., Isaac Industries, Inc., Bar-Ale, Inc., United Co-Operative Farmers, Inc., Carter Distributing Company, Blue Grass Tobacco Company, and Lancaster Founder Supply Company, Inc. (collectively "plaintiffs") against defendants CSX Transportation, Inc., BNSF Railway Company, The Kansas City Southern Railway Company, Norfolk Southern Railway Company, and Union Pacific Railroad Company (collectively "defendants").

WHEREAS, the parties recognize that certain documents and electronically stored information ("ESI") are potentially relevant to these actions and reasonable steps should be undertaken by the parties to ensure that such records are appropriately preserved;

WHEREAS, the parties recognize that the issue of preservation of potentially relevant records can be a complex, expensive and difficult task;

WHEREAS, the parties recognize that further discussions regarding the scope of potentially relevant records to be preserved may become necessary and appropriate;

NOW, THEREFORE, IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES, THROUGH THEIR RESPECTIVE COUNSEL, AS FOLLOWS:

1. This Stipulation governs the preservation of potentially relevant records to these consolidated actions. The parties to this Stipulation agree that none of the terms herein abrogates any party's obligations to comply with, or rights under, Fed. R. Civ. P. 26.

2. As used herein, the term "Potentially Relevant Records" means documents and ESI created or received after May 1, 2001 and before November 15, 2007 (the "Relevant Period"):

   a. Concerning rail fuel surcharges or any implementation, negotiation, change or adjustment in rail fuel surcharges that in any way applied to or affected regulated or unregulated freight traffic. As used herein, "unregulated" means rail freight transportation services where the rates are set by private contracts or through other means exempt from rate regulation under federal law.

   b. Concerning the method, policies, or procedures for the calculation of rail fuel surcharges that in any way applied to or affected regulated or unregulated freight traffic during the Relevant Period, including any index to be used and how and when to notify customers or anyone else of changes in fuel surcharges.

   c. Concerning any action by, or involvement of, the Association of American Railroads ("AAR") concerning the inclusion or exclusion of any cost adjustment for fuel in any cost or cost-adjustment index.

   d. Concerning any policy that was adopted by any defendant during the Relevant Period pursuant to which a defendant stopped offering "through rates" (in which a shipper would receive a single bill from either the originating railroad or the termination railroad and a single fee would be allocated among the railroads that carried the freight) and instead moved to what is known as "Rule 11 pricing."

2

    e.  Concerning any policy that was adopted by any defendant during the Relevant Period pursuant to which a defendant stopped offering contracts for rail freight transportation with terms of more than one year, or began offering contracts for rail freight transportation with 30-day (or shorter) cancellation provisions.

    f.  Constituting final written private transportation contracts for rail freight service that were in effect during the Relevant Period regardless of when they were created or received.

  3. To the extent not previously issued, within 7 days of the entry of this Order, the parties will issue a written Legal Hold Notice to their employees who may reasonably be expected to have Potentially Relevant Records directing the retention, and forbidding the destruction, removal, alteration or disposal, of such records during the pendency of the consolidated actions.

  4. In addition to the issuance of a Legal Hold Notice, the parties shall undertake other reasonable good faith measures to preserve Potentially Relevant Records during the pendency of the consolidated actions.

  5. In addition to the issuance of a Legal Hold Notice, the parties shall undertake to preserve the e-mail communications (and their associated attachments) of all employees receiving a Legal Hold Notice by either: (i) preserving and maintaining one set of back-up tapes from e-mail servers; or (ii) undertaking to create an electronic snapshot from e-mail servers. To the extent not already completed, these steps should be completed no later than fourteen days from the entry of this Order. The parties shall continue to confer concerning any additional steps that may be appropriate to preserve ESI located on individual workstations or other devices.

  6. The parties do not concede that any of the information subject to this Order is discoverable, relevant or admissible, and the parties expressly reserve the right to challenge any specific discovery request concerning any such information; the parties also reserve the right to challenge the competency, relevance, materiality, privilege and/or admissibility into evidence of

3

such documents, information or material in these or any subsequent proceedings, or at the trial of these or any other actions, in this or any other jurisdiction.

7. Nothing herein constitutes a waiver of any defenses to these actions, including but not limited to a defense of lack of personal jurisdiction.

Dated: July 11, 2007

/s/ Stephen R. Neuwirth
Stephen Neuwirth, Esquire
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7165

/s/Ghillaine A. Reid
Michael R. Griffinger
Ghillaine A. Reid
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
*Attorneys for Defendant CSX Transportation, Inc.*

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
5 Becker Farm Road
Roseland, New Jersey
(973) 994-1700

/s/Richard McMillan, Jr.
Richard McMillan, Jr.
Kent A. Gardiner
Kathryn D. Kirmayer
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004
(202) 624-2500
*Attorneys for Defendant CSX Transportation, Inc.*

4

Richard Scruggs
SCRUGGS LAW FIRM, P.A.
120A Courthouse Square
P.O. Box 1136
Oxford, Mississippi 38655
Phone: (662) 281-1212
Fax: (662) 281-1312

/s/Richard J. Favretto
Richard J. Favretto
Mark W. Ryan
Gary A. Winters
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, NW
Washington, D.C. 20006
(202) 263-3000
*Attorneys for Defendant BNSF Railway Company*

Robert Kaplan
KAPLAN FOX & KILSHEIMER L.L.P.
805 Third Avenue – 22nd Floor
New York, New York 10022
Phone: (212) 687-1980

/s/Alan Wiseman
Alan Wiseman
HOWREY LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
(202) 783-0800

*Coordinating Counsel For Plaintiffs In All New Jersey Cases*

Tyrone R. Childress
HOWREY LLP
550 S. Hope Street
Los Angeles, CA 90071
(213) 892-1800
*Attorneys for Defendant Union Pacific Railroad Company*

/s/Donald A. Robinson
Donald A. Robinson
ROBINSON LIVELLI
2 Penn Plz. E.
11th Floor
Newark, NJ 07105
*Attorneys for Defendant Norfolk Southern Corporation*

5

        /s/John M. Nannes
        John M. Nannes
        Tara L. Reinhart
        SKADDEN, ARPS, SLATE, MEAGHER
        & FLOM LLP
        1440 New York Avenue, N.W.
        Washington, D.C. 20005
        (202) 371-7500
        *Attorneys for Defendant Norfolk Southern Corporation*


        /s/Reid L. Ashinoff
        Reid L. Ashinoff
        Michael S. Gugig
        SONNENSCHEIN, NATH &
        ROSENTHAL LLP
        1221 Avenue of the Americas
        New York, New York 10020
        (212) 768-6730
        *Attorneys for Defendant Kansas City Southern Railway Company*

**SO ORDERED:**

**July _13_, 2007**

_____
**Dennis M. Cavanaugh, U.S.D.J.**