# Exhibit F

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br>_____/<br><br>This Order Relates To:<br><br>ALL ACTIONS (except securities actions) | MDL No. 2672 CRB (JSC)<br><br>PRETRIAL ORDER NO. 15: RELATING TO PRESERVATION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION |

## SCOPE OF ORDER

1.  This Order shall govern the preservation of documents and electronically stored information ("ESI") by Volkswagen AG, Volkswagen Group of America, Inc., Volkswagen Group of America Chattanooga Operations, LLC, Audi AG, Audi of America, Inc., Porsche AG, and Porsche Cars North America, Inc. ("Defendants"), the plaintiffs named in the consolidated class action complaints filed in this action on February 22, 2016 (ECF Nos. 1230, 1231, 1232 (the "Consolidated Complaints")), and the United States of America (collectively, the "Parties").

2.  This Order is designed and shall be interpreted to ensure that preservation of Potentially Relevant Information is both effective and proportionate, and that the Parties have greater clarity as to their respective preservation obligations under applicable law, including the Federal Rules of Civil Procedure, effective December 1, 2015, especially with respect to ESI, and the measures being undertaken to Preserve Potentially Relevant Information.

## DEFINITIONS

3.  "Information" shall be interpreted broadly to include documents and ESI as that term is used in Rule 34 of the Federal Rules of Civil Procedure, effective December 1, 2015.

SULLIVAN & CROMWELL LLP

-1-

PRETRIAL ORDER NO. 15: RELATING TO PRESERVATION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION; MDL No. 2672 CRB (JSC)

4.        "Potentially Relevant Information" is Information potentially relevant to the claims and defenses asserted in this action, and associated relief, including but not limited to:[1]

      a.        The development, validation and pre-production testing of the emissions control systems evaluated for usage in diesel powered vehicles with respect to the Tier 2 exhaust emission standards of the Environmental Protection Agency ("EPA") and/or applicable California or other U.S. state exhaust emission standards;

      b.        The emissions certification and compliance status of MY 2009-2016 Volkswagen, Audi and Porsche vehicles equipped with diesel engines sold or intended for sale in the United States and listed in Appendices A and B to the United States' January 4, 2016 complaint (the "Affected Vehicles");

      c.        The development, manufacture, and sales of the emissions-related diagnostic and control systems, including the electronic control modules ("Emissions Control Systems") employed in the Affected Vehicles;

      d.        Testing, calibration or evaluation of the Emissions Control Systems in the Affected Vehicles;

      e.        The applications for, or U.S. federal or state agency action with respect to, the federal or state emissions certifications for the Affected Vehicles, or the compliance of the Emissions Control Systems of the Affected Vehicles with emissions regulations in the United States;

      f.        Communications regarding the Emissions Control Systems installed in the Affected Vehicles with or by the following:  the EPA, the California Air Resources Board, other governmental or regulatory authorities (whether or not in the U.S.), any entity or institution testing or verifying the performance of the Affected Vehicles, consumers, trade organizations, auto dealerships, other Defendants, and any other non-Party vendors or contractors;

---

[1]      The inclusion of these topics is not intended to suggest that every Party possesses Information concerning all topics in this Paragraph.  Likewise, the inclusion of these topics is not intended to suggest that steps beyond those required by applicable law, including the Federal Rules of Civil Procedure, effective December 1, 2015, must be taken to Preserve any such Information.

[PROPOSED] PRETRIAL ORDER NO. [  ]: RELATING TO PRESERVATION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION; MDL No. 2672 CRB (JSC)

g.        Testing or rating of fuel efficiency or performance, such as horsepower, torque and acceleration, of the Affected Vehicles;

h.        Effect the Emissions Control Systems have on the fuel economy or the performance of the Affected Vehicles, if any;

i.        Economic benefit or savings, if any, derived from any non-compliance associated with the use of the Emissions Control Systems in the Affected Vehicles, including any alleged violations of the Clean Air Act;

j.        Data, research or analysis about the environmental or health impact, if any, due to the use of the Emissions Control Systems installed in the Affected Vehicles;

k.        Data, research or analysis regarding exhaust emissions from Affected Vehicles;

l.        Remedial actions, service actions, and recalls about the Emissions Control Systems of the Affected Vehicles;

m.        Awareness of and discussions regarding U.S. attainment or non-attainment areas under the Clean Air Act as it relates to sales of Affected Vehicles in those regions;

n.        Awareness of and discussions regarding the compliance or noncompliance of Affected Vehicles and Emissions Control Systems with Title II of the Clean Air Act and its implementing regulations, or analogous state statutes and regulations;

o.        Marketing and advertising campaigns for the Affected Vehicles;

p.        Sales data reflecting how many of each Affected Vehicle has been sold in each geographic region, major city and/or zip code;

q.        Vehicle registration data or analyses reflecting how many of each Affected Vehicle were registered in each geographic region, major city and/or zip code;

r.        The sale, lease, or other disposition, or attempted sale, lease, or other disposition, of an Affected Vehicle by or to any plaintiff named in the Consolidated Complaints;

s.        Any valuation by any plaintiff named in the Consolidated Complaints of any Affected Vehicle;

