# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re Mercedes-Benz Emissions Litigation | No. 2:16-cv-881-JLL-JAD<br><br>**PROTOCOL RELATING TO PRESERVATION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION** |

## SCOPE OF PRESERVATION PROTOCOL

1. This Protocol shall govern the preservation of documents and electronically stored information ("ESI") by Mercedes-Benz USA, LLC (Mercedes), Daimler AG (Daimler), and the Plaintiffs (collectively, the "Parties").

2. This Protocol is designed and shall be interpreted to ensure that Preservation of Potentially Relevant Information is both effective and proportionate, and that the Parties have greater clarity as to their respective preservation obligations under applicable law, including the Federal Rules of Civil Procedure, effective December 1, 2015, especially with respect to ESI, and the measures being undertaken to Preserve Potentially Relevant Information.

## DEFINITIONS

3. "Information" shall be interpreted to include documents and ESI as that term is used in Rule 34 of the Federal Rules of Civil Procedure, effective December 1, 2015.

4. "Preserve", "Preserved", "Preserving", or "Preservation" shall mean to take good faith, reasonable and proportional steps to retain Potentially Relevant Information (including,

- 1 -

where applicable, potentially relevant document metadata) in the Party's possession, custody or control.

5. The obligations reflected in this Protocol relate to Information created on or after January 1, 2007.

6. "Emission Control Systems" means BlueTEC or any other exhaust treatment systems, auxiliary emission control devices, or similar devices, programs, or systems used to control or limit NOx emissions in any Diesel Vehicle.

7. "Diesel Vehicles" as used in this Protocol means the following Mercedes-Benz vehicles sold in the U.S. and equipped with Emissions Control Systems: Model Year 2009 and later versions of ML 320, ML 350, GL 320, S350, R320, GL Class, ML Class, R Class, S Class, GLK Class, and GLE Class; and Model Year 2010 and later E Class (including E320), and Sprinter.

8. "Consolidated Amended Complaint" means the Consolidated and Amended Class Action Complaint and Demand for Jury Trial that was filed as Docket Entry 17 on May 6, 2016.

9. "Potentially Relevant Information" is Information potentially relevant to the claims and defenses asserted in this action, and associated relief, such as:[1]

    a. The development and certification of the Emissions Control Systems used in the Diesel Vehicles with respect to the Tier 2 exhaust emission standards of the Environmental Protection Agency ("EPA"), Title II of the Clean Air Act and its implementing regulations, and/or the equivalent California or other U.S. state exhaust emission standards;

---

[1] The inclusion of these topics is not intended to suggest that every Party possesses Information concerning all topics in this Paragraph. Likewise, the inclusion of these topics is not intended to suggest that steps beyond those required by applicable law, including the Federal Rules of Civil Procedure, effective December 1, 2015, must be taken to Preserve any such Information.

b. The emissions certification and compliance status of the Diesel Vehicles as of February 18, 2016;

c. The development or manufacture of the Emission Control Systems employed in the Diesel Vehicles, including but not limited to communications with third-party suppliers;

d. The certification or testing of the Emissions Control Systems in the Diesel Vehicles;

e. Communications regarding the certification or testing of the Emissions Control Systems installed in the Diesel Vehicles with or by the following: the EPA, the California Air Resources Board, other governmental entities or regulatory authorities, as well as any entity providing components or parts used in the manufacture or testing of the Diesel Vehicles, consumers, and auto dealerships;

f. The effect the Emissions Control Systems have on the fuel economy or the performance, such as horsepower, torque and acceleration, of the Diesel Vehicles, if any;

g. Correspondence or communication with customers or dealers regarding remedial actions, service actions, or recalls relating to the Emissions Control Systems in the Diesel Vehicles;

h. The marketing and advertising campaigns for the Diesel Vehicles related to emissions or the environment or climate, including but not limited to the promotion of Diesel Vehicles as "Clean Diesel;"

i. Sales data sufficient to determine how many of each Diesel Vehicle has been sold in the U.S. by state and model/model year;

j. Correspondence or communications with any plaintiff named in the Consolidated Amended Complaint;

