## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

### LETTER ORDER

June 17, 2016

*All counsel of record via ECF*

**Re:    In re Mercedes-Benz Emissions Litigation**
       **Civil Action No.: 16-881 (JLL) (JAD)**

Counsel:

This will address the disputes set forth in the parties' letters dated June 1, 2016. (ECF Nos.

30 and 31).

This Court conducted an in-person status conference in this matter on May 10, 2016, during

which the parties identified certain potential discovery and case-management issues.  Following

that conference, this Court Ordered:

> The parties shall meet and confer regarding the preservation and
> discovery scheduling issues discussed at the conference on this date
> and, on or before 6/1/16, shall submit for this Court's consideration
> either (1) one or more agreed, proposed orders addressing those
> issues; or (2) letters setting forth their respective positions on any
> issues for which they are unable to reach an agreement.

(ECF No. 23). By letters dated June 1, 2016, the parties sought this Court's intervention regarding

two issues.  First, the parties disagreed on whether they should proceed with any discovery before

resolution of Defendants' as-yet-unfiled motion to dismiss.  (Defs.' June 1, 2016 Letter at 2-5,

ECF No. 30; Pls.' June 1, 2016 Letter at 1-4, ECF No. 31).  Second, the parties have been unable

to agree on the terms of an order or protocol regarding the preservation of relevant documents and

information. (Defs.' June 1, 2016 Letter at 5-8, ECF No. 30; Pls.' June 1, 2016 Letter at 4-7, ECF No. 31). The Court will address both disputes in turn.

**I.     Timing of Discovery**

Plaintiffs filed their Consolidated and Amended Class Action Complaint in this matter on May 6, 2016. (ECF No. 17). As Defendants executed waivers of service for that pleading, (ECF Nos. 27, 28), they are required to respond on or before July 8, 2016. Defendants' anticipate filing a motion to dismiss, and argue that the Court should hold all discovery in abeyance until that motion has been resolved. Defendants contend that, depending on the outcome of their forthcoming motion, a temporary stay may "obviate the need for any discovery at all," or at least "substantially limit the scope of discovery." (Defs.' June 1, 2016 Letter at 3, ECF No. 30). Defendants further argue that a stay would also provide time for the United States Environmental Protection Agency and the California Air Resources Board to complete certain related inquiries. (Id. at 4-5). Plaintiffs contend that the Court should permit full discovery to proceed immediately, (Pls.' June 1, 2016 Letter at 1-4, ECF No. 31), and have proposed a discovery plan that, they suggest, "readies this case for trial within approximately 20 months." (Id. at 4).

The Court may, in its discretion, stay discovery during the pendency of a motion to dismiss. See In re Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 365 (3d Cir. 2001). Such stays, however, are neither automatic nor mandatory. While this Court is mindful of the Court of Appeals' guidance that motions to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) "should typically 'be resolved before discovery begins,'" Levey v. Brownstone Inv. Group, LLC, 590 F. App'x 132, 137 (3d Cir. 2014) (quoting Chudasama v. Mazda Motor Corp.,

2

123 F.3d 1353, 1367 (11th Cir. 1997)), that concern is most applicable in situations where a pleading contains limited factual information and the plaintiff seeks to use the discovery process as a "fishing expedition" to try to manufacture a cause of action, id. ("Given what little the complaint tells us, there is nothing reasonable about Levey's expectation that taking discovery would reveal any infringement . . . Indeed, 'were we to reverse the dismissal to here to allow for discovery,' all we would be doing would be providing [him] the opportunity 'to conduct a fishing expedition in order to find a cause of action.'") (citations omitted), and is particularly acute in cases where the costs of discovery figure to be massive (e.g., antitrust cases). See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 558-560 (2007). Stays of discovery also make sense in other circumstances not present here, such as where a court is adjudicating a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

In this case, Plaintiffs have filed a relatively fact-laden Consolidated and Amended Class Action Complaint that includes nearly 400 pages of allegations. (See generally ECF No. 17). While the Court is certainly not making any findings regarding the potential merit of Defendants' anticipated motion to dismiss, and Defendants may ultimately be correct that certain of Plaintiffs' claims may be subject to dismissal, this is simply not a situation in which a plaintiff files a barebones pleading and then seeks to engage in a fishing expedition in an attempt to locate a potential cause of action. Moreover, while the District Court may dismiss certain of Plaintiffs' claims with prejudice due to standing issues or other incurable infirmities, it is likely that at least some of Plaintiffs' claims will ultimately survive the pleadings phase. As each of Plaintiffs' claims centers on the same basic factual scenario – that Defendants misled consumers regarding certain

3

of their vehicles – the fact that the pleadings remain unsettled does not provide a compelling basis for prohibiting some initial discovery. The common sense concerns that typically drive courts to maintain a complete stay of discovery during the pendency of a motion to dismiss are simply not present here.

