UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE MERCEDES-BENZ EMISSIONS
LITIGATION

Civil Action No.
2:16-cv-0881 (JLL) (JAD)

ECF Case

**DECLARATION OF LAWRENCE FLEMING IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL ARBITRATION**

I, Lawrence Fleming, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Product Analysis Engineer for Mercedes-Benz USA, LLC ("MBUSA").

2. I make this Declaration in support of Defendants' Motion to Compel Arbitration, which is filed concurrently with this Declaration.

3. I have personal knowledge of the facts contained in this Declaration and, if called as a witness, could and would competently testify thereto.

4. The purchase and lease contracts used by Mercedes-Benz vehicle dealerships are not within the possession, custody, or control of MBUSA. Accordingly, in connection with this litigation, MBUSA contacted dealerships that plaintiffs named in their Consolidated Amended Complaint ("CAC") as having sold or leased their Mercedes-Benz vehicles to request copies of the purchase and lease contracts executed by the plaintiffs.

5. Most of the dealerships MBUSA contacted have not at this time provided copies of complete purchase or lease agreements executed by the named Plaintiffs. Several of the

1

dealerships MBUSA contacted, however, did voluntarily provide complete purchase or lease agreements, including those executed by Plaintiffs Andary, Feller, and McVey. Those agreements are described below.

6. Plaintiff Andary alleges that she purchased a Mercedes-Benz vehicle from an authorized Mercedes-Benz dealership called "Walter's Automotive" in Riverside, California, in or around July 2013. CAC ¶ 24. In May 2016, MBUSA contacted Walter's Auto Sales & Service in Riverside, California and requested sales documentation related to Plaintiff Andary's purchase of a Mercedes-Benz vehicle. Attached as Exhibit 1 is a true and correct copy of the signed sales documentation that MBUSA received from Walter's Auto Sales & Service in response to MBUSA's request. Personal information, including but not limited to social security numbers, dates of birth, and other sensitive information, has been redacted to ensure the plaintiff's privacy.

7. Plaintiff Feller alleges that he purchased a Mercedes-Benz vehicle from a dealership called "Mercedes Benz of Tysons Corner" on or around August 8, 2013. CAC ¶ 60. In May 2016, MBUSA contacted Mercedes-Benz of Tysons Corner to request sales documentation related to Plaintiff Feller's purchase of a Mercedes-Benz vehicle. Attached as Exhibit 2 is a true and correct copy of the signed sales documentation that MBUSA received from Mercedes-Benz of Tysons Corner in response to MBUSA's request. Personal information, including but not limited to social security numbers, dates of birth, and other sensitive information, has been redacted to ensure the plaintiff's privacy.

8. Plaintiff McVey alleges that she purchased a Mercedes-Benz vehicle from a dealership called "Mercedes Benz of Littleton, Colorado," in or around July 2013. CAC ¶ 28. In May 2016, MBUSA contacted Mercedes-Benz of Littleton to request sales documentation

related to Plaintiff McVey's purchase of a Mercedes-Benz vehicle. Attached as Exhibit 3 is a true and correct copy of the signed sales documentation that MBUSA received from Mercedes Benz of Littleton in response to MBUSA's request. Personal information, including but not limited to social security numbers, dates of birth, and other sensitive information, has been redacted to ensure the plaintiff's privacy.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on July 8, 2016

_____
Lawrence Fleming

# EXHIBIT 1

# RETAIL INSTALLMENT SALE CONTRACT — SIMPLE FINANCE CHARGE
## (WITH ARBITRATION PROVISION)

| Dealer Number | Contract Number | R.O.S. Number | Stock Number |
|---|---|---|---|
| 06733 | 208835 | 30377680 | 42854N |

DATE: 07/20/2013    CONTROL # 42854N    Salesperson: RICHARD ARIGBE

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| GWENDOLYN F ANDARY | N/A | WALTERS AUTO SALES & SERVICE, I<br>3213 ADAMS ST.<br>RIVERSIDE, CA 92504 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2013 | MERCEDES-BENZ GLK250BTC | 268 | WDCGG0EB9DG102957 | Personal, family or household unless otherwise indicated below. ☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $7995.00 |
|---|---|---|---|---|
| 2.49 % | $ 2294.23 (e) | $ 31794.11 | $ 34088.34 (e) | $ 42083.34 (e) |

(e) means an estimate

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 65 | 516.49 | Monthly beginning 09/04/2013 |
| N/A | N/A | N/A |
| One final payment | 516.49 | 02/04/2019 |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
**Prepayment.** If you pay off all your debt early, you may be charged a minimum finance charge.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

### ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

1. **Total Cash Price**
   - A. Cash Price of Motor Vehicle and Accessories ........................... $ 33208.00 (A)
     1. Cash Price Vehicle .................................................. $ 33208.00
     2. Cash Price Accessories ............................................ $ N/A
     3. Other (Nontaxable)
        Describe _N/A_ ..................................................... $ N/A
        Describe _N/A_ ..................................................... $ N/A
   - B. Document Processing Charge (not a governmental fee) .............. $ 80.00 (B)
   - C. Emissions Testing Charge (not a governmental fee) ................. $ N/A (C)
   - D. (Optional) Theft Deterrent Device (to whom paid) _N/A_ ............. $ N/A (D)
   - E. (Optional) Theft Deterrent Device (to whom paid) _N/A_ ............. $ N/A (E)
   - F. (Optional) Theft Deterrent Device (to whom paid) _N/A_ ............. $ N/A (F)
   - G. (Optional) Surface Protection Product (to whom paid) _N/A_ ........ $ N/A (G)
   - H. (Optional) Surface Protection Product (to whom paid) _N/A_ ........ $ N/A (H)
   - I. EV Charging Station (to whom paid) _N/A_ ........................... $ N/A (I)
   - J. Sales Tax (on taxable items in A through I) ......................... $ 3162.36 (J)
   - K. Electronic Vehicle Registration or Transfer Charge

