# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE MERCEDES-BENZ EMISSIONS LITIGATION | Civil Action No. 16-881(JLL)(JAD) |
|  | **PROTOCOL FOR THE DISCOVERY OF PAPER DOCUMENTS AND ELECTRONICALLY STORED INFORMATION** |

IT IS HEREBY AGREED by the parties that the following protocols will govern document discovery in this case, subject to any modifications that the parties may agree to in accordance with the terms set out below:

1.     <u>Definitions and Scope</u>.  The following Protocol shall control the production of discoverable paper documents and electronically stored information (collectively, "Documents"). Nothing in this Protocol shall be deemed to waive any written objections of the parties, including objections as to scope, privilege, privacy, or any other objections set forth in the parties' respective responses to discovery requests, or otherwise commit the parties to produce information the parties have not agreed to produce, have objected to its disclosure, or which is otherwise the subject of a discovery dispute and/or motion to compel.

a)     As used in this Protocol, the term "Document(s)" shall have the same meaning as that used in Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, all electronically stored information ("ESI").

b)      The phrase "Producing Party" shall mean the party producing Documents in response to any request for production of documents pursuant to Rule 34(a) of the Federal Rules of Civil Procedure.

c)      The phrase "Receiving Party" shall mean the party receiving production of Documents in response to any request for production of documents pursuant to Rule 34(a) of the Federal Rules of Civil Procedure.

d)      The phrase "Responsive and Discoverable" shall mean Documents or information that is within the scope of discovery permitted by Rule 26 of the Federal Rules of Civil Procedure.  Nothing in this Protocol obligates either party to collect or produce Documents, including ESI, that are not Responsive and Discoverable.

2.      <u>Responding to Discovery Requests</u>.

a)      In responding to discovery requests, each responding party shall search for Responsive and Discoverable Documents in sources most likely to have those Documents in their possession, custody or control, including ESI, in accordance with Federal Rules of Civil Procedure, applicable local rules, and the terms of this Protocol.  The parties agree to meet and confer in good faith regarding the sources to be searched, and methods to be used in searching for Documents.  If a dispute cannot be resolved through the meet and confer process, the Producing Party and the Receiving Party shall submit their respective positions to the Court.

b)      In responding to discovery requests, the parties shall conduct good faith and reasonably diligent searches and inquiries concerning the sources of Responsive and Discoverable Documents, including the sources of ESI.

c)      Neither party needs to produce Documents from sources not reasonably accessible because of undue burden or cost.  Fed. R. Civ. P. 26(b)(2)(B).  If a party believes that a data source falls into this category, they agree to make a good faith showing during the meet

and confer process to support their position.  By way of example only, neither party is required to search server backup tapes or similar sources containing archived data set aside for disaster recovery purposes absent a showing of good cause.

        d)     The parties do not at this time anticipate the need to attempt discovery of deleted or residual data.  Absent a showing of good cause, the parties shall not be required to conduct searches for these data or to use forensic collection and production techniques.

        3.     <u>Commencement of Production</u>.  Production of Documents shall proceed on a rolling basis, at such time, place, and in such sequence as required by the Federal Rules of Civil Procedure, Local Rules, the Court's Scheduling Order, or as may be agreed to by the Producing Party and the Receiving Party.  The Producing Party and the Receiving Party shall meet and confer in good faith.  If a dispute cannot be resolved through the meet and confer process, the Producing Party and the Receiving Party shall submit their respective positions to the Court.

        4.     <u>Production Format</u>.  Documents generally shall be produced according to the following formats, except that the parties reserve the right to request an alternative format or method of production to be used for Documents and ESI.  In that event, the Receiving Party and the Producing Party will meet and confer to discuss alternative production requirements, formats, and/or methods.

        a)     <u>Paper Documents</u>.  The parties shall produce Documents that were either (i) originally generated as or converted into ESI but now only exist in physical paper format, (ii) printed ESI that contains new alterations since printed (*i.e.*, handwritten notes), or (iii) originally generated in paper format as scanned, black and white images at 300 d.p.i. or greater resolution, in a TIFF or PDF word-searchable format (e.g., "OCR"), and reflect the full and complete information contained in the original Document, or, if it is not technically feasible to produce documents in one of those formats, the parties shall meet and confer to agree upon an alternative

format.  Documents produced shall bear Bates production numbers and confidentiality

designations as described in Paragraph 4(h).  The parties will use best efforts to unitize

documents (*i.e.*, distinct documents should not be merged into a single record, and a single

document should not be split into multiple records), and maintain document relationships (*i.e.*,

attachment status).  If an original document being produced as an electronic image contains

color, the document must be produced in color as a single page, 300 d.p.i. or greater resolution

high-quality image so as not to degrade the original image.

