**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCEDES-BENZ EMISSIONS LITIGATION | Civil Action No.: 16-881 (SDW)(JAD)<br><br>**OPINION** |

**WIGENTON**, District Judge.

This matter comes before the Court by way of Defendants Mercedes-Benz USA, LLC and Daimler AG's ("Mercedes") and Defendant Robert Bosch LLC's ("Bosch") motions for certification pursuant to 28 U.S.C. ¶ 1292(b). (ECF Nos. 176–77). Plaintiffs have submitted opposition, (ECF No. 186), and Defendants have submitted replies thereto, (ECF Nos. 189–90). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Defendants' motions are denied.

## I.    BACKGROUND

This opinion will only discuss those facts necessary to resolve Defendants' motions and otherwise directs the parties to the February 1, 2019 Opinion of Chief Judge Linares' (ret.) (hereinafter "the Opinion"). (ECF No. 161). In sum, the Opinion held that Plaintiffs had sufficiently pled RICO claims as to both Mercedes and Bosch. (ECF No. 161 at 23, 26).

On February 28, 2019, Defendants filed the instant motions, asking this Court to certify for interlocutory appeal:

> Whether allegations that defendants deceived government regulators to obtain a
> certificate of conformity that allowed third-party dealers to sell an allegedly
> defective product to consumers are sufficient to establish proximate causation
> under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18
> U.S.C. § 1964(c).

(ECF No. 176-1 at 6).[1] Defendants assert that this issue is a controlling question of law.

## II.    LEGAL STANDARD

A district court has discretion to certify an order for immediate interlocutory appeal under 28 U.S.C. § 1292(b).  *Peterson v. Imhof*, No. 13-0537, 2017 WL 3438451, at *2 (D.N.J. Aug. 10, 2017).  District courts certify cases "sparingly," under this statute, as it is a "deviation from the ordinary policy of avoiding 'piecemeal appellate review of trial court decisions.'"  *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996) (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982)).  In deciding whether to certify an order, the Court considers three criteria: whether the order "(1) involve[s] a 'controlling question of law,' (2) offer[s] 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance[s] the ultimate termination of the litigation.'"  *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (quoting *Johnson v. Alldredge*, 488 F.2d 820, 822 (3d Cir. 1973)).  "The purpose of § 1292(b) is 'to permit decision of legal issues as to which there is considerable question without requiring the parties first to participate in a trial that may be unnecessary.'"  *Imhof*, 2017 WL 3438451, at *2 (quoting *Meyers v. Heffernan*, No. 12-2434, 2014 WL 7336792, at *3 (D.N.J. Dec. 22, 2014)).  Thus, the "saving of time of the district court and of expense to the litigants" is a "highly relevant factor" in the Court's decision.  *Katz*, 496 F.2d at 755.

## III.    ANALYSIS

Defendants argue that the issue of whether the "multi-step, multi-party theory of causation" set forth in the Opinion is sufficient to establish the "direct" proximate causation requirement for a RICO claim is a controlling question of law on which there is substantial

---

[1] Bosch has joined in Mercedes' motion, (ECF No. 177-1 at 5), so the Court will cite only to Mercedes' papers unless it is necessary to make a distinction between Defendants' arguments.

ground for difference of opinion, and the resolution of which would materially advance the litigation. (ECF No. 176-1 at 6–9).

### A. Controlling Question of Law

A controlling question of law is one which: "(1) if decided erroneously, would lead to reversal on appeal; or (2) is 'serious to the conduct of the litigation either practically or legally.'" *Morgan v. Ford Motor Co.*, No. 06-1080, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007) (quoting *Katz*, 496 F.2d at 755). Section 1292(b) "is not designed for review of factual matters," *Link v. Mercedes-Benz of N. Am., Inc.*, 550 F.2d 860, 863 (3d Cir. 1977), and "Courts in this district have held that although a question appears to be a controlling question of law, questions about a district court's application of facts of the case to established legal standards are not controlling questions of law for purposes of section 1292(b)," *Juice Entm't, LLC v. Live Nation Entm't, Inc.*, 353 F. Supp. 3d 309, 312–13 (D.N.J. 2018) (quoting *Morgan*, 2007 WL 269806, at *2).

Defendants seek appellate review of the district court's analysis of whether the assertion that Defendants deceived government regulators in order to obtain a certificate of conformity that allowed third party dealers to sell an allegedly defective product to consumers satisfies the standard for RICO causation. In fact, Defendants do not question whether the legal standard for RICO causation applied in the Opinion is correct, as they cite and rely on the same cases in their briefing to this Court. (*Compare* ECF No. 161 at 22 *with* ECF No. 176-1 at 14–15). Where the party seeking certification does not challenge the correctness of the legal standard the district court applied to the facts, but instead questions the outcome of the district court's application of that law to the facts, certification for interlocutory appeal under Section 1292(b) is inappropriate. *Juice Entm't*, 353 F. Supp. 3d at 312–13; *Krishanthi v. Rajaratnam*, No. 09-5395, 2011 WL

1885707, at *3 (D.N.J. May 18, 2011); *Arista Records, Inc. v. Flea World, Inc.*, No. 03-2670, 2006 WL 2882990, at *2 (D.N.J. Oct. 10, 2006). Defendants have not set forth a controlling issue of law.

The Court need not proceed to the remaining factors for certification, as Defendants must satisfy all three for the district court to certify a question for interlocutory appeal under Section 1292(b). *Krishanthi*, 2011 WL 1885707, at *3; *N.J. Dep't of Treasury v. Fuld*, No. 09-1629, 2009 WL 2905432, at *1 (D.N.J. Sept. 8, 2009).

## IV. CONCLUSION

For the reasons stated herein, Defendants' motions for certification pursuant to 28 U.S.C. ¶ 1292(b), (ECF Nos. 176–77), are denied. An appropriate Order accompanies this Opinion.

DATED: June 25, 2019

_____/s/ Susan D. Wigenton_____
HON. SUSAN D. WIGENTON
United States District Court Judge