# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

IN RE MERCEDES-BENZ EMISSIONS LITIGAITON.

Case No.: 2:16-cv-881 (SDW)(JAD)

**ORDER & OPINION OF THE SPECIAL MASTER**

This matter comes before the Special Master upon letter briefing submitted by Plaintiffs and Mercedes Defendants (Daimler AG and Mercedes-Benz USA, LLC) related to the parties' discovery dispute involving the process and procedure to determine the appropriate custodial and non-custodial sources for the Mercedes Defendants.

## DISCUSSION

Plaintiffs seek entry of an order requiring the Mercedes Defendants to provide information to ensure that an informed and transparent process is in place to identify the appropriate custodians and sources to be searched. Plaintiffs argue that the Mercedes Defendants' proposal identifying custodial sources is plainly deficient. Plaintiffs argue that in a case that encompasses alleged fraud concerning at least 18 different models sold over at least eight model years, the Mercedes Defendants' proposal to search custodial files of 23 individuals is implausibly short. Plaintiffs further argue that the proposal does not appear to include any dedicated custodians in several critical areas, such as pricing. Moreover, Plaintiffs argue that the proposed list of Daimler AG custodians does not provide actual names, titles, or dates of employment.

Plaintiffs argue that the Mercedes Defendants' proposal fails to provide any information that would enable Plaintiffs or the Court to consider its merits. Plaintiffs thus request an order requiring the Mercedes Defendants to: (1) identify by name, title, and dates of employment, each current or former employee with potentially relevant information; (2) provide organization

1

charts, or equivalent information, covering the entire relevant period for both Mercedes and Daimler; (3) certify that all sources searched in connection with the government investigation will be searched here; (4) identify each current and former employee, by name and position, who interacted with Bosch regarding the class of vehicles; and (5) identify each current and former employee, by name and position, who interacted with federal and state regulators. The Plaintiffs further seek an order requiring the Mercedes Defendants to identify, with specificity (i.e., by department file names, share drive names, database names, etc.) the non-custodial files that contain potentially relevant information.

Plaintiffs also assert that the Mercedes Defendants have not yet identified any non-custodian sources to be searched and that they have only expressed a willingness to identify such sources at some unspecified future date. Plaintiffs believe that a more formal and informed process to identify the custodians is necessary and appropriate to meet the test of reasonableness. Plaintiffs request that the Mercedes Defendants be required to provide this information by the end of the month, along with a proposal of which custodians and non-custodial sources the Mercedes Defendants are willing to search. Plaintiffs assert that after this, they can respond and the parties can meet and confer.

The Mercedes Defendants argue that they have provided preliminary lists of proposed custodians and previously offered to meet and confer with respect to non-custodial sources. The Mercedes Defendants argue that Plaintiffs' attempts to short-circuit the process by rushing in with a dispute should be rejected. The Mercedes Defendants argue that Plaintiffs cite to no authority that supports the relief they seek.

The Mercedes Defendants argue that the Plaintiffs mischaracterize the Mercedes Defendants' proposal. They argue that the proposal does not contemplate unilateral selection of

custodians and search terms by the Mercedes Defendants. The Mercedes Defendants further argue that Plaintiffs have not pointed to any deficiency in the Mercedes Defendants' document production using its proposed methodology. The Mercedes Defendants assert that they have selected the custodians most likely to possess responsive information and since that choice in not manifestly unreasonable, they argue that Plaintiffs must demonstrate that the resulting production is deficient before seeking the Special Masters' intervention on the issue.

The Mercedes Defendants further argue that the Plaintiffs' requested order should be denied because it is premature, unnecessary, and makes vague, ambiguous, and unduly burdensome demands on the Mercedes Defendants. For example, the Mercedes Defendants point to the fact that Plaintiffs seek the identity of each current and former employee, by name and position, who interacted with Bosch regarding the class vehicles, and note that Plaintiffs do not limit the scope of the request to those employees who actually have information responsive to Plaintiffs' requests for production. The Mercedes Defendants further argue that identifying Daimler AG employees by name, title, and dates of employment would leapfrog the Court's GDPR determination and that clarifying whether all sources searched in connection with the government investigation will be searched here, would run afoul of DOJ's directives to the parties.

## OPINION

It is the opinion of the Special Master that Plaintiffs must be provided additional information in order to evaluate and engage in a meaningful meet and confer with respect to the Mercedes Defendants' proposed custodians. However, the Special Master will restrain that information to: (1) organization charts, or equivalent information, covering the entire relevant period for both Mercedes and Daimler; (2) the identity, by name, title and dates of employment

of each current or former employee with known relevant information; (3) the identity of each current and former employee, by name and position, who's job responsibilities included interacting with Bosch regarding the class of vehicles; (4) the identity of each current and former employee, by name and position, who's job responsibilities included interacting with federal and state regulators. This information is to be provided to Plaintiffs within thirty (30) days of the date of this Order. With respect to the Mercedes Defendants' concerns regarding the GDPR, the Mercedes Defendants may provide this information pursuant to a protective order.[1]

With respect to Plaintiffs' request for (1) a certification that all sources searched in connection with the government investigation will be searched in this matter; and (2) an order requiring the Mercedes Defendants to identify, with specificity (i.e., by department file names, share drive names, database names, etc.) the non-custodial files that contain potentially relevant information, the parties shall meet and confer on these issues within thirty (30) days of the date of this Order. Should a dispute arise following the parties' meet and confer, the parties may bring the issue to the attention of the Special Master at that time.

_____
DENNIS M. CAVANAUGH, U.S.D.J. (Ret.)
Special Master

Date: October 4, 2019

---

[1] The parties may submit a proposed protective order to the Special Master. Should the parties fail to agree on the terms of the protective order, the parties may submit that dispute to the Special Master. The Mercedes Defendants' time to provide the names of Daimler AG employees will be extended until the protective order is entered. However, job titles and dates of employment are to be provided within thirty (30) days of the date of this Order.

4