## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCEDES-BENZ EMISSIONS LITIGAITON. | Case No.: 2:16-cv-881 (SDW)(JAD) |
| | **ORDER & OPINION OF THE SPECIAL MASTER** |

This matter comes before the Special Master upon letter briefing submitted by Plaintiffs and Defendants (Daimler AG, Mercedes-Benz USA, LLC, and Robert Bosch LLC) related to the parties' discovery dispute involving the parties' proposed Discovery Privacy Order relating to the European Union's General Data Protection Regulation ("GDPR").

## DISCUSSION

This issue stems from the parties' disagreement over a proposed Discovery Privacy Order. By way of background, in July 2019, the parties stipulated and agreed to a Discovery Confidentiality Order for protections of the type permitted under the Federal Rules. Protections or redactions of Foreign Private Data, a category of data subject to privacy requirements under the GDPR, was to be governed by a separate Discovery Privacy Order that the parties were to negotiate in good faith. The parties have been unable to reach agreement on the terms of a Discovery Privacy Order.

This underlying GDPR issue has also permeated the parties' dispute related to appropriate custodians and sources to be searched in discovery. By Order dated October 4, 2019, the Special Master ordered Defendants to provide Plaintiffs with additional information in order to evaluate and engage in a meaningful meet and confer with respect to Defendants' proposed custodians. That information included organization charts, or equivalent information, covering the entire relevant period for both Mercedes and Daimler; (2) the identity, by name, title and dates of employment of each current or former employee with known relevant information; (3)

1

the identity of each current and former employee, by name and position, who's job responsibilities included interacting with Bosch regarding the class of vehicles; (4) the identity of each current and former employee, by name and position, who's job responsibilities included interacting with federal and state regulators. With respect to Defendants' GDPR concerns, the Special Master held that Defendants could provide the information pursuant to the parties' Discovery Confidentiality Order.

Turning to the parties' proposed orders, Defendants' proposed Discovery Privacy Order would allow a producing party to redact from any discovery material any foreign private data or domestic private data that the producing party claims in good faith is required to be redacted under any federal, state or foreign data protection laws. Thus for instance, Defendants' proposal would permit Defendants to redact the names, positions, titles, or professional contact information of relevant current or former employees of any Defendant or of third parties identified in relevant, responsive documents, data, or information produced in discovery in this Action.

Plaintiffs' proposed Discovery Privacy Order would allow a producing party to redact from any discovery material information that the producing party claims in good faith constitutes private data. Private data is defined in the proposed order as "(i) irrelevant, personal information of an inherently intimate and private nature (such as medical information, home street numbers, personal telephone numbers, etc.), (ii) personal information that is objectively irrelevant to this Action, or (iii) private information that a party believes in good faith to be subject to U.S. data protection laws or other U.S. privacy obligations, provided, however, that private data shall in no case be construed to mean the names, positions, titles, or professional contact information (work address, work email, etc.) of the current or former employees of any Defendant or third parties

2

identified in relevant, responsive documents, data, or information produced in discovery of this Action."

According to Defendants, Plaintiffs' proposal would only allow for limited redactions to "Private Data," which is already covered by the category of personal information protected in the Discovery Confidentiality Order. Defendants therefore argue that Plaintiffs' proposal accomplishes little and merely allows for the same redactions that are permitted in any U.S. litigation and fails to provide any meaningful protections with respect to the GDPR. Defendants further argue that Plaintiffs' proposal would actually make things worse as it prohibits redactions of names, positions, titles, or professional contact information of current or former employees of any defendant or third-party identified in relevant documents or information produced in discovery. Defendants argue that Plaintiffs cannot point to any authority that would allow for a blanket prohibition on redactions of names or professional contact information. Defendants argue that their proposed Discovery Privacy Order does not allow or require particular redactions; rather, it merely sets out a process for redactions to be made and then for any disputes about those redactions to be teed up before the Court. Defendants argue that Plaintiffs' proposal by contrast would impose an extreme, premature bright line by prohibiting all redactions of names of EU citizens even before the parties or Special Master have seen what names are being redacted or how they fit into a particular document or case.

