# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCEDES-BENZ EMISSIONS LITIGAITON. | Case No.: 2:16-cv-881 (SDW)(JAD) <br><br> **ORDER & OPINION OF THE SPECIAL MASTER** |

This matter comes before the Special Master upon letter briefing submitted by Plaintiffs and Mercedes Defendants (Daimler AG and Mercedes-Benz USA, LLC) related to Defendants' request for a stay of the Special Master's October 4, 2019 Order & Opinion. After considering the submissions of the parties, it is the opinion of the Special Master that Defendants' request for a stay is **DENIED**.

## DISCUSSION

By Order dated October 4, 2019, the Special Master ordered Defendants to provide Plaintiffs with additional information in order to evaluate and engage in a meaningful meet and confer with respect to Defendants' proposed custodians. That information included organization charts, or equivalent information, covering the entire relevant period for both Mercedes and Daimler; (2) the identity, by name, title and dates of employment of each current or former employee with known relevant information; (3) the identity of each current and former employee, by name and position, who's job responsibilities included interacting with Bosch regarding the class of vehicles; (4) the identity of each current and former employee, by name and position, who's job responsibilities included interacting with federal and state regulators. With respect to Defendants' GDPR concerns, the Special Master held that Defendants could provide the information pursuant to the parties' Discovery Confidentiality Order.

1

Defendants now seek a stay of the Special Master's October 4, 2019 Order so that the Mercedes Defendants have an opportunity to appeal to the District Court pursuant to Local Civil Rule 72.1(c)(1)(A) and Federal Rule of Civil Procedure 72. Defendants assert that Daimler and its current and former employees will otherwise suffer irreparable harm. Defendants argue that the October 4 Order compels Daimler to breach its obligations under the GDPR by processing and transferring personal data, and once disclosed the data cannot be un-disclosed. Defendants thus argue that they will suffer irreparable harm and their right to appeal will be rendered meaningless if the ruling is not stayed pending resolution of the appeal. Defendants argue that there is no remedial measure within the purview of the Court that can remedy the situation, absent a stay. Defendants argue that by contrast, Plaintiffs will suffer no substantial harm as discovery will continue during the pendency of the appeal. Defendants assert that they are working to comply with aspects of the Order not implicated by the appeal and that they are willing to identify other alternatives to identify custodians in a way that is consistent with the GDPR during the pendency of the appeal.

Plaintiffs oppose Defendants' request for a stay and argue that a stay will serve as a continuing bar to the commencement of meaningful discovery. Plaintiffs explain that while Mercedes-Benz USA has produced documents, discovery related to Daimler's alleged emissions cheating has not even begun. Plaintiffs believe Daimler will continue to use the lack of resolution as an excuse to continue to produce nothing. Plaintiffs argue that Defendants fail to identify any actual irreparable harm that might flow from the Order.

Plaintiffs further argue that Defendants are not able to demonstrate any of the four factors necessary for a stay. Plaintiffs assert that Defendants have little chance of success on the merits as they need to show an abuse of discretion. Additionally, Plaintiffs argue that neither the

Mercedes Defendants nor their employees will suffer any actual irreparable harm as loss of an appellate right does not necessarily constitute irreparable injury. Instead, Plaintiffs argue that they will be harmed by issuance of a stay as the case is nearly 3.5 years old and Daimler has yet to produce a single document. Plaintiffs further argue that the public interest counsels against a stay as it allows Defendants to benefit from further delay and undermines the important U.S. interest in the ordinary operation of its civil justice system. Additionally, Plaintiffs argue that Defendants have not suggested any plausible alternative means for Plaintiffs to obtain the requested information.

## **OPINION**

To obtain a preliminary injunction, the moving party must establish: "(l) a likelihood of success on the merits; (2) that [the movant] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the non-moving party; and (4) that the public interest favors such relief." *Kos Pharms, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

Here, Defendants have failed to establish the requisite elements for the issuance of a stay of the Special Master's October 4, 2019 Order & Opinion. With respect to the first factor, the likelihood of success on the merits, Defendants have not made the requisite showing there is "a reasonable chance, or probability, of winning." *In re Revel AC, Inc.*, 802 F.3d 558, 568–69 (3d Cir. 2015)(quoting *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir.2011) (en banc)).

Second, Defendants have not demonstrated "that irreparable injury is likely not merely possible in the absence of a stay." *In re Revel AC, Inc.*, 802 F.3d 558, 569 (3d Cir. 2015)(citations omitted). Defendants' argument that the October 4 Order will cause Defendant

3

Daimler to breach its obligations under the GDPR and that Defendants' right to appeal will be rendered meaningless is unavailing. Defendants have not established that they are likely to suffer irreparable harm by producing organization charts, or equivalent information, and the identity, by name, title and dates of employment of each current or former employee with known relevant information. While the GDPR defines "personal data" broadly to include even seemingly innocuous information like business contact and other related data about a business's employees, business partners, and customers—the sort of information in business records that parties routinely exchange as part of discovery in U.S. litigation, Defendants have not pointed to any prior enforcement actions by the EU focused on violations in the litigation context. Moreover, the Special Master notes that this information may be produced pursuant to the parties' Discovery Confidentiality Order, and thus the nature of the disclosure is extremely limited. With respect to Defendants' other argument, mootness of an appeal does not necessarily constitute irreparable harm. *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). Thus Defendants have failed to demonstrate particularized harm.

Considering the third and fourth factors, the Special Master notes that there have been considerable delays in this matter. Plaintiffs filed their initial complaint on February 18, 2016. Discovery was then stayed until May 22, 2019. The October 4 Order, which the Defendants seek to stay, deals with a very preliminary discovery issue, that being the information Plaintiffs require in order to evaluate and engage in a meaningful meet and confer with respect to Defendants' proposed custodians. Therefore, in effect, a stay of the October 4 Order will act as a continued stay of discovery in this matter. The Special Master thus believes that the stay will result in greater harm to Plaintiffs as it will act as a further bar to discovery from Defendant Daimler. Additionally, the public interest counsels in favor of denying a stay as there is a

4

substantial interest "in preserving and maintaining the integrity of the broad discovery provisions set forth in the Federal Rules of Civil Procedure" *AstraZeneca LP v. Breath Ltd.*, No. CIV. 08-1512, 2011 WL 1421800, at *15 (D.N.J. Mar. 31, 2011) and "vindicating the rights of American plaintiffs." *In re Air Crash at Taipei, Taiwan on Oct. 31, 2000*, 211 F.R.D. 374, 379 (C.D. Cal. 2002)(citing *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1477 (9th Cir. 1992)).

For these reasons, the Special Master will deny Defendants' letter request for a stay pending appeal of the Special Master's October 4, 2019 Order & Opinion. The Special Master notes that on November 1, 2019, he granted Defendants a limited extension of the November 4, 2019 deadline to provide the information compelled in the October 4, 2019 Order until one week after the Special Master ruled on Defendants' letter request. The October 4, 2019 Order & Opinion is therefore stayed for one week from the date of this Order.

_____
**DENNIS M. CAVANAUGH, U.S.D.J. (Ret.)**
**Special Master**

Date: November 4, 2019