**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Lucas C. Townsend
Direct: +1 202.887.3731
Fax: +1 202.530.4254
LTownsend@gibsondunn.com

November 13, 2019

VIA ECF

The Honorable Susan D. Wigenton, U.S.D.J.
The Honorable Joseph A. Dickson, U.S.M.J.
United States District Court
Martin Luther King Federal Building
50 Walnut Street
Newark, NJ 07101

Re:   *In re Mercedes-Benz Emissions Litigation*, Civil Action 16-881 (SDW) (JAD)

Dear Judges Wigenton and Dickson:

  This firm represents Defendants Daimler AG and Mercedes-Benz USA, LLC (the "Mercedes Defendants") in the above-captioned action.  We write regarding two appeals to this Court from rulings of the Special Master implicating an important legal issue: how European data privacy rules and the U.S. Supreme Court's authorities requiring international comity impact discovery in this case.

  The Mercedes Defendants seek guidance on two procedural matters related to these appeals so that the parties may proceed as efficiently as possible.  We have conferred with Plaintiffs and our co-defendants, Robert Bosch GmbH and Robert Bosch LLC.  All Defendants are in agreement on the procedural matters addressed in this letter; Plaintiffs' positions are specifically set out below.

  First, because these are the first appeals from rulings of the Special Master in this case, we seek clarification regarding the procedure for appeal to this Court from the Special Master's rulings.  By statute, appeals from the Special Master's rulings must be reviewed by an Article III judge.  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(a); Local Civ. R. 72.1(c)(1).  The Court's April 11, 2019 Order appointing the Special Discovery Master, ECF No. 195 (the "Appointment Order"), recognizes this by stating that "[t]he authority of the special master hereunder shall be coextensive with those of a Magistrate Judge in the District of New Jersey pursuant to Local Civil Rule 72.1, and as such, any appeal of an action or decision made by the special master shall be filed with the Court pursuant to Local Civil Rule 72.1(c)(1)."  Appointment Order at 7.  Appeals under Rule 72.1(c)(1) are, in turn, considered by an Article III district court judge.

**GIBSON DUNN**

The Honorable Susan D. Wigenton,
U.S.D.J.
November 13, 2019
Page 2

      The Court has noticed a status conference and hearing before Judge Dickson on November 18, 2019, to address a pending appeal by the Mercedes Defendants from the Special Master (*see* Dkt. 257).  However, after a decision by Judge Dickson, the non-prevailing party would be able to seek further review by Judge Wigenton.  In the interest of judicial efficiency, therefore, the Court may wish to set these appeals before Judge Wigenton in the first instance.  Defendants defer to the Court and stand ready to proceed regardless of whether the appeals are heard in the first instance by Judge Wigenton or Judge Dickson.  Plaintiffs take no position on this issue.

      Second, the parties respectfully ask that the Court consolidate the appeal that is already pending (from the Special Master's October 4 order, which required production to plaintiffs of organizational charts and various lists of employees subject to EU privacy rules for use in a meet and confer process, *see* Dkt. 246, 247, and 258) with a second appeal that the Mercedes Defendants will be filing on Monday, November 18, from a separate November 4 order by the Special Master (prohibiting redactions of emails and other produced documents containing employee names and other identifiers that the Mercedes Defendants contend are protected by EU privacy rules).  The second appeal will involve various issues in common with the first appeal.  Given the overlapping issues, legal authorities, expert reports, and exhibits in these two appeals, Defendants respectfully request that the Court postpone the November 18 Status Conference on the first appeal and instead hold a consolidated hearing following completion of briefing on the second appeal (which the parties anticipate completing promptly).  Plaintiffs and Defendants agree to consolidation of hearing on the two appeals.

      Finally, this Court has stayed the Special Master's October 4 Ruling through and including the hearing currently schedule to occur before Judge Dickson on Monday, November 18.  *See* Dkt. 257.  The parties are in discussions about the potential terms of an agreed extension of this stay that could remain in place through the appeals process as described above.

      We thank the Court for its attention to this matter.

Respectfully submitted,


/s/Lucas C. Townsend

cc: All Counsel of Record