**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE MERCEDES-BENZ EMISSIONS LITIGATION | Civil Action No. 2:16-CV-881 (KM)(ESK) **DECLARATION OF STEVE W. BERMAN IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL** |

I, Steve W. Berman, declare and state as follows:

1.      I am the Managing Partner of Hagens Berman Sobol Shapiro LLP and part of the Co-Lead Counsel team for Plaintiffs in this case.  This Declaration is based on my personal knowledge, and if called upon to do so, I could and would testify competently thereto.

2.      This has been a hard-fought litigation marked by Defendants' stiff resistance and litigation of so many issues that identifying them all here would be impractical.

3.      The first complaint kicking off this litigation was filed in 2016.  It was the result of an in-depth investigation conducted by counsel, which retained technical diesel emissions experts who tested several Mercedes BlueTEC II vehicles.

4.      The current operative complaint—which is the Fifth Consolidated and Amended Class Action Complaint—is the product of an iterative process in response to multiple motions to dismiss by Defendants.  Plaintiffs largely survived four motions to dismiss filed by Defendants.

1

5.     A myriad of discovery disputes followed.  In April 2019, the Court appointed as Special Master the Honorable Dennis Cavanaugh (Ret.), who played a very active role in resolving discovery disputes and frequently holding case management and discovery conferences.  Approximately 20 discovery motions were briefed.  The disputes included whether statutory European privacy protections applied to litigation in the United States; the scope of custodians to be searched by Defendants for responsive documents; the manner and scope of electronic searches, including whether Technology-Assisted Review would be utilized; the scope of "clean diesel" discovery and Bosch productions from other litigation; several miscellaneous motions to compel directed at Defendants; and defense motions to compel Plaintiffs. Some of these issues required multiple rounds of briefing.

6.     Notwithstanding the challenges that Plaintiffs faced in obtaining discovery from Defendants in this case, we were able to obtain fulsome discovery. Indeed, sufficient discovery was obtained to fully inform Plaintiffs' Co-Lead Counsel's decision to enter into and recommend the Settlement.

7.     Plaintiffs served 91 Requests for Production on the Mercedes Defendants and another 59 requests on the Bosch Defendants.  Plaintiffs served subpoenas on 11 third parties.  The Mercedes and the Bosch Defendants produced approximately 43,920 documents comprising more than 331,000 pages.  Plaintiffs set up extensive review teams to review and code the documents, a process that sifted the documents into "cold," "warm," and "hot" categories and quickly identified the documents that were most relevant to proving Plaintiffs' legal claims and damages.

In addition, Plaintiffs' experts reviewed much of the technical discovery that was produced and helped guide our trial preparations.

8.     Depositions were underway when the Parties reached the proposed Settlement.  Plaintiffs took Rule 30(b)(6) depositions of Mercedes-Benz USA, LLC and Bosch LLC, respectively, while Defendants took the depositions of five Plaintiffs.

9.     Settlement was a long time coming and was reached only after extensive mediation efforts.  Over the course of approximately one year, the Parties held seven full-day and two half-day mediation sessions with retired Judge Edward A. Infante.  Mediation efforts also entailed additional conference calls with Judge Infante and additional calls between the Parties.

10.    Attached as Exhibit A hereto is a true and correct copy of the Class Action Settlement Agreement and Release, along with all of its exhibits.

11.    The proposed Settlement is a favorable resolution for the Class that avoids the substantial risks and expense of continued litigation, including the risk of recovering less than the Settlement amount, or nothing at all.  The proposed Settlement Agreement resulted from arm's-length, good faith negotiations between and among experienced counsel under the auspices of a respected and experienced mediator, Judge Infante.  It provides a fair, reasonable, and adequate resolution of this litigation, which will substantially reduce costs and the expenditure of resources, eliminate the risk of uncertain litigation outcomes, and prevent further delay in remedying the harms suffered by Class Members.  Furthermore, this Settlement, along with resolution of government enforcement actions and payment of fines, not

010585-11  1344416V1

only resolves Plaintiffs' claims but also facilitates the end of the Mercedes Defendants alleged misconduct in unlawfully manipulating the emissions systems in the Subject Vehicles. Co-Lead Counsel fully recommend the Settlement and respectfully request that the Court grant preliminary approval.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 14, 2020, in Seattle, Washington.

_/s/ Steve W. Berman_
Steve W. Berman

4

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE MERCEDES-BENZ EMISSIONS LITIGATION | Civil Action: 16-cv-881 (KM) (ESK)<br><br>**ELECTRONICALLY FILED** |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

James E. Cecchi
Caroline F. Bartlett
Donald A. Ecklund
CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY, & AGNELLO, P.C.
5 Becker Farm Rd.
Roseland, NJ 07068
Tel: (973) 994-1700

Steve W. Berman
Sean R. Matt
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Ave., Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292
Fax: (206) 623-0594

Christopher A. Seeger
Jennifer Scullion
David Tawil
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Tel: (973) 639-9100
Fax: (973) 639-9393
cseeger@seegerweiss.com

Lead Counsel for the Proposed Settlement Class

Daniel W. Nelson
Geoffrey M. Sigler
Lucas C. Townsend
Chantale Fiebig
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Tel: (202) 887-3731
Fax: (202) 530-4254

Troy M. Yoshino
Matthew J. Kemner
Eric J. Knapp
Squire Patton Boggs (US) LLP
275 Battery Street, Suite 2600
San Francisco, CA 94111
Tel: (415) 743-2441
Fax: (415) 989-0932

Attorneys for Defendants Mercedes-Benz
USA, LLC and Daimler AG

# TABLE OF CONTENTS

**Page**

1.   THE PROPOSED SETTLEMENT.................................................................. 3
2.   DEFINITIONS............................................................................................. 4
3.   DENIAL OF ANY WRONGDOING AND LIABILITY ............................... 18
4.   PRELIMINARY APPROVAL .................................................................... 18
5.   CLASS MEMBER COMPENSATION AND REMEDIES........................... 19
6.   CLASS CLAIMS PROCESS AND ADMINISTRATION ........................... 36
7.   REQUESTS FOR EXCLUSION ................................................................ 37
8.   OBJECTIONS TO THE SETTLEMENT.................................................... 38
9.   DUTIES OF THE SETTLEMENT ADMINISTRATOR.............................. 40
10.  RELEASE AND WAIVER ......................................................................... 41
11.  ATTORNEYS' FEES AND COSTS ........................................................... 48
12.  AGREEMENT TO COOPERATE TO EFFECTUATE SETTLEMENT........ 49
13.  MODIFICATION OR TERMINATION OF THIS CLASS ACTION
     AGREEMENT ........................................................................................... 50
14.  COVID-19................................................................................................. 53
15.  REPRESENTATIONS AND WARRANTIES.............................................. 53
16.  GENERAL MATTERS AND RESERVATIONS.......................................... 55

1.       **THE PROPOSED SETTLEMENT**

On February 18, 2016, Plaintiffs filed this lawsuit against Daimler AG ("Daimler") and Mercedes-Benz USA, LLC ("MBUSA") (together, the "Mercedes Defendants") in the United States District Court for the District of New Jersey, relating to the Mercedes Defendants' marketing and sale of Mercedes-Benz BlueTEC II diesel vehicles.  After extensive litigation and settlement efforts facilitated by mediator Hon. Edward A. Infante (Ret.), Plaintiffs and the Mercedes Defendants have reached this agreement to resolve consumers' claims related to the BlueTEC II vehicles sold or leased in the United States (the "Class Action Agreement" or the "Class Action Settlement").

As detailed below, the Class Action Settlement, if approved by the Court, provides substantial compensation and relief to all eligible Class Members.  Pursuant to a proposed Consent Decree with the Department of Justice ("DOJ"), the Environmental Protection Agency ("EPA"), and the California Attorney General ("CA AG"), acting on behalf of the California Air Resources Board ("CARB"), the Mercedes Defendants will provide Approved Emission Modifications ("AEMs")—modifications of the emission control system software calibration and certain related hardware—that ensure that the vehicles meet the emissions standards to which they were originally certified.  Upon entry by a federal district court, the proposed Consent Decree (the "US-CA Consent Decree") will resolve the agencies' allegations that certain software functions and calibrations in BlueTEC II vehicles reduced the effectiveness of the vehicles' emission control systems.  Daimler has developed, and the EPA and CARB have approved, AEMs for approximately 123,000 currently registered vehicles.  Proposed emission modifications for the remaining BlueTEC II vehicles are scheduled to be submitted for approval during the years 2020 and 2021.

The Class Action Agreement provides eligible Class Members with cash payments and other benefits.  The Class Action Agreement is a claims-made settlement.  The compensation pursuant to the Class Action Settlement is available only to Class Members who do not opt out

of the Class and who submit Valid Claims in the Claims Program.  The amount the Mercedes Defendants will pay under the Class Action Agreement depends on how many Class Members submit Valid Claims.  The ultimate goal of the Class Action Agreement is to resolve Plaintiffs' claims against the Mercedes Defendants in this Action, compensate eligible Class Members, and incentivize owners and lessees to have the AEMs installed in their vehicles.  The Benefits provided by this Class Action Agreement will become available only upon, and after, the US-CA Consent Decree is entered by a federal district court and this Class Action Settlement receives final approval from this Court.

2.    **DEFINITIONS**

As used in this Class Action Agreement (which, as defined below, includes the attached Exhibits), the terms defined herein have the following meanings.

2.1.    "Action" means the class actions that have been consolidated in the United States District Court for the District of New Jersey in *In re Mercedes-Benz Emissions Litigation*, No. 2:16-cv-0881-KM-ESK (D.N.J.).

2.2.    "AEM Availability Deadline" means the date on which, if an AEM for a Subject Vehicle is not available, Class Members who own or lease an affected Registered Subject Vehicle become eligible and may file a Claim for a Class Member Payment pursuant to Sections 5.3.4 or 5.3.5.  The AEM Availability Deadline is October 1, 2022.  However, if the deadline to submit an Emission Modification Proposal Report for a Subject Vehicle is extended beyond November 8, 2021 pursuant to the terms of the US-CA Consent Decree, the AEM Availability Deadline shall be extended by the number of days that the last deadline to submit an Emission Modification Proposal Report extends beyond November 8, 2021.

2.3.    "Approved Emission Modification(s)" or "AEM(s)" means modifications to the emissions software and certain related hardware of vehicles in the Emission Modification Categories, as proposed by the Mercedes Defendants and approved by EPA and CARB, pursuant to Appendix B, Paragraphs 4-5 of the US-CA Consent Decree.

-4-

2.4.     "Authorized Service Provider" means a Dealer or any other entity authorized by the Mercedes Defendants to install the Approved Emission Modification.

2.5.     "Benefits" means all consideration made available to the Class Members pursuant to this Class Action Settlement, including but not limited to Class Member Payments.

2.6.     "BlueTEC Diesel Matter" means all claims arising from or in any way relating to:  (1) the design, manufacture, assembly, testing, development, installation, performance, presence, disclosure, or nondisclosure of any auxiliary emission control device ("AECD") (as defined in 40 C.F.R. § 86.1803-01) or defeat device (as defined in 40 C.F.R. § 86.1803-01 or 42 U.S.C. § 7522(a)(3)(B)) in any Subject Vehicle, as that term is defined in Section 2.70; (2) the design, manufacture, assembly, testing, development, installation, or performance of emission control equipment and methods and related hardware or software in Subject Vehicles, including Diesel Exhaust Fluid and associated equipment, Selective Catalytic Reduction systems, electronic control units, and emission-related software programming, coding, and calibrations; (3) overpayment or diminution in value related to the design, manufacture, assembly, testing, development, installation, or performance of emission control equipment and methods and related hardware or software in Subject Vehicles; (4) the actual or alleged noncompliance of any Subject Vehicle with state or federal environmental or emissions standards; (5) the marketing or advertisement of the emissions or environmental characteristics or performance of any Subject Vehicle, including as clean diesel, clean, low emissions, green, environmentally friendly, and/or compliant with state or federal environmental or emissions standards; (6) the marketing or advertisement of the fuel efficiency, fuel economy, mileage, power, drivability, or performance of any Subject Vehicle, to the extent related in any way to the emissions performance, the design, manufacture, assembly, testing, development, installation, or performance of emission control equipment and methods, and related hardware or software; (7) any badges, signage, or BlueTEC labels on the Subject Vehicles, including any badges or signage placed on the Subject Vehicles at the point of sale or in an advertisement; (8) performance of the AEM in a Subject

-5-

Vehicle, exclusive of the Extended Modification Warranty and any "Lemon Law" protections available to Class Members; (9) whether the Subject Vehicles meet or exceed (or met or exceeded) consumer expectations, to the extent related in any way to the emissions performance, the design, manufacture, assembly, testing, development, installation, or performance of emission control equipment, and methods and related hardware or software; or (10) the subject matter of the Action as well as events or allegations related to the Action, with respect to the Subject Vehicles.  Without limiting the foregoing, "BlueTEC Diesel Matter" includes allegations that (i) are related to any Subject Vehicle, (ii) relate to conduct by a Released Party that predates the date of this Class Action Settlement, and (iii) formed or relate to the factual basis for a claim that was made or could have been made in the Complaint.

       2.7.      "CARB" means the California Air Resources Board and any of its successor departments or agencies.

       2.8.      "Claim" means the claim of any Class Member or their representative submitted on a Claim Form as provided in this Class Action Agreement.  Class Members will not be required to submit more than one Claim Form per Subject Vehicle to receive Benefits.

       2.9.      "Claim Form" means the paper or online form used to submit a Claim for a Class Member Payment under this Class Action Agreement.  The Claim Form is attached as Exhibit 4.

       2.10.     "Claim Submission Deadline for Eligible Former Owners/Lessees" means the latest date by which an Eligible Former Owner/Lessee may submit a Claim to participate in the Claims Program.  The Claim Submission Deadline for Eligible Former Owners/Lessees is the later of (1) 75 days after the Notice Date; or (2) the date of the Final Approval Order.

       2.11.     "Claim Submission Deadline for Eligible Current Owners/Lessees" means the latest date by which an Eligible Current Owner/Lessee may submit a Claim to participate in the Claims Program.  The Claim Submission Deadline for Eligible Current Owners/Lessees is October 1, 2022, except under the following circumstances:

2.11.1.   If an Approved Emission Modification for a Subject Vehicle becomes available less than 60 days before October 1, 2022, then Eligible Current Owners/Lessees of the affected Registered Subject Vehicle may file a Claim for an Owner/Lessee Payment or Post-Announcement Owner/Lessee Payment (as applicable) within 60 days of the date on which the AEM becomes available, in accordance with the claims process described in Sections 5-6; and

2.11.2.   If an AEM for a Subject Vehicle is not available by the AEM Availability Deadline, Class Members who own or lease the affected Registered Subject Vehicles on the AEM Availability Deadline may file a Claim within 60 days to receive a Class Member Payment, pursuant to Sections 5.3.4 or 5.3.5, as applicable; and

2.11.3.   If the AEM Availability Deadline is extended pursuant to Section 2.2, and an AEM becomes available by the AEM Availability Deadline but after October 1, 2022, then Eligible Current Owners/Lessees of the affected Registered Subject Vehicle may file a Claim for an Owner/Lessee Payment or Post-Announcement Owner/Lessee Payment (as applicable) within 60 days of the date on which the AEM becomes available, in accordance with the claims process described in Sections 5-6.

2.11.4.   For the purpose of Sections 2.11.1-2.11.3, an AEM is "available" on the date the Mercedes Defendants post the Consumer Emission Modification Disclosure pertaining to that AEM on the Settlement Website.

2.12.   "Claims Program" means the program through which Class Members may submit Claims and, if eligible, obtain benefits under this Class Action Agreement, as described in Sections 5-6.

2.13.   "Claims Review Committee" or "CRC" means the committee approved by the Court to resolve disputes regarding whether Subject Vehicles are Operable, as defined herein, and regarding the implementation of the Extended Modification Warranty.  The CRC is described more fully in Section 5.7.

2.14.   "Class" means, for purposes of this Class Action Settlement only, a nationwide class, including territories of the United States, of all Persons who (1) on or before the Settlement Announcement Date owned or leased, and Registered, a Subject Vehicle, or (2) after the Settlement Announcement Date begin owning or leasing, and Register, a Subject Vehicle for which an AEM has not been installed.  The following entities and individuals are excluded from the Class:

(a)   The Mercedes Defendants and their officers, directors, and employees; the Mercedes Defendants' corporate affiliates and corporate affiliates' officers, directors, and employees; their distributors and distributors' officers, directors, and employees;

(b)   Judicial officers and their immediate family members and associated court staff assigned to this case;

(c)   Persons who have settled with, released, or otherwise had claims adjudicated on the merits against the Mercedes Defendants arising from the same core allegations or circumstances as the BlueTEC Diesel Matter; and

(d)   All Persons otherwise in the Class who timely and properly exclude themselves from the Class as provided in this Class Action Agreement.

2.15.   "Class Action Agreement" means this settlement agreement and the exhibits attached hereto, including any subsequent amendments or any exhibits to such amendments.  The Class Action Agreement may also be referred to as the "Class Action Settlement."

2.16.   "Class Counsel" means Carella, Byrne, Cecchi, Olstein, Brody & Agnello, PC, and Hagens Berman Sobol Shapiro LLP, the firms that were appointed by the Court to be Interim Lead Counsel on April 7, 2016 (D.E. 7), as well as Seeger Weiss LLP, which has also represented the Class in connection with negotiations of this Class Action Settlement.

2.17.   "Class Member" means a Person who meets the Class definition set forth in Section 2.14 of this Class Action Agreement and who has not timely opted out of the Class pursuant to the procedures set forth in Section 7.

2.18.   "Class Member Payment" means the monetary compensation that the Mercedes Defendants shall pay eligible Class Members who do not opt out of the Class and who submit a Valid Claim, on the conditions set forth in Sections 5-6.  The Class Member Payment includes the Owner/Lessee Payment, Post-Announcement Owner/Lessee Payment, Former Owner/Lessee Payment, and the contingency payments described in Section 5.3.

2.19.   "Class Notice Program" means the program for distributing information about the Class Action Settlement to the Class, as approved by the Court.

2.20.   "Complaint" means the Fifth Consolidated and Amended Class Action Complaint and Demand For Jury Trial (D.E. 185) filed in the Action on March 15, 2019.

2.21.   "Consumer Emission Modification Disclosure" means the disclosure required by Paragraphs 15.a-b of Appendix A of the US-CA Consent Decree.  The Consumer Emission Modification Disclosure is described in Section 5.8.

2.22.   "Court" means the United States District Court for the District of New Jersey.

2.23.   "Daimler" means Daimler AG.

2.24.   "Dealer" means any entity authorized by MBUSA or DVUSA, subject to a written dealer agreement, to sell and/or service Subject Vehicles in the United States.

2.25.   "DOJ" means the United States Department of Justice.

2.26.   "DVUSA" means Daimler Vans USA, LLC.

2.27.   "Effective Date" means the earliest date on which both of the following events have occurred: (a) entry of the Final Approval Order; and (b) entry of the US-CA Consent Decree by a federal district court.  Due to the interrelationship between the US-CA Consent Decree and Class Action Settlement, the Mercedes Defendants shall have no obligation to provide Benefits to Class Members under the Class Action Settlement unless and until the US-CA Consent Decree is entered by a federal district court and the Final Approval Order is entered.

2.28.   "Eligible Current Owners/Lessees" includes Eligible Owners, Eligible Lessees, Eligible Post-Announcement Owners, and Eligible Post-Announcement Lessees.

2.29.   "Eligible Former Lessee" means a Class Member (1) who leased and Registered a Subject Vehicle prior to the Settlement Announcement Date, (2) who surrendered or surrenders the Subject Vehicle on or before the Claim Submission Deadline for Former Owners/Lessees, and (3) whose Subject Vehicle did not receive the Approved Emission Modification during their lease period.  For the avoidance of doubt, this includes any Eligible Former Lessee whose lease is terminated as a result of a total loss before the AEM is installed in their vehicle.

2.30.   "Eligible Former Owner" means a Class Member (1) who owned and Registered a Subject Vehicle prior to the Settlement Announcement Date, (2) who sold or otherwise transferred ownership of the Subject Vehicle on or before the Claim Submission Deadline for Former Owners/Lessees, and (3) whose Subject Vehicle did not receive the Approved Emission Modification during their period of ownership.  For avoidance of doubt, a sale or transfer of ownership under this definition includes the transfer of ownership of a Subject Vehicle as a result of a total loss.

2.31.   "Eligible Former Owners/Lessees" includes Eligible Former Owners and Eligible Former Lessees.

-10-

2.32.   "Eligible Lessee" means a Class Member who (1) leases and Registers a Subject Vehicle on or before the Settlement Announcement Date; and (2) is leasing the Registered Subject Vehicle at the time the Approved Emission Modification is installed in that vehicle.  A Class Member is not an Eligible Lessee if they surrender their Subject Vehicle under the terms of the lease or assign their lease to another Person before the AEM is installed.

2.33.   "Eligible Owner" means a Class Member who (1) owns and Registers a Subject Vehicle on or before the Settlement Announcement Date; and (2) owns the Registered Subject Vehicle at the time the AEM is installed in that vehicle.  However, the lessor of a Subject Vehicle shall not be an Eligible Owner.

2.34.   "Eligible Post-Announcement Lessee" means a Class Member who did not lease the Registered Subject Vehicle on or before the Settlement Announcement Date, but who leases the Registered Subject Vehicle at the time the Approved Emission Modification is installed.

2.35.   "Eligible Post-Announcement Owner" means a Class Member who did not own the Registered Subject Vehicle on or before the Settlement Announcement Date, but who owns the Registered Subject Vehicle at the time the Approved Emission Modification is installed.

2.36.   "Emission Modification Category" means any one of the 12 categories of models and model years as identified in the seventh column of Appendix B, Attachment I of the US-CA Consent Decree, for which the Mercedes Defendants have or will submit an Emission Modification Proposal Report.  To facilitate development and approval of the Approved Emission Modifications, vehicles are grouped into Emission Modification Categories according to their technological characteristics.

2.37.   "Emission Modification Program" means the program specified in Paragraph 1 of Appendix A of the US-CA Consent Decree to implement the Approved Emission Modifications.

2.38.   "Emission Modification Proposal Report" means the report specified in Paragraph 4.a of Appendix B of the US-CA Consent Decree that the Mercedes Defendants must submit to

EPA and CARB for approval of the Approved Emission Modifications, according to the schedule in Appendix B, Attachment I of the US-CA Consent Decree.

2.39.   "EPA" means the United States Environmental Protection Agency and any of its successor departments or agencies.

2.40.   "Extended Modification Warranty" means the warranty described in Section 5.4.

2.41.   "Fairness Hearing" means the hearing held by the Court for the purpose of determining whether to approve this Class Action Settlement as fair, reasonable, and adequate.

2.42.   "Final Approval Order" means the order substantially in the form of Exhibit 7 that may, at the discretion of the Court, be entered by the Court granting final approval of the Class Action Settlement.

2.43.   "Final Judgment" means the order substantially in the form of Exhibit 8 by which Court may, at its discretion, enter final judgment with respect to the Released Claims.

2.44.   "Former Owner/Lessee Payment" means monetary compensation, as set forth in Section 5, that the Mercedes Defendants will pay to Eligible Former Owners/Lessees who submit a Valid Claim, on the conditions set forth in Section 5-6.

2.45.   "Individual Release" means the release that Class Members must execute to receive a Class Member Payment, as described in Section 10 of this Class Action Agreement. The Individual Release will remain valid even if the Court does not enter the Final Approval Order, the Final Approval Order is later reversed and/or vacated on appeal, or if this Class Action Agreement is abrogated or otherwise voided in whole or in part.  The Individual Release binds Class Members when they receive a Class Member Payment.

2.46.   "Long Form Notice" means the Long Form Notice substantially in the form attached hereto as Exhibit 2.

2.47.   "MBUSA" means Mercedes-Benz USA, LLC.

2.48.   "Mediator" means Hon. Edward A. Infante (Ret.), who mediated settlement negotiations between the Parties, and who will preside over certain settlement-related proceedings, if necessary, as set forth in this Class Action Agreement.

2.49.   "Mercedes Defendants" means Daimler AG and Mercedes-Benz USA, LLC.

2.50.   "Mercedes Defendants' Lead Counsel" means Daniel W. Nelson of Gibson, Dunn & Crutcher LLP, and Troy M. Yoshino of Squire Patton Boggs (US) LLP.

2.51.   "Non-Settling Defendants" means Robert Bosch LLC and Robert Bosch GmbH.

2.52.   "Notice Date" means the date on which the Class Notice Program begins, as set forth in the Preliminary Approval Order, which shall be the later of (1) within 15 business days of the Preliminary Approval Order; or (2) within 15 business days after Entry of the US-CA Consent Decree.

2.53.   "Operable" means that a vehicle can be driven under its own engine power.  A Subject Vehicle that has been altered with the use of any after-market emissions-related components, parts, and/or software or the removal of any original emissions-related components, parts, and/or software, if such alteration(s) are likely to substantially affect the operation of the vehicle with the Approved Emission Modification or substantially impede installation of the AEM, shall not be considered Operable unless and until the owner or lessee of such vehicle has reversed the alteration(s) such that the AEM may be installed and not substantially affected. Vehicles that are not Operable may be unable to receive the AEM.  The CRC will be the final decision maker on whether a vehicle is Operable, but the initial determination of whether a vehicle is Operable will be made by the Authorized Service Provider that has been asked to install the AEM in the Subject Vehicle.  A determination under this Section regarding whether a vehicle is Operable does not constitute any determination by EPA or CARB as to whether the emissions system of the vehicle has been modified.

-13-

2.54.   "Opt-Out Deadline" means the last day a Person within the definition of the Class may opt out of the Class Action Settlement, which is 60 days from the Notice Date.  Requests to opt-out must be received by the Settlement Administrator by the Opt-Out Deadline.

2.55.   "Owner/Lessee Payment" means monetary compensation the Mercedes Defendants will pay to Eligible Owners and Eligible Lessees who submit a Valid Claim, on the conditions set forth in Sections 5-6.

2.56.   "Parties" means the Settlement Class Representatives and the Mercedes Defendants, collectively.

2.57.   "Party" means the Settlement Class Representatives or the Mercedes Defendants, as applicable.

2.58.   "Person" or "Persons" includes individuals and entities.

2.59.   "Post-Announcement Owner/Lessee Payment" means monetary compensation that the Mercedes Defendants will pay to Eligible Post-Announcement Owners and Eligible Post-Announcement Lessees who submit a Valid Claim, on the conditions set forth in Section 5-6.

2.60.   "Post-Appeal Date" means the latest date on which the Final Approval Order approving this Class Action Settlement becomes final.  For purposes of this Class Action Settlement:

    2.60.1.   If no appeal has been taken from the Final Approval Order, "Post-Appeal Date" means the date on which the time to appeal therefrom has expired; or

    2.60.2.   If any appeal has been taken from the Final Approval Order, "Post-Appeal Date" means the date on which all appeals therefrom, including petitions for rehearing or reargument, petitions for rehearing en banc, and petitions for a writ of certiorari or any other form of review, have

-14-

been fully disposed of in a manner that affirms the Final Approval

Order; or

    2.60.3.   If Class Counsel and the Mercedes Defendants agree in writing, the

        "Post-Appeal Date" can occur on any other earlier agreed date.

    2.61.   "Preliminary Approval Order" means the order substantially in the form of

Exhibit 6 that may be entered by the Court approving the Class Notice Program, concluding that

the Court will likely be able to approve the Class Action Settlement and certify the proposed

Class as outlined in Section 4 of this Class Action Agreement, and staying all discovery as to the

Mercedes Defendants and the Released Parties.

    2.62.   "Register" means to register a vehicle with a Department of Motor Vehicles or

equivalent agency in the name of the owner or, for a leased vehicle, the lessee, in the United

States or its territories.  "Registered" means to have registered a vehicle with a Department of

Motor Vehicles or equivalent agency in the name of the owner or, for a leased vehicle, the lessee,

in the United States or its territories.

    2.63.   "Release" means the release and waiver described in Section 10 of this Class

Action Agreement and in the Final Approval Order.

    2.64.   "Released Party" or "Released Parties" has the definition set forth in Section 10

of this Class Action Agreement.

    2.65.   "Settlement Administrator" means the third-party agent agreed to by the Parties

and appointed by the Court to oversee the Claims Program, including the claims process

described in Section 6, and to implement the Class Notice Program.  The Parties agree that JND

Legal Administration shall serve as the Settlement Administrator, subject to approval by the

Court.

    2.66.   "Settlement Announcement Date" means September 14, 2020.

    2.67.   "Settlement Class Representative" means a Plaintiff in this Action who meets the

Class definition set forth in Section 2.14 of this Class Action Agreement, and who has agreed to

-15-

represent the Class for purposes of obtaining approval of, and effectuating, this Class Action Settlement, as described in the Parties' Motion for Preliminary Approval.

2.68.     "Settlement Website" means the public website that provides information and key filings regarding the Class Action Settlement, including Frequently Asked Questions.  Class Members will be able to access a "Claims Portal" on the Settlement Website.  The Settlement Website also will allow Class Members to obtain a description of the Emission Modification Program and to complete and submit an online Claim Form, or download a Claim Form to complete and submit in hard copy.  The Settlement Website shall display the Consumer Emissions Modification Disclosure and the Supplemental Notice of Class Benefits in a manner such that members of the public and consumers can readily access the information.

2.69.    "Short Form Notice" means the Short Form Notice(s) substantially in the form as attached hereto as Exhibit 1.

2.70.    "Subject Vehicles" means a "Subject Vehicle" as defined in the US-CA Consent Decree, which includes the diesel vehicles listed in the table below.

| BlueTEC II Diesel Vehicles | |
|---|---|
| **Model** | **Model Year(s)** |
| E250 | 2014-2016 |
| E350 | 2011-2013 |
| GL320 | 2009 |
| GL350 | 2010-2016 |
| GLE300d | 2016 |
| GLE350d | 2016 |
| GLK250 | 2013-2015 |
| ML250 | 2015 |
| ML320 | 2009 |
| ML350 | 2010-2014 |
| R320 | 2009 |
| R350 | 2010-2012 |
| S350 | 2012-2013 |
| Mercedes-Benz or Freightliner Sprinter (4-cylinder) | 2014-2016 |
| Mercedes-Benz or Freightliner Sprinter (6-cylinder) | 2010-2016 |

2.71.   "Supplemental Notice of Class Benefits" means the notice that will be sent by the Settlement Administrator announcing that an Approved Emission Modification has become available for a make, model, and model year of a Subject Vehicle, and describing the available Class Member Payments, including any available contingent payments pursuant to Section 5.3. The Supplemental Notice of Class Benefits will be sent to Class Members who own or lease the Subject Vehicle, to the extent possible at the same time as the Consumer Emission Modification Disclosure is sent.

