**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| IN RE MERCEDES-BENZ EMISSIONS LITIGATION | Civil Action: 16-cv-881 (KM) (ESK)<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING NATIONWIDE SETTLEMENT CLASS, APPROVING CLASS NOTICE PROGRAM, AND SCHEDULING A FAIRNESS HEARING**<br><br>**ELECTRONICALLY FILED** |

Before the Court is the Settlement Class Representatives' Motion for Preliminary

Approval of Class Settlement and Direction of Notice under Rule 23(e) (the "Motion").

WHEREAS, a proposed Class Action Agreement has been reached between Class

Counsel on behalf of a defined proposed Class of current and former owners and lessees

of certain model year 2009-2016 Mercedes-Benz and Freightliner BlueTEC II diesel

vehicles sold or leased, and registered, in the United States or its territories, and Daimler

AG and Mercedes-Benz USA, LLC (together, the "Mercedes Defendants"), which

resolves certain claims against the Mercedes Defendants pertaining to the Subject

Vehicles listed below:

| BlueTEC II Diesel Vehicles | |
|---|---|
| **MODEL** | **MODEL YEARS** |
| E250 | 2014-2016 |
| E350 | 2011-2013 |
| GL320 | 2009 |
| GL350 | 2010-2016 |
| GLE300d | 2016 |
| GLE350d | 2016 |
| GLK250 | 2013-2015 |
| ML250 | 2015 |
| ML320 | 2009 |
| ML350 | 2010-2014 |
| R320 | 2009 |
| R350 | 2010-2012 |
| S350 | 2012-2013 |
| Mercedes-Benz or Freightliner Sprinter (4-cylinder) | 2014-2016 |
| Mercedes-Benz or Freightliner Sprinter (6-cylinder) | 2010-2016 |

WHEREAS, the Mercedes Defendants have also entered separate agreements with the United States Department of Justice ("DOJ") on behalf of the Environmental Protection Agency ("EPA"), and the State of California by and through the California Air Resources Board ("CARB") and California's Office of the Attorney General ("CA AG"), which provide modifications and extended warranties for the Subject Vehicles pursuant to the terms of those agreements and which are memorialized in the US-CA Consent Decree;

WHEREAS, the Court, for the purposes of this Order, adopts all defined terms as set forth in the Class Action Agreement;

WHEREAS, the Mercedes Defendants do not oppose the Court's entry of the proposed Preliminary Approval Order;

2

WHEREAS, the Court finds that it has jurisdiction over the Action and each of the Parties for purposes of settlement and asserts jurisdiction over the Settlement Class Representatives for purposes of considering and effectuating this Class Action Settlement;

WHEREAS, the Court, having reviewed and considered all of the submissions, briefs, reports, declarations, and presentations made and submitted in connection with the Motion; and

WHEREAS, this Court has fully considered the record and the requirements of law, and good cause appearing;

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Class Action Settlement (including all terms of the Class Action Agreement and exhibits thereto) is hereby PRELIMINARILY APPROVED.  The Court further finds and orders as follows:

1.      The Class Action Settlement was the result of the Parties' good-faith negotiations.  Plaintiffs, by and through Class Counsel, conducted an investigation into the facts and law relating to the matters alleged in their Complaint.  There was also extensive pretrial discovery, including depositions, the production of thousands of documents, written responses to dozens of written discovery requests, and multiple litigated discovery disputes.  The Class Action Settlement was entered into by experienced counsel and only after extensive arm's length negotiations with the aid of the Mediator, the Honorable Edward Infante (Ret.).  The Class Action Settlement appears to be the product of intensive, thorough, serious, informed, and non-collusive negotiations overseen by an experienced mediator; has no obvious deficiencies; and does not

improperly grant preferential treatment to the Settlement Class Representatives or segments of the Class. The Class Action Settlement provides meaningful relief to the Class in the form of monetary compensation, and allows the Class to avoid significant costs, uncertainties, delays, and other risks associated with continued litigation, trial, and/or appeal. The Court also expressly finds the Class Action Settlement is not the result of collusion.

