# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCEDES-BENZ EMISSIONS LITIGATION | Civil Action: 16-cv-881 (KM) (ESK)<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING BOSCH CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING NATIONWIDE SETTLEMENT CLASS, APPROVING CLASS NOTICE PROGRAM, AND SCHEDULING A FAIRNESS HEARING**<br><br>**ELECTRONICALLY FILED** |

Before the Court is the Settlement Class Representatives' Motion for Preliminary Approval of Class Settlement and Direction of Notice under Rule 23(e) (the "Motion").

WHEREAS, a proposed Class Action Agreement (the "Bosch Settlement") has been reached between Class Counsel on behalf of a defined proposed Class of current and former owners and lessees of certain model year 2009-2016 Mercedes-Benz and Freightliner BlueTEC II diesel vehicles sold or leased, and registered, in the United States or its territories, and Robert Bosch GmbH and Robert Bosch LLC (together, the "Bosch Defendants"), which resolves certain claims against the Bosch Defendants pertaining to the Subject Vehicles listed below:

| BlueTEC II Diesel Vehicles ||
|---|---|
| **MODEL** | **MODEL YEARS** |
| E250 | 2014-2016 |
| E350 | 2011-2013 |
| GL320 | 2009 |
| GL350 | 2010-2016 |
| GLE300d | 2016 |
| GLE350d | 2016 |
| GLK250 | 2013-2015 |
| ML250 | 2015 |
| ML320 | 2009 |
| ML350 | 2010-2014 |
| R320 | 2009 |
| R350 | 2010-2012 |
| S350 | 2012-2013 |
| Mercedes-Benz or Freightliner Sprinter (4-cylinder) | 2014-2016 |
| Mercedes-Benz or Freightliner Sprinter (6-cylinder) | 2010-2016 |

WHEREAS, the Court, for the purposes of this Order, adopts all defined terms as set forth in the Bosch Settlement;

WHEREAS, the Bosch Defendants do not oppose the Court's entry of the proposed Preliminary Approval Order;

WHEREAS, the Court finds that it has jurisdiction over the Action and each of the Parties for purposes of settlement and asserts jurisdiction over the Settlement Class Representatives for purposes of considering and effectuating the Bosch Settlement;

WHEREAS, the Court, having reviewed and considered all of the submissions, briefs, reports, declarations, and presentations made and submitted in connection with the Motion; and

WHEREAS, this Court has fully considered the record and the requirements of law, and good cause appearing;

2

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Bosch Settlement (including all terms of the Bosch Settlement and exhibits thereto) is hereby PRELIMINARILY APPROVED. The Court further finds and orders as follows:

1. The Bosch Settlement was the result of the Parties' good-faith negotiations. Plaintiffs, by and through Class Counsel, conducted an investigation into the facts and law relating to the matters alleged in their Complaint. There was also extensive pretrial discovery, including depositions, the production of thousands of documents, written responses to dozens of written discovery requests, and multiple litigated discovery disputes. The Bosch Settlement was entered into by experienced counsel and only after extensive arm's length negotiations with the aid of the Mediator, the Honorable Edward Infante (Ret.). The Bosch Settlement appears to be the product of intensive, thorough, serious, informed, and non-collusive negotiations overseen by an experienced mediator; has no obvious deficiencies; and does not improperly grant preferential treatment to the Settlement Class Representatives or segments of the Class. The Bosch Settlement provides meaningful relief to the Class in the form of monetary compensation, and allows the Class to avoid significant costs, uncertainties, delays, and other risks associated with continued litigation, trial, and/or appeal. The Court also expressly finds the Bosch Settlement is not the result of collusion.

2. On September 16, 2020, in connection with the Mercedes Settlement in this Action, the Court provisionally certified, for settlement purposes only and subject to final findings and ratification in the Final Approval Order and the occurrence of the Effective Date, a nationwide Class, including territories of the United States, of all

Persons who (1) on or before the Settlement Announcement Date owned or leased, and Registered, a Subject Vehicle, or (2) after the Settlement Announcement Date begin owning or leasing, and Register, a Subject Vehicle for which an Approved Emission Modification has not been installed. The following entities and individuals are excluded from the Class:

 (a) The Mercedes Defendants and their officers, directors, and employees; the Mercedes Defendants' corporate affiliates and corporate affiliates' officers, directors, and employees; their distributors and distributors' officers, directors, and employees;

 (b) Judicial officers and their immediate family members and associated court staff assigned to this case;

 (c) Persons who have settled with, released, or otherwise had claims adjudicated on the merits against the Mercedes Defendants arising from the same allegations or circumstances as the BlueTEC Diesel Matter (as that term is defined in the Mercedes Settlement); and

 (d) All Persons otherwise in the Class who timely and properly exclude themselves from the Class as provided in the Mercedes Settlement.