1       t.      Statements or other representations about the Affected Vehicles that were

2   allegedly relied upon by any plaintiff named in the Consolidated Complaints;

3       u.      The use of any Affected Vehicle by any plaintiff named in the

4   Consolidated Complaints;

5       v.      Servicing, maintenance and repairs performed by any plaintiff named in

6   the Consolidated Complaints on any Affected Vehicle;

7       w.      The condition, including any modification or change in condition, of any

8   Affected Vehicle during its ownership and/or possession by any plaintiff named in the

9   Consolidated Complaints;

10      x.      Communications, including those posted on any website or social media,

11  by any plaintiff named in the Consolidated Complaints regarding any Affected Vehicle;

12      y.      Out-of-pocket expenses claimed by any plaintiff named in the

13  Consolidated Complaints;

14      z.      The acquisition or sale by any plaintiff named in the Consolidated

15  Complaints of any Affected Vehicles or vehicles that compete with any Affected Vehicles;

16      aa.     Inventory records, financial records, and marketing and advertising

17  records of any non-consumer plaintiff named in the Consolidated Complaints of any Affected

18  Vehicles or vehicles that compete with any Affected Vehicles;

19      bb.     Any claims or defenses associated with the United States' January 4, 2016

20  complaint, and associated relief; and

21      cc.     Any of the civil penalty factors set forth in 42 U.S.C. § 7524(b).

22  5.      "Preserve(d)" shall mean to take good faith, reasonable and proportional steps to

23  retain Potentially Relevant Information (including, where applicable, potentially relevant

24  document metadata) in the Party's possession, custody or control.

25                          **REQUIREMENTS**

26  6.      This Order applies to Potentially Relevant Information as defined in Paragraph 4.

27  Nothing herein shall be construed as impacting, changing, altering, or obviating the Parties'

28  obligation to preserve tangible items other than Information, nor shall anything in this Order be

Sullivan
&
Cromwell llp

-4-

[PROPOSED] PRETRIAL ORDER NO. [ ]: RELATING TO PRESERVATION OF DOCUMENTS AND
ELECTRONICALLY STORED INFORMATION; MDL No. 2672 CRB (JSC)

construed as impacting or obviating the Parties' obligation to comply with orders or duties relating to the preservation of evidence in other cases or investigations. Additionally, nothing herein shall be construed to expand the preservation obligations of the parties beyond the requirements of applicable law, including the Federal Rules of Civil Procedure, effective December 1, 2015.

7.      The Parties have met and conferred regarding preservation issues consistent with their obligations under the Federal Rules of Civil Procedure and the Northern District of California's Guidelines for the Discovery of Electronically Stored Information. The Parties will continue to have these meet and confer discussions in order to identify the sources, scope, and type of Information that has been and will be Preserved.

8.      Given the varying approaches used by the Parties to manage Information (including the management of ESI), it is not practical at this point to delineate a single detailed process that all Parties must follow to Preserve Potentially Relevant Information. Pending the Parties' continued exchange of information and meet and confer discussions, the Court will permit a Party to select and use its own method to Preserve Potentially Relevant Information, so long as the method enables the Party to meet its obligations under applicable law, including the Federal Rules of Civil Procedure, effective December 1, 2015. In the event that questions arise as to whether or how Information should be Preserved under this Order, counsel for the Parties shall meet and confer. If the Parties are unable to agree, they may apply to this Court for clarification or relief from this Order upon reasonable notice. Before any Party files any motion with any court regarding the terms of this Order or compliance with this Order, counsel for that Party shall meet and confer in a good faith attempt to resolve the dispute.

9.      During the pendency of the Parties' discussions pursuant to Paragraphs 7-8, no Party shall be relieved from retaining Potentially Relevant Information segregated or otherwise preserved pursuant to the preservation measures that it implemented pursuant to applicable law or order entered in any action transferred to this MDL.

10.      The United States is focused on preserving unique Information and therefore may not be preserving some categories of data.

11.     By Preserving Potentially Relevant Information, no Party concedes that such material is discoverable in this matter, nor does any Party waive any claim of privilege by so Preserving.

12.     Nothing in this Order shall preclude the Parties from seeking further relief from or clarification of the Preservation obligations imposed by this Order; however, prior to doing so counsel shall meet and confer amongst themselves in a good-faith effort to reach agreement as to the appropriate scope of any particular Information potentially needing to be Preserved.

13.     Nothing in this Order shall affect any other obligations of the Parties to Preserve Information for purposes other than claims brought or defenses asserted in this MDL, such as pursuant to court order, administrative order, subpoena, statute, or in response to other anticipated litigation.

**IT IS SO ORDERED.**

Dated:  March 24, 2016

_____
CHARLES R. BREYER
United States District Judge

SULLIVAN
&
CROMWELL LLP

-6-

[PROPOSED] PRETRIAL ORDER NO. [  ]: RELATING TO PRESERVATION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION; MDL No. 2672 CRB (JSC)