k. Any valuation by any plaintiff named in the Consolidated Amended Complaint of any Diesel Vehicle;

l. Statements or other representations about the Diesel Vehicles that were allegedly relied upon by any plaintiff named in the Consolidated Amended Complaint;

m. The use of any Diesel Vehicle by any plaintiff named in the Consolidated Amended Complaint;

n. The servicing, maintenance and repairs performed by any plaintiff named in the Consolidated Amended Complaint on any Diesel Vehicle;

o. The condition, including any modification or change in condition, of any Diesel Vehicle during its ownership and/or possession by any plaintiff named in the Consolidated Amended Complaint;

p. Communications, including those posted on any website or social media, by any plaintiff named in the Consolidated Amended Complaint regarding any Diesel Vehicle;

q. The expenses related to the allegations in the Consolidated Amended Complaint claimed by any named plaintiff;

r. The acquisition or sale by any plaintiff named in the Consolidated Amended Complaint of any Diesel Vehicles or vehicles that compete with any Diesel Vehicles;

s. Any Diesel Vehicle(s) purchased, leased, or owned by any plaintiff named in the Consolidated Amended Complaint;

t. The possession or ownership of the Diesel Vehicles prior to being purchased, leased, or owned by any plaintiff named in the Consolidated Amended Complaint;

  u.  Any named plaintiff's commitment to or interest in the environment;

  v.  Any named plaintiff's knowledge or awareness of facts underlying the allegations in the Consolidated Amended Complaint.

## REQUIREMENTS

  10. This Protocol applies to Potentially Relevant Information as defined in Paragraph 9. Nothing herein shall be construed as impacting, changing, altering, or obviating the Parties' obligation to preserve tangible items other than Information, nor shall anything in this Protocol be construed as impacting or obviating the Parties' obligation to comply with orders or duties relating to the preservation of evidence in other cases or investigations. Additionally, nothing herein shall be construed to expand the preservation obligations of the Parties beyond the requirements of applicable law, including the Federal Rules of Civil Procedure, effective December 1, 2015.

  11. The Parties have met and conferred regarding preservation issues consistent with their obligations under the Federal Rules of Civil Procedure. The Parties will continue to have these meet and confer discussions in order to identify the sources, scope, and type of Information that has been and will be Preserved.

  12. Given the varying approaches used by the Parties to manage Information (including the management of ESI), it is not practical at this point to delineate a single detailed process that all Parties must follow to Preserve Potentially Relevant Information. Pending the Parties' continued exchange of information and meet and confer discussions, the Court will permit a Party to select and use its own method to Preserve Potentially Relevant Information, so long as the method enables the Party to meet its obligations under applicable law, including the Federal Rules of Civil Procedure, effective December 1, 2015. In the event that questions arise as to whether or how Information should be Preserved under this Protocol, counsel for the Parties

shall meet and confer. If the Parties are unable to agree, they may apply to this Court for clarification or relief from this Protocol upon reasonable notice. Before any Party files any motion with any court regarding the terms of this Protocol or compliance with this Protocol, counsel for that Party shall meet and confer in a good faith attempt to resolve the dispute.

13. During the pendency of the Parties' discussions pursuant to Paragraphs 11-12, no Party shall be relieved from retaining Potentially Relevant Information segregated or otherwise Preserved pursuant to the preservation measures that it implemented pursuant to applicable law.

14. By Preserving Potentially Relevant Information, no Party concedes that such material is discoverable in this matter, nor does any Party waive any claim of privilege by so Preserving.

15. Nothing in this Protocol shall preclude the Parties from seeking further relief from or clarification of the Preservation obligations imposed by this Protocol; however, prior to doing so counsel for all parties shall meet and confer amongst themselves in a good-faith effort to reach agreement as to the appropriate scope of any particular Information potentially needing to be Preserved.

16. Nothing in this Protocol shall affect any other obligations of the Parties to Preserve Information for purposes other than claims brought or defenses asserted in the Consolidated Amended Complaint, such as pursuant to court order, administrative order, subpoena, statute, or in response to other anticipated litigation.

17. Nothing in this Protocol shall obligate the Parties to Preserve documents in the possession, custody, or control of any non-Party.