Similarly, the Court finds that the existence of the "parallel government inquiries" that the Environmental Protection Agency and California Air Review Board are conducting, as Defendants have presented the issue to the Court, does not provide an adequate basis for a complete stay of discovery. Defendants argue, in conclusory fashion, that "resolution of the regulatory inquires could affect the viability and scope of plaintiffs' claims in this case, and early discovery would be disruptive to the agencies' ongoing deliberations." ((Defs.' June 1, 2016 Letter at 4, ECF No. 30). Defendants make no effort to explain <u>how</u> either of these situations might present themselves, let alone how they might justify the stay Defendants seek here.

The Court therefore finds that some discovery is appropriate at this juncture. The Court will not, however, open the floodgates and require full discovery as Plaintiffs suggest. Rather, it is necessary to find a middle-ground that will allow this case to move forward in a reasonable manner while Defendants' motion to dismiss remains pending. The Court will begin by setting some parameters on the types of discovery available and the timing for their implementation. The parties shall exchange initial disclosures on or before July 22, 2016. The parties may serve interrogatories[1] and document requests on or before August 5, 2016. This will allow Plaintiffs to

---

[1] The parties are presumptively limited to 25 single-question interrogatories (i.e., without subparts). They should meet and confer if either party anticipates the need to serve additional interrogatories.

review Defendants' forthcoming motion to dismiss and will permit both sides to review the other's initial disclosures so that all parties will be able to tailor their written discovery requests to inform a more focused exchange of discovery. The parties may not proceed with any other discovery absent further Order of the Court. The Court will enter a more complete scheduling order following resolution of Defendants' motion.

## II.    Plaintiffs' Request for the Entry of a Preservation Order

Plaintiffs request that the Court enter an Order requiring Defendants to preserve potentially relevant information. (Pls.' June 1, 2016 Letter at 4-7). While the parties have met and conferred regarding preservation issues, they were unable to reach agreement. While Defendants appear amenable to continue negotiating a preservation protocol (i.e., an agreement between the parties setting forth their respective preservation obligations), Plaintiffs insist that "an order is necessary to ensure that the parties preserve information that is likely to be relevant in the case." (Id. at 4). Plaintiffs also argue that the Court should enter a preservation order that imposes preservation obligations broader in scope (in terms of both time and subject matter) than Defendants have agreed to undertake willingly. (Id. at 5-7). Defendants argue that Plaintiffs have failed to establish legal grounds sufficient to justify the entry of any preservation order. (Defs.' June 1, 2016 Letter at 6-8, ECF No. 30).

The Court starts with the basic premise that parties have an ongoing obligation to preserve potentially relevant information, regardless of whether a court separately orders preservation or the litigants work out a mutually agreeable preservation protocol. See Fed. R. Civ. P. 26(f)(2); L. Civ. R. 26.1(d)(3)(a); see also, e.g., Mosaid Techs. Inc. v. Samsung Elecs. Co., 348 F. Supp. 2d

5

332, 336 (D.N.J. 2004) ("Samsung had notice that this litigation had begun and therefore had an affirmative obligation to preserve potentially relevant evidence, including technical e-mails."). "This obligation, backed by the court's power to impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the preservation of relevant evidence." Young v. Facebook, Inc., No. 10-cv-3579 (JF), 2010 WL 3564847, *1 (N.D. Cal. Sept. 13, 2010). The entry of a separate preservation order is, therefore, the exception rather than the rule.

Neither party has cited case law from the United States Court of Appeals for the Third Circuit or the District of New Jersey discussing the standards governing applications for discovery preservation orders. The citations Plaintiffs offer appear to simply confirm the idea that courts in this District have entered preservation orders in the past, and do not provide guidance regarding when such orders might be appropriate. (Pls.' June 1, 2016 Letter at 4-5, ECF No. 31). By contrast, Defendants' submission addresses distinct, albeit similar, tests that various district courts have used to determine the propriety of entering a preservation order. (Defs.' June 1, 2016 Letter at 6-8, ECF No. 30). For instance, Defendants cite Capricorn Power Co., Inc. v Siemens Westinghouse Power Corp., 220 F.R.D. 429 (W.D. Pa 2004), in which the United States District Court for the Western District of Pennsylvania created a three-factor balancing test for use "when deciding a motion to preserve documents, things and land." Id. at 433. Specifically, the Capricorn Power court found it necessary to consider:

> 1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain

6

the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation.