### STATEMENT OF INSURANCE

**NOTICE.** No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

**Vehicle Insurance**

| | | Term | Premium |
|---|---|---|---|
| $ N/A Ded. Comp., Fire & Theft | | N/A Mos. | $ N/A |
| $ N/A Ded. Collision | | N/A Mos. | $ N/A |
| Bodily Injury $ N/A Limits | | N/A Mos. | $ N/A |
| Property Damage $ N/A Limits | | N/A Mos. | $ N/A |
| Medical | | N/A Mos. | $ N/A |
| | | N/A Mos. | $ N/A |
| Total Vehicle Insurance Premiums | | | $ N/A (a) |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X _Gwendolyn Andary_
Co-Buyer X _N/A_
Seller X _[signature]_ N/A

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Application for Optional Credit Insurance**

☐ Credit Life:    ☐ Buyer    ☐ Co-Buyer    ☐ Both
☐ Credit Disability (Buyer Only)

| | Term | Exp. | Premium |
|---|---|---|---|
| Credit Life | N/A Mos. | | $ N/A |
| Credit Disability | N/A Mos. | | $ N/A |
| Total Credit Insurance Premiums | | | $ N/A (b) |

Insurance Company Name _N/A_
Home Office Address _N/A_

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown above.

You are applying for the credit insurance marked above. Your signature below means that you agree that (1) You are not eligible for insurance if you have

| | | |
|---|---|---|
| A. Vehicle License Fees | $ _____ (A) | |
| B. Registration/Transfer/Titling Fees | $ 90.00 (B) | |
| C. California Tire Fees | $ 3.75 (C) | |
| D. Other N/A | $ 0.00 (D) | |
| **Total Official Fees (A through D)** | $ 314.75 (2) | |
| 3. Amount Paid to Insurance Companies | | |
| (Total premiums from Statement of Insurance column a + b) | $ N/A (3) | |
| 4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee | $ 0.00 (4) | |
| 5. Subtotal (1 through 4) | $ 39789.11 (5) | |
| 6. Total Downpayment | | |
| A. Agreed Trade-In Value Yr N/A Make N/A | $ N/A (A) | |
| Model N/A Odom N/A | | |
| VIN N/A | | |
| B. Less Prior Credit or Lease Balance (e) | $ N/A (B) | |
| C. Net Trade-In (A less B) (indicate if a negative number) | $ N/A (C) | |
| D. Deferred Downpayment | $ N/A (D) | |
| E. Manufacturer's Rebate | $ N/A (E) | |
| F. Other N/A | $ N/A (F) | |
| G. Cash | $ 7995.00 (G) | |
| **Total Downpayment (C through G)** | $ 7995.00 (6) | |
| (If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1Q above) | | |
| 7. **Amount Financed (5 less 6)** | $ 31794.11 (7) | |

**Gap Contract** ... the charge is shown in item 1R of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term N/A   Mos. N/A
Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X N/A

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1L, 1M, 1N, 1O, and/or 1P.

1L Company MERCEDES BENZ OF M
Term 72 Mos. or 100000 Miles
1M Company N/A
Term N/A Mos. or N/A Miles
1N Company N/A
Term N/A Mos. or N/A Miles
1O Company N/A
Term N/A Mos. or N/A Miles
1P Company N/A
Term N/A Mos. or N/A Miles

Buyer X _[signature]_

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X _[signature]_
Co-Buyer Signs X

---

**SELLER ASSISTED LOAN**
BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.

Proceeds of Loan From: N/A
Amount $ N/A   Finance Charge $ N/A
Total $ N/A   Payable in N/A
installments of $ N/A , $ N/A
from this Loan is shown in item 6D.

**AUTO BROKER FEE DISCLOSURE**
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable:
N/A

**SELLER'S RIGHT TO CANCEL** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

X _[signature]_ Buyer    X _____ Co-Buyer

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _[signature]_ Co-Buyer Signs X

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before N/A , Year N/A , SELLER'S INITIALS

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S X _[signature]_    X _____

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the payoff amount shown in item 6B of the Itemization of Amount Financed as the "Prior Credit or Lease Balance." You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown in 6B to the lienholder or lessor of the trade-in vehicle, or its designee. If the actual payoff amount is more than the amount shown in 6B, you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown in 6B, Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in 6B or any refund.

Buyer Signature X _[signature]_    Co-Buyer Signature X

**Notice to buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X _[signature]_    Co-Buyer Signature X

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee $ 0.00 (4)
5. Subtotal (1 through 4) $ 39789.11 (5)
6. Total Downpayment
   A. Agreed Trade-In Value Yr N/A  Make N/A  $ N/A (A)
      Model N/A  Odom N/A
      VIN N/A
   B. Less Prior Credit or Lease Balance (e) $ N/A (B)
   C. Net Trade-In (A less B) (indicate if a negative number) $ N/A (C)
   D. Deferred Downpayment $ N/A (D)
   E. Manufacturer's Rebate $ N/A (E)
   F. Other N/A $ N/A (F)
   G. Cash $ 7995.00 (G)
   Total Downpayment (C through G) $ 7995.00 (6)
   (If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1Q above)
7. Amount Financed (5 less 6) $ 31794.11 (7)

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1L, 1M, 1N, 1O, and/or 1P.

1L Company MERCEDES BENZ OF SF
Term 72 Mos. or 100000 Miles
1M Company N/A
Term N/A Mos. or N/A Miles
1N Company N/A
Term N/A Mos. or N/A Miles
1O Company N/A
Term N/A Mos. or N/A Miles
1P Company N/A
Term N/A Mos. or N/A Miles
Buyer X [signature]

**SELLER ASSISTED LOAN**
BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.

Proceeds of Loan From: N/A
Amount $ N/A  Finance Charge $ N/A
Total $ N/A  Payable in N/A
installments of $ N/A, $ N/A
from this Loan is shown in item 6D.