      b) <u>Electronically Stored Information</u>.  Except as provided in Paragraph 4(e)

below, Document images shall be generated from electronic documents in TIFF or PDF format

at 300 d.p.i. or greater resolution and reflect the full and complete information contained in the

original Document, together with a load file or functional equivalent that contains the metadata

as set forth in Paragraph 4(c).  The Producing Party shall also produce the extracted text (.txt)

file taken from the native Documents before the PDF image is created; the text file for each

Document produced must be tied to the PDF image by the Document's first Bates number.  In

the event a Document is redacted, the Producing Party shall withhold the redacted text for that

Document.  When producing a Document in redacted form, the Producing Party shall maintain

an un-altered copy of the original Document with the Document's original metadata intact.  The

Producing Party may then produce the PDF of the redacted document along with the unaltered

metadata as listed in Paragraph 4(c) below, except where such metadata reveals information

otherwise protected from disclosure (e.g., "Email Subject").  The failure to withhold such text for

a redacted document by a Producing Party shall not be deemed a waiver of the privilege

associated with that Document, and any text file containing the text of redacted portions of a

redacted Document shall be treated as Protected Information (defined infra), in accordance with

Paragraph 8.  If it is not technically feasible to produce ESI in the format set forth in this

Paragraph or the Document or information is available in an alternative format, the parties shall meet and confer to agree upon alternative format(s).  Further, the parties agree to meet and confer in the event that a Producing Party believes that production in the above format would result in a burden or expense that outweighs the likely benefit of the production .

        c)    <u>Metadata for ESI</u>.  The Producing Party shall undertake reasonable efforts to produce ESI with the following metadata fields where available for the particular ESI:

- Document title;
- Email subject;
- Author;
- From (Sender/Author for e-mail);
- Date;
- Date sent;
- Date received;
- Last Accessed Date;
- Last Modified Date;
- Source filepath;
- Custodian;
- Recipients (all "to" ) for e-mails;
- Copyees (all "cc"s) for e-mail;
- Blind copyees (all "bcc"s) for e-mail;
- Starting Bates (beginning Bates number);
- Ending Bates (ending Bates number);
- Confidentiality designation, if applicable;
- Family range (BegAttach and EndAttach); and
- MD5 Hash.

Although the Producing Party agrees to provide metadata regarding the "Last Accessed Date" and the "Last Modified Date", the parties acknowledge that this data may not be fully accurate as these dates may instead correspond to dates on which Documents are collected for production.

        d)    Any responsive Document attached or linked to any ESI will be produced as part of the same document production as its parent Document and will be Bates numbered consecutively following the parent Document.

        e)    <u>Native Format Documents</u>.  The parties recognize that it may be appropriate for certain Documents to be produced in native format.  The parties agree that

presentation-application files (e.g., MS PowerPoint), spreadsheet-application files (e.g., MS Excel), video files, and audio files shall be produced in native format.  Further, the parties agree to meet and confer regarding producing other files in native format, if necessary and appropriate. The produced file should be named with the Bates number of the first page of the corresponding TIFF production of the document (e.g., "ABC00001.ppt").  The original file name shall be maintained in a way such that a party will be able to search for the original file name.  Prior to producing in native format any Document deemed Confidential under the Discovery Confidentiality Order, the Producing Party and the Receiving Party shall meet and confer to establish additional procedures, to the extent necessary, for the protection of the Confidential information contained in those Documents.

      f)    <u>Production Media</u>.  A Producing Party shall produce Documents on a CD-ROM, DVD, external hard drive (with standard PC-compatible interface), or such other readily accessible computer or electronic media or via sFTP as the Producing Party and the Receiving Party may hereafter agree upon (the "Production Media").  Information that shall be identified on the face of the Production Media shall include: (1) the production date, and (2) the confidentiality notation required by the Discovery Confidentiality Order in this case, if the media contains information designated as Confidential.  The face of the Production Media shall also contain the Bates Number range(s) of the Documents on the Production Media, and where not practicable to do so, may be provided in the accompanying letter.  The Parties shall accompany all document productions with a letter identifying the production date and the Bates number range of the materials contained on such Production Media item.