Plaintiffs argue that their proposed Discovery Privacy Order follows the precedent in U.S. cases examining GDPR arguments such as those raised here.  Specifically, Plaintiffs point to *In re Automotive Parts Antitrust Litig.*, to argue that Plaintiffs' order allows for redaction of objectively irrelevant information, "such as a restaurant receipt reflecting the server's name." This in addition to allowing for redaction of medical and similarly intimate, irrelevant

information, as well as any data actually required to be redacted under U.S. privacy laws. However, Plaintiffs argue that current and former EU employee names in responsive documents that Defendants produce are sufficiently protected by allowing Defendants to invoke the Discovery Confidentiality Order. Plaintiffs further argue that Defendants' proposal of having the parties continue to "meet and confer" on GDPR redactions throughout the document production process will bog discovery down.

## OPINION

GDPR broadly regulates the collection, use, storage, and disclosure of "personal data" relating to individuals in the EU. GDPR defines "personal data" broadly to include even seemingly innocuous information like business contact and other related data about a business's employees, business partners, and customers—the sort of information in business records that parties routinely exchange as part of discovery in U.S. litigation.

In general, a foreign country's statute precluding disclosure of evidence does "not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 544 n.29, 107 S. Ct. 2542, 2556, 96 L. Ed. 2d 461 (1987). "Rather, courts employ a multi-factor balancing test set forth in the Restatement (Third) of Foreign Relations Law § 442(1)(c) to evaluate the interests of the United States and the party seeking the discovery against the foreign state's interest in secrecy." *AstraZeneca LP v. Breath Ltd.*, No. CIV. 08-1512, 2011 WL 1421800, at *11 (D.N.J. Mar. 31, 2011)(citing *In re Air Crash at Taipei, Taiwan on Oct. 31, 2000*, 211 F.R.D. 374, 377 (C.D.Cal.2002).

The factors a court considers under the Restatement include: (1) the importance to the investigation or litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interest of the state where the information is located. *See* Restatement (Third) of Foreign Relations Law § 442(1)(c); *see also In re Air Crash at Taipei,* 211 F.R.D. at 377 (setting forth the Restatement factors to be considered in balancing the competing interests of the foreign state against those of the United States and the party seeking discovery).

As to the first Restatement factor—the importance of the documents requested in the instant litigation—this factor weighs in favor of disclosure where the evidence sought is directly relevant to the claims in the litigation. *AstraZeneca LP*, 2011 WL 1421800 at *13 (citing *In re Air Crash at Taipei*, 211 F.R.D. at 377). Here, the Special Master finds that the names, positions, titles, and professional contact information of relevant current or former employees of any Defendant or third party identified in relevant, responsive documents, data, or information produced in discovery is by its very nature directly relevant to Plaintiffs claims. Plaintiffs seek this basic information in order to develop and pursue their claims against Defendants. Taking the parties' custodian dispute by way of example, Plaintiffs cannot at the most basic level evaluate whether Defendants have designated appropriate custodians without being provided the names, positions, and titles of relevant current and former employees.

The disclosure of this basic information is clearly relevant and necessary to support both parties' claims and defenses in this matter. Defendants are corporations that operate and

5

function because of the individuals they employ. Those employees are the individuals who have information regarding the corporation, what it is alleged to have done, and when it is alleged to have done it. Thus relevant employee's documents and testimony will unquestionably be necessary to the parties' claims and defenses. The basic identity of Defendants' relevant current or former employees and relevant current or former employees of third-parties cannot therefore be immune from disclosure in this matter. Accordingly, the Special Master finds that this factor weighs in favor of disclosure of the names, positions, titles, and professional contact information of relevant current or former employees of any Defendant or of third parties identified in relevant, responsive documents, data, or information produced in discovery.

Under the second Restatement factor—the degree of specificity of the requests—the Special Master must examine the extent to which the discovery requests will burden the party from whom production is sought as "[g]eneralized searches for information, disclosure of which is prohibited under foreign law, are discouraged." *AstraZeneca LP*, 2011 WL 1421800 at *13 (quoting *In re Air Crash at Taipei*, 211 F.R.D. at 378.) Here, Plaintiffs in essence seek to prohibit Defendants from redacting the names, positions, titles, and professional contact information of relevant current or former employees of any Defendant or of third parties identified in relevant, responsive documents, data, or information produced in discovery. This is a specific request relating to relevant employees in relevant documents. Plaintiffs' proposed Discovery Confidentiality Order allows for the redaction of irrelevant personal information of an inherently intimate and private nature and personal information that is objectively irrelevant to this Action. Accordingly, the Special Master considers this a specific request that weighs in favor disclosure.