2.72.   "US-CA Consent Decree" means the Consent Decree lodged with a federal district court on or about September 14, 2020, as agreed by (1) the United States on behalf of the EPA; (2) the People of the State of California, by and through CARB and the Attorney General of California; and (3) the Mercedes Defendants, resolving disputes between those parties on the terms described therein.  If the federal district court approves and enters the Consent Decree, "US-CA Consent Decree" shall mean the decree as and in the form that it is ultimately approved and entered by the federal district court.

-17-

2.73.    "Valid Claim" means a Claim that is accurate, truthful, complete, executed by a Class Member or authorized representative, and submitted to the Settlement Administrator by the applicable claims deadline.  A Valid Claim must include a fully executed Individual Release and all required documentation, including, for Eligible Current Owners/Lessees, proof that the Approved Emission Modification has been installed in their Subject Vehicle by an Authorized Service Provider (e.g., by repair order).

2.74.    Other capitalized terms used in this Class Action Agreement but not defined in this Section 2 shall have the meanings ascribed to them elsewhere in this Class Action Agreement.

2.75.    The terms "he or she" and "his or her" include "it" or "its," as applicable; the terms "they" or "their" include "he," "she," "his," "her," "it," or "its," as applicable.

## 3.    DENIAL OF ANY WRONGDOING AND LIABILITY

3.1.    The Mercedes Defendants deny the material factual allegations and legal claims asserted by the Plaintiffs and Class Members in the Action, including, but not limited to, any and all charges of wrongdoing or liability, or allegations of defect, arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.

## 4.    PRELIMINARY APPROVAL

4.1.    Promptly after this Class Action Agreement is signed, but by no later than September 15, 2020, the Parties shall file the Class Action Agreement with the Court, together with a Motion for Preliminary Approval, seeking preliminary approval of the Class Action Agreement, including the proposed Long Form Notice and Short Form Notice.  Simultaneously, the Settlement Class Representatives shall move for certification of the Class for settlement purposes only, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23(a), 23(b)(3), and 23(e).  It is expressly agreed that any certification of the Class shall be for settlement purposes only, and the Mercedes Defendants do not waive any arguments that they may have that class certification for any other purpose would be improper.

-18-

4.2.     Until the Preliminary Approval Order is entered, Settlement Class Representatives and Class Counsel shall not pursue any litigation proceedings against the Released Parties; the Mercedes Defendants shall not pursue litigation proceedings against the Releasing Parties; and the Parties and their respective counsel shall not in any way subsequently argue that the Released Parties or Releasing Parties have failed to comply with their litigation obligations in any respect by reason of the Released Parties' or Releasing Parties' suspension of litigation efforts following the execution of this Class Action Agreement.  Upon entry of the Preliminary Approval Order, all proceedings in this Action pertaining to the Mercedes Defendants, other than the proceedings necessary to effectuate this Class Action Agreement, shall be stayed and suspended until further notice of the Court.

4.3.     The Parties agree to promptly take all actions and steps reasonably necessary to obtain the Preliminary Approval Order from the Court and to fully implement and effectuate this Class Action Settlement.

**5.     CLASS MEMBER COMPENSATION AND REMEDIES**

5.1.     **Overview of Benefits**.  The Class Action Settlement provides substantial compensation and benefits to owners and lessees, as detailed in this Section 5 (Benefits).  The Benefits described in this Section 5 are available only to Class Members who submit a Valid Claim.

5.2.     **Payments to Eligible Class Members.**

5.2.1.     **Owner/Lessee Payment**.  Eligible Owners and Eligible Lessees whose Subject Vehicle receives an Approved Emission Modification and who submit a Valid Claim are entitled to an Owner/Lessee Payment.  The Owner/Lessee Payment will be **$3,290** per Subject Vehicle, unless an Eligible Former Owner or Eligible Former Lessee submits a Valid Claim for that same vehicle, in which case the Owner/Lessee Payment will be **$2,467.50** per Subject Vehicle.  To obtain an Owner/Lessee

-19-

Payment, Eligible Owners and Eligible Lessees must submit a Valid Claim by the Claim Submission Deadline for Eligible Current Owners/Lessees.  No Owner/Lessee Payment will be issued to an Eligible Owner or Eligible Lessee until the Settlement Administrator receives proof that the AEM was installed in that Eligible Owner's or Eligible Lessee's Subject Vehicle at an Authorized Service Provider (e.g., by repair order).

5.2.2.   **Former Owner/Lessee Payment**.  Eligible Former Owners/Lessees who submit a Valid Claim are entitled to a Former Owner/Lessee Payment.  The Former Owner/Lessee Payment amount is **$822.50** per Subject Vehicle, and shall be divided equally among the Eligible Former Owners and Eligible Former Lessees who submit Valid Claims on the same vehicle.  To obtain a Former Owner/Lessee Payment, Eligible Former Owners/Lessees must submit a Valid Claim by the Claim Submission Deadline for Eligible Former Owners/Lessees.

5.2.3.   **Post-Announcement Owner/Lessee Payment.**  Eligible Post-Announcement Owners and Eligible Post-Announcement Lessees whose Subject Vehicle receives an Approved Emission Modification and who submit a Valid Claim are entitled to a Post-Announcement Owner/Lessee Payment.  The Post-Announcement Owner/Lessee Payment will be **$2,467.50** per Subject Vehicle.  To obtain a Post-Announcement Owner/Lessee Payment, Eligible Post-Announcement Owners and Eligible Post-Announcement Lessees must submit a Valid Claim by the Claim Submission Deadline for Eligible Current Owners/Lessees.  No Post-Announcement Owner/Lessee Payment will be issued to an Eligible Post-Announcement Owner or Eligible Post-

-20-

Announcement Lessee until the Settlement Administrator receives proof that the AEM was installed in that Eligible Post-Announcement Owner's or Eligible Post-Announcement Lessee's Subject Vehicle.

5.2.4.    The Mercedes Defendants shall not pay to Eligible Current Owners/Lessees and Eligible Former Owners/Lessees more than **$3,290**, in total**,** for any individual Subject Vehicle, excluding contingent payments that may be required pursuant to Section 5.3.  For the avoidance of doubt, the Parties agree that this is a claims-made settlement, meaning that the Mercedes Defendants must make payments only up to **$3,290** per Subject Vehicle for Valid Claims made under the terms of this Class Action Agreement, excluding any contingent payments that may be required pursuant to Section 5.3.

5.3.    **Contingency Payments.**  In addition to the payments described in Section 5.2, in certain circumstances Eligible Current Owners/Lessees may be entitled to additional payments:

5.3.1.    **Deferred Availability Payment.**  If an Emission Modification Proposal Report for a Subject Vehicle is not scheduled (pursuant to Attachment I of Appendix B of the US-CA Consent Decree and any subsequent modifications thereto) to be submitted for approval to EPA and CARB within 60 days of the Effective Date, Eligible Owners and Eligible Lessees of those Subject Vehicles will be eligible for a Deferred Availability Payment of $400, which shall be paid in addition to and at the same time as the Owner/Lessee Payment.  To obtain a Deferred Availability Payment, Eligible Owners and Eligible Lessees must submit Valid Claims by the Claim Submission Deadline for Eligible Current Owners/Lessees.  Eligible Post-Announcement Owners and Eligible Post-Announcement Lessees shall not be entitled to the

-21-

Deferred Availability Payment. For the avoidance of doubt, Eligible Owners and Eligible Lessees cannot receive both the Deferred Availability Payment and compensation for an AEM that is not available pursuant to Sections 5.3.4 and 5.3.5.

5.3.2.  **Payments If The Mercedes Defendants Submit An Emission Modification Proposal Report Late.** The Mercedes Defendants intend to submit Emission Modification Proposal Reports to EPA and CARB according to the deadlines set forth in Attachment I of Appendix B of the US-CA Consent Decree, including any subsequent modifications to those deadlines pursuant to the terms of the US-CA Consent Decree. If the Mercedes Defendants do not submit the initial Emission Modification Proposal Report for a Subject Vehicle within 30 days of the deadline set forth in Attachment I of Appendix B of the US-CA Consent Decree, Eligible Owners and Eligible Lessees of the affected Subject Vehicles will be eligible for a payment of $200, which shall be paid in addition to and at the same time as the Owner/Lessee Payment. If the Mercedes Defendants do not submit the initial Emission Modification Proposal Report for a Subject Vehicle within 180 days of the deadline set forth in Attachment I of Appendix B of the US-CA Consent Decree, Eligible Owners and Eligible Lessees of the affected Subject Vehicles will be eligible for a payment of $400, which shall be paid in addition to and at the same time as the Owner/Lessee Payment. To obtain a payment pursuant to this Section 5.3.2, Eligible Owners and Eligible Lessees must submit Valid Claims by the Claim Submission Deadline for Eligible Current Owners/Lessees. Eligible Post-Announcement Owners and Eligible Post-Announcement Lessees shall

-22-

not be entitled to a payment pursuant to this Section 5.3.2.  For the avoidance of doubt, the payments under this Section 5.3.2 do not cumulate, and Eligible Owners and Lessees would be eligible for a payment of $400 (and not $600) if an initial Emission Modification Proposal Report for a Subject Vehicle is submitted more than 180 days past the deadline set forth in Attachment I of Appendix B of the US-CA Consent Decree.  For the avoidance of doubt, Eligible Owners and Eligible Lessees cannot receive both a payment pursuant to this Section 5.3.2 and compensation for an AEM that is not available pursuant to Sections 5.3.4 and 5.3.5.  Notwithstanding anything in this Class Action Agreement, the Mercedes Defendants shall have no obligation to pay an Eligible Owner or Eligible Lessee of an affected Subject Vehicle pursuant to this Section 5.3.2 until the final resolution of any request to EPA and CARB (including any dispute resolution procedures) pursuant to the terms of the US-CA Consent Decree to modify the submission deadline for the Emission Modification Proposal Report for the affected Subject Vehicle.

5.3.3. **Payments For Reclassification Of Emission Standard.**  The Mercedes Defendants represent that after receiving the Approved Emission Modification, the Subject Vehicles shall remain within the same emissions classification to which they were originally certified (i.e., the emissions classifications listed for each vehicle in Appendix I of Attachment B of the US-CA Consent Decree).  If, however, EPA and CARB approve an Emission Modification Proposal Report that fails to meet the emission standard to which the Subject Vehicles were originally certified, Eligible Current Owners/Lessees of the affected

-23-

Subject Vehicle will be eligible for a payment of $350, which shall be paid in addition to and at the same time as the Owner/Lessee Payment or Post-Announcement Owner/Lessee Payment, as applicable.  To obtain a payment pursuant to this Section 5.3.3, Eligible Current Owners/Lessees must submit Valid Claims by the Claim Submission Deadline for Eligible Current Owners/Lessees.

5.3.4.   **Payments If An Approved Emission Modification Is Not Available.** The Mercedes Defendants expect to offer an AEM for each Emission Modification Category.  If, however, an AEM for a Subject Vehicle is not available by the AEM Availability Deadline, Class Members who own or lease an affected Registered Subject Vehicle on the AEM Availability Deadline will be eligible for a payment in accordance with the following schedule:

(a)  For Model Years 2014-2016, the payment shall be 80% of the Owner/Lessee Payment.

(b)  For Model Years 2012-2013, the payment shall be 60% of the Owner/Lessee Payment.

(c) For Model Years 2009-2011, the payment shall be 30% of the Owner/Lessee Payment.

To obtain a payment pursuant to this Section 5.3.4, eligible Class Members must submit a Valid Claim within 60 days of the AEM Availability Deadline.

5.3.5.   If, prior to the AEM Availability Deadline, an AEM for an Emissions Modification Category as defined in the US-CA Consent Decree is unavailable, and no vehicle in that Emissions Modification Category

-24-

can be re-registered in the Registered Subject Vehicle owner's state of residence because the AEM is unavailable, then the owner of an affected Registered Subject Vehicle on the AEM Availability Deadline may file a claim within 60 days of that deadline.  If a Valid Claim is received within 60 days of the AEM Availability Deadline, the Mercedes Defendants will offer to repurchase the Subject Vehicle for an amount equal to the value of the vehicle according to Manheim Market Report.

5.3.6.  For the purpose of Sections 5.3.4 and 5.3.5, an AEM is "available" on the date the Mercedes Defendants post the Consumer Emission Modification Disclosure pertaining to that AEM on the Settlement Website.

5.3.7.  Class Members cannot receive compensation under both Sections 5.3.4 and 5.3.5.  For the avoidance of doubt, Class Members cannot receive both (1) payment for an AEM not available pursuant to Sections 5.3.4 and 5.3.5 and (2) the Deferred Availability Payment pursuant to Section 5.3.1 or a payment pursuant to Section 5.3.2.

5.3.8.  **Payments If Approved Emission Modification Causes Reduced Performance.**  The Mercedes Defendants represent that the AEMs will not cause "Reduced Performance" or "Substantially Reduced Performance."  For purposes of this Section 5.3.8, Reduced Performance means a change in any of the following performance attributes:  (1) a reduction in calculated fuel economy using the EPA formula of more than 3 MPG; (2) a decrease of greater than 5% in peak horsepower; or (3) a decrease of greater than 5% in peak torque.  Substantially Reduced Performance means a change in any of the following performance attributes:  (1) a reduction in calculated fuel

-25-

economy using the EPA formula of more than 6 MPG; (2) a decrease of
greater than 10% in peak horsepower; or (3) a decrease of greater than
10% in peak torque.  The performance impacts shall be measured by the
Mercedes Defendants pursuant to industry standards or otherwise as
measured in connection with their submission of the Emission
Modification Proposal Reports to the EPA and CARB, and, upon final
approval of such Emissions Modification Proposal, the Mercedes
Defendants shall disclose any impact as required by the US-CA Consent
Decree.  If an AEM causes Reduced Performance of the Subject
Vehicle, then Eligible Current Owners/Lessees of the affected Subject
Vehicle will be eligible for a payment of $325; if an AEM causes
Substantially Reduced Performance of the Subject Vehicle, then Current
Owners/Lessees of the affected Subject Vehicle will be eligible for a
payment of $650.  Payments for Reduced Performance or Substantially
Reduced Performance shall be paid in addition to and at the same time
as the Owner/Lessee Payment or Post-Announcement Owner/Lessee
Payment, as applicable.  To obtain a payment pursuant to this Section
5.3.8, Eligible Current Owners/Lessees must submit Valid Claims by
the Claim Submission Deadline for Eligible Current Owners/Lessees.
For the avoidance of doubt, the Reduced Performance and Substantially
Reduced Performance payments under this Section 5.3.8 do not
cumulate; the maximum possible payment for any individual vehicle
with Reduced Performance is $325, and the maximum possible payment
for any individual vehicle with Substantially Reduced Performance is
$650, even if performance is reduced in more than one category.
Eligible Owners/Lessees may not receive payments for both Reduced

-26-

Performance and Substantially Reduced Performance for any individual vehicle.

5.3.9.  **Payment If Approved Emission Modification Causes Change In Frequency Of Diesel Exhaust Fluid ("DEF") Tank Refill.**  For some consumers, the Approved Emission Modification may change the frequency with which they need to refill their DEF (also known as AdBlue) tank.  If so, this will be disclosed in the relevant Consumer Emission Modification Disclosure, consistent with Paragraph 15.a of Appendix A of the US-CA Consent Decree.  If an AEM changes the frequency with which consumers need to refill their DEF tank, Eligible Current Owners/Lessees of the affected Subject Vehicle will be eligible to receive $75, which shall be paid in addition to and at the same time as the Owner/Lessee Payment or Post-Announcement Owner/Lessee Payment, as applicable.  For the purposes of this Section 5.3.9, whether there is a change in the frequency with which consumers need to refill their DEF tank will be determined by whether the Consumer Emission Modification Disclosures state that there will be such a change for a particular model and model year of Subject Vehicles, consistent with Paragraph 15.a of Appendix A of the US-CA Consent Decree.  To obtain a payment pursuant to this Section 5.3.9, Eligible Current Owners/Lessees must submit Valid Claims by the Claim Submission Deadline for Eligible Current Owners/Lessees.

5.4.  **Warranty Obligations.**

5.4.1.  <u>Extended Modification Warranty</u>.  Under the US-CA Consent Decree, the Mercedes Defendants must provide an extended warranty for each Subject Vehicle that receives the Approved Emission Modification,

-27-

known as the "Extended Modification Warranty."  The Extended

Modification Warranty under the Class Action Settlement, including all

terms described in Section 5.4 of this Class Action Agreement, is

identical to the terms in Paragraph 18 of Appendix A of the US-CA

Consent Decree.  This Section 5.4 describes the Mercedes Defendants'

obligations to Class Members pursuant to Paragraph 18 of Appendix A

of the US-CA Consent Decree.

5.4.2.    <u>Other Warranty-Related Terms</u>.  The following warranty-related terms

below (subparts (a)-(j)) also are provided to Class Members under the

Class Action Agreement.  Sections (a) through (i) reflect terms in

Paragraphs 18.b-j and 19-20 of Appendix A of the US-CA Consent

Decree.

(a)    <u>Extended Warranty Period</u>.  The warranty period for the Extended

Modification Warranty shall be the greater of: (i) 10 years from

date of initial sale or 120,000 miles on the odometer, whichever

comes first; or (ii) 4 years or 48,000 miles from the date of

installation of the Approved Emission Modification, whichever

comes first.  The Extended Modification Warranty Period shall

continue after the Termination (as set forth in Paragraphs 105-106

of the US-CA Consent Decree) of the US-CA Consent Decree, as

provided in Paragraph 18.b of Appendix A of the US-CA Consent

Decree.

(b)    <u>Modification of the Extended Warranty</u>.  The Mercedes

Defendants shall expand the Extended Modification Warranty to

include all additional parts that, due to a change to the Approved

Emission Modification as approved by EPA and CARB pursuant

-28-

to Paragraph 14.a of Appendix A of the US-CA Consent Decree, are exchanged as part of the AEM beyond those parts listed in Attachment I of Appendix B of the US-CA Consent Decree.

(c)    The Extended Modification Warranty shall be associated with the vehicle, and remains available to all subsequent owners and operators.  The Mercedes Defendants shall not seek or offer a waiver of any provision of the Extended Modification Warranty.

(d)    Neither the Extended Modification Warranty, nor installation of the Approved Emission Modification or any approved changes made thereto, shall supersede or void any outstanding warranty. To the extent there is a conflict in any provision(s) of the Extended Modification Warranty and any other warranty on any Subject Vehicles, that conflict shall be resolved to the benefit of the consumer.

(e)    The Extended Modification Warranty shall not modify, limit, or affect any state, local or federal legal rights available to the owners.  The Extended Modification Warranty shall be subject to any remedies provided by state or federal laws, such as the Magnuson-Moss Warranty Act, that provide consumers with protections, including without limitation "Lemon Law" protections, with respect to warranties.

(f)    In no event shall warranty coverage under the Extended Modification Warranty be subject to service writers' discretion.

(g)    In the event that the hardware of the Engine Control Unit or Transmission Control Unit is damaged by the software flash during installation of the Approved Emission Modification, the Mercedes

-29-

Defendants will replace the hardware at no cost to the customer and provide a 2-year "spare parts" warranty for the replaced part.

(h)    <u>Voluntary Repurchase and Lease Termination Remedies</u>.  In addition to any protections provided by applicable law, the Mercedes Defendants must provide a voluntary repurchase or lease termination to any Eligible Owner or Eligible Lessee of a Subject Vehicle that receives an Approved Emission Modification in the event that, during the 18 months or 18,000 miles (whichever comes first) following the completion of the Approved Emission Modification (the "Remedy Period"), the Mercedes Defendants fail to repair or remedy a confirmed failure or malfunction covered by the Extended Modification Warranty and associated with the Approved Emission Modification (a "Warrantable Failure") after the Eligible Owner or Eligible Lessee physically presents the Subject Vehicle to a Dealer for repair of the Warrantable Failure; and (1) the Warrantable Failure is unable to be remedied after making four separate service visits to the same Dealer for the same Warrantable Failure during the Remedy Period; or (2) the Subject Vehicle with the Warrantable Failure is out-of-service due to the Warrantable Failure for a cumulative total of 30 days during the Remedy Period, not including any days when the Dealer returns or otherwise tenders the Subject Vehicle to the customer while the Dealer awaits necessary parts and such vehicle remains Operable. The conditions in (1) and (2) of this Section 5.4.2(h) shall incorporate any subsequent extensions under the terms of the US-CA Consent Decree.

-30-

(i)     <u>Grounds for Denial of Extended Modification Warranty</u>.  Extended Modification Warranty coverage may be denied if a Subject Vehicle has been altered with the use of any after-market emissions-related components, parts, and/or software, or with the removal of any original emissions-related components, parts, and/or software, and such alteration(s) are likely to substantially affect the operation of the vehicle with the Approved Emission Modification, until the owner of such vehicle, at his or her expense, has reversed the alteration(s) such that the Approved Emission Modification will not be substantially affected.

(j)     <u>Warranties for Nonmodified Subject Vehicles</u>.  For those who do not receive the Approved Emission Modification for a Subject Vehicle, the existing applicable warranty provisions shall continue to govern, provided, however, that the Mercedes Defendants may decline to service the Engine Control Unit ("ECU") or Transmission Control Unit ("TCU") if servicing the ECU or TCU would require the Mercedes Defendants to install or reflash any configuration other than the AEM.  Such requirements, and the potential effect on owners and lessees of Subject Vehicles (or prospective purchasers or prospective lessees), must be clearly described in the Consumer Emissions Modification Disclosure.

5.5.     **Warranty Database.**  As set forth in Paragraph 16 of Appendix A of the US-CA Consent Decree, for ten (10) years following the entry of the US-CA Consent Decree, the Mercedes Defendants shall maintain a database by which users, including Eligible Current Owners/Lessees, prospective purchasers and lessees, and dealers may conduct a free-of-charge search by vehicle VIN to determine whether an Approved Emission Modification is available for

a vehicle, whether the vehicle has received an AEM, and whether the Extended Modification Warranty and any additional warranty extension(s) as described in the US-CA Consent Decree apply to the specific vehicle.  Information relevant to a specific part covered by the applicable Extended Modification Warranty, including whether a specific part is covered by the Extended Modification Warranty, shall be available when searching on the website by VIN.

5.6.    **Issues Regarding Operability And Extended Modification Warranty.**  Class Members and the Mercedes Defendants agree to meet-and-confer in good faith to address issues raised by Class Members regarding whether vehicles are Operable (as defined in Section 2.53) and regarding the implementation of the Extended Modification Warranty.  Class Counsel shall participate in this meet-and-confer process on behalf of Class Members (and have responsibility for handling related communications with Class Members), and the Mercedes Defendants shall have responsibility for handling related communications with dealers, if necessary.  When Class Members raise issues relating to Operability determinations or implementation of the Extended Modification Warranty, the Mercedes Defendants and Class Counsel will confer and attempt to resolve the issue within 30 days.  If the Mercedes Defendants and Class Counsel address the issue through agreement, the agreement is binding upon the Class Member and the Mercedes Defendants, who shall not have any right to appeal the agreement to the Court.

5.7.    **Claims Review Committee To Finally Adjudicate Disputes Regarding Operability And Extended Modification Warranty.**  If Class Counsel and the Mercedes Defendants cannot resolve an issue raised by a Class Member relating to (1) Operability determinations or (2) implementation of the Extended Modification Warranty, then (and only then) the dispute may be submitted to the Claims Review Committee ("CRC").  The CRC will include the Mercedes Defendants' representative, Class Counsel's representative, and a "CRC Neutral."  Class Counsel shall designate a representative to participate in the CRC on behalf of Class Members (and have responsibility for handling related communications with Class Members), and the Mercedes Defendants shall designate a representative to participate in the

CRC on behalf of the Mercedes Defendants (and have responsibility for handling related communications with dealers). The CRC shall resolve the dispute in a final adjudication rendered within 30 days of the submission of the dispute to the CRC. The CRC Neutral will be a third party who will be agreed upon by both the Mercedes Defendants and Class Counsel. In the event that the Mercedes Defendants and Class Counsel cannot agree on a Neutral representative, they agree to mediate the issue before the Mediator, who shall have authority to make the final selection. The Parties may agree to a replacement or successor CRC Neutral at any point. Final adjudications by the CRC are binding on the Mercedes Defendants and the Class Member raising the dispute. The Mercedes Defendants and Class Members shall not have any right to appeal a final adjudication by the CRC to the Court. The Parties will bear their own costs, and the Mercedes Defendants will pay for the CRC Neutral.

5.8.    **Consumer Emission Modification Disclosure.** As set forth in Paragraphs 15.a-b of Appendix A of the US-CA Consent Decree, the Mercedes Defendants shall provide owners and lessees of vehicles eligible to receive the Approved Emission Modification and, as applicable, prospective purchasers and lessees with a clear and accurate written disclosure (the "Consumer Emission Modification Disclosure") regarding the impacts of the Approved Emission Modification. The Consumer Emission Modification Disclosure shall be sent via first-class, postage paid U.S. mail to all owners and lessees of vehicles eligible to receive the Approved Emission Modification known to the Mercedes Defendants immediately prior to the date of mailing, within 15 business days after the later of (a) the Effective Date of the US-CA Consent Decree, (b) approval of the applicable Emission Modification Proposal Report. The Consumer Emission Modification Disclosure will be sent at the same time as the Short Form Notice and/or Supplemental Notice of Class Benefits, to the extent possible. As described more fully in the US-CA Consent Decree, the Consumer Emission Modification Disclosure will describe in plain language: (1) a summary of the AEM generally; (2) a reference to the label described in Paragraph 13 of Appendix A of the US-CA Consent Decree, and a statement regarding the

applicable emission standard following the AEM; (3) a list of any hardware exchanged as specified in Attachment I of Appendix B of the US-CA Consent Decree; (4) a general description of any changes, or lack thereof, in fuel economy, noise, vibration, and harshness, and drivability resulting from the AEM; (5) a general description of any changes, or lack thereof, in frequency of oil changes and DEF refill, resulting from the AEM; (6) a summary of how Class Members can obtain the AEM; (7) any OBD system limitations that make identification and repair of any components difficult, compromise warranty coverage, or may reduce the effectiveness of inspection and maintenance program vehicle inspections; (8) the applicable Extended Modification Warranty; and (9) any other disclosures required by law.

      5.8.1.    The Consumer Emission Modification Disclosure shall also be made available online by the Mercedes Defendants through the Settlement Website within five business days of the approval of the applicable Approved Emission Modification, or no later than 15 days after the Effective Date of the US-CA Consent Decree, whichever is later. Online access shall continue on the website established pursuant to the US-CA Consent Decree for a minimum of 10 years after the US-CA Consent Decree is entered.

    5.9.   **No Prohibition On Other Incentives**.  Nothing in this Class Action Agreement is intended to prohibit the Mercedes Defendants from offering any consumer any further incentives in addition to those provided herein; however, the Mercedes Defendants may not offer Class Members other incentives in lieu of the Benefits contained herein, in whole or in part, or any incentive not to participate in the Claims Program, including by causing the Subject Vehicle not to receive the Approved Emission Modification.

    5.10.   **Telephone Call Center**.  As set forth more fully in Paragraph 1 of Appendix A of the US-CA Consent Decree, the Mercedes Defendants shall establish a toll-free telephone call center to address Class Member inquiries.  The Mercedes Defendants and Class Counsel will

confer as to what information will be provided by the telephone call center to inquiring Class Members, will jointly work on scripts and training materials, and will confer on how to address any issues that arise from the telephone call center relating to the Class Action Settlement.

5.11.    **Responsibility For Required Payments**.  MBUSA shall bear the ultimate responsibility for all required payments owed under this Class Action Agreement.  All of Daimler's obligations under the Class Action Agreement apply to, and are binding upon, MBUSA, any of MBUSA's successors, assigns, or other entities or persons otherwise bound by law.  MBUSA bears the ultimate responsibility for making all payments owed by Daimler, including, but not limited to, all costs and warranties associated with the Claims Program. Further, MBUSA shall be responsible to implement all repair requirements described herein. Any legal successor or assign of MBUSA shall assume MBUSA's liability and shall be liable for the payment and other obligations herein.  No change in the ownership or control of any such entity shall affect the obligations herein of MBUSA without modification of this Class Action Agreement.

5.12.    **Tax Implications**.  Class Members should consult their personal tax advisor for assistance regarding any tax ramifications of this Class Action Settlement.  Neither Class Counsel, the Mercedes Defendants, nor the Mercedes Defendants' Lead Counsel are providing any opinion or advice as to the tax consequences or liabilities of Class Members as a result of any payments or benefits under this Class Action Settlement.

5.13.    **Settlement Value**.  This is a claims-made settlement.  The estimated maximum value of the monetary Benefit of this Class Action Settlement to the Class is approximately $726 million (not including any contingent payments that may be required by Section 5.3), if there are no opt-outs and every Person fitting the definition of the Class participates in the Class Action Settlement by filing a Valid Claim.  This Class Action Settlement is specifically designed, in conjunction with the US-CA Consent Decree, to incentivize and to facilitate achievement of the

85% emission modification installation rate, as defined in Paragraph 4 of Appendix A of the US-CA Consent Decree.

5.14.    **Disposition of Returned Vehicles**.  As set forth more fully in Paragraph 6 of Appendix A of the US-CA Consent Decree, after the date of approval of the applicable Approved Emission Modification by EPA and CARB, or date of lodging of the US-CA Consent Decree with a court, whichever is later, the Mercedes Defendants will not sell or lease unmodified Subject Vehicles, and they will instruct Dealers not to sell or lease unmodified Subject Vehicles.

6.    **CLASS CLAIMS PROCESS AND ADMINISTRATION**

6.1.    **Claims Program**.  The process for submitting a Claim is designed to be as simple and convenient to Class Members as possible, who will only be required to file a single Claim Form per Subject Vehicle, consistent with the integrity of the Claims Program.

6.2.    The Claims Program described in this Class Action Agreement shall be the sole and exclusive process for submitting a Claim for any Class Member Payment, and any Class Member seeking a Class Member Payment is required to comply fully with the deadlines and other requirements for the Claims Program.  However, participation in the Claims Program is not required in order for a Class Member's vehicle to be eligible to receive an AEM under the US-CA Consent Decree.  Under the US-CA Consent Decree, all owners and lessees who receive the AEM will also receive the Extended Modification Warranty, under the terms set forth in Appendix A of the US-CA Consent Decree and, for Class Members, the terms set forth in Section 5.4 of the Class Action Agreement.  Nothing in the Class Action Agreement is intended to impose any requirements or conditions that must be met in order for Class Members to receive the AEM or the Extended Modification Warranty.  Nothing in the Class Action Agreement limits any Person from receiving an AEM.