2.      The Court finds, for settlement purposes only, that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied. The Court provisionally certifies, for settlement purposes only and subject to final findings and ratification in the Final Approval Order and the occurrence of the Effective Date, a nationwide Class, including territories of the United States, of all Persons who (1) on or before the Settlement Announcement Date owned or leased, and Registered, a Subject Vehicle, or (2) after the Settlement Announcement Date begin owning or leasing, and Register, a Subject Vehicle for which an Approved Emission Modification has not been installed. The following entities and individuals are excluded from the Class:

(a)      The Mercedes Defendants and their officers, directors, and employees; the Mercedes Defendants' corporate affiliates and corporate affiliates' officers, directors, and employees; their distributors and distributors' officers, directors, and employees;

(b)      Judicial officers and their immediate family members and associated court staff assigned to this case;

(c)      Persons who have settled with, released, or otherwise had claims adjudicated on the merits against the Mercedes Defendants arising from the same allegations or circumstances as the BlueTEC Diesel Matter; and

(d)      All Persons otherwise in the Class who timely and properly exclude themselves from the Class as provided in the Class Action Agreement.

3.      This Court finds that the requirements of Rule 23(a) are satisfied for settlement purposes only, as follows:

(a)      Pursuant to Fed. R. Civ. P. 23(a)(1), the Class is so numerous that joinder of all members is impracticable;

(b)      Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the Court determines that there are common issues of law and fact for the Class;

(c)      Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Settlement Class Representatives are typical of the claims of the Class Members; and

(d)      Pursuant to Fed. R. Civ. P. 23(a)(4), the Settlement Class Representatives will fairly and adequately protect and represent the interests of all of the Class Members, and the interests of the Settlement Class Representatives are not antagonistic to those of the Class.  The Settlement Class Representatives are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

4.      The Court further finds that the requirements of Rule 23(b)(3) are satisfied for settlement purposes only, as follows:

(a)     Questions of law and fact common to the Class Members, as described above, predominate over questions that may only affect individual Class Members;

(b)     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy; and

(c)     The Class is ascertainable.

5.     The Court appoints the firms Carella, Byrne, Cecchi, Olstein, Brody & Agnello, PC; Hagens Berman Sobol Shapiro LLP; and Seeger Weiss LLP as counsel for the Class pursuant to Rule 23(g).  The Court has considered all of the factors listed in Rule 23(g)(1) and finds that these firms are competent and capable of exercising their responsibilities as Class Counsel for the provisionally certified settlement Class, will fairly and adequately represent the interests of the Class under Rule 23(a)(4), have done so, and are adequate under Rule 23(g)(1) and (4) to implement and complete the settlement process.

6.     The Court designates the following as Settlement Class Representatives: Catherine Roberts, Adrian Clive Roberts, Keith Hall, Susan Albers, John Lingua, Bobby Hamilton, Scott Morgan, Maryana Melnyk, Jeff Findlay, Gustavo Fraga-Errecart, Hassan Zavareei, Terry Garmey, Charles Wolford, Craig Thorson, Richard Yanus, Thomas Weiss, John Laurino, Freddie T. Holbrook, Robert Trepper, Andrew Deutsch, Wendell A. Dingle, Caroline A. Ledlie, Shelby A. Jordan, Seid Dilgisic, Tiffany Knight, Ulyana Lynevych, Michael Medler, Robert Gershberg, Randolph Rolle, Melanie Johnson, Lars Dannberg, Walter Louis, Jr., and Vincent Minerva.

7.     The Court finds that it will likely be able to approve the proposed

settlement under Rule 23(e)(2). The Court furthermore finds that it will likely be able to

certify the class for purposes of judgment on the proposal, for the reasons discussed

above.

8.     The Court finds that the content, format, and method of disseminating

notice, as set forth in the Motion, the Declaration of JND Legal Administration, the Class

Action Agreement, and the proposed Long Form Notice, Short Form Notice, and

Supplemental Notice of Class Benefits (collectively, the "Class Notice Documents") —

including direct First Class mailed notice to all known members of the Class deposited in

the mail within the later of (a) 15 business days of the Preliminary Approval Order; or (b)

15 business days after a federal district court enters the US-CA Consent Decree—is the

best notice practicable under the circumstances and satisfies all requirements provided in

Rule 23(c)(2)(B). The Court approves such notice, and hereby directs that such notice be

disseminated in the manner set forth in the Class Action Settlement to the Class under

Rule 23(e)(1).