Notwithstanding anything else in the Bosch Settlement, the following Persons are not eligible to and shall not receive any compensation form the Bosch Defendants under the Bosch Settlement: the Bosch Defendants and their officers, directors, and employees,

4

and the Bosch Defendants' corporate affiliates and those corporate affiliates' officers, directors, and employees.

3. The Court reaffirms, for settlement purposes only, that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied for this Class, and finds that the certified Class is appropriate to evaluate the Bosch Settlement and the Mercedes Settlement.

4. This Court reaffirms that the requirements of Rule 23(a) are satisfied for settlement purposes only, as follows:

(a) Pursuant to Fed. R. Civ. P. 23(a)(1), the Class is so numerous that joinder of all members is impracticable;

(b) Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the Court determines that there are common issues of law and fact for the Class;

(c) Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Settlement Class Representatives are typical of the claims of the Class Members; and

(d) Pursuant to Fed. R. Civ. P. 23(a)(4), the Settlement Class Representatives will fairly and adequately protect and represent the interests of all of the Class Members, and the interests of the Settlement Class Representatives are not antagonistic to those of the Class. The Settlement Class Representatives are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

5. The Court further reaffirms that the requirements of Rule 23(b)(3) are satisfied for settlement purposes only, as follows:

      (a)    Questions of law and fact common to the Class Members, as described above, predominate over questions that may only affect individual Class Members;

      (b)    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy; and

      (c)    The Class is ascertainable.

6.    The Court confirms its appointment of the firms Carella, Byrne, Cecchi, Olstein, Brody & Agnello, PC; Hagens Berman Sobol Shapiro LLP; and Seeger Weiss LLP as counsel for the Class pursuant to Rule 23(g). The Court has considered all of the factors listed in Rule 23(g)(1) and finds that these firms are competent and capable of exercising their responsibilities as Class Counsel for the provisionally certified settlement Class, will fairly and adequately represent the interests of the Class under Rule 23(a)(4), have done so, and are adequate under Rule 23(g)(1) and (4) to implement and complete the settlement process.

7.    The Court reaffirms its designation of the following as Settlement Class Representatives: Catherine Roberts, Adrian Clive Roberts, Keith Hall, Susan Albers, John Lingua, Bobby Hamilton, Scott Morgan, Maryana Melnyk, Jeff Findlay, Gustavo Fraga-Errecart, Hassan Zavareei, Terry Garmey, Charles Wolford, Craig Thorson, Richard Yanus, Thomas Weiss, John Laurino, Freddie T. Holbrook, Robert Trepper, Andrew Deutsch, Wendell A. Dingle, Caroline A. Ledlie, Shelby A. Jordan, Seid Dilgisic, Tiffany Knight, Ulyana Lynevych, Michael Medler, Robert Gershberg,

Randolph Rolle, Melanie Johnson, Lars Dannberg, Walter Louis, Jr., and Vincent Minerva.

8. The Court finds that it will likely be able to approve the proposed Bosch Settlement under Rule 23(e)(2). The Court furthermore finds that it will likely be able to certify the class for purposes of judgment on the proposal, for the reasons discussed above.

9. The Court reaffirms that the content, format, and method of disseminating notice, as set forth in the Motion, the Declaration of JND Legal Administration, the Bosch Settlement, and the proposed Long Form Notice, Short Form Notice, and Supplemental Notice of Class Benefits (collectively, the "Class Notice Documents") — including direct First Class mailed notice to all known members of the Class deposited in the mail as provided under the Preliminary Approval Order entered on September 16, 2020 for the Mercedes Settlement [Dkt. No. 304]—is the best notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B). Certain aspects of the Bosch Settlement and the Mercedes Settlement are related. The content of the Long Form Notice, Short Form Notice, and Supplemental Notice of Class Benefits preliminarily approved in Dkt. No. 304 therefore will be modified to each address both the Bosch Settlement and the Mercedes Settlement. This will reduce the possibility of confusion from multiple notices and will avoid unnecessary expense. The Court approves such modifications, and hereby directs that the modified notice be disseminated in the manner previously approved in the Preliminary Approval Order entered on September 16, 2020 for the Mercedes Settlement [Dkt. No. 304] under Rule 23(e)(1).