Id. at 433-34. The Western District of Pennsylvania formed that this test "by molding the factors used in granting injunctive relief with the considerations, policies and goals applicable to discovery." Id. at 433. The United States District Court for the Northern District of California has adopted an essentially identical test. Bright Solutions for Dyslexia, Inc. v. Doe 1, No. 15-cv-1618 (JSC), 2015 WL 5159125, *2 (N.D. Cal. Sept. 2, 2015). In Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063 (C.D. Cal. 2009), the United States District Court for the Central District of California resolved an application for a preservation order by applying a "streamlined two-pronged standard that 'requires that one seeking a preservation order demonstrate that it is necessary and not unduly burdensome.'" Id. at 1071-72 (quoting Pueblo of Laguna v. United States, 60 Fed. Cl. 133, 135-36 (2004)). The United States District Court for the Northern District of Indiana has described preservation orders as "'injunctive remed[ies]'" that are only appropriate "upon an adequate showing that equitable relief is warranted.'" Chandler v. Buncich, No. 12-cv-175, 2012 WL 4343314, *2 (N.D. Ind. Sept. 22, 2012) (quoting In re African-American Slave Descendants' Litig., No. 02-cv-2264, 2003 WL 24085346, *2 (N.D. Ill. July 15, 2003)). The Chandler court went on to note that "'[i]n making this determination, the court considers: 1) whether [the movant] can demonstrate that [the non-movant] will destroy necessary documentation without a preservation order; 2) whether [the movant] will suffer irreparable harm if a preservation order is not entered; and 3) the burden imposed upon the parties by granting a preservation order.'" Id. (quoting In re African-American Slave Descendants' Litig., 2003 WL 24085346 at *2). The

7

common theme running through each of these tests is that the party seeking a preservation order must make an affirmative showing that the order is necessary.

This Court finds that the <u>Capricorn Power</u> court's three-factor test strikes an appropriate balance in that it requires the moving party to establish the need for a preservation order but also maintains the level of judicial discretion and flexibility necessary for effective case management. Indeed, the Court notes that one Judge in this District previously applied that test in resolving a motion to preserve documents and other information. <u>LaSala v. Marfin Popular Bank Pub. Co.</u>, No. 09-cv-968 (JAP), 2009 WL 2449902, at *2 (D.N.J. Aug. 7, 2009) (Arpert, U.S.M.J.). Here, the Court's application of the <u>Capricorn Power</u> test is straightforward, as Plaintiffs have not made a sufficient showing regarding why a preservation order is necessary in this case. Plaintiffs have not presented any facts that would give the Court concern "for the continuing existence and maintenance of the integrity of the evidence in question,"[2] <u>Capricorn Power</u>, 220 F.R.D. at 433, or that they might face some irreparable harm in the event the Court declines to enter a preservation order. <u>Id.</u> Instead, Plaintiffs seek to shift the burden to Defendants. (Pls.' June 1, 2016 Letter at 5, ECF No. 31) ("Mercedes has not persuasively explained why a preservation order should not be entered—an order that benefits all parties."). As Plaintiffs have not met their burden, their application for a preservation order is **DENIED WITHOUT PREJUDICE**.

While the record for this matter cannot currently justify the entry of a preservation order, the Court believes that a protocol that sets forth the litigants' preservation obligations would

---

[2] The closest Plaintiffs come is to speculate that certain relevant information "will be found in Daimler's German offices where there <u>may be</u> a cultural predisposition against preservation." (Pls.' June 1, 2016 Letter at 5, ECF No. 31) (emphasis added).

benefit all parties.  The Court will therefore Order the parties to continue in their efforts to meet and confer in goof faith regarding the preparation of an appropriate preservation protocol for this matter.  The Court reminds the parties that, regardless of whether they are, in fact, able to create a mutually agreeable protocol or whether the Court enters a preservation Order at some later date, the parties are already subject to an existing, affirmative obligation to preserve relevant information.  See, e.g., Nissan World, LLC v. Mkt. Scan Info. Sys., No. 05-cv-2839 (MAH), 2014 U.S. Dist. LEXIS 59902, *62, n. 10 (D.N.J. Apr. 30, 2014) ("A litigant is 'under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation'") (quoting Scott v. IBM Corp., 196 F.R.D. 233, 249 (D.N.J. 2000)).  To the extent any party discards, destroys or otherwise loses such information, it acts at its own peril.

**CONCLUSION**

Based on the foregoing, the Court resolves the parties' pending discovery disputes as follows:

1.) Defendants' informal request to stay discovery pending resolution of their forthcoming motion(s) to dismiss is **DENIED**;

2.) The parties shall exchange initial disclosures on or before July 22, 2016.  The parties may also serve interrogatories and document requests on or before August 5, 2016, and shall respond to any such written discovery demands in the ordinary course.  The parties may not proceed with any other discovery absent further Order of the Court;

3.) Plaintiffs' informal request for the entry of a preservation order is **DENIED WITHOUT PREJUDICE**; and

4.) The parties shall continue to meet and confer in an attempt to reach a mutually agreeable protocol for the preservation of potentially relevant information.

**SO ORDERED**

**JOSEPH A. DICKSON, U.S.M.J.**

cc:     Hon. Jose L. Linares, U.S.D.J.

10