**AUTO BROKER FEE DISCLOSURE**
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:
☐ Name of autobroker receiving fee, if applicable:
N/A

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.
Buyer Signs X [signature]
Co-Buyer Signs X

**SELLER'S RIGHT TO CANCEL** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.
X [signature] Buyer                                                X Co-Buyer

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.
Buyer Signs X [signature]                                        Co-Buyer Signs X

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before N/A, Year N/A. SELLER'S INITIALS

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.
S/S X [signature]                                                X

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the payoff amount shown in item 6B of the Itemization of Amount Financed as the "Prior Credit or Lease Balance." You understand that the amount quoted is an estimate.
Seller agrees to pay the payoff amount shown in 6B to the lienholder or lessor of the trade-in vehicle, or its designee. If the actual payoff amount is more than the amount shown in 6B, you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown in 6B, Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in 6B or any refund.
Buyer Signature X [signature]                                Co-Buyer Signature X

**Notice to buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X [signature]                                Co-Buyer Signature X

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**
California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

**YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.**

**OTHER IMPORTANT AGREEMENTS**

1. **FINANCE CHARGE AND PAYMENTS**
   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed. Seller - Creditor may receive part of the Finance Charge.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference; the minimum finance charge is as follows: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

2. **YOUR OTHER PROMISES TO US**
   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

   > **GAP LIABILITY NOTICE**
   > In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional gap contract (debt cancellation contract) for coverage of the gap amount may be offered for an additional charge.

   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.**
   You give us a security interest in:
   - The vehicle and all parts or goods installed on it;
   - All money or goods received (proceeds) for the vehicle;
   - All insurance, maintenance, service, or other contracts we finance for you; and
   - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
   This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.
   d. **Insurance you must have on the vehicle.**
   You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage

   f. We will sell the vehicle if you do not get it back. If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
   We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on the face of this contract, not to exceed the highest rate permitted by law, until you pay.
   g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
   **If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
   This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

5. **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
   Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. **Servicing and Collection Contacts.**
   You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

7. **Applicable Law**
   Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

8. **Warranties of Buyer.** You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your

charge computed at the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract. Default means:
      - You do not pay any payment on time;
      - You give false, incomplete, or misleading information on a credit application;
      - You start a proceeding in bankruptcy or one is started against you or your property;
      - The vehicle is lost, damaged or destroyed; or
      - You break any agreements in this contract.

      The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

   c. **You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.

   d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

   e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given. If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

---

**Seller's Right to Cancel**

a. Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract.

b. Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.

c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.

d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

---

**ARBITRATION PROVISION**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator

You give false, incomplete or misleading information on a credit application;
- You start a proceeding in bankruptcy or one is started against you or your property;
- The vehicle is lost, damaged or destroyed; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.

d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

If the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given. If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

### Seller's Right to Cancel

a. Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract.

b. Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.

c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.

d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

### ARBITRATION PROVISION
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website. Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Seller assigns its interest in this contract to _____ (Assignee) at (address) _____ under the terms of Seller's agreement(s) with Assignee.

# EXHIBIT 2

UNISET | The Reynolds and Reynolds Company | UNISET

# Mercedes Benz of Tyson's Corner

8545 Leesburg Pike
Vienna, VA 22182
703-564-6000
www.hbloftysons.com

**BUYERS ORDER**
DEAL# 174960
CUST# 206798
KENNETH HAHM
DATE 08/09/2013

email: ___

PLEASE ENTER MY ORDER FOR THE FOLLOWING: XX
[X] New   [ ] Used

Key Nos. ___

| MAKE | BODY TYPE | MODEL |
|---|---|---|
| MERCEDES LIGHT TR | 4DR GLK250 4MATI | GLK250W4 |

| VIN | STOCK # |
|---|---|
| W D C G G 0 E B 6 D G 1 1 7 0 4 4 | 13M1406 |

| COLOR | TRIM | YEAR |
|---|---|---|
| POLAR WHT | BLK MB-TEX | 2013 |

| CYLINDER | MILEAGE |
|---|---|
|  | 72 |

PURCHASER: DARRELL ALDEN FELLER
D/O/B ___
SS # ___
DRIVER'S LICENSE ___
COUNTY ___

CO-PURCHASER: MARY FELLER
D/O/B ___
SS # ___
DRIVER'S LICENSE ___
CO-BUYER WORK PHONE ___
FED I.D. # ___

PURCHASER'S INSURANCE CO. ___   ADDRESS ___
AGENT ___   POLICY NO ___   PHONE ___

FOR "AS IS" SALE ONLY: I UNDERSTAND THAT THIS VEHICLE IS BEING SOLD "AS IS" WITH ALL FAULTS AND IS NOT COVERED BY ANY DEALER WARRANTY. I UNDERSTAND THAT THE DEALER IS NOT REQUIRED TO MAKE ANY REPAIRS AFTER I BUY THIS VEHICLE. I WILL HAVE TO PAY FOR ANY REPAIRS THIS VEHICLE WILL NEED. (SEE #16 ON REVERSE SIDE)
DATE ___   SIGNATURE ___

TRADE IN:
| MAKE | BODY TYPE | YEAR | MODEL |
|---|---|---|---|
| TOYOTA | 4DR SDN | 2012 | CAMRY HYBRID |

| VEHICLE ID NUMBER | LAST PLATE # |
|---|---|
| 4T1BD1FK7CU019861 |  |

| COLOR | TRIM | MILEAGE |
|---|---|---|
|  | XLE | 16857 |

PURCHASERS 1) DARRELL ALDEN FELLER
2) MARY FELLER
HOME ADDRESS ___
CITY, STATE, ZIP ___
HOME PH. ___   BUS. PH. ___

1) Base Price of Vehicle ............................................. 1) $ 40495.00
2) Accessories: 
   ........................................................................... 2) $ ___
   VEHICLE ........................................................... 40495.00
   ........................................................................... 40495.00
3) Total Vehicle Price (1+2) ............. 24000.00 ......... 3) $ ___
4) a. Gross Allowance .................. $ 12827.28
   b. Less Balance Owing (Estimated) $ 11172.72 ....... 11172.72
   Trade-in (a-b) ............................... $ ___ ........ 4) $ 29322.28
5) Vehicle Cash Price ................................................. 5) $ 28.04
6) Dealer's Business License ...................................... 6) $ 40.75
7) Other Charges: ..................................................... 7) $ 12.00
   New License ....................................................... $ 1619.80
   License Transfer Fee ........................................... $ ___
   Title Tax ............................................................ 10.00
8) DEALER ONLINE SYSTEMS FILING FEE ................ 8) $ N/A
9) Gas Guzzler Tax: .................................................... 9) $ ___
10) Processing Fee: For +4 % VA TAX ON PRO FEE  10) $ 395.00
    Consumer Services ............................................. 31443.67
11) Total Selling Price (5+6+7+8+9+10) ................... 11) $ N/A
12) Deposit ............................................................... 12) $ 11443.67
    Down Payment .................................................. 20000.00
13) BALANCE DUE AT SETTLEMENT (11–12) ............ 13) $ ___