      g)    <u>Duplicates</u>.  A Producing Party who has more than one identical copy of an electronic Document (i.e., the Documents are actual duplicates) need only produce a single copy of that Document.  A Producing Party need not produce the same electronically stored

information in more than one form.  A Producing Party may de-duplicate its document

population across the entirety of the information collected, or by custodian, at its sole discretion.

A Producing Party will disclose which, if any, de-duplication method(s) are utilized.  The parties

are not required to produce multiple instances of an electronic message sent to multiple

recipients, provided that all of the recipients (including "blind carbon copy" recipients) can be

identified from Document(s).  Where a subsequent electronic mail message contains all of the

portions of an earlier message produced pursuant to this Protocol, it is not necessary for a

Producing Party to produce the earlier message, provided that all of the recipients (including

"blind carbon copy" recipients) can be identified from Document(s).

      h)     <u>Bates Numbering</u>.

         (i)     <u>Documents/ESI</u>.  Each Producing Party shall Bates label and

number its production in accordance with generally accepted standards/practices.

         (ii)     <u>Native Format Documents</u>.  In the event Documents are produced

in native format, the Bates number and confidentiality legend or internal tracking number

should be produced in accordance with Paragraph 4(e).  Unless otherwise agreed to by

the parties pursuant to Paragraph 4(e), all native format Documents shall remain

designated as "Confidential" as set forth in the Discovery Confidentiality Order.

      i)     <u>Databases</u>.  To the extent discovery requires production of electronic

information contained in a database, the Producing Party shall produce reports or spreadsheets

consisting of those database fields containing relevant information in a format that is technically

feasible depending on the database involved and the information sought.   The parties agree to

meet and confer in the event that a Producing Party believes that production of information

contained in a database would result in a burden or expense that outweighs the likely benefit of

the production.  The Receiving Party may make reasonable requests for information necessary to explain the database scheme, codes, and/or abbreviations.

5.      Production Timing.  The parties recognize that the production of Documents, and particularly ESI, will take more than 30 days to process.  The parties agree that rolling productions are appropriate.

6.      Privilege Logs.  To the extent Documents or ESI are withheld on the basis of attorney-client privilege, the work product doctrine, or other recognized privileges and protections ("Protected Documents"), the Producing Party will produce a privilege log at a reasonable time after the production of Documents and ESI is substantially complete, as applicable, in accordance with Fed. R. Civ. P. 26(b)(5)(A)(ii) and generally accepted standards/practice.  When there is a chain of withheld e-mails, the Producing Party need only include one entry on the privilege log for the entire e-mail chain, and need not log each e-mail contained in the chain separately.  Protected Documents made after the date of the filing of the complaint need not be listed on the privilege log.  Where appropriate, the Producing Party may categorically log Protected Documents.

7.      Discovery and Admissibility.  Nothing herein shall be construed to affect the discoverability or admissibility of any Document or data.  All objections to the discoverability or admissibility of any Document or data are preserved and may be asserted at any time.

8.      Production of Privileged Materials.  Pursuant to F.R.E. 502(d) and (e), no party to this litigation shall be deemed to have waived the attorney-client privilege, the work product doctrine or any other recognized privilege or protection as a result of any disclosure in connection with this case, or any other federal or state proceeding, whether or not the disclosure is inadvertent (i.e., even if the disclosure would not satisfy the requirements of FRE 502(b)), including where disclosure would violate the privacy rights of any individual or entity under

8

U.S., European Union, or German law, including the European Directive 46/95/EC, the German Federal Data Privacy Act, and any other constitutional, statutory, common law or other law respecting the right of privacy and data ("Protected Information").  A party who subsequently learns that it has produced Protected Information may claw-back such material pursuant to this Paragraph.  This Paragraph shall also apply to third-parties that may produce information in this case.

     a)     If a party or non-party producing information in this case in response to a discovery request and/or subpoena discovers that it has produced Protected Information, then:

     (i)     when the Producing Party first discovers that it has produced Protected Information, it shall promptly provide written notice to the Receiving Party;