With regard to the third Restatement factor—whether the information originated in the United States—the Special Master notes that where the documents to be disclosed and people who will produce those documents are located in a foreign country, this factor weighs against compelling production. *AstraZeneca LP,* 2011 WL 1421800 at *13 (citing *In re Air Crash at Taipei,* 211 F.R.D. at 378). Here, the private data at issue is that of EU citizens. While Plaintiffs assert that at least some of the documents containing this information originated in the United States, the Special Master will assume that the majority of documents to be produced from Daimler AG, a German company, originated in the European Union. Therefore this factor weighs against disclosure.

As to the availability of alternative means for securing the information sought—the fourth Restatement factor—the Special Master recognizes that where "the information sought in discovery can easily be obtained elsewhere, there is little or no reason to require a party to violate foreign law." *AstraZeneca LP*, 2011 WL 1421800, at *14 (quoting *In re Air Crash at Taipei*, 211 F.R.D. at 378). Defendants' proposal that relevant current or former employees names, positions, titles, or professional contact information be redacted from documents is not an alternative means of securing the information, since the information the Plaintiffs seek includes this basic information. Defendants have not proposed any workable alternative. Accordingly, this factor weighs in favor of disclosure.

With regard to the fifth Restatement factor—the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the foreign state where the information is located—the Special Master notes that this is the most important factor in determining whether to compel

7

production. *AstraZeneca LP*, 2011 WL 1421800 at *14 (citing *In re Air Crash at Taipei*, 211 F.R.D. at 378).

Here, the key fifth element of the test weighs heavily in favor of disclosure. Under this factor, the Special Master must "assess the interests of each nation in requiring or prohibiting disclosure, and determine whether disclosure would affect important substantive policies or interests..." *Finjan, Inc. v. Zscaler, Inc.*, No. 17CV06946JSTKAW, 2019 WL 618554 at *3 (N.D. Cal. Feb. 14, 2019) (quoting *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1476 (9th Cir. 1992)).

"It is well known that the scope of American discovery is often significantly broader than is permitted in other jurisdictions, and ... that foreign tribunals will recognize that the final decision on the evidence to be used in litigation conducted in American courts must be made by those courts." *Societe Nationale*, 482 U.S. at 542. Additionally, "the United States has a significant interest in preserving and maintaining the integrity of the broad discovery provisions set forth in the Federal Rules of Civil Procedure." *AstraZeneca LP*, 2011 WL 1421800 at *15. Furthermore, considering the nature of the claims at issue, Plaintiffs allege violations of the RICO Act, as well as violations of state consumer protection statues, and fraudulent concealment stemming from allegations that Defendants unlawfully mislead consumers into purchasing certain "BlueTEC diesel" vehicles by misrepresenting the environmental impact of these vehicles during on-road driving. The United States has a strong interest in protecting U.S. consumers and therefore allowing discovery into Defendants alleged acts.

Conducting this analysis, the Special Master believes the Discovery Confidentiality Order provision allowing a producing party to designate and protect as "Highly Confidential" information that the producing party claims to be Foreign Private Data—such as employee

names, sufficiently balances the EU's interest in protecting its citizens private data and the U.S. legal system's interest in preserving and maintaining the integrity of the broad discovery provisions set forth in the Federal Rules of Civil Procedure.  The Special Master notes that the weight of the foreign privacy interest to be considered is "diminished where the court has entered a protective order preventing disclosure of the secret information." *Finjan*, 2019 WL 618554 at *3 (quoting *Richmark*, 959 F.2d at 1476).  Additionally, Defendants have failed to produce evidence that disclosure of names, positions, titles, or professional contact information of relevant current or former employees of any Defendant or of third parties would lead to hardship or an enforcement action from an EU data protection supervisory authority for breach of the GDPR. While the GDPR allows for administrative fines for failure to comply with the GDPR's data transfer provisions of up to €20 million or 4% of the violating company's annual worldwide revenue, Defendants have not pointed to any prior enforcement actions by the EU focused on violations in the litigation context.

Therefore, the parties will be prohibited from redacting the names, positions, titles, or professional contact information of relevant current or former employees of any Defendant or third parties identified in relevant, responsive documents, data, or information produced in discovery in this Action. The parties will not be prohibited from redacting irrelevant personal information of an intimate or private nature, or private data that is objectively irrelevant to this Action. Accordingly, the Special Master will enter Plaintiffs' proposed Discovery Privacy Order.

DENNIS M. CAVANAUGH, U.S.D.J. (Ret.)
**Special Master**

Date: November 4, 2019

9