6.3.    **Loaner Vehicle**.  Class Members may be able to reserve a loaner vehicle, shuttle service, or other alternative transportation if they so desire, free of charge, where the

implementation of the Approved Emission Modification will take three hours or longer to complete and where loaner vehicles are available. In the event a loaner vehicle, shuttle service, or other alternative transportation is not made available in an instance where the AEM takes three hours or longer to complete, Class Members shall be eligible to submit a claim, supported by substantiating documentation, for transportation costs of up to $35 which shall be paid in addition to and at the same time as the Owner/Lessee Payment or Post-Announcement Owner/Lessee Payment, as applicable.

**7.    REQUESTS FOR EXCLUSION**

7.1.    **Manner Of Opting Out**. The Class Notice Program will provide instructions regarding the procedures that must be followed to opt out of the Class pursuant to Federal Rule of Civil Procedure 23(c)(2)(B)(v). The Parties agree that, to validly opt out from the Class, a Person must personally sign and date, and send a written request to opt out stating "I have reviewed the Long Form Notice and wish to exclude myself from the Class in In re Mercedes-Benz Emissions Litigation, 2:16-cv-0881" (or substantially similar clear and unambiguous language) to the Settlement Administrator at an address to be provided by the Mercedes Defendants. The written request to opt out must be postmarked on or before the Opt-Out Deadline, and must include: (1) the Person's name, address, telephone number, (2) the VIN of the Subject Vehicle forming the basis of the Person's inclusion in the Class definition and a statement as to whether the Person owns/owned or leases/leased the Subject Vehicle, and (3) a "wet" signature not affixed via electronic means. If a question is raised about the authenticity of a request to opt out, the Settlement Administrator will have the right to demand additional proof of the individual's identity and intent. The Parties retain discretion to determine whether any opt-out request substantially complies with the requirements above. The Settlement Administrator will provide bi-weekly summary reports and copies of all opt-out requests to Class Counsel and the Mercedes Defendants' Lead Counsel. Opt-out requests that are signed by an attorney but not by the Person requesting to be excluded from the Class are invalid.

7.2.    **Opt Out Deadline.**  Requests to opt out must be postmarked by the Settlement Administrator no later than 60 days from the Notice Date.

7.3.    **Consequences Of Failure To Opt Out In A Timely And Proper Manner**.  All Persons fitting the Class definition who do not timely and properly opt out of the Class will in all respects be bound by all terms of this Class Action Agreement, including the Release, and the Final Approval Order upon the Effective Date.

7.4.    **Opting Out And Objecting Are Mutually Exclusive Options**.  Any Person who opts out pursuant to Section 7 may not also object to the Class Action Settlement.  Any Class Member who elects to object pursuant to Section 8 herein may not also opt out pursuant to Section 7.

**8.      OBJECTIONS TO THE SETTLEMENT**

8.1.    **Manner Of Objecting**.  The Class Notice Program will provide instructions regarding the procedures that must be followed to object to the Class Action Settlement pursuant to Federal Rule of Civil Procedure 23(e)(5).  Provided that a Class Member has not submitted a written request to opt out, as set forth in Section 7, the Class Member may present a written statement of objection(s), if any, explaining why they believe the Class Action Settlement should not be approved by the Court as fair, reasonable, and adequate.  No later than 60 days after the Notice Date, a Class Member who wishes to object to any aspect of the Class Action Settlement must file with the Court, or as the Court otherwise may direct, a written statement of the objection(s), and serve the objection on Class Counsel and the Mercedes Defendants' Lead Counsel.  The written statement of objection(s) must include: (1) a statement as to whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection, including any evidence and legal authority the Class Member wishes to bring to the Court's attention; (2) the Class Member's printed name, address, and telephone number; (3) the VIN of the Subject Vehicle forming the basis of the Class Member's inclusion in the Class and the beginning and end dates (if applicable) of the Class

-38-

Member's ownership or lease of the Subject Vehicle; (4) a statement that the Class Member has reviewed the Class definition and has not opted out of the Class; (5) any supporting papers, materials, or briefs the Class Member wishes the Court to consider when reviewing the objection; (6) a statement of whether the Class Member intends to appear at the final approval hearing; and (7) a dated "wet" signature not affixed by electronic means.

8.2.     **Objecting Through Counsel**.  A Class Member may submit a written statement of objection(s) on his or her own behalf or through a lawyer hired at that Class Member's own expense, provided the Class Member has not submitted a written request to opt out, as set forth in Section 7.  Lawyers asserting objections on behalf of Class Members must:  (1) file a notice of appearance with the Court by the deadline set by the Court in the Preliminary Approval Order, or as the Court otherwise may direct; (2) file a sworn declaration attesting to his or her representation of each Class Member on whose behalf the objection is being filed or file (in camera) a copy of the contract between that lawyer and each such Class Member; and (3) comply with the requirements and procedures described in Section 8, including the provision of all information set forth in Section 8.1.  Lawyers asserting objections on behalf of Class Members also must file a sworn declaration that specifies the number of times during the prior five-year period they have objected to a class action settlement on their own behalf or on behalf of a member of a class.

8.3.     **Intent to Appear at the Fairness Hearing**.  A Class Member (or counsel individually representing them, if any) seeking to make an appearance at the Fairness Hearing must file with the Court, by the deadline set by the Court in the Preliminary Approval Order, a written notice of their intent to appear at the Fairness Hearing, in accordance with the requirements set forth in the Preliminary Approval Order, or by such time and in such manner as the Court may otherwise direct.  A Class Member who does not timely submit a notice of intent to appear at the Fairness Hearing in accordance with all of the requirements of Section 8 shall

not be allowed to appear at the hearing.  The Court may hold the Fairness Hearing via videoconference or teleconference.

       8.4.    **Consequences of Failure to Object in a Timely and Proper Manner**.  Unless the Court directs otherwise, any Class Member who fails to comply with the provisions of Section 8 will waive and forfeit any and all rights they may have to object to the Class Action Settlement and/or to appear and be heard on said objection at the Fairness Hearing.  Failure to object waives a Class Member's right to appeal the Final Approval Order.

**9.     DUTIES OF THE SETTLEMENT ADMINISTRATOR**

       9.1.    In administering the Class Notice Program, the Settlement Administrator shall be responsible for, without limitation:  (1) printing, mailing by First-Class U.S. Mail, postage paid, or arranging for the mailing of, and/or emailing of, the Long Form Notice and/or Short Form Notice (attached as Exhibits 1-2), as approved by the Court; (2) sending Supplemental Notices of Class Benefits; (3) updating address information for the Class prior to mailing using the National Change of Address (NCOA) system; (4) handling returned notice-related mail not delivered to the Class; (5) attempting to obtain updated address information for any notices returned without a forwarding address; (6) establishing a post-office box for the receipt of any correspondence; (7) responding to requests from Class Counsel or the Mercedes Defendants' Lead Counsel; (8) assisting in the creation of Notice-related content for the Settlement Website to which the Class may refer for information about the Action and the Class Action Settlement; (9) otherwise implementing and/or assisting with the dissemination of the notice of the Class Action Settlement pursuant to the Class Notice Program.

       9.2.    The Settlement Administrator shall be responsible for arranging for the publication of notice as set forth in the Class Notice Program and ordered by the Court, and for consulting on other aspects of the Class Notice Program.

       9.3.    In administering the Claims Program, the Settlement Administrator shall be responsible for, without limitation: (1) receiving and maintaining on behalf of the Court any

correspondence regarding requests for opt-out and/or objections to the Class Action Settlement; (2) forwarding written inquiries to Class Counsel and the Mercedes Defendants' Lead Counsel or their designees for a response, if warranted; (3) overseeing implementation and administration of the Claims Program; (4) processing and issuing the Class Member Payments; (5) screening out any fraudulent Claims; (6) making final, unreviewable decisions on whether Claims are Valid Claims; (7) auditing submitted Claims, as requested; and (8) consulting on and maintaining the Settlement Website.

9.4.    All reasonable and necessary costs of the Class Notice Program and Claims Program, and the fees and costs of the Settlement Administrator, shall be paid by MBUSA.

9.5.    Within 10 days after this Class Action Agreement is filed in Court, the Settlement Administrator will cause a notice of the proposed settlement consisting of the materials required by the Class Action Fairness Act (28 U.S.C. § 1715) ("CAFA") to be served upon the appropriate state official in each state of the United States as well as the appropriate federal officials.  Within 15 days after the Notice Date, the Settlement Administrator shall provide declarations to the Court, with a copy to Class Counsel and the Mercedes Defendants' Lead Counsel, attesting to the measures undertaken to provide notice as directed by CAFA.

9.6.    The Settlement Administrator and the Parties shall promptly after receipt provide copies of any requests to opt-out, objections, and/or related correspondence to each other.

9.7.    Not later than 10 days before the date of the Fairness Hearing, the Settlement Administrator shall file with the Court a list of those persons who have opted out or excluded themselves from the Class Action Settlement, and a declaration outlining the scope, method, and results of the Class Notice Program.

10.    **RELEASE AND WAIVER**

10.1.    The Parties agree to the following release and waiver (as defined above, the Release), which shall take effect upon entry of the Final Approval Order.  The terms of the

Release are a material term of the Class Action Agreement and will be reflected in the Final Approval Order.

10.2.     **Released Parties**.  The Released Parties include, without limitation, (1) Daimler AG, Mercedes-Benz USA, LLC, Mercedes-Benz AG, and any former, present, and future owners, shareholders (direct or indirect), members (direct or indirect), directors, officers, members of management or supervisory boards, employees, attorneys, affiliates, parent companies (direct or indirect), subsidiaries (direct or indirect), predecessors, and successors of any of the foregoing (the "Entities"); (2) any and all contractors, subcontractors, joint venture partners, consultants, auditors, dealers, and suppliers of the Entities; (3) any and all persons and entities indemnified by any Entity with respect to the Action or the BlueTEC Diesel Matter; (4) any and all other persons and entities involved in the design, research, development, manufacture, assembly, testing, sale, leasing, repair, warranting, marketing, advertising, public relations, promotion, or distribution of any Subject Vehicle, even if such persons are not specifically named in this Section 10.2; (5) Settlement Administrator; (6) lenders, creditors, financial institutions, or any other parties that financed any purchase or lease of a Subject Vehicle; (7) for each of the foregoing, their respective former, present, and future affiliates, parent companies, subsidiaries, predecessors, successors, shareholders, indemnitors, subrogees, spouses, joint venturers, general or limited partners, attorneys, assigns, principals, officers, directors, members of management or supervisory boards, employees, members, agents, representatives, trustees, insurers, reinsurers, heirs, beneficiaries, wards, estates, executors, administrators, receivers, conservators, personal representatives, divisions, dealers, and suppliers; and (8) any other person or entity that is or could be alleged to be responsible or liable in any way whatsoever, whether directly or indirectly, for the BlueTEC Diesel Matter. Notwithstanding the foregoing, the Released Parties do not include Non-Settling Defendants Robert Bosch LLC, Robert Bosch GmbH, and their affiliates.

10.3.   **Class Release**.  In consideration for the Class Action Settlement, Class Members, on behalf of themselves and their agents, heirs, executors and administrators, successors, assigns, insurers, attorneys (including any attorney engaged by Class Members who is not Class Counsel), representatives, shareholders, owners associations, and any other legal or natural persons who may claim by, through, or under them (the "Releasing Parties"), fully, finally, irrevocably, and forever release, waive, discharge, relinquish, settle, and acquit any and all claims, demands, actions, or causes of action of any kind or nature whatsoever, whether in law or in equity, contractual, quasi-contractual or statutory, known or unknown, direct, indirect or consequential, liquidated or unliquidated, past, present or future, foreseen or unforeseen, developed or undeveloped, contingent or non-contingent, suspected or unsuspected, whether or not concealed or hidden, arising from, in whole or in part, or in any way related to the BlueTEC Diesel Matter, including without limitation (1) any claims or allegations that are, were, or could have been asserted in the Action; (2) any claims for fines, penalties, economic damages, punitive damages, exemplary damages, statutory damages, liens, injunctive relief, attorneys' fees (except as provided in Section 11 of this Class Action Agreement), expert, consultant, or other litigation fees or costs; or (3) any other liabilities that were or could have been asserted in any civil, administrative, or other proceeding, including arbitration ("Released Claims").  The Released Claims include without limitation any and all such claims, demands, actions, or causes of action regardless of the legal or equitable theory or nature under which they are based or advanced including without limitation legal and/or equitable theories under any federal, state, provincial, local, tribal, administrative, or international law, or statute, ordinance, code, rule, regulation, contract, common law, equity, or any other source, and whether based in strict liability, negligence, gross negligence, punitive damages, nuisance, trespass, breach of warranty, misrepresentation, breach of contract, fraud, or any other legal or equitable theory, whether existing under the laws of the United States, a state, territory, or possession of the United States, or of any other foreign or domestic state, territory, county, city, or municipality, or any other

-43-

legal or governmental body, whether existing now or arising in the future, that arise from, in whole or in part, or in any way relate to the BlueTEC Diesel Matter.  Notwithstanding the foregoing, this Class Action Agreement does not release any claims for wrongful death or personal injury.

10.4.   **Possible Future Claims**.  For the avoidance of doubt, Class Counsel, the Settlement Class Representatives, and Class Members expressly understand and acknowledge that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those that they now know or believe to be true, related to the BlueTEC Diesel Matter, the Released Claims, and/or the Release herein.  Nevertheless, it is the intention of Class Counsel, the Settlement Class Representatives, and Class Members in executing this Class Action Agreement to fully, finally, irrevocably, and forever release, waive, discharge, relinquish, settle, and acquit all Released Claims which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding).

10.5.   **Release of "Holder Rule" Claims**.  In exchange for the Benefits, Class Members release their potential claims under the Trade Regulation Rule Concerning the Preservation of Consumers' Claims and Defenses, 16 C.F.R. § 433.2 (the "Holder Rule"), relating to the BlueTEC Diesel Matter.

10.6.   **Waiver of California Civil Code Section 1542 and Analogous Provisions**. Settlement Class Representatives expressly understand and acknowledge, and Class Members will be deemed to understand and acknowledge, Section 1542 of the California Civil Code, which provides:  "**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor**." Each Settlement Class Representative expressly acknowledges that they have been advised by Class Counsel of the contents and effect of Section 1542 of the California Civil Code and that they have considered the possibility that the number or magnitude of all claims may not currently

-44-

be known.  To ensure that this Release is interpreted fully in accordance with its terms, Class Members expressly waive and relinquish any and all rights and benefits that they may have under Section 1542 of the California Civil Code to the extent that Section 1542 of the California Civil Code may be applicable to the Release.  Class Members likewise expressly waive and relinquish any rights or benefits of any law of any state, territory, county, municipality, or city of the United States, federal law or principle of common law, or of international, foreign, or tribal law, which is similar, comparable, analogous, or equivalent to Section 1542 of the California Civil Code to the extent that such laws or principles may be applicable to the Release.

10.7.   **Individual Release**.  Each Class Member who submits a Claim shall be required to execute an Individual Release, in the form attached as Exhibit 5, as a precondition to receiving a Class Member Payment.  Consistent with the Release provided in this Agreement, the Individual Release will provide that the Class Member releases all of the Released Parties from any and all Released Claims (as described in this Section 10) arising out of or related to the BlueTEC Diesel Matter.  The Individual Release shall remain effective even if the Court does not enter the Final Approval Order, the Final Approval Order is reversed and/or vacated on appeal, or if this Class Action Agreement is abrogated or otherwise voided in whole or in part.  The Individual Release binds Class Members when they receive a Class Member Payment.

10.8.   **Actions or Proceedings Involving Released Claims**.  Class Members expressly agree that this Release and the Final Approval Order, are, will be, and may be raised as a complete defense to, and will preclude, any action or proceeding specified in, or involving claims encompassed by, this Release.  Class Members shall not now or hereafter institute, maintain, prosecute, assert, and/or cooperate in the institution, commencement, filing, or prosecution of any suit, action, and/or other proceeding against the Released Parties with respect to the claims, causes of action, and/or any other matters subject to this Release.  To the extent that they have initiated, or caused to be initiated, any suit, action, or proceeding not already encompassed by the Action, Class Members shall promptly cause their claims in any such suit,

-45-

action, or proceeding to be dismissed with prejudice.  If a Class Member commences, files, initiates, or institutes any legal action or other proceeding for any Released Claim against any Released Party in any federal or state court, arbitral tribunal, or administrative or other forum, (1) such legal action or other proceeding shall be dismissed with prejudice and at that Class Member's cost; (2) any refusal or failure to immediately dismiss such claims shall provide a basis for any Released Party to seek an injunction, sanctions, or other appropriate relief; and (3) the respective Released Party shall be entitled to recover any and all reasonable related costs and expenses from that Class Member arising as a result of that Class Member's breach of their obligations under this Release.  Within five business days of the Post-Appeal Date, Class Counsel will dismiss the Mercedes Defendants from the Complaint in this Action with prejudice.

10.9.   **Ownership of Released Claims**.  Settlement Class Representatives represent and warrant that they are the sole and exclusive owners of any and all claims that they are releasing under this Class Action Agreement.  Settlement Class Representatives further acknowledge that they have not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned, or encumbered any right, title, interest, or claim arising out of or in any way whatsoever pertaining to the BlueTEC Diesel Matter, including without limitation, any claim for benefits, proceeds, or value under the Action, and that Settlement Class Representatives are not aware of anyone other than themselves claiming any interest, in whole or in part, in any benefits, proceeds or values to which Settlement Class Representatives may be entitled as a result of the Action or the BlueTEC Diesel Matter.  Class Members submitting a Claim Form shall represent and warrant therein that they are the sole and exclusive owner of all claims that they are releasing under the Class Action Agreement and that they have not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned, or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the BlueTEC Diesel Matter, including without limitation, any claim for benefits, proceeds, or value under the Actions or the BlueTEC Diesel Matter, and that such Class Members are not aware of anyone other than themselves claiming any interest, in whole or in

-46-

part, in any benefits, proceeds, or values to which those Class Members may be entitled as a result of the Action or BlueTEC Diesel Matter.

10.10.  **Total Satisfaction of Released Claims**.  The Benefits pursuant to the Class Action Agreement are in full, complete, and total satisfaction of all of the Released Claims against the Released Parties.  The Benefits are sufficient and adequate consideration for each and every term of this Release, and this Release shall be irrevocably binding upon Settlement Class Representatives and Class Members.

10.11.  **Release Not Conditioned on Claim or Payment**.  The Release shall be effective with respect to all Releasing Parties, including all Class Members, regardless of whether those Class Members ultimately submit a Claim or receive a Class Member Payment under this Class Action Agreement.

10.12.  **Material Term**.  Settlement Class Representatives and Class Counsel hereby agree and acknowledge that this Section 10 in its entirety was separately bargained for and constitutes a key, material term of the Class Action Agreement that shall be reflected in the Final Approval Order.

10.13.  **Released Parties' Releases of Settlement Class Representatives, the Class, and Counsel**.  Upon the Effective Date, Released Parties absolutely and unconditionally release and forever discharge the Settlement Class Representatives, Class Members, the Mercedes Defendants' counsel, and Class Counsel from any and all claims relating to the institution or prosecution of the Action.

10.14.  Class Counsel shall cooperate with Released Parties to ensure that the release set forth in the Final Approval Order is given its full force and effect (including by seeking the inclusion of the releases in the Final Approval Order, Final Judgment, and the Claims Forms) and to ensure that Releasing Parties comply with their obligations set forth in this Class Action Agreement.

**11.    ATTORNEYS' FEES AND COSTS**

11.1.    MBUSA agrees to pay reasonable attorneys' fees and costs to Class Counsel for work performed in connection with the Action as well as the work performed by other attorneys designated by Class Counsel (to the extent consistent with the Court's Order appointing Class Counsel (D.E. 7)) in connection with the Action up to $80,200,000 in fees and $3,200,000 in costs and that must be approved by the Court.  The Mercedes Defendants do not agree to pay fees or costs for any work not set forth in the Court's Order appointing Class Counsel (D.E. 7), and Class Members and Class Counsel expressly release the Mercedes Defendants from any such payments that otherwise may be due by operation of law or otherwise.  Class Counsel and the Mercedes Defendants represent that they reached agreement in principle on the material terms of this Class Action Agreement before discussing the amount of fees and costs to be paid.  MBUSA will wire to an account specified by Class Counsel all attorneys' fees and costs approved by the Court within 10 business days of the Effective Date.

11.2.    Settlement Class Representatives, Class Counsel, and Class Members will not seek in excess of the sums specified in Section 11.1, and in any event, they agree that the Mercedes Defendants shall not pay, nor be obligated to pay, any sum in excess of the cap amounts specified in Section 11.1.  In furtherance of the agreements in this Section 11, in the event of any objections to the Class Action Settlement or appeal from any order of the Court granting final approval, Class Counsel agree that they will be responsible for responding to objectors and intervenors, and defending the Court's Final Approval Order and Final Judgment on appeal, if any, at their own cost.  The Mercedes Defendants reserve the right to respond to objectors and intervenors, and to join in the defense of the Final Approval Order and Final Judgment.  The Mercedes Defendants agree not to appeal, or otherwise support any appeal, of an order or judgment entered by the Court that is consistent with the terms of the Class Action Settlement.  Any costs incurred by Class Counsel in such appeals, including costs incurred to

settle any claims by objectors or intervenors, are the sole responsibility of Class Counsel.  No Person may seek to recover such costs from the Mercedes Defendants.

11.3.    **No Credit for Attorneys' Fees or Costs**.  To the extent the Mercedes Defendants elect or are ordered to pay Class Counsel's attorneys' fees or costs, the Mercedes Defendants will not receive credit for such payments against obligations to Class Members under this Class Action Agreement and the Final Approval Order.  The Mercedes Defendants reserve the right to challenge attorneys' fees or costs to the extent the request for an award of fees and costs is inconsistent with the terms of this Class Action Agreement, e.g., exceeds the fees and costs that the Mercedes Defendants have agreed to pay.

## 12.    AGREEMENT TO COOPERATE TO EFFECTUATE SETTLEMENT

12.1.    Counsel for all Parties represent and warrant that they are expressly authorized by the Parties whom they represent to negotiate this Class Action Agreement.  The Persons signing this Class Action Agreement on behalf of each Party warrant that he or she is authorized to sign this Class Action Agreement on behalf of that Party.

12.2.    The Parties, their successors and assigns, and their respective counsel will cooperate with each other, act in good faith, and make all reasonable efforts in seeking prompt Court approval of this Class Action Agreement, to ensure the timely and expeditious implementation and effectuation of the Class Action Agreement, the Notice Program, and the Claims Program, and to minimize the costs and expenses incurred therein.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Class Action Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Class Action Agreement, the Parties may first seek the assistance of the Mediator, and then if necessary the Court, to resolve such disagreement.

13. **MODIFICATION OR TERMINATION OF THIS CLASS ACTION AGREEMENT**

13.1. The terms and provisions of this Class Action Agreement may only be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that after entry of the Final Approval Order, the Parties may by written agreement effect such amendments, modifications, or expansions of this Class Action Agreement and its implementing documents (including all exhibits hereto) without further notice to the Class or approval by the Court if such changes are consistent with the Court's Final Approval Order and do not limit the rights of Class Members under this Class Action Agreement.

13.2. Any unintended conflicts between the Class Action Agreement and the US-CA Consent Decree shall not be held against any of the Parties. In the event of any such unintended conflicts, the language of the US-CA Consent Decree shall control.

13.3. This Class Action Agreement shall terminate at the discretion of either the Mercedes Defendants or the Settlement Class Representatives, through Class Counsel, if: (1) the Court, or any appellate court(s) rejects, modifies, or denies approval of any portion of this Class Action Agreement, any district court modifies any portion of the US-CA Consent Decree before it is entered, or any appellate court(s) rejects or modifies any portion of the US-CA Consent Decree, that the Settlement Class Representatives (through Class Counsel) in their sole judgment and discretion reasonably determine is material to this Class Action Agreement, or that the Mercedes Defendants in their sole judgment and discretion reasonably determine is material, including, without limitation, the terms of relief, the findings or conclusions of the Court, the provisions relating to notice, the definition of the Class, and/or the terms of the Release; or (2) the Court, or any appellate court(s), does not enter or completely affirm, or alters, narrows, or expands, any portion of the Final Approval Order, or any of the Court's findings of fact or conclusions of law, that the terminating Party in its (or their) sole judgment and discretion reasonably determine(s) is material. The terminating Party must exercise the option to withdraw from and terminate this Class Action Agreement, as provided in this Section 13, by a signed

-50-

writing served on the other Parties no later than 20 days after receiving notice of the event prompting the termination.  The Parties will be returned to their positions status quo ante as of the date immediately before the Parties' execution of the Class Action Agreement.

13.4.    If an option to withdraw from and terminate this Class Action Agreement arises under Section 13.3, neither the Mercedes Defendants nor Settlement Class Representatives are required for any reason or under any circumstance to exercise that option and any exercise of that option shall be at their election in good faith.

13.5.    If, but only if, this Class Action Agreement is terminated pursuant to Section 13.3 then:

    13.5.1.    This Class Action Agreement shall be null and void and shall have no force or effect, and no Party to this Class Action Agreement shall be bound by any of its terms, except for the terms of Section 13 herein;

    13.5.2.    The Parties will petition the Court to have any stay orders entered pursuant to this Class Action Agreement lifted;

    13.5.3.    All of the provisions of this Class Action Agreement, and all negotiations, statements, and proceedings relating to it, shall be without prejudice to the rights of the Mercedes Defendants, Settlement Class Representatives, or any Class Member, all of whom shall be restored to their respective positions existing immediately before the execution of this Class Action Agreement, except that the Parties shall cooperate in requesting that the Court set a new scheduling order such that no Party's substantive or procedural rights are prejudiced by the settlement negotiations and proceedings;

    13.5.4.    Released Parties expressly and affirmatively reserve all defenses, arguments, and motions as to all claims that have been or might later be

asserted in the Action, including, without limitation, the argument that the Action may not be litigated as a class action;

13.5.5.   Settlement Class Representatives and all other Class Members, on behalf of themselves and their heirs, assigns, executors, administrators, predecessors, and successors, expressly and affirmatively reserve and do not waive all motions as to, and arguments in support of, all claims, causes of action, or remedies that have been or might later be asserted in the Action including, without limitation, any argument concerning class certification, and treble or other damages;

13.5.6.   The Mercedes Defendants expressly and affirmatively reserve and do not waive all motions and positions as to, and arguments in support of, all defenses to the causes of action or remedies that have been sought or might be later asserted in the Action, including without limitation, any argument or position opposing class certification, liability, damages, or injunctive relief;

13.5.7.   Neither this Class Action Agreement, the fact of its having been entered into, nor the negotiations leading to it shall be admissible or entered into evidence for any purpose whatsoever;

13.5.8.   Any settlement-related order(s) or judgment(s) entered in this Action after the date of execution of this Class Action Agreement shall be deemed vacated and shall be without any force or effect;

13.5.9.   The Mercedes Defendants shall bear all reasonable and necessary costs incurred by the Settlement Administrator in connection with the implementation of this Class Action Settlement up until its termination. Neither the Settlement Class Representatives nor Class Counsel shall be responsible for any such settlement-related costs; and

13.5.10.   Class Counsel shall return or reimburse to MBUSA any attorneys' fees and costs paid by the Mercedes Defendants.

13.6.    Notwithstanding the terms of Sections 13.5.1 through 13.5.10 above, if a Class Member has (1) received a Class Member Payment under the Class Action Agreement prior to its termination or invalidation; and (2) executed an Individual Release, such Class Member and the Mercedes Defendants shall be bound by the terms of the Individual Release, which terms shall survive termination or invalidation of the Class Action Agreement.

**14.    COVID-19**

14.1.    The Parties acknowledge the possibility that a resurgence of COVID-19 may result in modifications of the dates by which the Mercedes Defendants must perform obligations under the US-CA Consent Decree, specifically including the dates to submit Emission Modification Proposal Reports under the terms of the US-CA Consent Decree ("EMPR Submission Dates").  The Parties agree that official modifications (i.e., adopted by the EPA or CARB, or ordered by the district court that enters the US-CA Consent Decree) to EMPR Submission Dates in the US-CA Consent Decree shall apply to the corresponding dates in Sections 2.2, 5.3.1-5.3.2, and 5.3.4-5.3.5 of this Class Action Agreement.

**15.    REPRESENTATIONS AND WARRANTIES**

15.1.    Class Counsel represent that they have conducted sufficient independent investigation and discovery to enter into this Class Action Agreement and that they execute this Class Action Agreement freely, voluntarily, and without being pressured or influenced by, or relying on any statements, representations, promises, or inducements made by the Released Parties or any person or entity representing the Released Parties, other than as set forth in this Class Action Agreement.  Class Counsel represent that they are authorized by the Settlement Class Representatives to enter into this Class Action Agreement with respect to the claims asserted in the Action and all other claims covered by the Release, and that they are seeking to protect the interests of the Class.  Settlement Class Representatives acknowledge, agree, and

-53-

specifically represent and warrant that they have discussed with Class Counsel the terms of this Class Action Agreement and have received legal advice with respect to the advisability of entering into this Class Action Agreement and the Release, and the legal effect of this Class Action Agreement and the Release.

15.2.    Class Counsel further represents that the Settlement Class Representatives:  (1) have agreed to serve as representatives of the Class proposed to be certified herein; (2) are willing, able, and ready to perform all of the duties and obligations of representatives of the Class; (3) have read the pleadings in the Action, including the Complaint, or have had the contents of such pleadings described to them in detail; (4) have consulted with Class Counsel about the obligations imposed on representatives of the Class; (5) understand that they are entitled only to the rights and remedies of Class Members under this Class Action Agreement and not to any additional compensation by virtue of their status as Settlement Class Representatives, except that Class Counsel may seek reasonable and appropriate service awards for Settlement Class Representatives of $5,000 if the Settlement Class Representative had his or her deposition taken and $2,500 if the Settlement Class Representative did not have his or her deposition taken to be paid by MBUSA in addition to the Benefits at the same time as the Class Member Payment, subject to Court approval; and (6) shall remain and serve as representatives of the Class until the terms of this Class Action Agreement are fully effectuated, this Class Action Agreement is terminated in accordance with its terms, or the Court at any time determines that said Settlement Class Representatives cannot represent the Class.  The Mercedes Defendants shall retain the right to object to the payment of any service awards, including the amount thereof (even an amount at or below the amount set forth above).

15.3.    Daimler represents and warrants that the individual(s) executing this Class Action Agreement are authorized to enter into this Class Action Agreement on behalf of Daimler.

15.4.    MBUSA represents and warrants that the individual(s) executing this Class Action Agreement are authorized to enter into this Class Action Agreement on behalf of MBUSA.