9.     The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2), a Fairness

Hearing shall take place on a date and time to be stated in the Class Notice Documents,

which shall be approximately 110 days after the Notice Date, at the United States District

Court for the District of New Jersey, located at the Martin Luther King Building &

United States Courthouse, 50 Walnut Street, Newark, NJ 07102, before this Court, to

determine whether the proposed Class Action Settlement is fair, reasonable, and

adequate, and whether it should be finally approved by the Court, and whether the

Released Claims should be released pursuant to the Class Action Settlement.  The Court may, in its discretion, determine to hold the hearing remotely, via Zoom or other equivalent remote platform.  In the event the Court determines to do so, instructions concerning the hearing will be posted on the docket and the Settlement Website.  The Court will also address Class Counsel's application for an award of Attorneys' Fees and Expenses and Incentive Awards for the Settlement Class Representatives (collectively, the "Fee Application") at that time.  Papers in support of final approval of the Class Action Settlement and the Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 16 below.  The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class.  After the Fairness Hearing, the Court may enter a Final Approval Order and Final Judgment in accordance with the Class Action Settlement that will adjudicate the rights of the Class Members with respect to the claims being settled.

10.     Persons wishing to object to the Class Action Settlement and/or be heard at the Fairness Hearing shall follow the following procedures:

(a)     To object, a Class Member, individually or through counsel, must file a written objection with the Clerk, by mailing the written objection to Martin Luther King Building & United States Courthouse, 50 Walnut Street, Newark, NJ 07101, and serve the written objection on Class Counsel and the Mercedes Defendants' Lead Counsel within 60 days of the Notice Date.  The written statement of objection(s) must include: (1) a statement as to whether it applies only to the Class Member, to a specific subset of the Class, or to the entire class, and also state with specificity the grounds for

the objection, including any evidence and legal authority the Class Member wishes to bring to the Court's attention; (2) the Class Member's printed name, address, and telephone number; (3) the VIN of the Subject Vehicle forming the basis of the Class Member's inclusion in the Class and the beginning and end dates (if applicable) of the Class Member's ownership or lease of the Subject Vehicle; (4) a statement that the Class Member has reviewed the Class definition and has not opted out of the Class; (5) any supporting papers, materials, or briefs the Class Member wishes the Court to consider when reviewing the objection; (6) a statement of whether the Class Member intends to appear at the Fairness Hearing; and (7) a dated "wet" signature not affixed by electronic means.  Lawyers asserting objections on behalf of members of the Class must also:  (1) file a notice of appearance with the Clerk within 60 days of the Notice Date; (2) file a sworn declaration attesting to his or her representation of each member of the Class on whose behalf the objection is being filed or file (in camera) a copy of the contract between that lawyer and each such member of the Class; and (3) serve copies of the objections on Class Counsel and the Mercedes Defendants' Lead Counsel.  Lawyers asserting objections on behalf of members of the Class also must file a sworn declaration that specifies the number of times during the prior five-year period they have objected to a class action settlement on their own behalf or on behalf of a member of the class. Service upon Class Counsel and the Mercedes Defendants' Lead Counsel should be made by mail to the following addresses:

> **Class Counsel:**
> James E. Cecchi
> Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.
> 5 Becker Farm Road

Roseland, NJ 07068

**Counsel for the Mercedes Defendants**:
Daniel W. Nelson
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue NW
Washington, D.C. 20036

(b)      Any member of the Class who files a written objection within 60

days of the Notice Date may also appear at the Fairness Hearing, either in person or

through an attorney hired at their expense, to object to the fairness, reasonableness or

adequacy of the Class Action Settlement.

(c)      Members of the Class or their attorneys intending to appear at the

Fairness Hearing must, within 60 days of the Notice Date, serve on Class Counsel and the

Mercedes Defendants' Lead Counsel, and file with the Clerk, a written notice of intent to

object, which includes: (i) the name, address and telephone number of the Class Member

and, if applicable, the name, address and telephone number of the Class Member's

attorney (who must file a Notice of Appearance); (ii) the objection, including any papers

in support thereof, and all of the materials required by Paragraph 10(a) of this Order; and

(iii) the name and address of any witnesses to be presented at the Fairness Hearing,

together with a statement as to the matters on which they wish to testify and a summary

of the proposed testimony.