10. The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2), a Fairness Hearing shall take place on a date and time to be stated in the Class Notice Documents, which shall be the same date as the Fairness Hearing for the Mercedes Class Action Settlement (approximately 110 days after the Notice Date), at the United States District Court for the District of New Jersey, located at the Martin Luther King Building & United States Courthouse, 50 Walnut Street, Newark, NJ 07102, before this Court, to determine whether the proposed Bosch Settlement is fair, reasonable, and adequate, and whether it should be finally approved by the Court, and whether the Released Claims should be released pursuant to the Bosch Settlement.  The Court may, in its discretion, determine to hold the hearing remotely, via Zoom or other equivalent remote platform. In the event the Court determines to do so, instructions concerning the hearing will be posted on the docket and the Settlement Website.  The Court will also address Class Counsel's application for an award of Attorneys' Fees and Expenses and Incentive Awards for the Settlement Class Representatives in connection with the Bosch Settlement (collectively, the "Fee Application") at that time.  Papers in support of final approval of the Bosch Settlement and the Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 16 below.  The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class.  After the Fairness Hearing, the Court may enter a Final Approval Order and Final Judgment in accordance with the Bosch Settlement that will adjudicate the rights of the Class Members with respect to the claims being settled.

11.     Persons wishing to object to the Bosch Settlement and/or be heard at the Fairness Hearing shall follow the procedures in Paragraph 10 of the Preliminary Approval Order entered on September 16, 2020 for the Mercedes Settlement [Dkt. No. 304], and any written objections shall also be served on:

> **Counsel for the Bosch Defendants**:
> Matthew D. Slater.
> CLEARY GOTTLIEB STEEN & HAMILTON LLP
> 2112 Pennsylvania Ave., NW
> Washington, DC 20037

Any Class Member who does not timely file and serve a notice of intent to object, and any witness not identified in the notice of intent to object, shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

12.     Members of the Class who elect not to participate in the Bosch Settlement must submit a written request for exclusion that is postmarked within 60 days of the Notice Date, in accordance with Paragraph 11 of the Preliminary Approval Order entered on September 16, 2020 for the Mercedes Settlement [Dkt. No. 304].  The Settlement Administrator will provide bi-weekly summary reports and copies of all opt-out requests to Class Counsel, the Bosch Defendants' Lead Counsel, and the Mercedes Defendants' Lead Counsel.  Opt-out requests that are signed by an attorney but not by the Person requesting to be excluded from the Class are invalid.  Opting out of the Class will result in exclusion from the Bosch Settlement and the Mercedes Settlement.

13.     Any Class Member failing to properly and timely mail such a written notice of exclusion shall be automatically included in the Class and shall be bound by all the terms and provisions of the Bosch Settlement and the Mercedes Settlement, including

the Release and the Final Approval Order(s) for the Bosch Settlement and the Mercedes Settlement.  The Parties and the Mercedes Defendants retain discretion to determine whether any opt-out requests comply with the requirements stated in this order.  The Court shall resolve any disputes amongst the Parties and/or the Mercedes Defendants regarding opt-outs and opt-out procedures.

14. Opting out and objecting are mutually exclusive options.  Any Person who opts out may not also object to the Bosch Settlement, and any objection filed by a Person who has opted out will be disregarded.

15. The Court finds that the Claim Form attached to the Bosch Settlement as Exhibit 4, and the amount of time provided to Class Members to submit Valid Claims for Class Member Payments, are fair, reasonable, and adequate.

16. JND Legal Administration is hereby appointed as the Settlement Administrator and shall perform all of the duties of the Settlement Administrator set forth in the Bosch Settlement.

17. The Court adopts the following schedule for disseminating notice, filing claims, requesting exclusions from the class, filing objections to the Bosch Settlement, filing the motion for final approval, and application for fees and expenses.  The Court directs the Parties to insert calendar dates in the Class Notice Documents based on the

actual Notice Date; in the event a date would fall on a weekend or holiday, the parties shall use the next business day.

| Event | Proposed Date |
|---|---|
| Class Notice Program and Claims Period begins | Simultaneous with the Mercedes Class Action Settlement Notice |
| Motion for Attorneys' Fees and Expenses Application filed | 30 days after Notice Date |
| Objection and Opt-Out Deadline | 60 days after Notice Date |
| Motion for Final Approval filed | 90 days after Notice Date |
| Fairness Hearing | 110 days after Notice Date |

18. The deadlines set forth in this Preliminary Approval Order and the Class Notice Documents, including, but not limited to, the date of the Fairness Hearing, may be extended by Order of the Court, for good cause shown, without further notice to members of the Class, except that notice of any such extensions shall be included on the Settlement Website. Members of the Class should check the Settlement Website regularly for updates and further details regarding extensions of these deadlines.

19. Pending the Fairness Hearing, all litigation and discovery proceedings in the Action pertaining to the Bosch Defendants, other than proceedings necessary to carry out or enforce the terms and conditions of the Bosch Settlement and this Preliminary Approval Order, are stayed pending further order of the Court.