TOTAL BALANCE: 20000.00

IF THIS BUYERS ORDER IS FOR A NEW VEHICLE WITH MORE THAN 750 MILES PLEASE READ THIS NOTICE.
Notice: This new motor vehicle has accumulated mileage in excess of 750 miles as the result of use as a demonstrator and/or as the result of delivery to a prior prospective purchaser who never took title to it and who returned it.

The front and back of this buyer's order, along with other documents signed by Purchaser(s) in connection with this order, comprise the entire agreement between the parties affecting this purchase. No oral agreements or understandings shall be binding. Purchaser(s) acknowledges that he/she has been given the opportunity to review all documents prior to signing them and that he/she has not signed any documents in blank. By executing this Order, Purchaser(s) acknowledges he/she has read all of its terms and has received a fully completed copy. Purchaser(s) certifies he/she is 18 years of age or older. Until made effective, this order is not binding and Purchaser(s) may cancel and recover deposit.

# NO LIABILITY INSURANCE INCLUDED UNLESS SPECIFICALLY INDICATED

SECURITY AGREEMENT: Purchaser hereby grants Seller, its successors and assigns, a security interest in the motor vehicle, equipment and accessories to be purchased pursuant to this agreement; and such security interest shall remain in effect until all sums due hereunder have been paid in full.

IF YOU ARE FINANCING THIS VEHICLE PLEASE READ THIS NOTICE YOU ARE PROPOSING TO ENTER INTO A RETAIL INSTALLMENT SALES CONTRACT WITH THE DEALER. PART OF YOUR CONTRACT INVOLVES FINANCING THE PURCHASE OF YOUR VEHICLE. IF YOU ARE FINANCING THIS VEHICLE AND THE DEALER INTENDS TO TRANSFER YOUR FINANCING TO A FINANCE PROVIDER SUCH AS A BANK, CREDIT UNION OR OTHER LENDER, YOUR VEHICLE PURCHASE DEPENDS ON THE FINANCE PROVIDER'S APPROVAL OF YOUR PROPOSED RETAIL INSTALLMENT SALES CONTRACT. IF YOUR RETAIL INSTALLMENT SALES CONTRACT IS APPROVED WITHOUT A CHANGE THAT INCREASES THE COST OR RISK TO YOU OR THE DEALER, YOUR PURCHASE CANNOT BE CANCELLED. IF YOUR RETAIL INSTALLMENT SALES CONTRACT IS NOT APPROVED THE DEALER WILL NOTIFY YOU VERBALLY OR IN WRITING. YOU CAN THEN DECIDE TO PAY FOR THE VEHICLE IN SOME OTHER WAY OR YOU OR THE DEALER CAN CANCEL YOUR PURCHASE. IF THE SALE IS CANCELLED, YOU NEED TO RETURN THE VEHICLE TO THE DEALER WITHIN 24 HOURS OF VERBAL OR WRITTEN NOTICE IN THE SAME CONDITION IT WAS GIVEN TO YOU, EXCEPT FOR NORMAL WEAR AND TEAR. ANY DOWN PAYMENT OR TRADE-IN YOU GAVE THE DEALER WILL BE RETURNED TO YOU. IF YOU DO NOT RETURN THE VEHICLE WITHIN 24 HOURS OF VERBAL OR WRITTEN NOTICE OF CANCELLATION, THE DEALER MAY LOCATE THE VEHICLE AND TAKE IT BACK WITHOUT FURTHER NOTICE TO YOU AS LONG AS THE DEALER FOLLOWS THE LAW AND DOES NOT CAUSE A BREACH OF THE PEACE WHEN TAKING THE VEHICLE BACK. IF THE DEALER DOES NOT RETURN YOUR DOWN PAYMENT AND ANY TRADE-IN WHEN THE DEALER GETS THE VEHICLE BACK IN THE SAME CONDITION IT WAS GIVEN TO YOU, EXCEPT FOR NORMAL WEAR AND TEAR, THE DEALER MAY BE LIABLE TO YOU UNDER THE VIRGINIA CONSUMER PROTECTION ACT.

IF YOU ARE LEASING THIS VEHICLE, THE SAME PROCEDURES, RIGHTS, AND OBLIGATIONS APPLICABLE TO TRANSACTIONS INVOLVING A RETAIL INSTALLMENT SALES CONTRACT STATED ABOVE APPLY TO THIS LEASE TRANSACTION.

## Arbitration Agreement

### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

In this Arbitration Agreement, "you" refers to the buyer(s) signing below. "We," "us," and "our" refer to the Dealer signing below and anyone to whom the Dealer assigns this Arbitration Agreement.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Agreement, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, your purchase or financing contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign your purchase or financing contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Agreement shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose one of the following arbitration organizations and its applicable rules: the National Arbitration Forum, Box 50191, Minneapolis, MN 55405-0191 (www.arb-forum.com), the American Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org), or any other organization that you may choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside unless the seller of the vehicle is a party to the claim or dispute, in which case the hearing will be held in the federal district where this Arbitration Agreement was executed. We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $2500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Agreement, then the provisions of this Arbitration Agreement shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs. Any arbitration under this Arbitration Agreement shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration.

You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Agreement shall survive any termination, payoff or transfer of your financing contract. If any part of this Arbitration Agreement, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this arbitration clause shall be unenforceable.