     (ii)     when the Receiving Party first discovers information that, in good faith, the Receiving Party believes the Producing Party may deem to be Protected Information, the Receiving Party shall promptly provide written notice to the Producing Party advising that the Producing Party may have produced Protected Information, which notice must expressly state that it is being given pursuant to this Protocol and, within thirty (30) days thereafter, the Producing Party shall provide written notice to the Receiving Party consistent with Paragraph 8(a)(i).

     b)     Upon receiving written notice from the Producing Party, the Receiving Party shall promptly return or destroy the subject Protected Information and any copies that it has except and only insofar as may be necessary to enable the Receiving Party to present an application to the Court pursuant to Paragraph 8(c).  If the Receiving Party disclosed the subject Protected Information to any third-party before receiving written notice from the Producing Party, the Receiving Party must take reasonable steps to retrieve it and immediately advise the Producing Party of any instances in which the Receiving Party is unable to retrieve the Protected

Information so the Producing Party make take whatever steps it deems necessary to protect and/or retrieve the Protected Information.

c) Within thirty (30) days of receiving written notice from the Producing Party as set forth in Paragraph 8(a), the Receiving Party may make an application to the Court, under seal, for a ruling concerning whether the Protected Information is protected from disclosure by the attorney-client privilege, work product doctrine or other recognized privilege or protection. Any application contesting whether such Protected Information is protected from disclosure shall not require a showing by the Producing Party (i) that the disclosure of such information was inadvertent or (ii) of the reasonable degree of care taken by the Producing Party to protect against or rectify the disclosure of the Protected Information. The Receiving Party shall not use or disclose any such Protected Information unless and until the Producing Party or the Court agrees that the information subject to the application is not protected from disclosure. If the Court determines that information subject to the application is protected from disclosure, the Receiving Party shall promptly return the Protected Information to the Producing Party or destroy all copies of it.

9. <u>Other Orders</u>. The terms of any Discovery Confidentiality Order entered in this action shall remain in full force and effect and nothing contained in this Protocol is to be construed as a modification of the terms of any such order(s).

10. <u>Modifications</u>. The provisions of this Protocol may be modified upon written agreement of the parties. The parties agree to meet and confer in good faith on any proposed modification(s).

**STIPULATED AND AGREED:**


By ___*/s/ James E. Cecchi*_____ By:_____*/s/ Geoffrey M. Sigler*_____
      JAMES E. CECCHI                         GEOFFREY M. SIGLER

**CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey  07068
Tel:  (973) 994-1700
Fax:  (973) 994-1744

By:   */s/ Steve W. Berman*
          STEVE W. BERMAN

Steve W. Berman
Sean R. Matt
**HAGENS BERMAN SOBOL SHAPIRO
LLP**
1918 8th Avenue, Suite 3300
Seattle, Washington  98101
Tel: (206) 623-7292
Fax: (206) 623-0594

*Interim Lead Counsel for Plaintiffs and the
Proposed Classes*

Christopher A. Seeger
**SEEGER WEISS LLP**
77 Water Street, New York
New York, NY 10005
Tel:  (212) 584-0700
Fax:  (212) 584-0799

Jeffrey S. Goldenberg
**GOLDENBERG SCHNEIDER, L.P.A.**
One West Fourth Street, 18th Floor
Cincinnati, OH  45202
(513) 345-8297

Bob Hilliard
**HILLIARD MUNOZ GONZALES LLP**
719 S Shoreline Blvd, # 500
Corpus Christi, TX 78401
(361) 882-1612

Lesley Weaver
**BLOCK & LEVITON LLP**
520 3rd St., Suite 108
Oakland, California  94607
Tel:  (415) 968-8999
Fax:  (617) 507-6020

**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel: (202) 887-3752
Fax:  (202) 530-9635

By:_____ */s/ Troy M. Yoshino*
          TROY M. YOSHINO

Troy M. Yoshino
**SQUIRE PATTON BOGGS (US) LLP**
44 Montgomery Street, Suite 400
San Francisco, California 94104
Tel: (415) 743-2441
Fax: (415) 989-0932

*Attorneys for Defendants*

DATED:  September 2, 2016

*Plaintiffs' Executive Committee*

DATED:   September 2, 2016