15.5.    The Parties acknowledge and agree that no opinion concerning the tax consequences of the proposed Class Action Settlement to the Class is given or will be given by the Parties, nor are any representations or warranties in this regard made by virtue of this Class Action Agreement.  In addition, the Parties acknowledge and agree that no tax ruling from any governmental tax authority in relation to a Class Member's tax consequences will be requested by the Mercedes Defendants.  The Parties further acknowledge and agree that nothing in this Class Action Agreement should be relied upon by any Class Member as the provision of tax advice.  Each Class Member's tax consequences or liabilities, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that each Class Member's federal, state, county, city, or foreign tax consequences or liabilities may vary depending on the particular circumstances of each individual Class Member.  Class Members shall hold the Mercedes Defendants and their counsel harmless from any federal, state, county, city, or foreign tax assessments, interest, and/or penalties that result for any amounts paid or benefits provided under this Class Action Agreement, and the Mercedes Defendants shall not be liable for the payment of any additional amounts now or in the future for any amount related to any Class Member's tax consequences.

15.6.    The representations and warranties made throughout the Class Action Agreement shall survive the execution of the Class Action Agreement and shall be binding upon the respective heirs, representatives, successors, and assigns of the Parties.

## 16.    GENERAL MATTERS AND RESERVATIONS

16.1.    This Class Action Agreement will be binding upon, and inure to the benefit of, the successors, transferees, and assigns of the Mercedes Defendants, the Settlement Class Representatives, and Class Members.

16.2.    Settlement Class Representatives and Class Counsel agree that confidential information made available to them solely through the settlement process was made available solely to facilitate this Class Action Settlement, and on the condition that it not be disclosed to persons other than Settlement Class Representatives' counsel and certain experts or consultants retained by Settlement Class Representatives in connection with the Action.  This confidential information cannot be used for any purpose other than effectuating this Class Action Settlement. For the avoidance of doubt, Settlement Class Representatives and Class Counsel agree that they cannot use any confidential information provided in the course of settlement negotiations in any other action, litigation, arbitration, mediation, proceeding, or matter of any kind.

16.3.    Information provided by the Mercedes Defendants, the Mercedes Defendants' counsel, and/or the Mediator to Settlement Class Representatives, Class Counsel, any individual Class Member, counsel for any individual Class Member, the Settlement Administrator, and/or other administrators, pursuant to the negotiation and implementation of this Class Action Agreement, includes trade secrets and highly confidential and proprietary business information and shall be deemed "Highly Confidential" pursuant to the protective order (D.E. 236) that has been entered in the Action, and shall be subject to all of the provisions thereof.  Any materials inadvertently produced shall, upon the Mercedes Defendants' request, be promptly returned to the Mercedes Defendants' counsel, as appropriate, and there shall be no implied or express waiver of any privileges, rights, or defenses.

16.4.    This Class Action Agreement, complete with its exhibits and all documents filed with the Court, sets forth the entire agreement among the Parties with respect to its subject matter, and it may not be altered, amended, or modified except by written instrument executed by Class Counsel and the Mercedes Defendants' Lead Counsel.  The Parties expressly acknowledge that no other agreements, arrangements, or understandings not expressed in this Class Action Agreement or the documents filed with the Court exist among or between them, and that in deciding to enter into this Class Action Agreement, they have relied solely upon their

-56-

own judgment and knowledge.  No parol or other evidence may be offered to explain, construe, contradict, or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which this Class Action Agreement was made or executed.  This Class Action Agreement and the accompanying documents filed with the Court supersede any prior agreements, understandings, or undertakings (written or oral) by and between the Parties regarding the subject matter of this Class Action Agreement.

16.5.   This Class Action Agreement and any amendments thereto, and any dispute arising out of or related to this Class Action Agreement, shall be governed by and interpreted according to the Federal Rules of Civil Procedure and applicable jurisprudence relating thereto, and the laws of the State of New Jersey notwithstanding its conflict of law provisions.

16.6.   The Court shall retain exclusive and continuing jurisdiction over all Parties, Class Members, the Action, and this Class Action Agreement to resolve any suit, action, proceeding, case, controversy, or dispute that may arise regarding this Class Action Agreement, the Class Notice Program, the Claims Program, application of the Release, or in relation to this Action, including any dispute regarding validity, performance, interpretation, administration, enforcement, enforceability, or termination of the Class Action Agreement ("Disputes").  The Parties, and each Class Member who has not validly and timely opted-out of this Class Action Agreement, hereby irrevocably submit to the exclusive jurisdiction and venue of the Court for resolution of Disputes, and irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is in any way an improper venue or an inconvenient forum.  No Party or Class Member shall oppose the reopening and reinstatement of the Action for the purposes of effecting the Release described in Section 10.  To the extent there are any Disputes between the Parties and/or Class Members, they will submit those disputes to the Mediator before reopening and reinstating this Action.  The Parties and Class Members hereby agree to pay, and the Court is authorized to award, attorneys' fees and costs to the prevailing party in connection with a

-57-

Dispute.  Notwithstanding anything else in this Section 16.6, all determinations of the CRC are final and binding, and in any event those determinations shall not be subject to this Section 16.6.

16.7.   Whenever this Class Action Agreement requires or contemplates that one of the Parties shall or may give notice to the other, notice shall be provided by e-mail and/or next-day (excluding Saturdays, Sundays, and Federal Holidays) express delivery service as follows:

If to the Mercedes Defendants, then to:

        Daniel W. Nelson
        Gibson, Dunn & Crutcher LLP
        1050 Connecticut Ave. NW
        Washington, DC 20036
        Email:  dnelson@gibsondunn.com

        Troy M. Yoshino
        Squire Patton Boggs (US) LLP
        275 Battery Street, Suite 2600
        San Francisco, CA 94111
        Email:  troy.yoshino@squirepb.com

If to the Class, then to:

        Steve W. Berman
        Hagens Berman Sobol Shapiro LLP
        1301 Fifth Ave., Suite 2000
        Seattle, WA 98101
        Email:  steve@hbsslaw.com

        James E. Cecchi
        Carella, Byrne, Cecchi, Olstein,
        Brody & Agnello, P.C.
        5 Becker Farm Rd.
        Roseland, NJ 07068
        Email:  jcecchi@carellabyrne.com

        Christopher A. Seeger
        Seeger Weiss LLP
        55 Challenger Road, 6th Floor
        Ridgefield Park, NJ 07660
        Email:  cseeger@seegerweiss.com

16.8.    All time periods in this Class Action Agreement shall be computed in calendar days unless otherwise expressly provided.  In computing any period of time in this Class Action Agreement or by order of the Court, the day of the act or event shall not be included.  The last day of the period shall be included, unless it is a Saturday, a Sunday or a Federal Holiday, or, when the act to be done is the filing of a paper in court, a day on which the court is closed, in which case the period shall run until the end of the next day that is not one of the aforementioned days.  As used in this Class Action Agreement, "Federal Holiday" includes holidays designated in Fed. R. Civ. P. 6(a) or by the Clerk of the United States District Court for the District of New Jersey.

16.9.    The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Class Action Agreement.

16.10.  The Class, Settlement Class Representatives, Class Counsel, the Mercedes Defendants, and/or the Mercedes Defendants' Lead Counsel shall not be deemed to be the drafter of this Class Action Agreement or of any particular provision, nor shall they argue that any particular provision should be construed against its drafter.  All Parties agree that this Class Action Agreement was drafted by counsel for the Parties during extensive arm's-length negotiations.

16.11.  The Parties expressly acknowledge and agree that this Class Action Agreement and its exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, related notes, and correspondence, constitute an offer of compromise and a compromise within the meaning of Federal Rule of Evidence 408 and any equivalent rule of evidence in any state or territory.

16.12.  The Parties agree that the Class Action Agreement was reached voluntarily after consultation with competent legal counsel.

-59-

16.13.  Neither this Class Action Agreement nor the Claims Program, nor any act performed or document executed pursuant to or in furtherance of this Class Action Agreement, the Class Notice Program, or the Claims Program is or may be deemed to be or may be used or construed as an admission of, or evidence of, the validity of any of the Released Claims, or of any wrongdoing or liability of any Released Parties; nor may the Class Action Agreement, the Class Notice Program, or Claims Program be used, deemed, or construed as an admission of, or evidence of, any fault or omission of any Released Parties in any civil, criminal, regulatory, or administrative proceeding in any court, administrative agency, or other tribunal.  Nor shall this Class Action Agreement, the Class Notice Program, or the Claims Program be deemed an admission by any Party as to the merits of any claim or defense.

16.14.  Any of the Released Parties may file this Class Action Agreement and/or the Final Approval Order in any action that may be brought against them in order to support any defense or counterclaim, including without limitation those based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

16.15.  The Parties, their successors and assigns, and their counsel undertake to implement the terms of this Class Action Agreement in good faith, and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Class Action Agreement.

16.16.  The waiver by one Party of any breach of this Class Action Agreement by another Party shall not be deemed a waiver of any prior or subsequent breach of this Class Action Agreement.

16.17.  If one Party to this Class Action Agreement considers another Party to be in breach of its obligations under this Class Action Agreement, that Party must provide the breaching Party with written notice of the alleged breach and provide a reasonable opportunity to

cure the breach before taking any action to enforce any rights under this Class Action Agreement.

16.18.  This Class Action Agreement may be signed with an electronic or facsimile signature and in counterparts, each of which shall constitute a duplicate original.

16.19.  In the event any one or more of the provisions contained in this Class Action Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision if the Mercedes Defendants' Lead Counsel on behalf of the Mercedes Defendants, and Class Counsel, on behalf of Settlement Class Representatives and Class Members, mutually agree in writing to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Class Action Agreement.  Any such agreement shall be reviewed and approved by the Court before it becomes effective.

**COUNSEL FOR PLAINTIFFS:**

Date: September 14, 2020

_____

James E. Cecchi
Caroline F. Bartlett
Donald A. Ecklund
CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY, &
AGNELLO, P.C.
5 Becker Farm Rd.
Roseland, NJ 07068
Tel: (973) 994-1700

_____

Steve W. Berman
Sean R. Matt
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Ave., Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292

_____

Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Tel: (973) 639-9100
Fax: (973) 639-9393

**COUNSEL FOR PLAINTIFFS:**

Date: September 14, 2020

James E. Cecchi
Caroline F. Bartlett
Donald A. Ecklund
CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY, &
AGNELLO, P.C.
5 Becker Farm Rd.
Roseland, NJ 07068
Tel: (973) 994-1700

Steve W. Berman
Sean R. Matt
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Ave., Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292

Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Tel: (973) 639-9100
Fax: (973) 639-9393

**COUNSEL FOR THE MERCEDES DEFENDANTS:**

Date: September 14, 2020

Daniel W. Nelson
Geoffrey M. Sigler
Lucas C. Townsend
Chantale Fiebig
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Tel: (202) 887-3731
Fax: (202) 530-4254

Troy M. Yoshino
Matthew J. Kemner
Eric J. Knapp
Squire Patton Boggs (US) LLP
275 Battery Street, Suite 2600
San Francisco, CA 94111
Tel: (415) 743-2441
Fax: (415) 989-0932

**FOR DAIMLER AG:**

Date:  September 14, 2020

Dr. Thomas Laubert
Vice President and Group General Counsel
Daimler AG

Paul Hecht
Associate General Counsel / Director, Global Litigation
Daimler AG

**FOR MERCEDES-BENZ USA, LLC:**

Date:  September 14, 2020

Matthew J. Everitt
Vice President and General Counsel
Mercedes-Benz USA, LLC

Audra A. Dial
Assistant General Counsel - Litigation
Mercedes-Benz USA, LLC

# EXHIBIT 1

**<u>United States District Court for the District of New Jersey</u>**
*In re Mercedes-Benz Emissions Litigation*, 16-cv-881 (KM) (ESK)

## If You Bought or Leased a Mercedes-Benz or Sprinter BlueTEC II Diesel Vehicle, You May Be Eligible for a <u>CASH PAYMENT</u> from a Class Action Settlement

| <u>GET PAID CASH</u> | <u>UNDER THE CLASS ACTION SETTLEMENT:</u><br><br>Current owners and lessees can get **$3,290** or more, and former owners and lessees can get **$822.50** |
|---|---|
|  | |
| **CURRENT OWNERS AND LESSEES** | |
| **GET YOUR AGENCY-APPROVED EMISSION MODIFICATION FREE OF CHARGE TO YOU** | From a separate settlement with federal and California regulators; these benefits are available even if you do not participate in the class action settlement |
| **RECEIVE AN EXTENDED MODIFICATION WARRANTY** | |

*YOU MUST TAKE ACTION TO RECEIVE THESE BENEFITS*

If you currently own or lease a Mercedes-Benz or Sprinter BlueTEC II diesel vehicle (see the table below showing the eligible "Subject Vehicles"[1]) in the United States, including both Mercedes-Benz- and Freightliner-branded Sprinter diesel vehicles, you may be eligible for a cash payment of **$3,290** if you get an "**Approved Emission Modification**" (AEM) installed in your vehicle (free of charge to you); or **$2,467.50** (once the AEM is installed) if a former owner or lessee submits a Valid Claim for the same vehicle.  You may also be eligible for additional payments, depending on the vehicle you own or lease.

Former owners and lessees of Mercedes-Benz or Sprinter BlueTEC II diesel vehicles in the United States may be entitled to up to **$822.50**.   Please visit **mbbluetecsettlement.com** for more details.

**Current owners and lessees <u>must</u> have an AEM installed to receive the cash payments.**  Installation is available free of charge to you and you will receive an Extended Modification Warranty after the installation.   AEMs are available **<u>now</u>** for the Subject Vehicles listed on the enclosed **blue** sheet. You can also check AEM availability at the Settlement Website, **mbbluetecsettlement.com**, where you can type in your VIN or review a list of all Subject Vehicle models that are ready for the AEM installation.  You may also call 1-877-313-0170 toll-free to find out whether an AEM is available for your Subject Vehicle.  As AEMs for other vehicles become available, owners and lessees of those vehicles will receive another mailed notice.  Updates regarding the AEMs and the Class Action Settlement can be found at **mbbluetecsettlement.com.**

## WHO IS INCLUDED IN THE PROPOSED SETTLEMENT?

You are receiving this notice as a current or former owner or lessee of one of the Subject Vehicles listed below. **If you purchased or leased and Registered a Subject Vehicle in the United States, you may be a Class Member and eligible for a cash payment, even if you no longer own or lease the Subject Vehicle.**

---

[1]  All capitalized terms in this Notice are defined in the Class Action Settlement, a copy of which is available at **mbbluetecsettlement.com**.

| SUBJECT VEHICLES | |
|---|---|
| **MODEL** | **MODEL YEARS** |
| E250 BlueTEC | 2014-2016 |
| E350 BlueTEC | 2011-2013 |
| GL320 BlueTEC | 2009 |
| GL350 BlueTEC | 2010-2016 |
| GLE300d | 2016 |
| GLE350d | 2016 |
| GLK250 BlueTEC | 2013-2015 |
| ML250 BlueTEC | 2015 |
| ML320 BlueTEC | 2009 |
| ML350 BlueTEC | 2010-2014 |
| R320 BlueTEC | 2009 |
| R350 BlueTEC | 2010-2012 |
| S350 BlueTEC | 2012-2013 |
| Mercedes-Benz or Freightliner Sprinter (4-cylinder) | 2014-2016 |
| Mercedes-Benz or Freightliner Sprinter (6-cylinder) | 2010-2016 |

## WHAT ARE MY OPTIONS?

If you are a Class Member, you may (1) submit a Valid Claim for payment; (2) do nothing (and get no payment); (3) exclude yourself from the Class Action Settlement ("opt out"); (4) object to the Class Action Settlement; and/or (5) go to a hearing about the fairness of the Class Action Settlement.

- If you do nothing, you will get no payment and you will give up your rights to sue Daimler AG and Mercedes-Benz USA, LLC (the "Mercedes Defendants") about any of the claims in this case.

- If you exclude yourself ("opt out"), you will not be a member of the Class and you will not be eligible for a payment under the Class Action Settlement, but you will keep your right to sue against the Mercedes Defendants about the claims in this case, and you can still have the AEM installed in your vehicle.

- If you object (i.e., tell the Court what you don't like about the settlement), you will stay in the Class.  You must submit a Valid Claim to receive a cash payment, even if you object.  If you object and the Court approves the Class Action Settlement, you will be bound by the settlement and give up your right to sue the Mercedes Defendants about any of the claims in this case.

The postmark deadline for objections and requests for exclusion is **[insert opt-out/objection deadline]**.  Please see the Long Form Notice at **mbbluetecsettlement.com** or call **1-877-313-0170** for complete instructions on how to file a claim, object, or exclude yourself, and other important information.

The Court will hold a Fairness Hearing on **[insert date and time]**, at the United States District Court for the District of New Jersey, located at the Martin Luther King Building & United States Courthouse, 50 Walnut Street, Newark, NJ 07102. At the hearing, the Court will consider whether to approve the Class Action Settlement, payment of attorneys' fees and expenses, payments to Settlement Class Representatives, and related issues.  Any attorneys' fees and costs or payments to Settlement Class Representatives will not reduce payments to Class Members. The motions for fees, costs, and incentive awards will be available at **mbbluetecsettlement.com** after they are filed and before the Fairness Hearing.  You may attend the Fairness Hearing, but you are not required to.

## HOW CAN I GET A PAYMENT?

**<span style="color:red">Current and former owners and lessees may be eligible for cash payments.  To claim a cash payment, Class Members must submit a Valid Claim by the deadlines in this Notice.</span>**

**If you are a current owner or lessee of a Registered Subject Vehicle** and have not opted-out from the settlement, you can receive a payment by (1) having the AEM installed on your vehicle and (2) submitting a Valid Claim by **October 1, 2022**.  Here are the steps to receive a payment:



1. Once an AEM for your vehicle is available, contact your preferred authorized dealership to schedule an appointment to have the AEM installed.  AEMs are free of charge to you.  Authorized Mercedes-Benz dealerships can be found at **mbusa.com/en/dealers**.  Authorized Freightliner Sprinter dealerships can be found at **freightlinersprinterusa.com/freightliner/shopping-tools/find-a-dealer**.

    AEMs are available **<u>now</u>** for the Subject Vehicles listed on the enclosed **<span style="color:blue">blue</span>** sheet. You can also check AEM availability at **mbbluetecsettlement.com**.  As AEMs for other vehicles become available, owners and lessees of those vehicles will receive another mailed notice.  Please continue to check **mbbluetecsettlement.com** for updated information.  You may also call 1-877-313-0170 toll-free to find out whether an AEM is available for your Subject Vehicle.



2. Bring your vehicle to your appointment for installation of the AEM. **You must complete the AEM installation before you submit a claim**.  Make sure to keep your repair order to submit with your claim, as well as receipts for any travel to and from the dealership for the AEM installation.  If your appointment takes three hours or more and you are not offered a loaner vehicle, shuttle, or

alternative form of transportation, you may be eligible to receive reimbursement up to $35 for travel expenses.



3.  Submit a valid Claim Form and all required documents by **October 1, 2022** at **mbbluetecsettlement.com** or by mail (postmarked by October 1, 2022) to:

MB Blue Tec Settlement
c/o JND Legal Administration
PO Box 91310
Seattle, WA 98111

**If you are a former owner or lessee of a Registered Subject Vehicle,** you must submit a Valid Claim by **[[75 days after Notice Date], or by the date the Court finally approves the Class Action Settlement (if after [75 days after Notice Date])],** at **mbbluetecsettlement.com** or by mail to the address listed directly above.  Please visit **mbbluetecsettlement.com** for updates about the deadline to submit your claim.

**Check mbbluetecsettlement.com often for information about the date of final Court approval of the Class Action Settlement and other updates.**

A Claim Form is enclosed in this mailing.

## HOW CAN I GET MORE INFORMATION?

Visit **mbbluetecsettlement.com** or call **1-877-313-0170** for more details about the Class Action Settlement, to register for updates, and to learn more about your rights and options.

# EXHIBIT 2

**United States District Court for the District of New Jersey**

# If You Bought or Leased a Mercedes-Benz or Sprinter BlueTEC II Diesel Vehicle, You May Be Eligible for a <u>CASH PAYMENT</u> from a Class Action Settlement

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**BENEFITS ARE AVAILABLE TO YOU:**

| <u>GET PAID CASH</u> | <u>UNDER THE CLASS ACTION SETTLEMENT:</u> |
|---|---|
| | Current owners and lessees can get **$3,290** or more, and former owners and lessees can get **$822.50** |



| **CURRENT OWNERS AND LESSEES** | |
|---|---|
| **GET YOUR AGENCY-APPROVED EMISSION MODIFICATION FREE OF CHARGE TO YOU** | From a separate settlement with federal and California regulators; these benefits are available even if you do not participate in the class action settlement |
| **RECEIVE AN EXTENDED MODIFICATION WARRANTY** | |

*YOU MUST TAKE ACTION TO RECEIVE THESE BENEFITS*

**QUESTIONS? VISIT MBBLUETECSETTLEMENT.COM, OR CALL 1-877-313-0170**

**READ THIS NOTICE CAREFULLY.  YOUR LEGAL RIGHTS ARE AFFECTED
WHETHER YOU ACT OR DO NOT ACT.**

**PLEASE CHECK THE SETTLEMENT WEBSITE AT
MBBLUETECSETTLEMENT.COM OFTEN FOR UPDATES AND FURTHER DETAILS.**

You are receiving this Notice as a possible current or former owner or lessee of certain Mercedes-Benz and Sprinter BlueTEC II diesel vehicles, including both Mercedes-Benz- and Freightliner-branded Sprinter diesel vehicles.

**You may be eligible for a cash payment under a class action settlement.**

|  | **Current Owners/Lessees** If no former owner/lessee submits a Valid Claim for the same vehicle | **Current Owners/Lessees** If a former owner/lessee submits a Valid Claim for the same vehicle OR If the current owner/lessee begins owning or leasing after September 14, 2020 | **Former Owners/Lessees** |
|---|---|---|---|
| **Class Member Payment** | **$3,290** **+** Possible Additional Payment (*see* Question 7) | **$2,467.50** **+** Possible Additional Payment (*see* Question 7) | **$822.50** (Divided equally among former owners/lessees who submit a Valid Claim for the same vehicle) |

Daimler AG and Mercedes-Benz USA, LLC (the "Mercedes Defendants") have reached a settlement (the "Class Action Settlement") with a class of persons or entities who purchased or leased and Registered[1] model year 2009-2016 Mercedes-Benz or Sprinter BlueTEC II diesel vehicles in the United States, subject to certain exclusions described in this Notice.  The specific vehicles (the "Subject Vehicles") are listed below.

---

[1]  All capitalized terms in this Notice are defined in the Class Action Settlement, a copy of which is available at **mbbluetecsettlement.com**.

| SUBJECT VEHICLES | |
|---|---|
| **MODEL** | **MODEL YEARS** |
| E250 BlueTEC | 2014-2016 |
| E350 BlueTEC | 2011-2013 |
| GL320 BlueTEC | 2009 |
| GL350 BlueTEC | 2010-2016 |
| GLE300d | 2016 |
| GLE350d | 2016 |
| GLK250 BlueTEC | 2013-2015 |
| ML250 BlueTEC | 2015 |
| ML320 BlueTEC | 2009 |
| ML350 BlueTEC | 2010-2014 |
| R320 BlueTEC | 2009 |
| R350 BlueTEC | 2010-2012 |
| S350 BlueTEC | 2012-2013 |
| Mercedes-Benz or Freightliner Sprinter (4-cylinder) | 2014-2016 |
| Mercedes-Benz or Freightliner Sprinter (6-cylinder) | 2010-2016 |

This Notice summarizes the terms of the Class Action Settlement and answers potential questions Class Members may have about their eligibility and the terms of the Class Action Settlement.  Additional information is available at **mbbluetecsettlement.com.**

## SUMMARY OF BENEFITS FOR CLASS MEMBERS

The Class Action Settlement provides cash payments to current and former owners and lessees who are Class Members and who do not "opt out" of the Class.

To be eligible for a cash payment, current owners and lessees must first have an "Approved Emission Modification" or "AEM" installed in their vehicle.  An AEM is an emission control system modification approved by the U.S. Environmental Protection Agency (the "EPA") and the California Air Resources Board ("CARB").  The AEMs are the result of a separate settlement among the Mercedes Defendants and federal and California state regulators (the "US-CA Consent Decree").  More information about the US-CA Consent Decree is in Question 2 below.  AEMs are free of charge to you.

The cash payments under the Class Action Settlement are available only to Class Members.  However, current owners and lessees of Subject Vehicles may be eligible to receive the AEM and an Extended Modification Warranty even if they opt out of the Class Action Settlement.

Former owners and lessees are not required to install an AEM to be eligible for cash payment under the Class Action Settlement.

**To claim a cash payment, Class Members must submit a Valid Claim by the deadlines in this Notice.**

Your legal rights are affected whether you act or not.  **Read this Notice carefully because it explains decisions you must make and actions you must take**.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS CLASS ACTION SETTLEMENT | |
| --- | --- |
| **DO NOTHING** | If you do nothing, you will get no payment, stay in the Class, and give up your rights to sue the Mercedes Defendants regarding any of the claims in this case.  You are still eligible to receive the AEM and the Extended Modification Warranty, as discussed in Question 2, below. |
| **SUBMIT A CLAIM FORM BY THE DEADLINE** | If you are a <u>current</u> owner or lessee of a Registered Subject Vehicle, you will receive a payment if the AEM is installed and you submit a Valid Claim by **October 1, 2022**.<br><br>If you are a <u>former</u> owner or lessee of a Registered Subject Vehicle, you will receive a payment if you submit a Valid Claim by **[[75 days after Notice Date], or by the date the Court finally approves the Class Action Settlement (if after [75 days after Notice   Date]).]**   Please   visit   the   Settlement   Website (**mbbluetecsettlement.com**) for updates about the deadline to submit your claim.<br><br>To receive a payment, you must <u>not</u> "opt out" of the Class.<br><br>*See* Questions 20-23 for instructions on how to submit a claim. |
| **EXCLUDE YOURSELF FROM THE CLASS** | If you exclude yourself from the class ("opt out"), you will receive no payment and you will keep the right to sue the Mercedes Defendants about the claims in this case. You must send in a written request to be excluded by **[insert opt-out deadline]** in order to be excluded (*see* Question 28).<br>If you choose to exclude yourself from the Class, you can still receive the AEM and the Extended Modification Warranty discussed in Question 2, but you cannot receive a Class Member Payment (*see* Question 30). |
| **OBJECT TO THE CLASS ACTION SETTLEMENT** | You may write to the Court by **[insert objection deadline]** to explain why you think the Class Action Settlement is not fair or |

| | reasonable or that it is otherwise improper, but you may object only if you do not exclude yourself from the Class (*see* Question 31). |
|---|---|
| **GO TO A HEARING** | If you file a written objection, you may also ask by **[insert objection deadline]** to speak in Court about the fairness of the Class Action Settlement (*see* Questions 31 and 37), but you don't have to.  Even if you don't object, you may appear at the hearing by filing a Notice of Appearance by **[insert appearance deadline].** |

These rights and options — and the applicable deadlines — are explained in this Notice. The deadlines may be moved, cancelled, or otherwise modified without further notice to you. Check the Settlement Website at **mbbluetecsettlement.com** often for updates and more details.

If you do not exclude yourself from the Class, the Class Action Settlement (if approved) will release certain legal claims and will affect your right to start or continue any other lawsuit or proceeding against the Mercedes Defendants involving the Subject Vehicles. The release is addressed in Question 9 and described in Section 10 of the Class Action Settlement, which is available at **mbbluetecsettlement.com**.

## ATTORNEYS' FEES

Class Counsel will ask the Court to award up to **$80,200,000** in attorneys' fees and up to **$3,200,000** in costs.  Any fees and costs awarded by the Court to Class Counsel will not reduce payments to Class Members.  Class Counsel will also ask the Court to award each of the named Plaintiffs representing the class (the "Settlement Class Representatives") a "service award" of up to **$5,000** for their work in this litigation. Any service awards approved by the Court will not reduce payments to Class Members.

The Mercedes Defendants will not pay attorneys' fees and costs to any attorneys other than Class Counsel and attorneys working under Class Counsel's direction.  If you choose to hire attorneys that have not been appointed as Class Counsel, you may incur additional charges, subject to your agreement with your personally retained attorneys.

| WHAT THIS NOTICE CONTAINS |
|---|

**CLASS MEMBERSHIP AND ELIGIBILITY FOR BENEFITS** ........................................ 1

1. What is this lawsuit about? ......................................................... 1
2. What is the US-CA Consent Decree? ...................................... 1
3. Am I included in the Class Action Settlement? ...................................... 2
4. Who qualifies for payment benefits? And what will they receive? ..................... 3
5. I sold my vehicle, or no longer lease my vehicle.  Am I a Class Member? ............ 4
6. I bought or began leasing my vehicle after September 14, 2020.  Am I a Class Member? ................................................................................. 5

**SETTLEMENT BENEFITS** ................................................................................ 6

7. What additional benefits will be available for Eligible Current Owners/Lessees who have an AEM installed in their vehicles? ................ 6
8. What payment will I receive if the AEM for my vehicle is not available by October 1, 2022? ...................................................................... 7
9. What am I giving up if I stay in the Class? ............................................. 8
10. Does this settlement affect claims against Bosch? ................................ 13
11. Why do I have to sign an Individual Release before receiving  a payment? ........................................................................... 13
12. How and when will the emissions systems in Subject Vehicles  be modified? ........................................................................... 14
13. Is there a charge to have an AEM installed? ........................................ 14
14. How do I schedule an appointment to have the AEM installed in  my vehicle? ............................................................................ 14
15. To receive a payment under this settlement, when do I need to have the AEM installed? ........................................................................ 14
16. What if I altered my vehicle's emission control system? .......................... 15
17. What if my vehicle is not operable? ..................................................... 15
18. What if my vehicle is not registered? ................................................... 15
19. What are the terms of the Extended Modification Warranty? ................... 15
20. How do I claim Class Action Settlement payments? ............................... 15
21. When can I submit a claim? ................................................................ 16
22. What is the deadline to submit a claim? ................................................ 16
23. What supporting documents do I need to submit a claim? ....................... 17
24. What happens if I do nothing? ............................................................ 17

**UNDERSTANDING THE CLASS ACTION PROCESS** ................................................. 18

25. Why did I receive this Notice? ............................................................ 18
26. What is a class action? ...................................................................... 18
27. What am I giving up in exchange for receiving the Class Action Settlement payments? ........................................................................... 18

**EXCLUDING YOURSELF FROM THE CLASS ACTION SETTLEMENT** .................... **19**

28.   How do I get out of the Class Action Settlement? ........................................... 19
29.   If I stay in this Class Action Settlement, can I sue the Mercedes
      Defendants for the same thing later? ............................................... 19
30.   If I opt out of the Class, can I still get a payment from the Class  Action
      Settlement? ........................................................................ 20

**OBJECTING TO THE CLASS ACTION SETTLEMENT** ............................................. **20**

31.   How do I tell the Court if I do not like the Class Action Settlement? ............... 20
32.   What is the difference between objecting to the Class Action Settlement
      and opting out? .................................................................... 21

**THE LAWYERS REPRESENTING THE CLASS** ........................................................ **21**

33.   Do I have a lawyer in the case? ..................................................... 21
34.   How will the lawyers and named Plaintiffs representing the Class be
      paid?  And how much? ................................................................ 22

**THE COURT'S FAIRNESS HEARING** ................................................................... **22**

35.   When and where will the Court decide whether to approve the Class
      Action Settlement? .................................................................. 22
36.   Do I have to attend the hearing? .................................................... 23
37.   May I speak at the hearing? ......................................................... 23

**GETTING MORE INFORMATION** ........................................................................ **23**

38.   How do I get more information? ...................................................... 23

## CLASS MEMBERSHIP AND ELIGIBILITY FOR BENEFITS

### 1.      What is this lawsuit about?

Attorneys representing owners and lessees of certain Mercedes-Benz and Sprinter BlueTEC vehicles filed a class action lawsuit against the Mercedes Defendants, Robert Bosch GmbH, and Robert Bosch LLC (the "Bosch Defendants"), which are collectively referred to as the "Defendants."  The people who sued are called the "Plaintiffs."