(d)      Any Class Member who does not timely file and serve a notice of

intent to object, and any witness not identified in the notice of intent to object, shall not

be permitted to appear at the Fairness Hearing, except for good cause shown.

11.     Members of the Class who elect not to participate in the Class Action Settlement must submit a written request for exclusion that is postmarked within 60 days of the Notice Date.  To validly opt out from the Class, a Person must personally sign, date, and send a written request to opt out stating "I have reviewed the Long Form Notice and wish to exclude myself from the Class in *In re Mercedes-Benz Emissions Litigation*, 2:16-cv-0881" (or substantially similar clear and unambiguous language) to the Settlement Administrator at MB Blue Tec Settlement – Exclusions c/o JND Legal Administration, PO Box 91385, Seattle, WA 98111.  The written request to opt out must include the Person's name, address, telephone number, and VIN of the Subject Vehicle forming the basis of the Person's inclusion in the Class, a statement as to whether the Person owns/owned or leases/leased the Subject Vehicle, and a "wet" signature not affixed by electronic means.  The Parties retain discretion to determine whether any opt-out request substantially complies with the requirements above.  The Settlement Administrator will provide bi-weekly summary reports and copies of all opt-out requests to Class Counsel and the Mercedes Defendants' Lead Counsel.  Opt-out requests that are signed by an attorney but not by the Person requesting to be excluded from the Class are invalid.

12.     Any Class Member failing to properly and timely mail such a written notice of exclusion shall be automatically included in the Class and shall be bound by all the terms and provisions of the Class Action Agreement, including the Release and Final Approval Order.  The Parties retain discretion to determine whether any opt-out requests

comply with the requirements stated in this order. The Court shall resolve any disputes between the Parties concerning Section 7 of the Class Action Agreement.

13.     Opting out and objecting are mutually exclusive options. Any Person who opts out may not also object to the Class Action Settlement, and any objection filed by a Person who has opted out will be disregarded.

14.     The Court finds that the Claim Form attached to the Class Action Agreement as Exhibit 4, and the amount of time provided to Class Members to submit Valid Claims for Class Member Payments, are fair, reasonable, and adequate.

15.     JND Legal Administration is hereby appointed as the Settlement Administrator and shall perform all of the duties of the Settlement Administrator set forth in the Class Action Settlement.

16.     The Court adopts the following schedule for disseminating notice, filing claims, requesting exclusions from the class, filing objections to the Class Action Settlement, filing the motion for final approval, and application for fees and expenses. The Court directs the Parties to insert calendar dates in the Class Notice Documents based on the actual Notice Date; in the event a date would fall on a weekend or holiday, the parties shall use the next business day.

| Event | Proposed Date |
|---|---|
| Class Notice Program and Claims Period begins | Within 15 business days after the entry of the Preliminary Approval Order or the entry of the US-CA Consent Decree, whichever is later |
| Motion for Attorneys' Fees and Expenses Application filed | 30 days after Notice Date |

| Objection and Opt-Out Deadline | 60 days after Notice Date |
|---|---|
| Motion for Final Approval filed | 90 days after Notice Date |
| Fairness Hearing | 110 days after Notice Date |

17.    The deadlines set forth in this Preliminary Approval Order and the Class

Notice Documents, including, but not limited to, the date of the Fairness Hearing, may be

extended by Order of the Court, for good cause shown, without further notice to members

of the Class, except that notice of any such extensions shall be included on the Settlement

Website.  Members of the Class should check the Settlement Website regularly for

updates and further details regarding extensions of these deadlines.

18.    Pending the Fairness Hearing, all litigation and discovery proceedings in

the Action pertaining to the Mercedes Defendants, other than proceedings necessary to

carry out or enforce the terms and conditions of the Class Action Settlement and this

Preliminary Approval Order, are stayed pending further order of the Court.