20. Pending final determination of whether the Bosch Settlement should be approved, the Settlement Class Representatives and members of the Class, or any of them, are prohibited from directly, indirectly, derivatively, in a representative capacity, or

11

in any other capacity, commencing, prosecuting, or continuing any other action in any forum (state or federal) against any of the Released Parties in any court or tribunal asserting any of the Released Claims (as that term is defined in the Bosch Settlement).

21.     Class Counsel and the Bosch Defendants' Lead Counsel are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Bosch Settlement including the approved Class Notice Program as well as any additional notice the Parties deem necessary.

22.     Class Counsel and Bosch Defendants' Lead Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Bosch Settlement that are not materially inconsistent with the Preliminary Approval Order or the Bosch Settlement, including making, without further approval of the Court, minor changes to the Bosch Settlement, to the form or content of the Long Form Notice, Short Form Notice, or other notice materials, or to any other exhibits that the Parties (and the Mercedes Defendants, for changes to the notice materials) jointly agree are reasonable or necessary.

23.     For the Mercedes Settlement, the Court authorized the Settlement Administrator through data aggregators or otherwise, to request, obtain, and utilize vehicle registration information from the Department of Motor Vehicles for all 50 states, the District of Columbia, Puerto Rico, Guam, the U.S. Virgin Islands and all other United States territories and/or possessions for the purposes of determining the identity of and contact information for purchasers and lessees of Subject Vehicles.  Vehicle registration information includes, but is not limited to, owner/lessee name and address information,

registration date, year, make, and model of the vehicle.  The Settlement Administrator was ordered to take all necessary steps to have this information in its possession by October 15, 2020, and the Departments of Motor Vehicles were asked to cooperate with the Settlement Administrator in complying with the Preliminary Approval Order entered September 16, 2020 for the Mercedes Settlement.  The Settlement Administrator's work will facilitate the combined notice for the Mercedes Settlement and the Bosch Settlement.  The Court therefore reaffirms its order to the Settlement Administrator, and asks the Departments of Motor Vehicles to continue to cooperate with the Settlement Administrator in complying with the Court's order.

24.     Due to the interrelationship of these proceedings with notices and other matters related to the preliminarily-approved Mercedes Settlement in this same action, the Court finds good cause to expedite implementation of this Preliminary Approval Order—including quick retrieval of vehicle registration and contact information from the Departments of Motor Vehicles to facilitate prompt class notice, as referenced above.  As such, this Preliminary Approval Order shall be deemed approved, accepted, and ordered by the Court until and unless there is a timely objection and the Court explicitly sustains that objection.  Furthermore any objection or other motion relating to this Preliminary Approval Order must be filed within 5 days of the date of this Preliminary Approval Order.  Further, any response must be filed within 5 days of the objection or other motion.  No further briefing relating to an objection or other motion regarding this Preliminary Approval Order will be allowed, unless ordered by the Court.  The Court will

endeavor (consistent with its calendar) to expeditiously adjudicate any objection or other motion.

25.   In the event the Court does not grant final approval to the Bosch Settlement, or if for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Bosch Settlement, or the Bosch Settlement is terminated pursuant to its terms for any reason, or the Effective Date does not occur for any reason, then the following shall apply:

(a)   All orders and findings entered in connection with the Bosch Settlement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b)   This Preliminary Approval Order shall be vacated automatically, and the Action shall proceed as though the provisional Class certification had never been reaffirmed in connection with the Bosch Settlement and as though the related findings had never been made;

(c)   Nothing contained in this Preliminary Approval Order is, or may be construed as, a presumption, concession, or admission by or against the Bosch Defendants or the Settlement Class Representatives of any default, liability, or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the Action as a class action;

(d) Nothing in this Preliminary Approval Order or pertaining to the Bosch Settlement, including any of the documents or statements generated or received pursuant to the Claims Program, shall be used as evidence in any further proceeding in this Action, including, but not limited to, motions or proceedings seeking treatment of the Action as a class action;

(e) All of the Court's prior Orders having nothing whatsoever to do with the Bosch Settlement shall, subject to this Preliminary Approval Order, remain in force and effect; and

(f) The Parties will be returned to their positions status quo ante as of the date immediately before the Parties' execution of the Bosch Settlement.

26. The Court shall retain continuing jurisdiction over these proceedings for the benefit of the Class in accordance with this Preliminary Approval Order.

**IT IS SO ORDERED.**

                                                  Hon. Dennis M. Cavanaugh, U.S.D.J.
                                                            (Ret.)
                                                      Special Master