Approved _____ Signed (1) _____ Date _____
Dealer or Authorized Representative                Purchaser

This Order is not valid unless signed and accepted by the Dealer or his authorized representative.
08/09/2013
Salesperson: _____        (2) _____ Date _____
                                              Co/Purchaser

The Reynolds and Reynolds Company  RO616354-Q (12/12)

# EXHIBIT 3

Case 2:16-cv-00881-KM-ESK Document 38-5 Filed 07/08/16 Page 15 of 18 PageID: 830

DEAL#: 52760  **PURCHASER'S ORDER & INVOICE**



# Mercedes-Benz
## OF LITTLETON

*Exclusively Mercedes-Benz*
8070 S. Broadway, Littleton, CO 80122
303/738-7700 · FAX 730-9205
TOLLFREE 1-888-255-4236

E-MAIL ADDRESS: KENTMCVEY@GMAIL.COM

**THIS IS A LEGAL CONTRACT. PLEASE READ ALL TERMS AND CONDITIONS ON FRONT AND BACK.**

PURCHASE NAME: KENT DUANE MCVEY
PHONE BUS:
STREET:
PHONE HOME:
CITY: — STATE: — COUNTY: — ZIP CODE: — DRIVER'S LIC. NO.: — BIRTH DATE:

THE UNDERSIGNED AGREES TO PURCHASE THE FOLLOWING DESCRIBED VEHICLE FROM THE DEALER UNDER THE TERMS AND CONDITIONS DESCRIBED HEREIN.

DATE: August 22nd, 20 14   ☒ NEW CAR   ☐ USED CAR
DELIVERY DATE: 08/22/2014   CUSTOMER #: 425176

| YR. | MAKE | MODEL | BODY STYLE | COLOR | RADIO CODE | SALESPERSON | KEY NUMBERS |
|---|---|---|---|---|---|---|---|
| 2014 | MERCEDES-BENZ | GLK250BT | | POLARWHITE | | SAM FAIR | IGN |
| VEHICLE IDENTIFICATION NUMBER | | STOCK NUMBER | INTERIOR | MILES | | | TRUNK |
| WDCGG0EB0EG224253 | | 41206 | | 210 | | | |

| | | |
|---|---|---|
| PRICE OF AUTOMOBILE | 44383 | 80 |
| ACCESSORIES | 625 | 00 |
| | | |
| | N/A | |
| THIS BUYERS ORDER IS SUBJECT TO AND INCORPORATES BY REFERENCE THE ATTACHED AGREEMENT TO ARBITRATE/CLASS ACTION ARBITRATION WAIVER. | | |
| The delivery and handling charge represents costs and additional profit to the Seller/Dealer. Delivery & Handling | 599 | 00 |
| TOTAL | $ 45607 | 80 |
| TRADE IN ALLOWANCE | N/A | |
| SUB-TOTAL | $ 45607 | 80 |
| STATE SALES TAX | N/A | |
| RTD TAX | N/A | |
| CITY TAX | N/A | |
| OTHER TAX | N/A | |
| LUXURY TAX | N/A | |
| SUB-TOTAL | $ 45607 | 80 |
| EXTENDED VEHICLE PROTECTION | $ 3400 | 00 |
| | N/A | |
| PAYOFF | $ N/A | |
| RECORDING FEES | 17 | 20 |
| TOTAL | $ 49025 | 00 |
| DEPOSIT | N/A | |
| TOTAL CASH DOWN | N/A | |
| | $ N/A | |
| BALANCE DUE ON DELIVERY | $ 49025 | 00 |

BALANCE OWED TO: ___ ACCT. # ___
STREET ADDRESS: ___
CITY ___ STATE ___ ZIP ___
GOOD UNTIL: ___ QUOTED BY: ___ PHONE NO: ___
YR. ___ MAKE ___ MODEL ___ COLOR ___
MILEAGE: ___ VIN ___

BALANCE OWED TO: ___ ACCT. # ___
STREET ADDRESS: ___
CITY ___ STATE ___ ZIP ___
GOOD UNTIL: ___ QUOTED BY: ___ PHONE NO: ___
YR. ___ MAKE ___ MODEL ___ COLOR ___
MILEAGE: ___ VIN ___

Customer guarantees pay-off not to exceed $ ___ N/A ___ or will pay cash difference to seller. X ___
Customer guarantees tax area to be ___ N/A ___ % or will pay additional tax to seller.
X ___

Customer guarantees the trade vehicle represented on this buyer's order is not or has not been damaged by flood, or has not had frame damage, or the trade title does not indicate "Salvage" in any manner regardless of State of origin.

X ___

THE INFORMATION YOU SEE ON THE WINDOW FORM "BUYER'S GUIDE" FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM ("BUYER'S GUIDE") OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE. SALES PERSONNEL ARE NOT AUTHORIZED TO ALTER OR MAKE ANY PROMISES WHICH WILL ALTER THE INFORMATION SET FORTH ON THE WINDOW FORM.

ALL USED CARS SOLD "AS IS" OR "WITH ALL FAULTS" UNLESS SEPARATE WRITTEN AGREEMENT IS FURNISHED PURCHASER.

PURCHASER AGREES that this Order includes all of the terms and conditions ON BOTH THE FACE AND REVERSE SIDE, that this Order cancels and supersedes any prior agreement and as of the date above comprises the complete and exclusive statement of the terms of this agreement, and that THIS ORDER SHALL NOT BECOME BINDING UNTIL ACCEPTED BY DEALER OR HIS AUTHORIZED AGENT. Purchaser by executing this Order acknowledges that he/she has read all of its terms and conditions and has received a true copy of this Order. PURCHASER CERTIFIES he/she is 18 years of age or older. Collision and/or liability insurance coverage for bodily injury and property damage is not included unless separate written agreement is furnished Purchaser.