Plaintiffs allege that the Subject Vehicles were equipped with emission control systems that caused the Subject Vehicles to emit more nitrogen oxides ("NOx") than consumers reasonably expected, and more NOx than was permitted under federal and state clean air laws.  Plaintiffs also claim that the Defendants intentionally misled consumers about the qualities and characteristics of the Subject Vehicles.

The case is before Judge Kevin McNulty of the United States District Court for the District of New Jersey (the "Court").  The case is known as *In re Mercedes-Benz Emissions Litigation,* No. 2:16-cv-881-KM-ESK (D.N.J.) (the "Action" or "Class Action").

Under the Class Action Settlement, the Mercedes Defendants have agreed to make cash payments to certain *former* owners and lessees of Subject Vehicles, and certain *current* owners and lessees of Subject Vehicles who have Approved Emissions Modifications ("AEMs") installed in their vehicles.  The Class Action Settlement does not affect your ability to sue or be part of a lawsuit against the Bosch Defendants (*see* Question 10).

A complete copy of the Class Action Settlement is available at **mbbluetecsettlement.com.**

### 2.      What is the US-CA Consent Decree?

The US-CA Consent Decree provides AEMs, which are updates to the software in certain Mercedes-Benz and Sprinter BlueTEC II vehicles' emissions control systems and to certain related hardware, as well as a robust extended warranty for vehicles that receive the AEM.  Daimler has developed, and the EPA and CARB have approved, AEMs for approximately **[123,000]** currently registered vehicles.  It is anticipated that proposed AEMs for the remaining covered BlueTEC II vehicles will be submitted to EPA and CARB for approval during 2020 and 2021.

AEMs are available now for the Subject Vehicles listed on the Settlement Website, **mbbluetecsettlement.com**; there, you can also type in your VIN to check if an AEM is available for your Subject Vehicle.  As AEMs for other Subject Vehicles become available, owners and lessees of those vehicles will be notified.  Please continue to check the Settlement Website for updated information.  You may also call 1-877-313-0170 toll-free to find out whether an AEM is available for your Subject Vehicle.  For more details about the AEMs and Extended Modification Warranty, please visit **bluetecupdate.mbusa.com** (if you own or lease a passenger car), **bluetecupdate.mbvans.com** (if you own or lease

a Mercedes-Benz-branded Sprinter), or **bluetecupdate.freightlinersprinterusa.com** (if you own or lease a Freightliner-branded Sprinter).

Under the US-CA Consent Decree, owners and lessees of Subject Vehicles that are operable and either registered in the United States or its territories, or held by a dealer in the United States or its territories, can receive the AEM and an Extended Modification Warranty for the modified vehicle, free of charge to them, regardless of whether they are Class Members or submit a claim for a Class Member Payment.

A complete copy of the US-CA Consent Decree and additional information is available at **bluetecupdate.mbusa.com**, **bluetecupdate.mbvans.com**, and **bluetecupdate.freightlinersprinterusa.com**.

### 3.    Am I included in the Class Action Settlement?

You are automatically included in the Class Action Settlement if you qualify as a Class Member and do not exclude yourself by "opting out" from the Class.  The Class is composed of all current and former owners or lessees of Subject Vehicles who:

- On or before September 14, 2020 owned or leased and Registered a Subject Vehicle;

  <u>or</u>

- After September 14, 2020 begin owning or leasing and Register a Subject Vehicle for which an AEM has not been installed.

The Class includes automobile dealers and resellers who meet either of the above qualifications for Class membership (including registration of the Subject Vehicle).

The following persons (including individuals and entities) are **<u>excluded</u>** from the Class, even if they meet the Class definition:

- The Mercedes Defendants and their officers, directors, and employees; the Mercedes Defendants' corporate affiliates and corporate affiliates' officers, directors, and employees; their distributors and distributors' officers, directors, and employees;

- Judicial officers and their immediate family members and associated court staff assigned to this Action;

- Persons who have settled with, released, or otherwise had claims adjudicated on the merits against the Mercedes Defendants arising from the same core allegations or circumstances as the BlueTEC Diesel Matter (as defined in Section 2.6 of the Class Action Settlement); and

- All Persons otherwise in the Class who timely and properly exclude themselves from the Class as provided in the Class Action Agreement.

If, after reading this Notice, you are still not sure whether you are included in the Class Action Settlement, you may visit the Settlement Website (**mbbluetecsettlement.com**) or call **1-877-313-0170**.  You may also send questions via e-mail to **info@mbbluetecsettlement.com**, or via regular mail to:

MB Blue Tec Settlement
c/o JND Legal Administration
PO Box 91310
Seattle, WA 98111

### 4. Who qualifies for payment benefits? And what will they receive?

Current and former owners and lessees of Subject Vehicles may be eligible for payments.  If a current owner or lessee purchased or leased and Registered their vehicle on or before September 14, 2020 (an "Eligible Current Owner or Lessee"), they are eligible for an Owner/Lessee Payment, and if a current owner or lessee purchased or leased and Registered their vehicle after September 14, 2020 (an "Eligible Post-Announcement Owner or Lessee") (collectively, "Eligible Current Owner/Lessee"), they are eligible for a Post-Announcement Owner/Lessee Payment.  Owner/Lessee Payments and Post-Announcement Owner/Lessee Payments are intended to encourage installation of the AEMs.

Eligible Former Owners/Lessees are eligible only for a Former Owner/Lessee Payment.

The table below summarizes the eligibility categories and the benefits that Class Members are eligible to receive.  The Class Action Settlement describes all of the eligibility criteria and payment details.  Information regarding potential additional "contingent" payments, if any, is found in Question 7.

| Category | Definition | Class Member Payment (excluding possible additional payments – *see* Question 7) |
|---|---|---|
| **Eligible Current Owner or Lessee** | Owned or leased and Registered a Subject Vehicle on or before September 14, 2020 AND owns or leases that vehicle at the time the AEM is installed | **$3,290**<br>If no other Class Member submits a Valid Claim for the same vehicle<br>OR |
| | | **$2,467.50**<br>If an Eligible Former Owner/Lessee submits a Valid Claim for the same vehicle |

| Category | Definition | Class Member Payment (excluding possible additional payments – *see* Question 7) |
|---|---|---|
| **Eligible Post-Announcement Owner or Lessee** | Owns or leases a Registered Subject Vehicle at the time the AEM is installed, but purchased or leased that vehicle after September 14, 2020 | **$2,467.50** per Valid Claim |
| **Eligible Former Owner/Lessee** | Owned or leased and Registered a Subject Vehicle on or before September 14, 2020 and then sold, transferred, or surrendered the vehicle by **[[75 days after Notice Date], or by the date the Court finally approves the Class Action Settlement (if after [75 days after Notice Date])]** | **$822.50** if no other Eligible Former Owner/Lessee submits a Valid Claim for the same vehicle <u>OR</u> **$822.50** divided equally among the number of Valid Claims for the same vehicle submitted by Eligible Former Owners/Lessees |

*Eligible Current Owners/Lessees <u>must</u> have an AEM installed before submitting a claim for a Class Member Payment, and <u>must</u> submit proof of the AEM installation to the Settlement Administrator to receive a Class Member Payment.*

AEMs may be installed free of charge to you at an authorized dealership of the same brand as the Subject Vehicle (*i.e.*, Mercedes-Benz or Freightliner).

**5.   I sold my vehicle, or no longer lease my vehicle.  Am I a Class Member?**

If you owned or leased and Registered a Subject Vehicle on or before September 14, 2020, you are a Class Member.  If you sold or otherwise transferred ownership of your vehicle, or terminated your lease (a) by  **[[75 days after Notice Date], or by the date the Court finally approves the Class Action Settlement (if after [75 days after Notice date])];** and (b) before the AEM is installed, you may be eligible to receive a Former Owner/Lessee Payment.

TO OBTAIN A CLASS MEMBER PAYMENT, Eligible <u>Former</u> Owners/Lessees MUST submit a complete and Valid Claim by **[[75 days after Notice Date], or by the date the Court finally approves the Class Action Settlement (if after [75 days after Notice Date])].**  Please visit the Settlement Website (**mbbluetecsettlement.com**) for updates about the deadline to submit your claim.  Eligible Former Owners/Lessees who miss the claim deadline will **<u>not</u>** receive a Class Member Payment.

Certain Members of the Class who no longer own or lease their vehicles may be eligible to receive an Owner/Lessee Payment instead of a Former Owner/Lessee Payment.  If you (a) had the AEM installed in your Registered Subject Vehicle before you sold it (or otherwise transferred ownership) or terminated your lease, or (b) previously leased your Registered Subject Vehicle, but then you bought it and still own it at the time the AEM is installed, you may be eligible to receive an Owner/Lessee Payment or Post-Announcement Owner/Lessee Payment (as applicable).

*TO OBTAIN A CLASS MEMBER PAYMENT, Eligible <u>Current</u> Owners/Lessees MUST have the AEM installed in their vehicle, and then submit a complete and Valid Claim by October 1, 2022.  Eligible Current Owners/Lessees who miss the claim deadline will <u>**not**</u> receive a Class Member Payment.*

If you owned or leased a Registered Subject Vehicle **on or before** September 14, 2020 and then sell (or otherwise transfer ownership of) the vehicle or terminate your lease (a) **after [[75 days after Notice Date], or after date of final approval (if later than [75 days after Notice Date])];** but (b) **before** the AEM is installed, you **are** a Class Member but you are **<u>not</u>** eligible for a Class Member Payment.  To avoid this situation, you should keep your vehicle, have an AEM installed, and submit a claim for an Owner/Lessee Payment.  Alternatively, if you sell (or otherwise transfer ownership of) your vehicle or terminate your lease before the date above, you may also submit a claim by the deadline for Eligible Former Owners/Lessees for a Former Owner/Lessee Payment.  Please visit the Settlement Website (**mbbluetecsettlement.com**) for updates about the deadline to submit your claim.

**6.     I bought or began leasing my vehicle after September 14, 2020.  Am I a Class Member?**

If you began owning or leasing and Registered a Subject Vehicle after September 14, 2020, you are a Class Member.  You may be eligible for a Post-Announcement Owner/Lessee Payment if you continue to own or lease the vehicle on the date the AEM is installed.

If you began owning or leasing and Registered a Subject Vehicle after September 14, 2020 and then sell or otherwise transfer ownership or possession before the AEM is installed, you are not eligible for a Class Member Payment.  To receive a payment, the AEM must be installed <u>before</u> you transfer ownership or possession.  If you have the AEM installed, you may submit a claim for a Post-Announcement Owner/Lessee Payment.

## SETTLEMENT BENEFITS

**7.    What additional benefits will be available for Eligible Current Owners/Lessees who have an AEM installed in their vehicles?**

The Class Action Settlement provides for cash payments to Eligible Current Owners/Lessees that have an AEM installed in their Registered Subject Vehicle, as described in Question 4.

In addition to the payment described in Question 4, Eligible Current Owners/Lessees who submit Valid Claims may be eligible for additional payments, as summarized below. Eligible Former Owners/Lessees are not eligible for these additional payments.  Such additional payments will be paid at the same time as the Current Owner/Lessee Payment or Post-Announcement Owner/Lessee Payment, as applicable.

| Situation | Additional Payments |
|---|---|
| If a proposed emission modification is scheduled under the US-CA Consent Decree for submission to EPA and CARB more than 60 days after the Court approves the Class Action Settlement | **$400**<br>Please see Section 5.3.1 of the Class Action Settlement for more details. |
| If the Mercedes Defendants submit to EPA and CARB a proposed emission modification **more than 30 days** after the deadline under the US-CA Consent Decree | **$200*** |
| If the Mercedes Defendants submit to EPA and CARB a proposed emission modification **more than 180 days** after the deadline under the US-CA Consent Decree | **$400*** |
| *These payments cannot be combined; the additional payment would be <u>either</u> $200 <u>or</u> $400, depending on when the proposed emission modification is submitted. Please see Section 5.3.2 of the Class Action Settlement for more details. | |
| If EPA and CARB approve a proposed emission modification that fails to meet the emission standard to which the Registered Subject Vehicles were originally certified | **$350**<br>Please see Section 5.3.3 of the Class Action Settlement for more details. |

| Situation | Additional Payments |
|---|---|
| If, as measured by the Mercedes Defendants in connection with their submission of a proposed emission modification to EPA and CARB or pursuant to industry standards, an AEM causes a reduction in calculated fuel economy using the EPA formula of more than 3 MPG; a decrease of greater than 5% in peak horsepower; or a decrease of greater than 5% in peak torque | **$325\*\*** |
| If an AEM causes a reduction in calculated fuel economy using the EPA formula of more than 6 MPG, or a decrease of greater than 10% in peak horsepower or peak torque | **$650\*\*** |
| \*\*These payments cannot be combined; the additional payment would be <u>either</u> $325 <u>or</u> $650, depending on the performance impacts, even if performance is reduced in more than one category.  Please see Section 5.3.8 of the Class Action Settlement for more details. | |
| If an AEM changes the frequency with which consumers need to refill their DEF tank, as stated in the consumer notifications required by the US-CA Consent Decree | **$75**<br><br>Please see Section 5.3.9 of the Class Action Settlement for more details. |

Owners and lessees may be able to reserve a loaner car, shuttle service, or other alternative transportation through their authorized dealership, free of charge, if the installation of the AEM will take three hours or longer to complete and if loaner cars are available.  In the event a loaner car, shuttle service, or other alternative transportation is not made available by the authorized dealership when the AEM installation takes three hours or longer to complete, Eligible Current Owners/Lessees may submit a claim for transportation costs incurred, **up to $35** but must submit a receipt detailing such costs (*see* Question 23).

**8.     What payment will I receive if the AEM for my vehicle is not available by October 1, 2022?**

If an AEM is not available by October 1, 2022 for a Registered Subject Vehicle that you own or lease, you may file a claim for a cash payment starting on that date.  There are two tiers of payments for Class Members who cannot install an AEM because it is not available, as follows:

**First tier:**  If an AEM is not made available by October 1, 2022, Class Members who own or lease an affected Registered Subject Vehicle at that time may file a claim by November 30, 2022 for the following payment:

| Model Year | If no Eligible Former Owner/Lessee submits a Valid Claim for the same vehicle | If an Eligible Former Owner/Lessee submits a Valid Claim for the same vehicle |
|---|---|---|
| Model Year 2014-2016 | $2,632 | $1,974 |
| Model Year 2012-2013 | $1,974 | $1,480.50 |
| Model Year 2009-2011 | $987 | $740.25 |

**Second tier:**  If an AEM is not available by October 1, 2022, and no vehicle in that Emission Modification Category can be re-registered in the Registered Subject Vehicle owner's state of residence because the AEM is unavailable, then any Class Members who own an affected Registered Subject Vehicle at that time may file a claim by November 30, 2022 for the Mercedes Defendants to repurchase the vehicle.  If a Valid Claim is received by the deadline, the Mercedes Defendants will offer to repurchase the vehicle for an amount equal to its value according to Manheim Market Report, which is a service that provides valuations for vehicles.

The deadline for the Mercedes Defendants to make an AEM available for the purpose of this payment may be extended under the terms of the US-CA Consent Decree. To receive updates if this deadline (and the associated Claim Submission Deadline for Current Owners/Lessees) changes, and when AEMs become available, please register at **mbbluetecsettlement.com.**

For more details about eligibility for a voluntary repurchase, please see Sections 2.2 and 5.3.4-5.3.7 of the Class Action Settlement and **mbbluetecsettlement.com or call 1-877-313-0170**.

## 9.    What am I giving up if I stay in the Class?

Unless you exclude yourself from the Class Action Settlement (*see* Question 28 on how to exclude yourself by "opting out"), you cannot sue the Mercedes Defendants or be part of any other lawsuit against the Mercedes Defendants about the issues in this case.    A full copy of the Class Action Settlement is available at **mbbluetecsettlement.com** and describes the claims that you give up if you remain in the Class and the Court approves the Class Action Settlement.

Unless you exclude yourself ("opt out") from the Class, you remain a Class Member and, if the Court approves the Class Action Settlement, you will release the Mercedes Defendants from any claims set forth below and will give up the right to bring or continue any action against the Mercedes Defendants relating to the claims being resolved by this

Class Action Settlement.  A copy of the Class Release sections from the Class Action Settlement is copied below.  In addition, each Class Member who submits a Claim Form will be required to execute an Individual Release, which covers the same claims as the Class Release, before receiving any Class Member Payment.  Because Class Members will release a wide range of claims, please carefully read the following Class Release, which will apply to you if you do not exclude yourself from the Class and the Court approves the Class Action Settlement:

- **In consideration for the Class Action Settlement, Class Members, on behalf of themselves and their agents, heirs, executors and administrators, successors, assigns, insurers, attorneys (including any attorney engaged by Class Members who is not Class Counsel), representatives, shareholders, owners associations, and any other legal or natural persons who may claim by, through, or under them (the "Releasing Parties"), fully, finally, irrevocably, and forever release, waive, discharge, relinquish, settle, and acquit any and all claims, demands, actions, or causes of action of any kind or nature whatsoever, whether in law or in equity, contractual, quasi-contractual or statutory, known or unknown, direct, indirect or consequential, liquidated or unliquidated, past, present or future, foreseen or unforeseen, developed or undeveloped, contingent or non-contingent, suspected or unsuspected, whether or not concealed or hidden, arising from, in whole or in part, or in any way related to the BlueTEC Diesel Matter, including without limitation (1) any claims or allegations that are, were, or could have been asserted in the Action; (2) any claims for fines, penalties, economic damages, punitive damages, exemplary damages, statutory damages, liens, injunctive relief, attorneys' fees (except as provided in Section 11 of this Class Action Agreement), expert, consultant, or other litigation fees or costs; or (3) any other liabilities that were or could have been asserted in any civil, administrative, or other proceeding, including arbitration ("Released Claims").  The Released Claims include without limitation any and all such claims, demands, actions, or causes of action regardless of the legal or equitable theory or nature under which they are based or advanced including without limitation legal and/or equitable theories under any federal, state, provincial, local, tribal, administrative, or international law, or statute, ordinance, code, rule, regulation, contract, common law, equity, or any other source, and whether based in strict liability, negligence, gross negligence, punitive damages, nuisance, trespass, breach of warranty, misrepresentation, breach of contract, fraud, or any other legal or equitable theory, whether existing under the laws of the United States, a state, territory, or possession of the United States, or of any other foreign or domestic state, territory, county, city, or municipality, or any other legal or governmental body, whether existing now or arising in the future, that arise from, in whole or in part, or in any way relate to the BlueTEC Diesel Matter.  Notwithstanding the foregoing, this Class Action Agreement does not release any claims for wrongful death or personal injury.**

- **"BlueTEC Diesel Matter" means all claims arising from or in any way relating to:     (1) the design, manufacture, assembly, testing, development, installation, performance, presence, disclosure, or nondisclosure of any auxiliary emission control device ("AECD") (as defined in 40 C.F.R. § 86.1803-01) or defeat device (as defined in 40 C.F.R. § 86.1803-01 or 42 U.S.C. § 7522(a)(3)(B)) in any Subject Vehicle, as that term is defined in Section 2.70 of the Class Action Agreement; (2) the design, manufacture, assembly, testing, development, installation, or performance of emission control equipment and methods and related hardware or software in Subject Vehicles, including Diesel Exhaust Fluid and associated equipment, Selective Catalytic Reduction systems, electronic control units, and emission-related software programming, coding, and calibrations; (3) overpayment or diminution in value related to the design, manufacture, assembly, testing, development, installation, or performance of emission control equipment and methods and related hardware or software in Subject Vehicles; (4) the actual or alleged noncompliance of any Subject Vehicle with state or federal environmental or emissions standards; (5) the marketing or advertisement of the emissions or environmental characteristics or performance of any Subject Vehicle, including as clean diesel, clean, low emissions, green, environmentally friendly, and/or compliant with state or federal environmental or emissions standards; (6) the marketing or advertisement of the fuel efficiency, fuel economy, mileage, power, drivability, or performance of any Subject Vehicle, to the extent related in any way to the emissions performance, the design, manufacture, assembly, testing, development, installation, or performance of emission control equipment and methods, and related hardware or software; (7) any badges, signage, or BlueTEC labels on the Subject Vehicles, including any badges or signage placed on the Subject Vehicles at the point of sale or in an advertisement; (8) performance of the AEM in a Subject Vehicle, exclusive of the Extended Modification Warranty and any "Lemon Law" protections available to Class Members; (9) whether the Subject Vehicles meet or exceed (or met or exceeded) consumer expectations, to the extent related in any way to the emissions performance, the design, manufacture, assembly, testing, development, installation, or performance of emission control equipment, and methods and related hardware or software; or (10) the subject matter of the Action as well as events or allegations related to the Action, with respect to the Subject Vehicles.  Without limiting the foregoing, "BlueTEC Diesel Matter" includes allegations that (i) are related to any Subject Vehicle, (ii) relate to conduct by a Released Party that predates the date of the Class Action Settlement, and (iii) formed or relate to the factual basis for a claim that was made or could have been made in the Complaint.**

- **The Released Parties include, without limitation, (1) Daimler AG, Mercedes-Benz USA, LLC, Mercedes-Benz AG, and any former, present, and future owners, shareholders (direct or indirect), members (direct or indirect), directors, officers, members of management or supervisory boards,**

employees, attorneys, affiliates, parent companies (direct or indirect), subsidiaries (direct or indirect), predecessors, and successors of any of the foregoing (the "Entities"); (2) any and all contractors, subcontractors, joint venture partners, consultants, auditors, dealers, and suppliers of the Entities; (3) any and all persons and entities indemnified by any Entity with respect to the Action or the BlueTEC Diesel Matter; (4) any and all other persons and entities involved in the design, research, development, manufacture, assembly, testing, sale, leasing, repair, warranting, marketing, advertising, public relations, promotion, or distribution of any Subject Vehicle, even if such persons are not specifically named in Section 10.2 of the Class Action Agreement; (5) Settlement Administrator; (6) lenders, creditors, financial institutions, or any other parties that financed any purchase or lease of a Subject Vehicle; (7) for each of the foregoing, their respective former, present, and future affiliates, parent companies, subsidiaries, predecessors, successors, shareholders, indemnitors, subrogees, spouses, joint venturers, general or limited partners, attorneys, assigns, principals, officers, directors, members of management or supervisory boards, employees, members, agents, representatives, trustees, insurers, reinsurers, heirs, beneficiaries, wards, estates, executors, administrators, receivers, conservators, personal representatives, divisions, dealers, and suppliers; and (8) any other person or entity that is or could be alleged to be responsible or liable in any way whatsoever, whether directly or indirectly, for the BlueTEC Diesel Matter.  Notwithstanding the foregoing, the Released Parties do not include the Non-Settling Defendants Robert Bosch GmbH and Robert Bosch LLC.

- For the avoidance of doubt, Class Counsel, the Settlement Class Representatives, and Class Members expressly understand and acknowledge that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those that they now know or believe to be true, related to the BlueTEC Diesel Matter, the Released Claims, and/or the Release herein.  Nevertheless, it is the intention of Class Counsel, the Settlement Class Representatives, and Class Members in executing this Class Action Agreement to fully, finally, irrevocably, and forever release, waive, discharge, relinquish, settle, and acquit all Released Claims which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding).

- In exchange for the Benefits, Class Members release their potential claims under the Trade Regulation Rule Concerning the Preservation of Consumers' Claims and Defenses, 16 C.F.R. § 433.2 (the "Holder Rule"), relating to the BlueTEC Diesel Matter.

- Settlement Class Representatives expressly understand and acknowledge, and Class Members will be deemed to understand and acknowledge, Section 1542 of the California Civil Code, which provides:  "A general release does not extend to claims which the creditor does not know or suspect to exist in

his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." Each Settlement Class Representative expressly acknowledges that they have been advised by Class Counsel of the contents and effect of Section 1542 of the California Civil Code and that they have considered the possibility that the number or magnitude of all claims may not currently be known. To ensure that this Release is interpreted fully in accordance with its terms, Class Members expressly waive and relinquish any and all rights and benefits that they may have under Section 1542 of the California Civil Code to the extent that Section 1542 of the California Civil Code may be applicable to the Release. Class Members likewise expressly waive and relinquish any rights or benefits of any law of any state, territory, county, municipality, or city of the United States, federal law or principle of common law, or of international, foreign, or tribal law, which is similar, comparable, analogous, or equivalent to Section 1542 of the California Civil Code to the extent that such laws or principles may be applicable to the Release.

- Each Class Member who submits a Claim shall be required to execute an Individual Release, in the form attached as Exhibit 5 to the Class Action Agreement, as a precondition to receiving a Class Member Payment. Consistent with the Release provided in the Class Action Agreement, the Individual Release will provide that the Class Member releases all of the Released Parties from any and all Released Claims (as described in Section 10 of the Class Action Agreement) arising out of or related to the BlueTEC Diesel Matter. The Individual Release shall remain effective even if the Court does not enter the Final Approval Order, the Final Approval Order is reversed and/or vacated on appeal, or if this Class Action Agreement is abrogated or otherwise voided in whole or in part. The Individual Release binds Class Members when they receive a Class Member Payment.

- Class Members expressly agree that the Release and the Final Approval Order, are, will be, and may be raised as a complete defense to, and will preclude, any action or proceeding specified in, or involving claims encompassed by, the Release. Class Members shall not now or hereafter institute, maintain, prosecute, assert, and/or cooperate in the institution, commencement, filing, or prosecution of any suit, action, and/or other proceeding against the Released Parties with respect to the claims, causes of action, and/or any other matters subject to this Release. To the extent that they have initiated, or caused to be initiated, any suit, action, or proceeding not already encompassed by the Action, Class Members shall promptly cause their claims in any such suit, action, or proceeding to be dismissed with prejudice. If a Class Member commences, files, initiates, or institutes any legal action or other proceeding for any Released Claim against any Released Party in any federal or state court, arbitral tribunal, or administrative or other forum, (1) such legal action or other proceeding shall be dismissed with prejudice and at that Class Member's cost; (2) any refusal or failure to immediately dismiss such claims shall provide a basis

for any Released Party to seek an injunction, sanctions, or other appropriate relief; and (3) the respective Released Party shall be entitled to recover any and all reasonable related costs and expenses from that Class Member arising as a result of that Class Member's breach of their obligations under this Release.  Within five business days of the Post-Appeal Date, Class Counsel will dismiss the Mercedes Defendants from the Complaint in this Action with prejudice.

- **The Benefits pursuant to the Class Action Agreement are in full, complete, and total satisfaction of all of the Released Claims against the Released Parties.  The Benefits are sufficient and adequate consideration for each and every term of this Release, and this Release shall be irrevocably binding upon Settlement Class Representatives and Class Members.**

- **The Release shall be effective with respect to all Releasing Parties, including all Class Members, regardless of whether those Class Members ultimately submit a Claim or receive a Class Member Payment under this Class Action Agreement.**

- **Upon the Effective Date, Released Parties absolutely and unconditionally release and forever discharge the Settlement Class Representatives, Class Members, the Mercedes Defendants' counsel, and Class Counsel from any and all claims relating to the institution or prosecution of the Action.**

- **This Class Action Settlement does <u>not</u> provide benefits from, or release claims against, Robert Bosch LLC or Robert Bosch GmbH or their affiliates. See Question 10 for more information.**

### 10.    Does this settlement affect claims against Bosch?

Robert Bosch GmbH and Robert Bosch LLC (the "Bosch Defendants") are not involved in this settlement.  This settlement does not release your claims against the Bosch Defendants.  Your ability to sue or be part of a lawsuit against the Bosch Defendants is unaffected by the Class Action Settlement.

Plaintiffs' lawsuit against the Bosch Defendants remains pending in the Action, and may result in separate recovery from the Bosch Defendants as a result of a judgment or settlement.

### 11.    Why do I have to sign an Individual Release before receiving a payment?

Class Members must sign an Individual Release and submit it with their Claim Form to receive a Class Member Payment.  The Individual Release will release the same claims as the Class Release discussed in Question 9.  However, if you execute the Individual Release and receive a Class Member Payment, you will release the claims discussed in Question 9 even if the Class Action Settlement is terminated or if the

settlement is appealed and overturned.  Because the Individual Release will remain effective in these circumstances, the Mercedes Defendants have agreed that the Settlement Administrator can begin making Class Member Payments after the Court grants final approval to the Class Action Settlement, without waiting for the outcome of any appeal.

## MODIFYING YOUR VEHICLE'S EMISSIONS SYSTEM

**12.    How and when will the emissions systems in Subject Vehicles be modified?**

Proposals for emissions modifications for Subject Vehicles ("AEMs") will be submitted at different times for EPA's and CARB's approval under the terms of the US-CA Consent Decree.  Within 15 days of EPA's and CARB's approval of an emissions modification, customers can begin scheduling appointments at authorized dealerships to install the AEM.

AEMs are available now for the Subject Vehicles listed on the Settlement Website, **mbbluetecsettlement.com**; there, you can also type in your VIN to check if an AEM is available for your Subject Vehicle.  As AEMs for other Subject Vehicles become available, owners and lessees of those vehicles will be notified.  Please continue to check the Settlement Website for updated information.  You may also call 1-877-313-0170 toll-free to find out whether an AEM is available for your Subject Vehicle.  For more details about the AEMs and Extended Modification Warranty, please visit **bluetecupdate.mbusa.com** (if you own or lease a passenger car), **bluetecupdate.mbvans.com** (if you own or lease a Mercedes-Benz-branded Sprinter), or **bluetecupdate.freightlinersprinterusa.com** (if you own or lease a Freightliner-branded Sprinter).

**13.    Is there a charge to have an AEM installed?**

No.  AEMs are free of charge to you at an authorized dealership.