19.    Pending final determination of whether the Class Action Settlement

should be approved, the Settlement Class Representatives and members of the Class, or

any of them, are prohibited from directly, indirectly, derivatively, in a representative

capacity, or in any other capacity, commencing, prosecuting, or continuing any other

action in any forum (state or federal) against any of the Released Parties in any court or

tribunal asserting any of the Released Claims (as that term is defined in the Class Action

Agreement).

20.    Class Counsel and the Mercedes Defendants' Lead Counsel are authorized

to take, without further Court approval, all necessary and appropriate steps to implement

the Class Action Settlement including the approved Class Notice Program as well as any additional notice the Parties deem necessary.

21.     Class Counsel and Mercedes Defendants' Lead Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Class Action Settlement that are not materially inconsistent with the Preliminary Approval Order or the Class Action Settlement, including making, without further approval of the Court, minor changes to the Class Action Settlement, to the form or content of the Long Form Notice, Short Form Notice, or other notice materials, or to any other exhibits that the Parties jointly agree are reasonable or necessary.

22.     The Court authorizes the Settlement Administrator through data aggregators or otherwise, to request, obtain, and utilize vehicle registration information from the Department of Motor Vehicles for all 50 states, the District of Columbia, Puerto Rico, Guam, the U.S. Virgin Islands and all other United States territories and/or possessions for the purposes of determining the identity of and contact information for purchasers and lessees of Subject Vehicles.  Vehicle registration information includes, but is not limited to, owner/lessee name and address information, registration date, year, make, and model of the vehicle.  The Settlement Administrator is ordered to take all necessary steps to have this information in its possession by October 15, 2020, and the Departments of Motor Vehicles are asked to cooperate with the Settlement Administrator in complying with this Preliminary Approval Order.  The information referenced in this Paragraph is needed on an expedited basis to ensure proper coordination with notices required under the US-CA Consent Decree.

14

23.    Due to the interrelationship of these proceedings with notices and other matters related to the US-CA Consent Decree, the Court finds good cause to expedite implementation of this Preliminary Approval Order—including quick retrieval of vehicle registration and contact information from the Departments of Motor Vehicles to facilitate prompt class notice, as referenced above.  As such, this Preliminary Approval Order shall be deemed approved, accepted, and ordered by the Court until and unless there is a timely objection and the Court explicitly sustains that objection.  Furthermore any objection or other motion relating to this Preliminary Approval Order must be filed within 5 days of the date of this Preliminary Approval Order.  Further, any response must be filed within 5 days of the objection or other motion.  No further briefing relating to an objection or other motion regarding this Preliminary Approval Order will be allowed, unless ordered by the Court.  The Court will endeavor (consistent with its calendar) to expeditiously adjudicate any objection or other motion.

24.    In the event the Court does not grant final approval to the Class Action Settlement, or if for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Class Action Settlement, or the Class Action Settlement is terminated pursuant to its terms for any reason, or the Effective Date does not occur for any reason, then the following shall apply:

(a)    All orders and findings entered in connection with the Class Action Settlement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

15

(b)     The provisional certification of the Class for settlement purposes pursuant to this Preliminary Approval Order shall be vacated automatically, and the Action shall proceed as though the Class had never been certified pursuant to this Class Action Settlement and the related findings had never been made;

(c)     Nothing contained in this Preliminary Approval Order is, or may be construed as, a presumption, concession, or admission by or against the Mercedes Defendants or the Settlement Class Representatives of any default, liability, or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the Action as a class action;

(d)     Nothing in this Preliminary Approval Order or pertaining to the Class Action Settlement, including any of the documents or statements generated or received pursuant to the Claims Program, shall be used as evidence in any further proceeding in this Action, including, but not limited to, motions or proceedings seeking treatment of the Action as a class action;

(e)     All of the Court's prior Orders having nothing whatsoever to do with the Class Action Settlement shall, subject to this Preliminary Approval Order, remain in force and effect; and

(f)     The Parties will be returned to their positions status quo ante as of the date immediately before the Parties' execution of the Class Action Agreement.

25.     The Court shall retain continuing jurisdiction over these proceedings for the benefit of the Class in accordance with this Preliminary Approval Order.

**IT IS SO ORDERED.**

Sept 16, 2020

_____

Dennis M. Cavanaugh, U.S.D.J. (Ret.)
Special Master

17