PURCHASER'S SIGNATURE ___   DATE: 08/22/2014   ACCEPTED BY: ___   DEALER OR HIS AUTHORIZED AGENT

**IMPORTANT: SEE REVERSE SIDE FOR ADDITIONAL TERMS AND CONDITIONS**

87097

## AGREEMENT TO ARBITRATE/CLASS ACTION ARBITRATION WAIVER

EXCEPT FOR SELF-HELP REMEDIES (E.G., REPOSSESSION OF A VEHICLE OR ANY PROPERTY), ALL DISPUTES, CLAIMS OR CONTROVERSIES ARISING FROM OR RELATING TO THIS BUYER'S ORDER, THE LEASE AGREEMENT OR ANY OTHER DOCUMENT IN THE TRANSACTION, OR TO ANY CLAUSE THEREIN, OR TO THE VEHICLE PURCHASED OR LEASED THEREBY, OR TO THE NEGOTIATION THEREFOR, OR TO THE RELATIONSHIP RESULTING THEREFROM, OR TO THE VALIDITY OF THIS AGREEMENT TO ARBITRATE OR ANY CLAUSE CONTAINED HEREIN, OR FOR REDCISSION OF THE PURCHASE OR LEASE, SHALL BE RESOLVED BY BINDING ARBITRATION IN ACCORDANCE WITH THE FEDERAL ARBITRATION ACT, TITLE 9 U.S.C. SECTION 1 ET. SEQ. ("FAA"). AT THE REQUEST OF EITHER PARTY, THE AMERICAN ARBITRATION ASSOCIATION ("AAA") SHALL COMMENCE AND CONDUCT THIS ARBITRATION IN LITTLETON, CO ACCORDING TO ITS GENERAL ARBITRATION RULES (SEE WWW.ADR.COM). THE ARBITRATOR SHALL BE A PRACTICING ATTORNEY OR RETIRED JUDGE AND ANY AWARD SHALL BE LIMITED TO MONEY DAMAGES, MAY NOT ORDER AN INJUNCTION OR DIRECT ANY PARTY TO DO ANYTHING BUT PAY MONEY DAMAGES AND SUCH AWARD SHALL BE BASED UPON THE SUBSTANTIVE LAW APPLICABLE IN LITTLETON, CO. THE PARTIES AGREE THEY KNOWINGLY AND INTENTIONALLY ARE AGREEING TO BRING THEIR ARBITRATION CLAIM ONLY IN AN INDIVIDUAL CAPACITY; TO WAIVE ANY RIGHTS TO A TRIAL BY JURY; TO WAIVE ANY RIGHT TO BRING A CLASS ACTION IN ARBITRATION; AND FURTHER ACKNOWLEDGE THAT THE SAID PURCHASE/LEASE TRANSACTION INVOLVES INTERSTATE COMMERCE. AT THE REQUEST OF ANY PARTY, JUDGMENT ON THE AWARD MAY BE ENTERED IN A COURT OF A COMPETENT JURISDICTION. THIS AGREEMENT TO ARBITRATE AND CLASS ACTION WAIVER SHALL SURVIVE ANY RESCISSION OF THE VEHICLE PURCHASE OR LEASE.

BUYER/LESSEE: _Kent Duane McVey_ [signature]    Dated: 08/21/2014

CO-BUYER/LESSEE: _____    Dated: 08/21/2014

52760

This contract contains important information regarding your rights and obligations, including limitations that apply to you. Please read carefully the front and back of this contract before signing.

# RETAIL INSTALLMENT SALE CONTRACT (DEALER — SIMPLE INTEREST)

| Customer Number | Contract Number | Contract Date (Mo. Da. Yr.) | Buyer's Personal Phone | Buyer's Business Phone |
|---|---|---|---|---|
| 425176 | 52760 | 08/22/2014 | | |

Buyer/Co-Buyer (also referred to as "you, your, yours"): Name, Address, Zip Code of each
KENT DUANE MCVEY

Seller/Creditor (also referred to as "we, us, our"): Name, Address, Zip Code of each
MERCEDES-BENZ OF LITTLETON
8070 S BROADWAY
LITTLETON CO 80122

| | Year | Make and Model | Vehicle Identification Number | Primary Use: Personal, unless otherwise indicated below. |
|---|---|---|---|---|
| ☒ New ☐ Used | 2014 | MERCEDES-BENZ GLK250BT | WDCGG0EB0EG224253 | ☐ Business ☐ Agricultural |

Your trade-in is a: Year N/A  Make N/A  Model N/A

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. | The total cost of your purchase on credit, including your down payment of $ 4025.00 |
| 2.74 % | $ 3258.00 | $ 45000.00 | $ 48258.00 | $ 52283.00 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | 804.30 | MONTHLY BEGINNING 10/06/2014 |
| N/A | N/A | N/A |
| N/A | N/A | N/A |
| N/A | N/A | N/A |

**Security:** You are giving us a security interest in the vehicle being purchased.
**Late Charge:** If payment is not received in full within 10 days after it is due, you will pay a late charge of $15.
**Prepayment:** If you pay off early, you may have to pay a minimum finance charge.
**Additional Information:** See this contract for more information about a prepayment penalty, nonpayment, default, any required repayment in full before the scheduled date, and security interests.

This contract will be assigned to: BANCFIRST
(Name and address) PO BOX 270 CHANDLER, OK 74834-0270

### ITEMIZATION OF AMOUNT FINANCED

1. Cash price (including accessories, services, $ 599.00 delivery and handling charge,* and $ N/A sales tax) ...... $ 45607.80 (1)
2. Total down payment (if negative enter "0" and see line 4d below)
   Gross trade-in $ N/A − payoff by Seller $ N/A
   = net trade-in $ N/A + cash $ 4025.00
   + other N/A ........................... $ N/A
   + other N/A ........................... $ N/A
   + other N/A ........................... $ N/A  $ 4025.00 (2)
3. Unpaid balance of cash price (1 minus 2) ...... $ 41582.80 (3)
4. Other charges including amounts paid to others on your behalf (We may retain portions of these amounts):
   a. Fees to public officials (describe)
      Government certificate of title fees (includes security interest recording fee of $ 17.20 ) ..... $ 17.20
      N/A ........................... $ N/A
      N/A ........................... $ N/A
   b. To insurance companies (describe)
      N/A ........................... $ N/A
      N/A ........................... $ N/A
   c. Other (describe who is paid and purpose)
      to MERCEDES CARE for SERVICE CONTRACT $ 3400.00
      to N/A for N/A $ N/A
      to N/A for N/A $ N/A
      to N/A for N/A $ N/A
   d. Net trade-in payoff to _____ $ N/A
   Total other charges and amounts paid to others on your behalf ...... $ 3417.20 (4)
5. Amount Financed (3 + 4) ...... $ 45000.00 (5)

* The delivery and handling charge represents costs and additional profit to the Seller/Dealer.