**14.    How do I schedule an appointment to have the AEM installed in my vehicle?**

Call your preferred authorized dealership to schedule an appointment to have the AEM installed.   If  you  are  a  Mercedes-Benz  vehicle  owner,  you  can  check **mbusa.com/en/dealers** for authorized dealerships in your area.  If you are a Freightliner Sprinter  owner,  you  can  check  **freightlinersprinterusa.com/freightliner/shopping-tools/find-a-dealer** for authorized dealerships in your area.

**15.    To receive a payment under this settlement, when do I need to have the AEM installed?**

If you own or lease a Registered Subject Vehicle, to receive a payment under the Class Action Settlement, **you must complete your AEM installation <u>and</u> submit a Valid Claim by October 1, 2022.**  You can continue to drive your vehicle without an AEM until you schedule an AEM appointment, but you will not be eligible to submit a

claim for a Current Owner/Lessee Payment or Post-Announcement Owner/Lessee Payment until the AEM is installed in your vehicle.

### 16.    What if I altered my vehicle's emission control system?

If you altered the emission control system in your vehicle, you may still be eligible to receive the AEM and may still be a Class Member eligible for a payment under the Class Action Settlement.   However, if the AEM cannot be installed on your vehicle because of alterations to the emission control system or if the alterations are likely to substantially affect the operation of your vehicle with the AEM installed, you may not be eligible for the AEM or for a payment under the Class Action Settlement unless you first reverse the alterations, at your own expense (*see* the US-CA Consent Decree and Section 2.53 of the Class Action Settlement for additional details).

### 17.    What if my vehicle is not operable?

Pursuant to the US-CA Consent Decree, your vehicle must be operable to receive the AEM.  That means the vehicle must be able to be driven under its own engine power (*see* the US-CA Consent Decree and Section 2.53 of the Class Action Settlement for additional details).

### 18.    What if my vehicle is not registered?

Registration of your vehicle is a requirement to file a Valid Claim on that vehicle under the Class Action Settlement.

### 19.    What are the terms of the Extended Modification Warranty?

Please refer to the terms of the Extended Modification Warranty at **mbbluetecsettlement.com**, **mbbluetecupdate.mbusa.com** (if you own or lease a passenger car), **bluetecupdate.mbvans.com** (if you own or lease a Mercedes-Benz-branded Sprinter), or **bluetecupdate.freightlinersprinterusa.com** (if you own or lease a Freightliner-branded Sprinter).

## <u>HOW TO GET PAYMENTS –SUBMITTING CLAIMS FOR REGISTERED SUBJECT VEHICLES</u>

### 20.    How do I claim Class Action Settlement payments?

To claim a Class Member Payment under the Class Action Settlement, you must submit a  Valid Claim by the applicable deadline.  Claims can be submitted online, at **mbbluetecsettlement.com**, or by mail.  You can obtain and print Claim Forms for mail submissions by downloading them from **mbbluetecsettlement.com** or you may request to have a Claim Form mailed to you by calling **1-877-313-0170**.

    **Submit claims Online:    mbbluetecsettlement.com**

    **Submit claims via Mail:   MB Blue Tec Settlement**

**c/o JND Legal Administration**
**PO Box 91310**
**Seattle, WA 98111**

### 21.    When can I submit a claim?

The Claims Program begins on **[insert date notice is sent]**.  Eligible <u>Former</u> Owners/Lessees may submit claims as soon as the Claims Program begins.  Eligible <u>Current</u> Owners/Lessees may submit claims after the Claims Program begins and after they have the AEM installed in their Registered Subject Vehicle.

AEMs are available now for the Subject Vehicles listed on the Settlement Website, **mbbluetecsettlement.com**; there, you can also type in your VIN to check if an AEM is available for your Subject Vehicle.  As AEMs for other Subject Vehicles become available, owners and lessees of those vehicles will be notified.  Please continue to check the Settlement Website for updated information.  You may also call 1-877-313-0170 toll-free to find out whether an AEM is available for your Subject Vehicle.

You can visit the Settlement Website (**mbbluetecsettlement.com**) to sign up for e-mail updates about the Class Action Settlement.  Signing up for e-mail updates on the Settlement Website is not a submission of a claim, and you should check the Settlement Website (**mbbluetecsettlement.com**) often, even after you sign up for e-mail updates.

### 22.    What is the deadline to submit a claim?

The deadline for you to submit a claim depends on whether you are an Eligible <u>Current</u> Owner/Lessee or an Eligible <u>Former</u> Owner/Lessee.

The deadline for Eligible <u>Current</u> Owners/Lessees to have the AEM installed in their Registered Subject Vehicle <u>and</u> submit a Valid Claim is **October 1, 2022**.  To ensure that you have adequate time to schedule and complete your AEM and complete the Claim Form, you should not wait until the October 1, 2022 deadline approaches to schedule your AEM installation and submit your Claim Form.

Note:  If an AEM for your vehicle is not available by October 1, 2022, you must submit a complete Claim Form by November 30, 2022 to receive a Class Member Payment; please see Question 8 for more details.  Please see Question 21 for information about how to check whether an AEM is ready for your Subject Vehicle.

The deadline for Eligible <u>Former</u> Owners/Lessees to submit a Valid Claim is **[[75 days after Notice Date], or the date the Court finally approves the Class Action Settlement (if after [75 days after Notice Date])]**.  Please visit the Settlement Website (**mbbluetecsettlement.com**) for updates about the deadline to submit your claim.

**Class Members who do not submit a Valid Claim by the applicable deadline will not receive a Class Member Payment**.

### 23.   What supporting documents do I need to submit a claim?

You will be required to submit supporting documentation to complete your claim, which may include:

- Proof of current or former vehicle ownership or lease;

- Dates you owned or leased the Registered Subject Vehicle;

- A copy of your driver's license or other government-issued identification;

- Proof of vehicle registration, including date of registration;

- For current owners and lessees, the repair order or invoice you receive when the AEM is performed on your Registered Subject Vehicle in order to prove that your vehicle received the AEM; and

- If submitting a claim for the transportation reimbursement discussed in Question 7, a receipt establishing the transportation costs for trips to and from the authorized dealership.

### 24.   What happens if I do nothing?

If you are a Class Member (as explained in Question 3) and you do nothing, you will not get any payment from the Class Action Settlement, but you will remain in the Class and you will be bound by the Court's decisions.  You will give up (or "release") all claims that have been made and all related claims that could have been made in this lawsuit. This means that you are agreeing to fully, finally, and forever release, relinquish, and discharge all Released Claims against the Released Parties, as set forth above in response to Question 9.

Unless you affirmatively exclude yourself from the Class by opting out of the Class (*see* Question 28), if the Class Action Settlement is approved, you won't be able to sue or be part of any other lawsuit against the Mercedes Defendants about the claims in this lawsuit ever again, regardless of whether you submit a claim or have the AEM installed in your Registered Subject Vehicle.  Your claims against the remaining defendants, Robert Bosch GmbH and Robert Bosch LLC, are not released by this Class Action Settlement.  *See* Question 10.

If you have any questions, you can contact the lawyers listed in Question 33 for free to discuss, or you can talk to another lawyer of your own choosing at your own expense.

## UNDERSTANDING THE CLASS ACTION PROCESS

### 25.     Why did I receive this Notice?

You received a Notice because you may be a Class Member.  The Court authorized this Notice because Class Members have a right to know about the Class Action Settlement and to understand all of their options before the Court decides whether or not to approve the Class Action Settlement.  This Notice summarizes the Class Action Settlement and explains Class Members' legal rights and options, as well as some of the relief provided by the US-CA Consent Decree.  However, please read the complete text of the Class Action Settlement and US-CA Consent Decree for more details.  You can find these documents at **mbbluetecsettlement.com.**

### 26.     What is a class action?

A class action is a representative lawsuit.  One or more Plaintiffs (who are also called "class representatives") sue on behalf of themselves and all other people with similar claims who are not named in the lawsuit but are described in the class definition and are members of the Class.  When a class action is settled, the Court resolves the issues in the lawsuit for all members of the Class, except for those who leave (opt out of) the Class.  Opting out means that you will not receive a Class Member Payment under the Class Action Settlement.  The opt-out process is described in Question 28 of this Notice.  Current owners and lessees of Subject Vehicles may be eligible to receive the AEM and an Extended Modification Warranty even if they opt out of the Class Action Settlement.

### 27.     What am I giving up in exchange for receiving the Class Action Settlement payments?

If the Court approves the Class Action Settlement and you do not opt out, you will be eligible for the cash benefits, as described above.  In exchange, you will waive your right to sue the Mercedes Defendants and related parties for the claims being resolved by this Class Action Settlement, as set forth in Question 9 and Section 10 of the Class Action Settlement.  If you submit a claim and receive a Class Member Payment, you will waive your right to sue the Mercedes Defendants and others for the claims described in Question 9 and Exhibit 5 to the Class Action Agreement, even if the Court does not approve the Class Action Settlement. This Class Action Settlement **does not** provide payments for any individuals or entities who are not Members of the Class (*see* Question 3) and does not affect any legal rights related to claims for personal injury or wrongful death.  Additionally, this Class Action Settlement does not provide benefits or affect your ability to bring or continue legal claims against Robert Bosch LLC or Robert Bosch GmbH (*see* Question 10).

The Class Action Settlement contains the complete text and details of what rights Class Members waive unless they exclude themselves from the Class Action Settlement, so please read it carefully.  In particular, please refer to Section 10 of that document.  The Class     Action     Settlement     is     available     on     the     Settlement     Website,

**mbbluetecsettlement.com**.   If you have any questions, you may talk to the Class Counsel listed in Question 33 for free, or you may talk to another lawyer of your choosing at your own expense.

---

### EXCLUDING YOURSELF FROM THE CLASS ACTION SETTLEMENT

**28.    How do I get out of the Class Action Settlement?**

If you do not want to receive any Class Member Payment provided by the Class Action Settlement, and you want to retain the right to sue the Mercedes Defendants about the legal issues in this case, then you must take steps to exclude yourself from the Class.

You may do this by asking to be excluded from the Class, sometimes referred to as "opting out of" the Class.   To opt-out of the Class, you must send a letter or other written document to the Settlement Administrator.   Your opt-out request <u>must</u> include:

- Your name, address, and telephone number;

- The VIN of your Registered Subject Vehicle;

- A statement that "I wish to exclude myself from the Class in *In re Mercedes-Benz Emissions Litigation*, No. 2:16-cv-0881 (D.N.J.)," or substantially similar clear and unambiguous language;

- A statement as to whether you own, lease, owned, or leased a Registered Subject Vehicle; and

- Your <u>personal</u>, physical signature is required (electronic signatures, including Docusign, or PDF signatures are not permitted and will not be considered personal signatures).   Requests signed solely by your lawyer are <u>not</u> valid.

You must mail your signed written request to:

MB Blue Tec Settlement - Exclusions
c/o JND Legal Administration
PO Box 91385
Seattle, WA 98111

Your signed written request must be sent (postmarked or e-mailed) by **[insert opt-out deadline]**, the "**Opt-Out Deadline.**"

**29.    If I stay in this Class Action Settlement, can I sue the Mercedes Defendants for the same thing later?**

No.   Unless you exclude yourself ("opt out"), you give up the right to sue the Mercedes Defendants for all of the claims that this Class Action Settlement resolves.

However, this settlement does not release your claims against the Bosch Defendants. Please see Question 9 and Section 10 of the Class Action Agreement for more details.

**30.     If I opt out of the Class, can I still get a payment from the Class Action Settlement?**

No.  If you exclude yourself ("opt out"), you will <u>not</u> get any of the cash benefits provided by the Class Action Settlement.  Under the US-CA Consent Decree, if you own or lease a Subject Vehicle that is operable and Registered or held by a dealer in the United States or its territories, you would still be able to obtain an Approved Emission Modification and Extended Modification Warranty free of charge.  See Question 12 and **mbbluetecupdate.mbusa.com**    (if    you    own    or    lease    a    passenger    car), **bluetecupdate.mbvans.com** (if you own or lease a Mercedes-Benz-branded Sprinter), or **bluetecupdate.freightlinersprinterusa.com** (if you own or lease a Freightliner-branded Sprinter) for details regarding how to obtain the AEM and Extended Modification Warranty.

| OBJECTING TO THE CLASS ACTION SETTLEMENT |
|---|

**31.     How do I tell the Court if I do not like the Class Action Settlement?**

If you do not opt out of the Class, you may object to the Class Action Settlement. The Court will consider your views.

To comment on or to object to the Class Action Settlement or Class Counsel's request for attorneys' fees and costs, you or your attorney must submit your written objection to the Court, including the following:

- Your name, address, and telephone number;

- A statement saying that you object to the Class Action Settlement in *In re Mercedes-Benz Emissions Litigation*, No. 2:16-cv-881 (D.N.J.);

- A statement that you have reviewed the Class definition and have not opted out of the Class;

- The reasons you object to the Class Action Settlement or Class Counsel's request for attorneys' fees and costs, along with any supporting materials;

- The VIN of your Registered Subject Vehicle and the dates you owned or leased the vehicle; and

- Your signature (physical, not electronic, form) and date.

In addition, if you wish to speak at the final approval hearing (the "Fairness Hearing"), you must submit a written notice of your intent (*see* Question 37 below).

You must mail your objection to the addresses below, postmarked by **[insert objection deadline]**:

| COURT | CLASS COUNSEL | THE MERCEDES DEFENDANTS |
|---|---|---|
| Clerk of the Court/Judge Kevin McNulty Martin Luther King Building & United States Courthouse 50 Walnut Street Newark, NJ 07101 | James E. Cecchi Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. 5 Becker Farm Road Roseland, NJ 07068 | Daniel W. Nelson Gibson, Dunn & Crutcher LLP 1050 Connecticut Avenue NW Washington, D.C. 20036 |

Submitting an objection is not a substitute for submitting a claim as described in Questions 20-23. Even if you make an objection, you must <u>also</u> submit a Valid Claim by the applicable deadline in order to get any cash payment under the Class Action Settlement.

**32.    What is the difference between objecting to the Class Action Settlement and opting out?**

If you opt out of the Class, you cannot object to the Class Action Settlement. Opting out is telling the Court that you do not want to be part of the Class Action Settlement, and you do not want to receive any Class Member Payment from the Class Action Settlement.  If you opt out, you have no basis to object to the Class Action Settlement by telling the Court you do not like something about it, because the Class Action Settlement no longer affects you.  If you opt out, you keep your right to sue the Mercedes Defendants, but you give up your right to obtain a cash payment under the Class Action Settlement.  If you opt out, you may still be eligible to receive the AEM and the Extended Modification Warranty pursuant to the US-CA Consent Decree.

If you object to the Class Action Settlement, you are expressing your views about the Class Action Settlement, but you remain a Class Member (if you are otherwise eligible).  If you make an objection, you must still submit a claim in order to get a Class Member Payment under the Class Action Settlement.

## THE LAWYERS REPRESENTING THE CLASS

**33.    Do I have a lawyer in the case?**

Yes.  The Court has appointed lawyers to represent the Class as "**Class Counsel**." You will not be charged for contacting these lawyers.  Please contact them at **jcecchi@carellabyrne.com or 973-994-1700**.  They are:

| James E. Cecchi<br>Carella, Byrne, Cecchi,<br>Olstein, Brody & Agnello, P.C.<br>5 Becker Farm Road<br>Roseland, NJ 07068 | Steve W. Berman<br>Hagens Berman Sobol<br>Shapiro LLP<br>1301 2nd Avenue,<br>Suite 2000<br>Seattle, WA 98101 | Christopher A. Seeger<br>Seeger Weiss LLP<br>55 Challenger Road,<br>6th Floor<br>Ridgefield Park, NJ 07660 |
|---|---|---|

**34.    How will the lawyers and named Plaintiffs representing the Class be paid?  And how much?**

Any reasonable attorneys' fees and costs awarded to Class Counsel by the Court will be paid separately by the Mercedes Defendants in addition to the Class Member Payments, and will <u>not</u> reduce benefits to Class Members.

Class Counsel will ask the Court to award up to **$80,200,000** in attorneys' fees and up to **$3,200,000** in costs.  Class Counsel will ask the Court to award each of the named Plaintiffs representing the Class (the "Settlement Class Representatives") a "service award" of up to **$5,000** for their work in this litigation.  That filing will be available on the Settlement Website shortly after it is filed with the Court, and will describe the methodology and rationale behind Class Counsel's request.  Class Members will have an opportunity to comment on and/or object to this request, as explained further in Question 31.  The Court must approve these attorneys' fees and costs and service awards before they are paid by the Mercedes Defendants.

The Mercedes Defendants will <u>not</u> pay attorneys' fees and costs to any attorneys other than Class Counsel and attorneys working under Class Counsel's direction.  If you choose to hire attorneys that have not been appointed as Class Counsel, you may incur additional charges, subject to your agreement with your personally retained attorneys.  No attorneys other than Class Counsel or other attorneys authorized by Class Counsel to perform work in connection with this Action will receive fees or expenses from the Mercedes Defendants under the Class Action Settlement or any fee-shifting statute.

## THE COURT'S FAIRNESS HEARING

**35.    When and where will the Court decide whether to approve the Class Action Settlement?**

The Court will hold the Fairness Hearing on **[insert date and time]**, at the United States District Court for the District of New Jersey, located at the Martin Luther King Building & United States Courthouse, 50 Walnut Street, Newark, NJ 07102.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website **mbbluetecsettlement.com** or call **1-877-313-0170** for further updates.

At this hearing, the Court will hear evidence about whether the Class Action Settlement and Class Counsel's request for attorneys' fees and costs are fair, reasonable, and adequate.  If there are objections, the Court will consider them and may listen to people who have asked to speak at the hearing.  After the hearing, the Court will decide whether to approve the Class Action Settlement and Class Counsel's request for attorneys' fees and costs.  We do not know how long it will take for the Court to reach its decisions.

### 36.   Do I have to attend the hearing?

No.  Class Counsel and lawyers representing the Mercedes Defendants will answer questions the Court may have.  You are welcome to attend at your own expense. If you timely file an objection, you do not have to come to Court to talk about it.  As long as you mail your written objection on time, the Court will consider it.  You also may have your own lawyer attend the hearing at your expense, but it is not necessary.

### 37.   May I speak at the hearing?

If you or your attorney attend the Fairness Hearing, you may ask the Court for permission to speak.  To do so, you must first send a letter stating that it is your "Notice of Intention to Appear in *In re Mercedes-Benz Emissions Litigation*, No. 2:16-cv-881 (D.N.J.)."  Be sure to include your name, address, telephone number, and signature.  Your notice of intention to appear must be postmarked by **[insert appearance deadline]** and sent to the addresses listed in Question 31.  The Court will determine whether to grant you permission to speak.

---

## GETTING MORE INFORMATION

### 38.   How do I get more information?

This Notice summarizes the Class Action Settlement.  More details are in the Class Action Settlement and the US-CA Consent Decree.  You can get copies of all of these documents on the Settlement Website (**mbbluetecsettlement.com**).  You also may call **1-877-313-0170** for additional information or send questions via e-mail to **info@mbbluetecsettlement.com** or via regular mail to:

MB Blue Tec Settlement
c/o JND Legal Administration
PO Box 91310
Seattle, WA 98111

You can access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.njd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the District of New Jersey, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT CONTACT THE COURT OR COUNSEL FOR DAIMLER AG OR MERCEDES-BENZ USA, LLC REGARDING THIS NOTICE.**

# EXHIBIT 3

**United States District Court for the District of New Jersey**
*In re Mercedes-Benz Emissions Litigation*, 16-cv-881 (KM) (ESK)

**If You Are a Current Owner or Lessee of a Mercedes-Benz or Sprinter BlueTEC II Diesel Vehicle, You May Be Eligible for a <u>CASH PAYMENT</u> of $3,290 or more from a Class Action Settlement**

## An Approved Emission Modification ("AEM") is Now Available for Installation

**An AEM is available at no charge to you for a Mercedes-Benz or Sprinter diesel vehicle (including both Mercedes-Benz and Freightliner-branded Sprinter diesel vehicles) that you may currently own or lease, as part of Daimler AG's and Mercedes-Benz USA, LLC's settlement with federal regulators and the State of California.**

AEMs are available <u>now</u> for the Subject Vehicles listed on the enclosed **blue** sheet.  You can also check AEM availability at the Settlement Website, **mbbluetecsettlement.com**, where you can type in your VIN or review a list of all Subject Vehicle models that are ready for the AEM installation.  You may also call 1-877-313-0170 toll-free to find out whether an AEM is available for your Subject Vehicle.

If you install the AEM, you will also receive an extended warranty. The Consumer Emission Modification Disclosure, which is included with this Notice and is available at **mbbluetecsettlement.com**, contains more details about the AEM and the extended warranty.

Under a related Class Action Settlement,[1] **you may be entitled to a cash payment of $3,290 if you get the AEM installed in your vehicle,** or **$2,467.50 if you get the AEM installed in your vehicle** and a former owner or lessee submitted a Valid Claim for the same vehicle.  You may also be eligible for additional payments described in more detail at **mbbluetecsettlement.com**.

---

[1]  All capitalized terms in this Notice are defined in the Class Action Settlement, a copy of which is available at **mbbluetecsettlement.com**.  You may have previously received a notice of the Class Action Settlement. This is a supplemental notice sent to let you know that an AEM for your vehicle is now available at no charge to you and that you should have the AEM installed and file a claim for a cash payment.

**QUESTIONS? VISIT MBBLUETECSETTLEMENT.COM, OR CALL 1-877-313-0170**

Visit **mbbluetecsettlement.com** or call **1-877-313-0170** for more details about the Class Action Settlement and to register for updates.

---

## HOW CAN I GET A PAYMENT?

**To claim the cash payment, you must submit a Valid Claim by the deadline in this Notice.**

If you are a current owner or lessee of a registered BlueTEC II diesel vehicle listed on **mbbluetecsettlement.com** or the enclosed **blue** sheet, and have not opted-out from the Class Action Settlement, you may be eligible for a payment after the AEM installation is completed. To receive a payment, submit a Claim Form and all required documents by **October 1, 2022**.  Here are the steps to receive a payment:



1. Contact your preferred authorized dealership to schedule an appointment to have the AEM installed.  AEMs will be installed at no cost to you.  Authorized Mercedes-Benz dealerships can be found at **mbusa.com/en/dealers**.  Authorized Freightliner Sprinter dealerships can be found at **freightlinersprinterusa.com/freightliner/shopping-tools/find-a-dealer**.



2. Bring your vehicle to your appointment for the installation of the AEM. **You must complete the AEM installation before you submit a claim.**  Make sure to keep your repair order to submit with your claim, as well as receipts for any travel to and from the dealership for the AEM installation.  If your appointment takes three hours or more and you are not offered a loaner vehicle, shuttle, or alternative form of transportation, you may be eligible to receive reimbursement up to $35 for travel expenses.



3. Submit a valid Claim Form and all required documents by **October 1, 2022** at **mbbluetecsettlement.com** or mail (postmarked by October 1, 2022) to:

MB Blue Tec Settlement
c/o JND Legal Administration
PO Box 91310
Seattle, WA 98111

A Claim Form is enclosed with this Notice.

# EXHIBIT 4

[bar code]

*In re Mercedes-Benz Emissions Litigation*
**Class Action Settlement Claim Form**
**Claim Form Instructions**

## Instructions for Completing the Enclosed Claim Form

You must complete, sign, and return the enclosed Claim Form to receive a payment under the Class Action Settlement.[1]

Please read the full Long Form Notice, which is available at the Settlement Website, **mbbluetecsettlement.com,** before completing your Claim Form.  If you have questions about this Claim Form, please visit the Settlement Website, call **1-877-313-0170** toll-free or email **info@mbbluetecsettlement.com**.

### CLAIM SUBMISSION INSTRUCTIONS AND DEADLINES:

- To receive a Class Member Payment, you must submit a completed and signed Claim Form, including all required documentation, by the deadline that applies to you.  These deadlines are set forth in detail at the Settlement Website, **mbbluetecsettlement.com.**  To summarize:

  o If you are an Eligible Current Owner/Lessee, your claim must be submitted online or postmarked by **October 1, 2022**.

  o If you are an Eligible Former Owner/Lessee, your claim must be submitted online or postmarked by **[[75 days after Notice Date], or by the date the Court finally approves the settlement (if after [75 days after Notice Date])]. Please visit** mbbluetecsettlement.com **for updates about the deadline to submit your claim.**

  o You may submit your completed Claim Form and all required documents online at **mbbluetecsettlement.com**. You may also mail your completed Claim Form and documentation to:

    MB BlueTec Settlement
    c/o JND Legal Administration
    PO Box 91310
    Seattle, WA 98111

- You should not wait until close to the deadline to submit your Claim Form.  All Claim Forms require information and documentation that you might need time to collect, and all Eligible Current Owners/Lessees must have scheduled and completed installation of the AEM for their vehicle before submitting their Claim Form.

- The following documentation is required to submit a claim:

  o A completed and signed Claim Form

  o Proof of current or former ownership or lease, including dates of ownership or lease, for your Subject Vehicle

  o Proof of vehicle registration for your Subject Vehicle

  o Fully executed Individual Release (a copy of the Individual Release is included with this Claim Form)

  o If you are an Eligible Current Owner/Lessee, a repair order showing the Approved Emission Modification ("AEM") is installed in your Subject Vehicle

---

[1]   All capitalized terms in this Claim Form are defined in the Class Action Settlement, which can be found at **mbbluetecsettlement.com**

*In re Mercedes-Benz Emissions Litigation*
**Class Action Settlement Claim Form**
**Claim Form Instructions**

▪ **If you are an Eligible Current Owner/Lessee, you must schedule an appointment and have the AEM installed <u>before</u> submitting your Claim Form and required documents**.  You will be eligible for a Class Member Payment <u>only</u> after the AEM is installed (at no charge to you).

You can check whether the AEM is available <u>now</u> for your Subject Vehicle by visiting the Settlement Website, **mbbluetecsettlement.com**, where you can type in your Vehicle Identification Number ("VIN") to check the AEM availability for your vehicle, or review a listing of all Subject Vehicle models that are ready for the AEM installation.  If your vehicle is not listed, you will be notified when the AEM becomes available.  Please continue to check the Settlement Website for updated information.  You may also call 1-877-313-0170 toll-free to find out whether an AEM is available for your Subject Vehicle.

**You can find a list of the types of documents that fulfill the documentation requirements below.**

### CLAIM REVIEW AND PAYMENT PROCESS:

- After you have submitted your Claim Form, the Settlement Administrator will review your Claim Form and supporting documents for completeness and eligibility.  The Settlement Administrator will also screen the claims for fraud and determine the payment amount.

- If the Claim Form or required documentation is incomplete, illegible, or otherwise deficient, the Settlement Administrator will notify you that there is a deficiency or that more information is needed.  If you do not timely comply and/or are unable to produce the requested information, your claim will be denied and you will not receive a Class Member Payment.

- The payment amount you may receive depends on when you purchased or leased the Subject Vehicle, whether you owned or leased the Subject Vehicle at the time the AEM was installed in the Subject Vehicle, the number of claims made per Subject Vehicle and, for Eligible Current Owners/Lessees, whether your Subject Vehicle qualifies for possible additional payments.  The Settlement Administrator will issue the payment after your claim is deemed complete and you are determined to be eligible for a Class Member Payment.

*In re Mercedes-Benz Emissions Litigation*
**Class Action Settlement Claim Form**
**Claim Form Instructions**

## SECTION A: NAME AND CONTACT INFORMATION — ALL CLAIMANTS MUST COMPLETE

Please provide your name and contact information below.  You must notify the Settlement Administrator if your contact information changes after you submit your Claim Form; otherwise you may not receive your Class Member Payment.

| First Name | Middle Initial | Last Name | Suffix |
|---|---|---|---|
| | | | |

| Mailing Address |
|---|
| |

| City | State | Zip Code |
|---|---|---|
| | | |

| Email Address | Best Telephone Number to Contact You |
|---|---|
| | |

## SECTION B: VEHICLE INFORMATION — ALL CLAIMANTS MUST COMPLETE

**All claimants must complete this Section B.  If you are making a claim as an Eligible Former Owner or Lessee, you must provide the information for the Subject Vehicle that you formerly owned or leased.**

Please provide the model and model year of your Subject Vehicle in the box below.  Be sure to write clear and neatly.  If you have a claim for more than one Subject Vehicle, you must submit a separate Claim Form for each Subject Vehicle.

| Model | Model Year |
|---|---|
| | |

Please enter the VIN of the Subject Vehicle you entered above.  The VIN may be located on your vehicle registration, your car title or in vehicle maintenance records from your dealer.  Your Mercedes-Benz Owner's Manual can also direct you to the physical location of the VIN on your vehicle.  To avoid confusion between letters and numbers, please enter numbers in the same form as the chart below.  Be sure to write clear and neatly.

| Zero | One | Two | Three | Four | Five | Six | Seven | Eight | Nine |
|---|---|---|---|---|---|---|---|---|---|
| Ø | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | |

**Enter the 17-digit VIN in the boxes above.**

*In re Mercedes-Benz Emissions Litigation*
**Class Action Settlement Claim Form**
**Claim Form Instructions**

**NEXT STEPS AFTER COMPLETING SECTION B:**

If you are a current owner or lessee of the Subject Vehicle, **fill out Section C and Section E below (skip Section D)**.

If you no longer own or lease the Subject Vehicle and <u>did not install the AEM</u> while you possessed it, **skip Section C and fill out Sections D and E below**.

If you no longer own or lease the Subject Vehicle, but you installed the AEM while you still possessed the Subject Vehicle, **fill out Sections C and E below and skip Section D**.

| SECTION C: CURRENT OWNERS/LESSEES AND FORMER OWNERS/LESSEES WHO INSTALLED THE AEM |
|---|

| | |
|---|---|
| If you began owning or leasing and registered the Subject Vehicle on or before **September 14, 2020**, check here: | ☐ |
| If you began owning or leasing and registered the Subject Vehicle after **September 14, 2020**, check here: | ☐ |
| If the Subject Vehicle was registered in your name at the time the AEM was installed, check here:<br><br>Please enter the date the AEM was installed in the Subject Vehicle **(MM/DD/YYYY)**:<br><br>[    /    /    ] | ☐ |

If the Subject Vehicle was not registered in your name at the time the AEM was installed, you are not eligible for a Current Owner/Lessee Payment or Post-Announcement Owner/Lessee Payment.