By signing this contract, you agree to all of the terms on each page of this contract, and you agree that you have been given a copy of it with all of the applicable blanks filled in. If you sign as a Co-Buyer, you are responsible for paying the entire debt. If you sign as a Co-Owner, your name will be on the title to the vehicle, but you will not be responsible for paying the debt. If you sign here as a Co-Owner or Co-Buyer, you agree that you know about our security interest in the vehicle and you give your consent to that interest.

Signature of Buyer: /s/ K.D. McVey                 Date 08/22/2014
Signature of ☐ Co-Buyer ☐ Co-Owner                Date 08/22/2014
Seller/Secured Party MERCEDES-BENZ OF LITTLETON
By: _____                                         Date 08/22/2014

You agree that this contract contains our entire agreement regarding the financing of the vehicle, and that the terms of this contract cannot be modified except in a writing signed by all the parties.

Buyer Signs X /s/ K.D. McVey    Co-Buyer Signs X _____

**Insurance:** You may obtain physical damage insurance from anyone you want that is acceptable to the Seller. If you obtain insurance from the Seller, you will pay $ N/A for the first N/A.
Credit life insurance and credit disability insurance are not required to obtain credit, will not be a factor in the credit approval process, and will not be provided unless you sign below and agree to pay the additional cost. Credit life insurance pays only the amount you would owe if you paid all your payments on time. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.
I want:
☐ Credit Life:   ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability:   ☐ Buyer

Buyer Signature _____
Co-Buyer Signature _____

| Premium: | Term: |
|---|---|
| Credit Life $ N/A | N/A |
| Credit Disability $ N/A | N/A |

THIS CONTRACT DOES NOT PROVIDE FOR AUTOMOBILE LIABILITY INSURANCE, AND SAID BUYER ALSO STATES THAT HE OR SHE HAS / DOES NOT HAVE (strike words not applicable) IN EFFECT AN AUTOMOBILE LIABILITY POLICY AS DEFINED IN SECTION 42-7-103(2), COLORADO REVISED STATUTES, ON THE MOTOR VEHICLE SOLD BY THIS CONTRACT.

### CONTRACT AND AGREEMENT TO PAY

You, the Buyer and any Co-Buyer, agree to purchase the vehicle described above on the terms in this contract.

You agree to pay us (or our assignee named in this contract) the amount financed, the finance charge, and all other amounts owed to us under this contract, according to the payment schedule above and the terms of this contract. We calculate the finance charge, total of payments, and total sale price on the assumption that you will make every payment on the day it is due. Because the finance charge is calculated on a daily basis on the unpaid part of the amount financed, your finance charge, total of payments, and total sale price will be more if you pay late and less if you pay early. These changes may take the form of a larger or smaller final payment, or, at our option, more or fewer payments of the same amount as your scheduled payment, with a smaller final payment.

If payment is not received in full within 10 days after it is due, you agree to pay a late charge of $15.

If you pay off early, we are entitled to a minimum finance charge of $ N/A.

If you pay with a check or other instrument that is dishonored or returned, you will pay us a fee of $25 (if the amount financed is $75,000 or less) or $20 (if the amount financed exceeds $75,000 or is not for personal use).

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a portion of the Finance Charge.

### SECURITY AGREEMENT

You give us a security interest in the vehicle described in this contract and all parts or goods installed in it, all money or goods received (proceeds) for the vehicle; all insurance, maintenance, service, or other contracts we are financing for you as part of this purchase; and all proceeds from insurance, maintenance, service, or other contracts we are financing for you as part of this purchase. This includes any refunds of premiums or charges from the contracts. This interest secures payment of all you owe on this contract. It also secures your other agreements in this contract. You agree to make sure that the title shows our security interest (lien) in the vehicle.

No. 649. Rev. 10-12. RETAIL INSTALLMENT SALE CONTRACT            © Bradford Publishing — 303-292-2590 — www.bradfordpublishing.com
SEE THE BACK OF THIS FORM FOR IMPORTANT TERMS AND CONDITIONS

## ADDITIONAL PROVISIONS

### Your Other Promises to Us

You promise that you will not sell, lease, or otherwise transfer this vehicle or any interest in it to anyone else without getting written permission from us first.

You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer.

You promise that you will not allow anyone else to obtain a lien or security interest on this vehicle or levy against it to pay a debt or judgment.

You agree to give us written notice within 10 days if your address changes from the one shown on the front of this form.

You agree to give us any information that we might reasonably request and sign any papers we may need to establish and maintain our security interest in this vehicle.

You agree not to remove this vehicle from the United States for more than 30 days before getting written permission from us.

You promise to keep this vehicle in good repair and not destroy it or use it in a way that breaks any law or violates the insurance policy on the vehicle. You agree that we may inspect this vehicle at any reasonable time.

You promise to pay any taxes, assessments, registration fees, repair bills, or other expenses in connection with this vehicle when they are due.

If we get a refund of insurance, maintenance, service, or other contract charges, we may subtract the refund from what you owe us.

You agree that, if the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under any insurance, maintenance, service, or other contracts for which charges are included in this contract and we may cancel these contracts to obtain refunds of unearned charges to reduce what you owe.

### Insurance

You promise to have physical damage insurance (also known as "extended coverage" insurance) covering loss or damage to the vehicle as long as this contract is in effect, and you agree to give us a certificate of insurance or other proof that you have fulfilled this promise. The insurance must cover our interest in the vehicle and benefits under the insurance must be payable to us. The policy must provide for at least 10 days' written notice to us before it can be cancelled. The terms, amounts, effective dates and insurance company must meet our approval.