**Transportation Costs**

| If you have already installed the AEM, please select each of the following that applies to you (if any): |
|---|
| ☐  The Authorized Service Provider took longer than 3 hours to install the AEM in my Subject Vehicle. |
| ☐  No loaner vehicle, shuttle service, or other alternative transportation was made available to me. |
| ☐  During the installation process, I did not have use of my Subject Vehicle and I incurred costs for transportation to and from the Authorized Service Provider. |

If all three of the above apply to you, you may be eligible to receive reimbursement (up to $35) for transportation costs to and from the Authorized Service Provider while you did not have use of your Subject Vehicle.  To receive the transportation reimbursement, you must submit with your Claim Form a receipt detailing your transportation costs.  If any of the three above does not apply to you, you are not eligible for reimbursement of transportation costs.

| If you are claiming Transportation Reimbursement, check here: | ☐ |
|---|---|

*In re Mercedes-Benz Emissions Litigation*
**Class Action Settlement Claim Form**
**Claim Form Instructions**

**Required Documents – Current Owners and Lessees**

Current Owners and Lessees must include a <u>copy</u> of the following supporting documents with your Claim Form to complete your claim.  Please check all the boxes below that apply to you in order to confirm that you have included all the required documents.  Please do not send the originals because the documents will not be returned to you.  (Former Owners and Lessees do not need to provide these documents.)

| **DOCUMENTS REQUIRED TO COMPLETE YOUR CLAIM – CURRENT OWNERS/LESSEES\*:** |
|---|
| ☐  A copy of your driver's license or other government-issued photo identification |
| ☐  The repair order or invoice you received at the time the AEM was installed in your Subject Vehicle |
| ☐  Proof that the Subject Vehicle was registered in your name at the time the AEM was installed |
| ☐  Documentation of transportation costs (if seeking Transportation Reimbursement) |
| ☐  Fully executed Individual Release (a copy of the Individual Release is attached to the end of this Claim Form) |
| ☐  Proof that you owned or leased **and** registered the Subject Vehicle.  Permitted documentation to prove ownership or lease includes your bill of sale, lease agreement, title, registration from time of purchase or lease, Department of Motor Vehicles ("DMV") registration history, financing agreement, insurance documentation listing your date of purchase or lease, or proof of lease payment; insurance documentation may suffice for proof of registration.  Your documentation must show the date you acquired or leased the Subject Vehicle, as well as the date you registered it. |

\**You may need to provide additional documentation in certain circumstances.  You will be notified if additional information is needed to complete your claim.*

## SECTION D: FORMER OWNERS AND LESSEES ONLY

| If you began owning or leasing and registered the Subject Vehicle **on or before September 14, 2020**, and did not have the AEM installed while you owned or leased the Subject Vehicle, check here:<br><br>Please enter the date you <u>sold</u> the Subject Vehicle or the date you <u>gave back the Subject Vehicle because your lease ended</u> **(MM/DD/YYYY)**:<br><br>[     /     /     ] | ☐ |
|---|---|
| If your Subject Vehicle was totaled, enter the date the Subject Vehicle was given to an insurance company (or given or sold to a junkyard, salvage dealer, or the equivalent).<br><br>[     /     /     ] | |

If you began owning or leasing and registered the Subject Vehicle after September 14, 2020, and you did not have the AEM installed in your vehicle while you owned or leased it, you are not eligible for payment.

If you no longer own or lease the Subject Vehicle, **but you had the AEM installed** in the Subject Vehicle while (a) you owned or leased it, <u>and</u> (b) the Subject Vehicle was registered in your name, please fill out **Section C and Section E**.

*In re Mercedes-Benz Emissions Litigation*
**Class Action Settlement Claim Form**
**Claim Form Instructions**

### Required Documentation – Former Owners and Lessees

Former Owners and Lessees must include a <u>copy</u> of the following supporting documentation with your Claim Form to complete your claim.  Please check the corresponding box to confirm that you have included the specified documentation with your claim.  Please do not send the originals as the documents will not be returned to you.

**DOCUMENTS REQUIRED TO COMPLETE YOUR CLAIM*:**

☐ A copy of your driver's license or other government-issued photo identification

☐ Fully executed Individual Release (a copy of the Individual Release is attached to the end of this Claim Form)

☐ Proof that you owned or leased **and** registered the Subject Vehicle on or before September 14, 2020. Permitted documentation to prove ownership or lease includes your bill of sale, lease agreement, title, registration from time of purchase or lease, Department of Motor Vehicles ("DMV") registration history, financing agreement, insurance documentation listing your date of purchase or lease, or proof of lease payment; insurance documentation may suffice for proof of registration.  Your documentation must show the date you purchased or leased the Subject Vehicle, as well as the date you registered it.

☐ Proof that you sold or transferred the Subject Vehicle (permitted documents include your bill of sale, trade-in receipt, copy of title transfer, or proof of lease termination)

**You may need to provide additional documentation in certain circumstances.  You will be notified if additional information is needed to complete your claim.*

### SECTION E: CERTIFICATION STATEMENT FOR ENTIRE CLAIM FORM
### ALL CLAIMANTS MUST COMPLETE

I understand that in order to obtain relief under the Class Action Settlement, I must sign and date the following certification and provide the documentation listed above.  I represent and warrant that I have authority to submit a claim for the Subject Vehicle listed above, and that any of my co-owners and co-lessees of the Subject Vehicle listed above have signed this Claim Form.  I affirm under penalty of perjury that all information in this Claim Form is true and accurate to the best of my knowledge.

| Signature | Date |
|---|---|
|  |  |
| **Print Name** | |
|  | |

| | |
|---|---|
| **CURRENT OWNERS OR LESSEES:** | **Claim Forms must be submitted online at mbbluetecsettlement.com or postmarked no later than October 1, 2022.** |
| **FORMER OWNERS OR LESSEES:** | **Claim Forms must be submitted online at mbbluetecsettlement.com or postmarked by [[75 days after Notice Date], or by the date the Court finally approves the Class Action Settlement (if after [75 days after Notice Date])].  Please visit mbbluetecsettlement.com for updates about the deadline to submit your claim.** |

*In re Mercedes-Benz Emissions Litigation*
**Class Action Settlement Claim Form**
**Claim Form Instructions**

**Please keep a copy of your Claim Form and all supporting documentation for your records.**

# EXHIBIT 5

# INDIVIDUAL RELEASE OF CLAIMS

*In re Mercedes-Benz Emissions Litigation*
*Case No. 16-cv-881 (D.N.J.)*

---

## MUST BE COMPLETED BY CLASS MEMBER PRIOR TO RECEIVING ANY CLASS MEMBER PAYMENT

1. In exchange for the Class Member Payment[1] that Daimler AG and Mercedes-Benz USA, LLC (the "Mercedes Defendants") have agreed to provide to me, should the Settlement Administrator determine I am eligible to receive the Class Member Payment under the class action settlement agreement in this case[2] (the "Class Action Agreement"), the sufficiency of which I hereby acknowledge, I, on behalf of myself and my agents, heirs, executors and administrators, successors, assigns, insurers, attorneys (including any of my attorneys who are not Class Counsel), representatives, shareholders, owners associations, and any other legal or natural persons who may claim by, through, or under them, hereby fully, finally, irrevocably, and forever release, waive, discharge, relinquish, settle, and acquit any and all claims, demands, actions, or causes of action, of any kind or nature whatsoever, whether in law or in equity, contractual, quasi-contractual or statutory, known or unknown, direct, indirect or consequential, liquidated or unliquidated, past, present or future, foreseen or unforeseen, developed or undeveloped, contingent or non-contingent, suspected or unsuspected, whether or not concealed or hidden, that I may have, purport to have, or may hereafter have against any Released Party arising out of, in whole or in part, or in any way related to the BlueTEC Diesel Matter, except for claims of personal injury or wrongful death (the "Released Claims," as defined more fully in Section 10.3 of the Class Action Agreement).  This Individual Release does not release any claims against Robert Bosch LLC or Robert Bosch GmbH.

2. "BlueTEC Diesel Matter" means all claims arising from or in any way relating to:  (1) the design, manufacture, assembly, testing, development, installation, performance, presence, disclosure, or nondisclosure of any auxiliary emission control device ("AECD") (as defined in 40 C.F.R. § 86.1803-01) or defeat device (as defined in 40 C.F.R. § 86.1803-01 or 42 U.S.C. § 7522(a)(3)(B)) in any Subject Vehicle, as that term is defined in Section 2.70 of the Class Action Agreement; (2) the design, manufacture, assembly, testing, development, installation, or performance of emission control equipment and methods and related hardware or software in Subject Vehicles, including Diesel Exhaust Fluid and associated equipment, Selective Catalytic Reduction systems, electronic control units, and

---

[1] The terms "Action," "Class Counsel," "Class Member Payment," "Court," "Final Approval Order," "Release," "Released Claims," "Released Party," and "Settlement Administrator," "Valid Claim," and any other term not specifically defined herein, have the meanings given to them in the Class Action Agreement.  A copy of the Class Action Agreement is available at **mbbluetecsettlement.com**.

[2] **[insert reference to MB Emissions docket entry corresponding to settlement agreement, once filed]**

emission-related software programming, coding, and calibrations; (3) overpayment or diminution in value related to the design, manufacture, assembly, testing, development, installation, or performance of emission control equipment and methods and related hardware or software in Subject Vehicles; (4) the actual or alleged noncompliance of any Subject Vehicle with state or federal environmental or emissions standards; (5) the marketing or advertisement of the emissions or environmental characteristics or performance of any Subject Vehicle, including as clean diesel, clean, low emissions, green, environmentally friendly, and/or compliant with state or federal environmental or emissions standards; (6) the marketing or advertisement of the fuel efficiency, fuel economy, mileage, power, drivability, or performance of any Subject Vehicle, to the extent related in any way to the emissions performance, the design, manufacture, assembly, testing, development, installation, or performance of emission control equipment and methods, and related hardware or software; (7) any badges, signage, or BlueTEC labels on the Subject Vehicles, including any badges or signage placed on the Subject Vehicles at the point of sale or in an advertisement; (8) performance of the AEM in a Subject Vehicle, exclusive of the Extended Modification Warranty and any "Lemon Law" protections available to Class Members; (9) whether the Subject Vehicles meet or exceed (or met or exceeded) consumer expectations, to the extent related in any way to the emissions performance, the design, manufacture, assembly, testing, development, installation, or performance of emission control equipment, and methods and related hardware or software; or (10) the subject matter of the Action as well as events or allegations related to the Action, with respect to the Subject Vehicles.  Without limiting the foregoing, "BlueTEC Diesel Matter" includes allegations that (i) are related to any Subject Vehicle, (ii) relate to conduct by a Released Party that predates the date of this Class Action Settlement, and (iii) formed or relate to the factual basis for a claim that was made or could have been made in the Complaint.

3.     This Individual Release shall become effective and binding immediately upon my receipt of the Class Member Payment made to me under the Class Action Agreement.  I expressly understand and acknowledge that the Settlement Administrator will make final and unreviewable decisions regarding the Class Member Payment under the Class Action Settlement, and that this Individual Release remains effective and binding even if I disagree with the amount of my Class Member Payment.  It is expressly understood and agreed that this is a compromise of a disputed claim and that the Mercedes Defendants have denied and continue to deny that they are in any way liable or responsible for the alleged conduct and damages claimed in the Action.  Neither the Class Action Agreement, the compromise of the Action, this Individual Release, nor any act performed or document executed pursuant to or in furtherance of this Individual Release or the Class Action Agreement is, may be deemed to be, or may be used as an admission of, or evidence of, the validity of any of the Released Claims, or of any wrongdoing or liability of Released Parties; or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

4.     This Individual Release supplements the Release and associated provisions set forth in Section 10 of the Class Action Agreement.  It does not supersede them.

5.   I expressly understand and acknowledge that this Individual Release applies to claims of which I might not presently be aware.  I expressly understand and acknowledge Section 1542 of the California Civil Code, which provides:  "**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**"  I acknowledge that I am aware of the contents and effect of Section 1542 of the California Civil Code and have considered the possibility that the number, nature, or magnitude of all claims may not currently be known. To ensure that this Individual Release is interpreted fully in accordance with its terms, I expressly waive and relinquish any and all rights and benefits that I may have under Section 1542 of the California Civil Code to the extent that such section may be applicable to the Individual Release and likewise expressly waive and relinquish any rights or benefits of any law of any state, territory, county, municipality, or city of the United States, federal law or principle of common law, or of international, foreign, or tribal law, which is similar, comparable, analogous, or equivalent to Section 1542 of the California Civil Code to the extent that such laws or principles may be applicable to the Individual Release.

6.   **I expressly understand and acknowledge that I may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those that I now know or believe to be true, related to the BlueTEC Diesel Matter, the Released Claims, and/or the Individual Release.  Nevertheless, it is my intention to fully, finally, irrevocably, and forever release, waive, discharge, relinquish, settle, and acquit all Released Claims which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding).**  This includes, without limitation, any claims I have or may have with respect to the BlueTEC Diesel Matter under the Trade Regulation Rule Concerning the Preservation of Consumers' Claims and Defenses, 16 C.F.R. § 433.2 (the "Holder Rule").

7.   This Individual Release shall remain effective regardless of any judicial, quasi-judicial, arbitral, administrative, regulatory, or other decision relating to the liability of any Released Party in connection with the BlueTEC Diesel Matter and shall be binding on me immediately upon my receipt of the Class Member Payment made to me under the Class Action Agreement.  For the avoidance of doubt, this Individual Release shall remain effective even if the Court does not enter the Final Approval Order, the Final Approval Order is reversed and/or vacated on appeal, or if the Class Action Agreement is abrogated or otherwise voided in whole or in part.

8.   This Individual Release waives or releases any right to receive further monetary compensation beyond the Class Member Payment or to pursue additional benefits under the Class Action Agreement, or in any other manner relating to the BlueTEC Diesel Matter, except to the extent I submit a Valid Claim for another vehicle I own or lease (or formerly owned or leased) that is eligible for compensation under the Class Action Agreement.

9.   This Individual Release, and any dispute arising out of or related to this Individual Release, shall be governed by and interpreted according to the Federal Rules of Civil Procedure and applicable jurisprudence relating thereto, and the laws of the State of New Jersey

notwithstanding its conflict of law provisions. Once it becomes binding on me, this Individual Release will be binding upon my successors, transferees, and assigns.

10. Any matters concerning this Individual Release, including any disagreement as to whether this Individual Release is effective, shall be settled by binding arbitration. The arbitrator shall award to the prevailing party all of its attorneys' fees and costs, and its share of the costs and administrative fees due to the arbitrator.

11. I expressly agree that this Individual Release is, and may be raised as, a complete defense to, and will preclude, any lawsuit, action, or other proceeding involving claims encompassed by this Individual Release. I shall not now or hereafter institute, maintain, prosecute, assert, and/or cooperate in the institution, commencement, filing, or prosecution of any suit, action, and/or other proceeding against the Released Parties with respect to the claims, causes of action, and/or any other matters subject to this Individual Release. To the extent that I have initiated, or caused to be initiated, any suit, action, or proceeding subject to this Individual Release that is not already encompassed by the Action, I shall promptly cause my claims in any such suit, action, or proceeding to be dismissed with prejudice. If I commence, file, initiate, or institute any legal action or other proceeding for any Released Claim against any Released Party in any federal or state court, arbitral tribunal, or administrative or other forum, (1) such legal action or other proceeding shall be dismissed with prejudice at my cost; (2) any refusal or failure to immediately dismiss such claims shall provide a basis for any Released Party to seek an injunction, sanctions, or other appropriate relief; and (3) the respective Released Party shall be entitled to recover any and all reasonable related costs and expenses from me arising as a result of that my breach of my obligations under this Individual Release.

12. I represent and warrant that I have carefully read and understand this Individual Release and that I executed it freely, voluntarily, and without being pressured or influenced by, or relying on, any statement or representation made by any person or entity acting on behalf of any Released Party. I certify that I understand that I have the right to consult with an attorney of my choice before signing this Individual Release.

13. I represent and warrant that I have authority to execute this Individual Release and that I am the sole and exclusive owner of all claims that I am releasing pursuant to this Individual Release. I acknowledge that I have not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the BlueTEC Diesel Matter, including without limitation, any claim for benefits, proceeds, or value under the Action or the BlueTEC Diesel Matter. I am not aware of anyone other than myself claiming any interest, in whole or in part, in any benefits, proceeds, or values to which I may be entitled as a result of the Action or BlueTEC Diesel Matter. I agree to hold the Released Parties harmless and agree to indemnify and defend the Released Parties from all claims, liability, loss, cost, or expense, including attorney fees, incurred in the future due to the assertion by anyone of any claim, including any claim for damages, based on such person's alleged ownership of, or interest in, the claims that I am releasing pursuant to this Individual Release.

- 4 -

14.     I agree that if any of the consideration received for this Individual Release is construed to be income, it is my sole responsibility to pay taxes on the amount construed to be income and I agree to indemnify and hold all Released Parties harmless on any claim of liability for such taxes, penalties, or interest.

15.     If any term, provision, promise, or condition of this Individual Release is determined by a court of competent jurisdiction to be illegal, invalid, void, or unenforceable, in whole or in part, under any present or future law, the remainder of this Individual Release shall remain in full force and effect and shall in no way be affected, impaired, or invalidated to the maximum extent permitted by law.

I acknowledge that I have read and understand this Individual Release and that I have freely executed it by signing below.

Date: _____     _____     _____
                                  *Printed Name*               *Signature*

# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| IN RE MERCEDES-BENZ EMISSIONS LITIGATION | Civil Action: 16-cv-881 (KM) (ESK)<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING NATIONWIDE SETTLEMENT CLASS, APPROVING CLASS NOTICE PROGRAM, AND SCHEDULING A FAIRNESS HEARING**<br><br>**ELECTRONICALLY FILED** |

Before the Court is the Settlement Class Representatives' Motion for Preliminary Approval of Class Settlement and Direction of Notice under Rule 23(e) (the "Motion").

WHEREAS, a proposed Class Action Agreement has been reached between Class Counsel on behalf of a defined proposed Class of current and former owners and lessees of certain model year 2009-2016 Mercedes-Benz and Freightliner BlueTEC II diesel vehicles sold or leased, and registered, in the United States or its territories, and Daimler AG and Mercedes-Benz USA, LLC (together, the "Mercedes Defendants"), which resolves certain claims against the Mercedes Defendants pertaining to the Subject Vehicles listed below:

| BlueTEC II Diesel Vehicles | |
|---|---|
| **MODEL** | **MODEL YEARS** |
| E250 | 2014-2016 |
| E350 | 2011-2013 |
| GL320 | 2009 |
| GL350 | 2010-2016 |
| GLE300d | 2016 |
| GLE350d | 2016 |
| GLK250 | 2013-2015 |
| ML250 | 2015 |
| ML320 | 2009 |
| ML350 | 2010-2014 |
| R320 | 2009 |
| R350 | 2010-2012 |
| S350 | 2012-2013 |
| Mercedes-Benz or Freightliner Sprinter (4-cylinder) | 2014-2016 |
| Mercedes-Benz or Freightliner Sprinter (6-cylinder) | 2010-2016 |

WHEREAS, the Mercedes Defendants have also entered separate agreements with the United States Department of Justice ("DOJ") on behalf of the Environmental Protection Agency ("EPA"), and the State of California by and through the California Air Resources Board ("CARB") and California's Office of the Attorney General ("CA AG"), which provide modifications and extended warranties for the Subject Vehicles pursuant to the terms of those agreements and which are memorialized in the US-CA Consent Decree;

WHEREAS, the Court, for the purposes of this Order, adopts all defined terms as set forth in the Class Action Agreement;

WHEREAS, the Mercedes Defendants do not oppose the Court's entry of the proposed Preliminary Approval Order;

WHEREAS, the Court finds that it has jurisdiction over the Action and each of the Parties for purposes of settlement and asserts jurisdiction over the Settlement Class Representatives for purposes of considering and effectuating this Class Action Settlement;

WHEREAS, the Court, having reviewed and considered all of the submissions, briefs, reports, declarations, and presentations made and submitted in connection with the Motion; and

WHEREAS, this Court has fully considered the record and the requirements of law, and good cause appearing;

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Class Action Settlement (including all terms of the Class Action Agreement and exhibits thereto) is hereby PRELIMINARILY APPROVED.  The Court further finds and orders as follows:

1.      The Class Action Settlement was the result of the Parties' good-faith negotiations.  Plaintiffs, by and through Class Counsel, conducted an investigation into the facts and law relating to the matters alleged in their Complaint.  There was also extensive pretrial discovery, including depositions, the production of thousands of documents, written responses to dozens of written discovery requests, and multiple litigated discovery disputes.  The Class Action Settlement was entered into by experienced counsel and only after extensive arm's length negotiations with the aid of the Mediator, the Honorable Edward Infante (Ret.).  The Class Action Settlement appears to be the product of intensive, thorough, serious, informed, and non-collusive negotiations overseen by an experienced mediator; has no obvious deficiencies; and does not

3

improperly grant preferential treatment to the Settlement Class Representatives or segments of the Class.  The Class Action Settlement provides meaningful relief to the Class in the form of monetary compensation, and allows the Class to avoid significant costs, uncertainties, delays, and other risks associated with continued litigation, trial, and/or appeal.  The Court also expressly finds the Class Action Settlement is not the result of collusion.

2.     The Court finds, for settlement purposes only, that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied.  The Court provisionally certifies, for settlement purposes only and subject to final findings and ratification in the Final Approval Order and the occurrence of the Effective Date, a nationwide Class, including territories of the United States, of all Persons who (1) on or before the Settlement Announcement Date owned or leased, and Registered, a Subject Vehicle, or (2) after the Settlement Announcement Date begin owning or leasing, and Register, a Subject Vehicle for which an Approved Emission Modification has not been installed.  The following entities and individuals are excluded from the Class:

(a)     The Mercedes Defendants and their officers, directors, and employees; the Mercedes Defendants' corporate affiliates and corporate affiliates' officers, directors, and employees; their distributors and distributors' officers, directors, and employees;

(b)     Judicial officers and their immediate family members and associated court staff assigned to this case;

4

(c)     Persons who have settled with, released, or otherwise had claims adjudicated on the merits against the Mercedes Defendants arising from the same allegations or circumstances as the BlueTEC Diesel Matter; and

(d)     All Persons otherwise in the Class who timely and properly exclude themselves from the Class as provided in the Class Action Agreement.

3.     This Court finds that the requirements of Rule 23(a) are satisfied for settlement purposes only, as follows:

(a)     Pursuant to Fed. R. Civ. P. 23(a)(1), the Class is so numerous that joinder of all members is impracticable;

(b)     Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the Court determines that there are common issues of law and fact for the Class;

(c)     Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Settlement Class Representatives are typical of the claims of the Class Members; and

(d)     Pursuant to Fed. R. Civ. P. 23(a)(4), the Settlement Class Representatives will fairly and adequately protect and represent the interests of all of the Class Members, and the interests of the Settlement Class Representatives are not antagonistic to those of the Class.  The Settlement Class Representatives are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

4.     The Court further finds that the requirements of Rule 23(b)(3) are satisfied for settlement purposes only, as follows:

(a)     Questions of law and fact common to the Class Members, as described above, predominate over questions that may only affect individual Class Members;

(b)     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy; and

(c)     The Class is ascertainable.

5.     The Court appoints the firms Carella, Byrne, Cecchi, Olstein, Brody & Agnello, PC; Hagens Berman Sobol Shapiro LLP; and Seeger Weiss LLP as counsel for the Class pursuant to Rule 23(g).  The Court has considered all of the factors listed in Rule 23(g)(1) and finds that these firms are competent and capable of exercising their responsibilities as Class Counsel for the provisionally certified settlement Class, will fairly and adequately represent the interests of the Class under Rule 23(a)(4), have done so, and are adequate under Rule 23(g)(1) and (4) to implement and complete the settlement process.

6.     The Court designates the following as Settlement Class Representatives: Catherine Roberts, Adrian Clive Roberts, Keith Hall, Susan Albers, John Lingua, Bobby Hamilton, Scott Morgan, Maryana Melnyk, Jeff Findlay, Gustavo Fraga-Errecart, Hassan Zavareei, Terry Garmey, Charles Wolford, Craig Thorson, Richard Yanus, Thomas Weiss, John Laurino, Freddie T. Holbrook, Robert Trepper, Andrew Deutsch, Wendell A. Dingle, Caroline A. Ledlie, Shelby A. Jordan, Seid Dilgisic, Tiffany Knight, Ulyana Lynevych, Michael Medler, Robert Gershberg, Randolph Rolle, Melanie Johnson, Lars Dannberg, Walter Louis, Jr., and Vincent Minerva.

7.      The Court finds that it will likely be able to approve the proposed settlement under Rule 23(e)(2).  The Court furthermore finds that it will likely be able to certify the class for purposes of judgment on the proposal, for the reasons discussed above.

8.      The Court finds that the content, format, and method of disseminating notice, as set forth in the Motion, the Declaration of JND Legal Administration, the Class Action Agreement, and the proposed Long Form Notice, Short Form Notice, and Supplemental Notice of Class Benefits (collectively, the "Class Notice Documents") — including direct First Class mailed notice to all known members of the Class deposited in the mail within the later of (a) 15 business days of the Preliminary Approval Order; or (b) 15 business days after a federal district court enters the US-CA Consent Decree—is the best notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B).  The Court approves such notice, and hereby directs that such notice be disseminated in the manner set forth in the Class Action Settlement to the Class under Rule 23(e)(1).

9.      The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2), a Fairness Hearing shall take place on a date and time to be stated in the Class Notice Documents, which shall be approximately 110 days after the Notice Date, at the United States District Court for the District of New Jersey, located at the Martin Luther King Building & United States Courthouse, 50 Walnut Street, Newark, NJ 07102, before this Court, to determine whether the proposed Class Action Settlement is fair, reasonable, and adequate, and whether it should be finally approved by the Court, and whether the

Released Claims should be released pursuant to the Class Action Settlement.  The Court

may, in its discretion, determine to hold the hearing remotely, via Zoom or other

equivalent remote platform.  In the event the Court determines to do so, instructions

concerning the hearing will be posted on the docket and the Settlement Website.  The

Court will also address Class Counsel's application for an award of Attorneys' Fees and

Expenses and Incentive Awards for the Settlement Class Representatives (collectively,

the "Fee Application") at that time.  Papers in support of final approval of the Class

Action Settlement and the Fee Application shall be filed with the Court according to the

schedule set forth in Paragraph 16 below.  The Fairness Hearing may be postponed,

adjourned, or continued by order of the Court without further notice to the Class.  After

the Fairness Hearing, the Court may enter a Final Approval Order and Final Judgment in

accordance with the Class Action Settlement that will adjudicate the rights of the Class

Members with respect to the claims being settled.

      10.    Persons wishing to object to the Class Action Settlement and/or be heard

at the Fairness Hearing shall follow the following procedures:

      (a)    To object, a Class Member, individually or through counsel, must

file a written objection with the Clerk, by mailing the written objection to Martin Luther

King Building & United States Courthouse, 50 Walnut Street, Newark, NJ 07101, and

serve the written objection on Class Counsel and the Mercedes Defendants' Lead

Counsel by **[insert objection deadline date]**.  The written statement of objection(s) must

include: (1) a statement as to whether it applies only to the Class Member, to a specific

subset of the Class, or to the entire class, and also state with specificity the grounds for

the objection, including any evidence and legal authority the Class Member wishes to bring to the Court's attention; (2) the Class Member's printed name, address, and telephone number; (3) the VIN of the Subject Vehicle forming the basis of the Class Member's inclusion in the Class and the beginning and end dates (if applicable) of the Class Member's ownership or lease of the Subject Vehicle; (4) a statement that the Class Member has reviewed the Class definition and has not opted out of the Class; (5) any supporting papers, materials, or briefs the Class Member wishes the Court to consider when reviewing the objection; (6) a statement of whether the Class Member intends to appear at the Fairness Hearing; and (7) a dated "wet" signature not affixed by electronic means.  Lawyers asserting objections on behalf of members of the Class must also:  (1) file a notice of appearance with the Clerk by **[insert date]**; (2) file a sworn declaration attesting to his or her representation of each member of the Class on whose behalf the objection is being filed or file (in camera) a copy of the contract between that lawyer and each such member of the Class; and (3) serve copies of the objections on Class Counsel and the Mercedes Defendants' Lead Counsel.  Lawyers asserting objections on behalf of members of the Class also must file a sworn declaration that specifies the number of times during the prior five-year period they have objected to a class action settlement on their own behalf or on behalf of a member of the class.  Service upon Class Counsel and the Mercedes Defendants' Lead Counsel should be made by mail to the following addresses:

> **Class Counsel:**
> James E. Cecchi
> Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.
> 5 Becker Farm Road

Roseland, NJ 07068

**Counsel for the Mercedes Defendants**:
Daniel W. Nelson
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue NW
Washington, D.C. 20036

(b)     Any member of the Class who files a written objection by **[insert objection deadline date]** may also appear at the Fairness Hearing, either in person or through an attorney hired at their expense, to object to the fairness, reasonableness or adequacy of the Class Action Settlement.

(c)     Members of the Class or their attorneys intending to appear at the Fairness Hearing must, by **[insert objection deadline date]**, serve on Class Counsel and the Mercedes Defendants' Lead Counsel, and file with the Clerk, a written notice of intent to object, which includes: (i) the name, address and telephone number of the Class Member and, if applicable, the name, address and telephone number of the Class Member's attorney (who must file a Notice of Appearance); (ii) the objection, including any papers in support thereof, and all of the materials required by Paragraph 9(a) of this Order; and (iii) the name and address of any witnesses to be presented at the Fairness Hearing, together with a statement as to the matters on which they wish to testify and a summary of the proposed testimony.

(d)     Any Class Member who does not timely file and serve a notice of intent to object, and any witness not identified in the notice of intent to object, shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

11.     Members of the Class who elect not to participate in the Class Action Settlement must submit a written request for exclusion that is postmarked no later than **[insert opt-out deadline]**.  To validly opt out from the Class, a Person must personally sign, date, and send a written request to opt out stating "I have reviewed the Long Form Notice and wish to exclude myself from the Class in *In re Mercedes-Benz Emissions Litigation*, 2:16-cv-0881" (or substantially similar clear and unambiguous language) to the Settlement Administrator at MB Blue Tec Settlement – Exclusions c/o JND Legal Administration, PO Box 91385, Seattle, WA 98111.  The written request to opt out must include the Person's name, address, telephone number, and VIN of the Subject Vehicle forming the basis of the Person's inclusion in the Class, a statement as to whether the Person owns/owned or leases/leased the Subject Vehicle, and a "wet" signature not affixed by electronic means.  The Parties retain discretion to determine whether any opt-out request substantially complies with the requirements above.  The Settlement Administrator will provide bi-weekly summary reports and copies of all opt-out requests to Class Counsel and the Mercedes Defendants' Lead Counsel.  Opt-out requests that are signed by an attorney but not by the Person requesting to be excluded from the Class are invalid.

12.     Any Class Member failing to properly and timely mail such a written notice of exclusion shall be automatically included in the Class and shall be bound by all the terms and provisions of the Class Action Agreement, including the Release and Final Approval Order.  The Parties retain discretion to determine whether any opt-out requests

11

comply with the requirements stated in this order.  The Court shall resolve any disputes between the Parties concerning Section 7 of the Class Action Agreement.