If you break your promise to buy physical damage insurance on the vehicle, we may, if we decide, buy the insurance, and we may, if we decide, purchase insurance that only covers our interest in the vehicle.

You agree that we may use any insurance settlement to reduce what you owe or repair the vehicle if it is lost or damaged.

If you have elected on the front of this contract to obtain any insurance, see the policies or certificates from the insurers for coverage limits and other terms and conditions.

### If you Break a Promise to Us (Default)

You will be in default if:
- you do not pay the payments as agreed;
- any important information you provide in connection with this contract is not true when you provide it;
- you die or any guarantor or surety for you dies;
- you start a proceeding in bankruptcy or one is started against you or your property;
- if you are a business, you are dissolved, terminated, or cease doing business; OR
- you break any of the other promises you made in this contract.

If you default, we may demand that you pay all you owe us at once after we give you any notice that the law requires, and we may sue to collect.

If we hire an attorney to collect what you owe under this contract, you will pay the attorney fees and court costs, as the law permits. The maximum attorney fee you will pay will be 15% of the amount you owe, unless a court awards an additional amount.

If you default, we may take (repossess) the vehicle from you after we give you any notice the law requires. We may take the vehicle only if we do so peacefully and the law allows it. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle.

If the vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If any personal items are in the vehicle when we repossess it, we may store them for you at your expense. If you do not ask for these items, we may dispose of them as the law allows.

By signing this contract, you are giving up any right you may have to require a hearing before we repossess the vehicle.

If we repossess the vehicle, you may redeem it (pay to get it back). We will tell you how much you must pay to redeem the vehicle. Your right to redeem ends when we sell the vehicle.

If we repossess the vehicle, we may claim benefits under any insurance, maintenance, service, or other contracts for which charges are included in this contract. We also may cancel these contracts to obtain refunds of unearned charges to reduce what you owe or to repair the vehicle.

If we repossess the vehicle and sell it, we will apply the money from the sale to the amount you owe after subtracting allowed expenses. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it, including attorney fees and court costs the law permits. If the money from the sale is not enough to pay the amount you owe, you must pay the rest to us unless the law provides otherwise. If you do not pay this amount when we ask, we may charge you interest at the highest lawful rate until you do.

If you default, the finance charge will continue in effect until all amounts owed under this contract are paid in full.

### If We Make Payments or Incur Expenses for You

You agree that we may pay taxes, registration, title, or license fees, assessments, repair bills, registration fees, insurance this contract requires, or other items related to the vehicle if these expenses are reasonable to protect the risk of loss or damage to the vehicle and if we notify you of these expenditures. You also agree that, if we do pay any of these expenses for you, the amount of the payment will accrue a finance charge at the annual percentage rate stated in this contract, and you agree to reimburse us on demand for any such payments or expenses.

### Warranties

Unless the Seller makes a written warranty or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

### Applicable Law and Severability

Federal law and Colorado law apply to this contract.

If any provision of this contract or part thereof violates any federal, state or local law or ordinance, that provision or part thereof shall be deemed amended to so comply with the law or ordinance, and shall be construed in a manner so as to comply.

If any provision of this contract or part thereof is determined to be unenforceable by an arbitrator or a court, the remaining provisions shall be deemed to be severable and enforceable according to their terms.

---

Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Spanish Translation:

Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

---

### SELLER'S RIGHT TO CANCEL

Seller agrees to deliver the vehicle to you on the date this contract is signed. Seller intends to assign this contract to a financial institution. If Seller does not assign this contract to a financial institution, Seller may cancel this contract upon written notice. In that event, you may enter into a new contract with different financing terms or you may pay with alternate funds arranged by you. Upon receipt of our notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. If you do not immediately return the vehicle, Seller may use any legal means to recover it (including repossession) and you will be liable for all expenses incurred in recovering the vehicle, including reasonable attorneys' fees. All terms of this contract are in full force and you are responsible for any loss or damage to the vehicle and the costs of repair of any damage while the vehicle was in your possession.

---

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only to goods or services obtained primarily for personal use. In all other cases, the buyer will not assert against any subsequent holder or assignee of this contract any claims or defense the buyer may have against the seller, or against the manufacturer of the vehicle obtained under this contract.

If this transaction contains a fee or premium for guaranteed automobile protection, all holders and assignees of this consumer credit transaction are subject to all claims and defenses which the debtor could assert against the original creditor resulting from the debtor's purchase of guaranteed automobile protection.

---

☐ This contract is assigned subject to the terms of a separate agreement.

### ASSIGNMENT

For value received, Seller assigns all of its right, title and interest in this Contract to __BancFirst__. Seller expressly warrants that: (a) this Contract arose from the bona fide, ordinary course of business, sale to Buyer of the described property, (b) title to the property at the time of sale was vested in Seller, (c) Seller had the legal right to and did properly assign and deliver such title and property to Buyer, (d) such property was not misrepresented in any way to Buyer, (e) the statements of Buyer in his credit statement are true to Seller's knowledge, (f) the Collateral is free of all security interests and liens, except the within security interest, (g) Seller is the sole owner of this Contract and has the right to sell and assign same, (h) the down payment was paid in full by Buyer in cash and/or trade-in as stated herein, (i) Buyer is of lawful age and competent, (j) the signature(s) of Buyer(s) is (are) genuine, (k) the Collateral is correctly described herein, (l) Seller has made all disclosures and given all notices required by the Federal Consumer Credit Protection Act and Colorado Uniform Consumer Credit Code, and (m) Buyer's obligation did not arise from a referral sale or a home solicitation sale. If any of the above warranties are false, Seller agrees to save assignee harmless and to pay all attorney fees and other costs incurred by assignee in enforcing such warranties against Seller.

| MERCEDES-BENZ OF LITTLETON | | | 08/22/2014 |
|---|---|---|---|
| Seller | By | Title | Date |