13.     Opting out and objecting are mutually exclusive options.  Any Person who opts out may not also object to the Class Action Settlement, and any objection filed by a Person who has opted out will be disregarded.

14.     The Court finds that the Claim Form attached to the Class Action Agreement as Exhibit 4, and the amount of time provided to Class Members to submit Valid Claims for Class Member Payments, are fair, reasonable, and adequate.

15.     JND Legal Administration is hereby appointed as the Settlement Administrator and shall perform all of the duties of the Settlement Administrator set forth in the Class Action Settlement.

16.     The Court adopts the following schedule for disseminating notice, filing claims, requesting exclusions from the class, filing objections to the Class Action Settlement, filing the motion for final approval, and application for fees and expenses. The Court directs the Parties to insert calendar dates in the Class Notice Documents based on the actual Notice Date; in the event a date would fall on a weekend or holiday, the parties shall use the next business day.

| Event | Proposed Date |
|---|---|
| Class Notice Program and Claims Period begins | Within 15 business days after the entry of the Preliminary Approval Order or the entry of the US-CA Consent Decree, whichever is later |
| Motion for Attorneys' Fees and Expenses Application filed | 30 days after Notice Date |

| Objection and Opt-Out Deadline | 60 days after Notice Date |
| Motion for Final Approval filed | 90 days after Notice Date |
| Fairness Hearing | 110 days after Notice Date |

17.     The deadlines set forth in this Preliminary Approval Order and the Class
Notice Documents, including, but not limited to, the date of the Fairness Hearing, may be
extended by Order of the Court, for good cause shown, without further notice to members
of the Class, except that notice of any such extensions shall be included on the Settlement
Website.  Members of the Class should check the Settlement Website regularly for
updates and further details regarding extensions of these deadlines.

18.     Pending the Fairness Hearing, all litigation and discovery proceedings in
the Action pertaining to the Mercedes Defendants, other than proceedings necessary to
carry out or enforce the terms and conditions of the Class Action Settlement and this
Preliminary Approval Order, are stayed pending further order of the Court.

19.     Pending final determination of whether the Class Action Settlement
should be approved, the Settlement Class Representatives and members of the Class, or
any of them, are prohibited from directly, indirectly, derivatively, in a representative
capacity, or in any other capacity, commencing, prosecuting, or continuing any other
action in any forum (state or federal) against any of the Released Parties in any court or
tribunal asserting any of the Released Claims (as that term is defined in the Class Action
Agreement).

20.     Class Counsel and the Mercedes Defendants' Lead Counsel are authorized
to take, without further Court approval, all necessary and appropriate steps to implement

13

the Class Action Settlement including the approved Class Notice Program as well as any additional notice the Parties deem necessary.

21.     Class Counsel and Mercedes Defendants' Lead Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Class Action Settlement that are not materially inconsistent with the Preliminary Approval Order or the Class Action Settlement, including making, without further approval of the Court, minor changes to the Class Action Settlement, to the form or content of the Long Form Notice, Short Form Notice, or other notice materials, or to any other exhibits that the Parties jointly agree are reasonable or necessary.

22.     The Court authorizes the Settlement Administrator through data aggregators or otherwise, to request, obtain, and utilize vehicle registration information from the Department of Motor Vehicles for all 50 states, the District of Columbia, Puerto Rico, Guam, the U.S. Virgin Islands and all other United States territories and/or possessions for the purposes of determining the identity of and contact information for purchasers and lessees of Subject Vehicles.  Vehicle registration information includes, but is not limited to, owner/lessee name and address information, registration date, year, make, and model of the vehicle.  The Settlement Administrator is ordered to take all necessary steps to have this information in its possession by October 15, 2020, and the Departments of Motor Vehicles are asked to cooperate with the Settlement Administrator in complying with this Preliminary Approval Order.  The information referenced in this Paragraph is needed on an expedited basis to ensure proper coordination with notices required under the US-CA Consent Decree.

23.     Due to the interrelationship of these proceedings with notices and other matters related to the US-CA Consent Decree, the Court finds good cause to expedite implementation of this Preliminary Approval Order—including quick retrieval of vehicle registration and contact information from the Departments of Motor Vehicles to facilitate prompt class notice, as referenced above.  As such, this Preliminary Approval Order shall be deemed approved, accepted, and ordered by the Court until and unless there is a timely objection and the Court explicitly sustains that objection.  Furthermore any objection or other motion relating to this Preliminary Approval Order must be filed within 5 days of the date of this Preliminary Approval Order.  Further, any response must be filed within 5 days of the objection or other motion.  No further briefing relating to an objection or other motion regarding this Preliminary Approval Order will be allowed, unless ordered by the Court.  The Court will endeavor (consistent with its calendar) to expeditiously adjudicate any objection or other motion.

24.     In the event the Court does not grant final approval to the Class Action Settlement, or if for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Class Action Settlement, or the Class Action Settlement is terminated pursuant to its terms for any reason, or the Effective Date does not occur for any reason, then the following shall apply:

(a)     All orders and findings entered in connection with the Class Action Settlement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

15

(b)     The provisional certification of the Class for settlement purposes pursuant to this Preliminary Approval Order shall be vacated automatically, and the Action shall proceed as though the Class had never been certified pursuant to this Class Action Settlement and the related findings had never been made;

(c)     Nothing contained in this Preliminary Approval Order is, or may be construed as, a presumption, concession, or admission by or against the Mercedes Defendants or the Settlement Class Representatives of any default, liability, or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the Action as a class action;

(d)     Nothing in this Preliminary Approval Order or pertaining to the Class Action Settlement, including any of the documents or statements generated or received pursuant to the Claims Program, shall be used as evidence in any further proceeding in this Action, including, but not limited to, motions or proceedings seeking treatment of the Action as a class action;

(e)     All of the Court's prior Orders having nothing whatsoever to do with the Class Action Settlement shall, subject to this Preliminary Approval Order, remain in force and effect; and

(f)     The Parties will be returned to their positions status quo ante as of the date immediately before the Parties' execution of the Class Action Agreement.

25.     The Court shall retain continuing jurisdiction over these proceedings for the benefit of the Class in accordance with this Preliminary Approval Order.

16

**IT IS SO ORDERED.**

_____

# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| IN RE MERCEDES-BENZ EMISSIONS LITIGATION | Civil Action: 16-cv-881 (KM) (ESK)<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND REQUEST FOR ATTORNEYS' FEES AND COSTS, AND CERTIFYING NATIONWIDE SETTLEMENT CLASS**<br><br>**ELECTRONICALLY FILED** |

Before the Court is Settlement Class Representatives' Motion for Final Approval of the Class Action Settlement under Rule 23(e) and Request for Attorneys' Fees and Costs (the "Motion").

WHEREAS, the Court granted preliminary approval of the Class Action Settlement on **[insert date of preliminary approval]** (the "Preliminary Approval Order"). The Preliminary Approval Order provisionally certified the Class, approved and directed the dissemination of notice to the Class, preliminarily approved the Class Action Settlement, and addressed a date and time for the Fairness Hearing for the Court to consider whether the Class Action Settlement should be finally approved as fair, reasonable and adequate, pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure;

WHEREAS, the Court, for the purposes of this Order, adopts all defined terms as set forth in the Class Action Agreement;

WHEREAS, the Court finds that it has jurisdiction over the Action and the Parties for purposes of settlement and asserts jurisdiction over the Settlement Class Representatives for purposes of considering and effectuating this Settlement;

WHEREAS, on **[insert date of fairness hearing]**, the Court held a Fairness Hearing, at which time the Parties, and those who timely submitted their notices of intent to appear at the hearing, were given the opportunity to be heard in support of and/or in opposition to the Class Action Settlement;

WHEREAS, the Court, having reviewed and considered all of the submissions, briefs, reports, declarations, and presentations made and submitted in connection with the Motion, and all of the arguments presented at the Fairness Hearing;

WHEREAS, this Court has fully considered the record and the requirements of law, and good cause appearing;

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the Class Action Settlement (including all terms of the Class Action Agreement and exhibits thereto) is hereby FINALLY APPROVED. The Court further finds and orders as follows:

1.      This Court previously reviewed and approved the proposed methods for giving notice of the Class Action Settlement to Class Members. The Court has again reviewed the Class Notice Program and finds that Class Members received the best notice practicable under the circumstances. The Court specifically finds that the Long Form Notice attached as Exhibit 2 to the Class Action Agreement, the Short Form Notice attached as Exhibit 1 to the Class Action Agreement, the Supplemental Notice of Class Benefits attached as Exhibit 3 to the Class Action Agreement, and the Claim Form attached as Exhibit 4 to the Class Action Agreement, satisfied the requirements of Rule 23(c)(2), Rule 23(e)(1), and due process.

2.      The Court finds that the Class Action Settlement was entered into in good faith by experienced counsel and only after extensive arm's-length negotiations with the assistance of an experienced mediator.  The Class Action Settlement is not the result of collusion.

3.      This Court finds that the requirements of Rule 23(a) are satisfied for settlement purposes only, as follows:

(a)      Pursuant to Fed. R. Civ. P. 23(a)(1), the Class is so numerous that joinder of all members is impracticable;

(b)      Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the Court determines that there are common issues of law and fact for the Class;

(c)      Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Settlement Class Representatives are typical of the claims of the Class Members; and

(d)      Pursuant to Fed. R. Civ. P. 23(a)(4), the Settlement Class Representatives have fairly and adequately protected and represented the interests of all of the Class Members, and the interests of the Settlement Class Representatives are not antagonistic to those of the Class.  The Settlement Class Representatives are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

4.      The Court further finds that the requirements of Rule 23(b)(3) are satisfied for settlement purposes only, as follows:

(a)      Questions of law and fact common to the Class Members, as stated above, predominate over questions that may only affect individual Class Members;

(b)      A class action is superior to all other available methods for the fair and efficient adjudication of this controversy; and

(c)      The Class is ascertainable.

5.      The Court, having found that all requirements of Fed. R. Civ. P. 23(a) and (b)(3)

have been satisfied for settlement purposes only, certifies the Class as follows:

> A nationwide Class, including territories of the United States consists of all
> Persons who (1) on or before the Settlement Announcement Date owned or
> leased, and Registered, a Subject Vehicle, or (2) after the Settlement
> Announcement Date begin owning or leasing, and Register, a Subject
> Vehicle for which an Approved Emission Modification has not been
> installed.

The following entities and individuals are excluded from the Class: (a) the Mercedes

Defendants' and their officers, directors, and employees; the Mercedes Defendants' corporate

affiliates and corporate affiliates' officers, directors, and employees; their distributors and

distributors' officers, directors, and employees; (b) judicial officers and their immediate family

members and associated court staff assigned to this case; (c) persons who have settled with,

released, or otherwise had claims adjudicated on the merits against the Mercedes Defendants

arising from the same allegations or circumstances as the BlueTEC Diesel Matter; and (d) all

Persons otherwise in the Class who timely and properly excluded themselves from the Class as

provided in the Class Action Agreement.

6.      A list of the Class Members who have timely opted out of the Class Action

Settlement and who therefore are not bound by the Class Action Agreement has been submitted

to the Court as **[Exhibit \*\*]**.  That list is incorporated by reference herein.  All other Class

Members are subject to all provisions of the Class Action Settlement and this Court's orders

entering the Class Action Settlement.

7.      Pursuant to Rule 23(e)(2), the Court finds the Class Action Settlement to be fair,

reasonable, and adequate after due consideration of all of the factors listed in the Rule.  Class

Counsel and the Settlement Class Representatives have adequately represented the class and the

Class Action Settlement was vigorously negotiated at arm's length and with the assistance of a

respected mediator, the Honorable Edward Infante (Ret.).  The relief provided for the Class is

adequate and the Class Action Settlement treats class members equitably relative to each other,

taking into account the costs, risks, and delay of trial and appeal, the effectiveness of proposed

methods of distributing relief to the Class, including the method of processing Class Member

Claims, and the separate award of attorney's fees and costs, which does not dilute benefits

available to the Class.

        8.      In finding the Class Action Settlement to be fair, reasonable, and adequate, the

Court has also assessed the Class Action Settlement under the nine factors identified in Third

Circuit precedent for determining whether a class settlement is reasonable and fair.  *See Girsh v.*

*Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241,

257–58 (3d Cir. 2009).  It has also examined the additional factors identified in *In re Prudential*

*Insurance Co. of America Sales Practices Litigation*, 148 F.3d 283, 323 (3d Cir. 1998), for

further assessment of whether final approval is appropriate.  The Court finds that each *Girsh*

factor, and each applicable *Prudential Insurance* factor, supports approval of the Class Action

Settlement.

        (a)      <u>The complexity, expense, and likely duration of the litigation</u>.  This case

presents complex factual and legal questions that, absent settlement, would have to be resolved

through extensive proceedings for which the outcome is uncertain, including contested class

certification proceedings involving experts and an extensive factual record, *Daubert* challenges,

summary judgment briefing, and a complicated, lengthy trial of any claims that would survive

summary judgment.  An appeal would almost certainly follow any ruling on class certification,

summary judgment, and/or trial, whatever its outcome, thereby further delaying this case's final

resolution for a period of months or even years.  As such, it is clear that litigation of this matter

would be time-consuming, uncertain and expensive and that approval of the Class Action

Settlement would secure a prompt and efficient resolution of the Class's claims against the

Mercedes Defendants permitting substantial recovery without further litigation, delay, expense or

uncertainty.

(b)      The reaction of the Class to the Settlement. **[to be provided prior to the**

**Fairness Hearing]**

(c)      The stage of the proceedings and the amount of discovery completed.  The

Parties have been engaged in litigation for over four years.  The Settlement Class

Representatives have filed five different versions of the Complaint and the Parties have gone

through multiple rounds of dispositive motion briefing.  In the several years that this Action has

been pending, there has been extensive discovery.  Discovery has included depositions, the

production of voluminous documents and large amounts of data, and responses to multiple

rounds of written discovery requests.  The Action has also involved numerous discovery disputes

involving complex issues requiring extensive briefing to resolve, and involved an experienced

Special Master, the Honorable Dennis Cavanaugh (ret.).  These proceedings represent years of

sustained advocacy by counsel, which gave them a proper understanding of the Action's merits

before they negotiated the Class Action Settlement.

(d)      The risks of establishing liability and the risks of establishing damages.

The risks surrounding a trial on the merits are always considerable.  Absent the Class Action

Settlement, many obstacles could have prevented the Class from obtaining any recovery, even

before reaching trial.  The Parties were still in the midst of discovery and the Settlement Class

Representatives faced considerable risk in facing summary judgment and class certification

motions.  Even if the Settlement Class Representatives were able to maintain the Action beyond

summary judgment and class certification, the Settlement Class Representatives' methods for determining and calculating their alleged damages has been vigorously disputed by the Mercedes Defendants.  The Settlement Class Representatives' ability to establish both liability and damages hinges in large part on expert testimony, which is admissible only if it meets the requirements of the Federal Rules of Evidence and *Daubert*.  Accordingly, without a settlement, the Court would need to resolve a "battle of the experts" that could result in exclusion of the principal evidence supporting the Settlement Class Representatives' claims.  Settlement Class Representatives had no guarantee that they would make it to trial, win at trial, and/or win on appeal.  Even if they did win at trial and on appeal, relief for the Class was likely years away as a result of the lengthy litigation process.  The Class Action Settlement eliminates these risks, cuts through the delay, and provides immediate and significant benefits to Class Members. The substantial and immediate relief provided to the Class under the Class Action Settlement weighs heavily in favor of its approval compared to the inherent risk of continued litigation, trial, and appeal.

> (e)     <u>The risks of maintaining class action status through trial</u>.  If this Court certified a class under Rules 23(a) and (b) and the case proceeded to trial, the Court would still retain the authority to decertify or modify the Class during trial if it became unmanageable or class certification was otherwise found to be inappropriate.  Here, the Mercedes Defendants have indicated that they would preserve their objections to class certification and would contest certification if the case proceeded to trial, raising the possibility that the complex facts here could lead the Court to modify or decertify the class if the litigation proceeds.  This factor therefore weighs in favor of approving the Class Action Settlement.

(f)     <u>The ability of the Mercedes Defendants to withstand a greater judgment</u>.

The Third Circuit has explained that the mere fact that the Mercedes Defendants "could afford to

pay more" in a judgment than they are agreeing to pay in a settlement "does not mean that

[defendants are] obligated to pay any more than what [the] class members are entitled to under

the theory of liability that existed at the time the settlement was reached." *In re Warfarin*

*Sodium Antitrust Litig.*, 391 F.3d 516, 538 (3d Cir. 2004).  Thus, regardless of whether the

Mercedes Defendants could withstand a judgment greater than the amount of the Class Action

Settlement—and the Court makes no findings on that issue—the proposed Class Action

Settlement represents a fair, reasonable, and adequate payment under the Class Members'

theories of liability.

(g)     <u>The range of reasonableness of the Class Action Settlement in light of the</u>

<u>best possible recovery and in light of all the attendant risks of litigation</u>.  To assess the last two

*Girsh* factors, the Third Circuit requires a comparison of "the amount of the proposed

settlement" with "the present value of damages plaintiffs would likely recover if successful,

appropriately discounted for the risks of not prevailing." *Warfarin*, 391 F.3d at 538.  Reference

points for this analysis include estimates of the recoverable damages submitted by the parties'

experts, *see id.*, and the relief sought in the complaint, *In re Gen. Motors Corp. Pick-up Truck*

*Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 810 (3d Cir. 1995), *cert. denied sub nom., Gen.*

*Motors Corp. v. French*, 516 U.S. 824 (1995).  While the Settlement Class Representatives did

not provide a damage estimate in the Fifth Consolidated and Amended Class Action Complaint,

the Court has in its experience reviewed settlement amounts in similar cases to compare to the

recovery in the Class Action Settlement.  The Benefits in the Class Action Settlement represents

a substantial recovery, particularly in light of the risks and costs of litigation.  This factor

therefore weighs in favor of approving the Class Action Settlement.

(h)   Applicable *Prudential Insurance* factors.  The Third Circuit in *Prudential*

*Insurance* also instructed district courts to consider, "when appropriate," other factors.  *See* 148

F.3d at 323.  The *Prudential Insurance* factors applicable here also support finally approving the

Class Action Settlement.  As discussed above, discovery has been extensive and establishes that

the Class Action Settlement represents an appropriate "assess[ment of] the probable outcome of

a trial on the merits of liability and individual damages." *Id.*  The Class Action Settlement also

gave Class Members "the right to opt out of the settlement." *Id.*  "[T]he procedure for

processing individual claims under the settlement is fair and reasonable." *Id.*  And the Class

Action Settlement's "provisions for attorneys' fees are reasonable." *Id.*

9.     In light of its analysis of the *Girsh* and *Prudential Insurance* factors, the Court

finds that the Class Action Settlement is fair, reasonable, and adequate, and in the best interests

of the Class.  The Court fully approves all terms of the Class Action Agreement and all of its

exhibits.

10.    The terms of the Class Action Settlement and this Final Approval Order and the

Final Judgment are binding on the Settlement Class Representatives and all Class Members, as

well as their heirs, executors and administrators, successors, assigns, and all other Persons to the

fullest extent provided for in the Class Action Agreement.

11.    The Releasing Parties are hereby permanently barred and enjoined from: (a)

filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in,

participating in (as class members or otherwise) or receiving any benefits from any lawsuit,

arbitration, administrative, or regulatory, or other proceeding or order in any jurisdiction based

upon or asserting any or all of the Released Claims against one or more Released Party; (b) instituting, organizing class members in, joining with class members in, amending a pleading in or soliciting the participation of class members in any action, including but not limited to a purported class action, in any court against one or more Released Party based on, involving, or incorporating, directly or indirectly, any or all of the Released Claims, and (c) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, participating in (as class members or otherwise) or receiving any benefits from any lawsuit, administrative or regulatory proceeding or order in any jurisdiction based on an allegation that the Mercedes Defendants' compliance with the provisions of the Class Action Agreement violates any legal right of any Class Member.

12.     The Release set forth in Section 10 of the Class Action Agreement (and all definitions and other provisions of the Class Action Agreement regarding that Release) are incorporated herein by reference and all Settlement Class Representatives and Class Members shall be fully subject to all of these provisions.

13.     The Court has carefully reviewed Class Counsel's application for an award of attorneys' fees and costs and hereby awards attorneys' fees to Class Counsel in the amount of **[insert fee amount]** and costs in the amount of **[insert costs amount]** to be paid by the Mercedes Defendants in addition to the compensation available to the Class.  The Court directs these fees, costs, and awards to be paid in accordance with the Class Action Agreement.

14.     The Court finds that the amount of attorneys' fees awarded is appropriate and that the amount of attorneys' fees awarded is fair and reasonable under either the "percentage-of-recovery" or lodestar method.

15.     In making this award of attorneys' fees and costs, the Court has considered the factors enumerated in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000) and *In re Prudential*, 148 F.3d at 339 and found that:

(a)     Class Members who are eligible for payments will benefit from the Class Action Settlement that occurred due to the efforts of Class Counsel;

(b)     After implementation of the Class Notice Program, only **[insert number of Class Members that object]** Class Members objected to the Fee Request;

(c)     Class Counsel achieved the Class Action Settlement with skill, perseverance, and diligent advocacy;

(d)     This Action involved complex factual and legal issues, and, in the absence of the Class Action Settlement, would involve further lengthy proceedings with an uncertain resolution if the case were to proceed against the Mercedes Defendants;

(e)     The risk of nonpayment was high, particularly given the complexity of the case, because Class Counsel pursued this case on a contingent basis and received no compensation during the duration of the litigation;

(f)     Class Counsel expended **[insert lodestar]** hours in this case and billed their services at reasonable hourly rates averaging [**insert blended rate(s)**];

(g)     The amount of fees requested is consistent with awards in similar cases and supported by public policy; and

(h)     The amount of costs requested is fair and reasonable and necessary for the prosecution and settlement of the Action.

16.     The Court authorizes Class Counsel to allocate the fee award.

17.     The Settlement Class Representatives are to receive a service award as follows: $5,000 each for Terry Garmey, Keith Hall, John Laurino, Michael Medler, and Charles Wolford; and $2,500 each for Catherine Roberts, Adrian Clive Roberts, Susan Albers, John Lingua, Bobby Hamilton, Scott Morgan, Maryana Melnyk, Jeff Findlay, Gustavo Fraga-Errecart, Hassan Zavareei, Craig Thorson, Richard Yanus, Thomas Weiss, Freddie T. Holbrook, Robert Trepper, Andrew Deutsch, Wendell A. Dingle, Caroline A. Ledlie, Shelby A. Jordan, Seid Dilgisic, Tiffany Knight, Ulyana Lynevych, Robert Gershberg, Randolph Rolle, Melanie Johnson, Lars Dannberg, Walter Louis, Jr., and Vincent Minerva.  These amounts are fair and reasonable compensation for their efforts in prosecuting the claims in the Class Action Settlement.  The service award is to be paid in addition to the Class Member Payment.

18.     The awarded attorneys' fees and costs, and Settlement Class Representative service awards, are to be paid and distributed in accordance with the Class Action Settlement.

19.     This Final Approval Order covers, without limitation, any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Class Counsel or any other counsel representing the Settlement Class Representatives or Class Members, or incurred by Settlement Class Representatives or Class Members, in connection with or related in any manner to this Action, the Class Action Settlement, the administration of the Class Action Settlement, and/or the Released Claims.  No further application for an award of attorneys' fees or costs may be made by any counsel.

20.     The terms of the Class Action Agreement, this Final Approval Order, and the Final Judgment shall have *res judicata*, collateral estoppel and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys'

-12-

fees, costs, interests, or expenses which are based on or in any way related to any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses which were asserted in the Actions or included in the Released Claims.

21.     All claims against the Mercedes Defendants in the Action are hereby dismissed on the merits and with prejudice, without fees or costs to any party, other than as specified in the Final Judgment and in the Class Action Agreement.

22.     Any and all objections to the Class Action Settlement are overruled.

23.     The Parties and their counsel are ordered to implement and to consummate the Class Action Agreement according to its terms and provisions.

24.     The Parties are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications, and expansions of the Class Action Agreement: (i) as are consistent with the Final Approval Order and the Final Judgment, and (ii) which do not limit the rights of Class Members under the Class Action Agreement.

25.     In the event that the Class Action Settlement does not become effective according to the terms of the Class Action Agreement, this Final Approval Order and the Final Judgment shall be rendered null and void as provided by the Class Action Agreement, the Final Approval Order and the Final Judgment shall be vacated, all orders entered and released in connection herewith shall be null and void to the extent provided by and in accordance with the Class Action Settlement, and the Parties will be returned to their positions status quo ante as of the date immediately before the Parties' execution of the Class Action Agreement.

26.     Without affecting the finality of this Final Approval Order and the Final Judgment in any way, the Court expressly retains continuing and exclusive jurisdiction over the Action, the

Parties, and the Class, and the administration, enforcement, and interpretation of all terms of the Class Action Agreement, this Final Approval Order, and the Final Judgment, and to continue to preside over any unsettled claims.

27. There being no just reason to delay, the Clerk is directed to enter this Final Approval Order forthwith, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

A separate judgment consistent with this Order will issue pursuant to Fed. R. Civ. P. 58.

**IT IS SO ORDERED.**

_____
Hon. Kevin McNulty
United States District Judge

# EXHIBIT 8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE MERCEDES-BENZ EMISSIONS LITIGATION | Civil Action: 16-cv-881 (KM) (ESK)<br><br>**[PROPOSED] FINAL JUDGMENT**<br><br>**ELECTRONICALLY FILED** |

IT IS HEREBY ORDERED AND ADJUDGED, pursuant to the Order Granting Final

Approval of Class Action Settlement and Request for Attorneys' Fees and Costs, and Certifying

Nationwide Settlement Class **[(ECF No. _ )]** THAT:

1.     The Court GRANTS the Motion for Final Approval of the Class Action

Settlement, Request for Attorneys' Fees and Costs, and Certification of a Nationwide Settlement

Class.  The Court fully and finally approves the Class Action Settlement in the form

contemplated by the Class Action Agreement and finds its terms to be fair, reasonable and

adequate within the meaning of Fed. R. Civ. P. 23.  The Court directs the consummation of the

Class Action Settlement pursuant to the terms and conditions of the Class Action Agreement.

2.     The Court, for the purposes of this Final Judgment, adopts all defined terms as set

forth in the Class Action Agreement.

3.     Pursuant to Fed. R. Civ. P. 23(a)(1)-(4) and 23(b)(3), the Court CONFIRMS the

certification, for purposes of this Class Action Settlement and its administration and enforcement

only, of the Class, as defined in the Class Action Agreement.

-1-

4.     The Court CONFIRMS the appointment of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, PC; Hagens Berman Sobol Shapiro LLP; and Seeger Weiss LLP as counsel for the Class.

5.     The Court CONFIRMS the following as Settlement Class Representatives: Catherine Roberts, Adrian Clive Roberts, Keith Hall, Susan Albers, John Lingua, Bobby Hamilton, Scott Morgan, Maryana Melnyk, Jeff Findlay, Gustavo Fraga-Errecart, Hassan Zavareei, Terry Garmey, Charles Wolford, Craig Thorson, Richard Yanus, Thomas Weiss, John Laurino, Freddie T. Holbrook, Robert Trepper, Andrew Deutsch, Wendell A. Dingle, Caroline A. Ledlie, Shelby A. Jordan, Seid Dilgisic, Tiffany Knight, Ulyana Lynevych, Michael Medler, Robert Gershberg, Randolph Rolle, Melanie Johnson, Lars Dannberg, Walter Louis, Jr., and Vincent Minerva.

6.     The Court CONFIRMS the appointment of JND Legal Administration as Settlement Administrator.

7.     The Court GRANTS Class Counsel's request for attorneys' fees and costs, and AWARDS Class Counsel **[insert fee amount]** and **[insert costs amount]** to be paid by the Mercedes Defendants in addition to the compensation available to the Class.

8.     The Court AWARDS the Settlement Class Representatives service awards of $5,000 each for Terry Garmey, Keith Hall, John Laurino, Michael Medler, and Charles Wolford; and $2,500 each for Catherine Roberts, Adrian Clive Roberts, Susan Albers, John Lingua, Bobby Hamilton, Scott Morgan, Maryana Melnyk, Jeff Findlay, Gustavo Fraga-Errecart, Hassan Zavareei, Craig Thorson, Richard Yanus, Thomas Weiss, Freddie T. Holbrook, Robert Trepper, Andrew Deutsch, Wendell A. Dingle, Caroline A. Ledlie, Shelby A. Jordan, Seid Dilgisic, Tiffany Knight, Ulyana Lynevych, Robert Gershberg, Randolph Rolle, Melanie Johnson, Lars

Dannberg, Walter Louis, Jr., and Vincent Minerva to be paid by the Mercedes Defendants in addition to the compensation available to the Class.

9.     The Court hereby permanently BARS and ENJOINS the Settlement Class Representatives and any Class Member, and all persons acting on behalf of, or in concert or participation with such Settlement Class Representatives or Class Members (together the "Releasing Parties"), from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, participating in, or receiving any benefits from any lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction based upon or asserting any or all of the Released Claims against one or more Released Party; (b) instituting, organizing class members in, joining with class members in, amending a pleading in or soliciting the participation of class members in any action, including but not limited to a purported class action, in any court against one or more Released Party based on, involving, or incorporating, directly or indirectly, any or all of the Released Claims, and (c) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, participating in (as class members or otherwise) or receiving any benefits from any lawsuit, administrative or regulatory proceeding or order in any jurisdiction based on an allegation that the Mercedes Defendants' compliance with the provisions of the Class Action Agreement violates any legal right of any Class Member.

10.    With respect to the effect of this Final Judgment on persons and entities eligible for membership in the Class, only those persons and entities who timely submitted valid requests to opt out of the Settlement Class are not bound by the Final Approval Order or this Final Judgment, and any such excluded persons and entities are not entitled to any recovery from the Class Action Settlement. A list of those who submitted opt-out notifications in compliance with

-3-

the requirements set forth in the Preliminary Approval Order and the Long Form Notice is attached as **[Exhibit **]**.

11.     The Final Judgment is final as to all Released Claims of all Releasing Parties, and the Clerk is directed to enter Judgment thereon, without costs to any Party except as provided in this Final Judgment.

12.     The Court will retain continuing and exclusive jurisdiction over the Parties and the Action for the reasons and purposes set forth in this Final Judgment and the Final Approval Order.  Without in any way affecting the finality of the Final Approval Order and this Final Judgment, this Court expressly retains exclusive jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Class Action Settlement (as set forth in Section 16.6 of the Class Action Agreement), the Final Approval Order and this Final Judgment, and for any other necessary purpose.

**IT IS SO ORDERED.**

_____
                                Hon. Kevin McNulty
                                United States District Judge