**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE MERCEDES-BENZ EMISSIONS LITIGATION | Civil Action: 16-cv-881 (KM) (ESK)<br><br>[~~PROPOSED~~] **FINAL JUDGMENT**<br><br>**ELECTRONICALLY FILED** |

IT IS HEREBY ORDERED AND ADJUDGED, pursuant to the Order Granting Final Approval of Class Action Settlement and Request for Attorneys' Fees and Costs, and Certifying Nationwide Settlement Class (D.E. 341) THAT:

1. The Court GRANTS the Motion for Final Approval of the Class Action Settlement (DE 336), Request for Attorneys' Fees and Costs, and Certification of a Nationwide Settlement Class as set out in greater detail in the Order Granting Final Approval of the Mercedes Class Action Settlement (D.E. 341), which is incorporated herein by reference. The Report + Recommendation (DE 343) is adopted in full. The Court fully and finally approves the Mercedes Settlement in the form contemplated by the Class Action Agreement and finds its terms to be fair, reasonable and adequate within the meaning of Fed. R. Civ. P. 23. The Court directs the consummation of the Mercedes Settlement pursuant to the terms and conditions of the Class Action Agreement.

2. The Court, for the purposes of this Final Judgment, adopts all defined terms as set forth in the Mercedes Settlement.

3. Pursuant to Fed. R. Civ. P. 23(a)(1)-(4) and 23(b)(3), the Court CONFIRMS the certification, for purposes of the Mercedes Settlement and its administration and enforcement only, of the Class, as defined in the Class Action Agreement.

4. The Court CONFIRMS the appointment of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, PC; Hagens Berman Sobol Shapiro LLP; and Seeger Weiss LLP as counsel for the Class.

5. The Court CONFIRMS the following as Settlement Class Representatives: Catherine Roberts, Adrian Clive Roberts, Keith Hall, Susan Albers, John Lingua, Bobby Hamilton, Scott Morgan, Maryana Melnyk, Jeff Findlay, Gustavo Fraga-Errecart, Hassan Zavareei, Terry Garmey, Charles Wolford, Craig Thorson, Richard Yanus, Thomas Weiss, John Laurino, Freddie T. Holbrook, Robert Trepper, Andrew Deutsch, Wendell A. Dingle, Caroline A. Ledlie, Shelby A. Jordan, Seid Dilgisic, Tiffany Knight, Ulyana Lynevych, Michael Medler, Robert Gershberg, Randolph Rolle, Melanie Johnson, Lars Dannberg, Walter Louis, Jr., and Vincent Minerva.

6. The Court CONFIRMS the appointment of JND Legal Administration as Settlement Administrator.

7. The Court GRANTS Class Counsel's request for attorneys' fees and costs, and AWARDS Class Counsel $80,200,000 in attorneys' fees and $3,200,000 in costs to be paid by the Mercedes Defendants in addition to the compensation available to the Class, according to the terms of the Mercedes Settlement. Consistent with the terms of the Mercedes Settlement, and for the avoidance of any doubt, the Court permanently BARS and ENJOINS any claims against the Mercedes Defendants for attorneys' fees (except as provided in the Mercedes Settlement), expert, consultant, or other litigation fees or costs.

8. The Court AWARDS the Settlement Class Representatives service awards of $5,000 each for Terry Garmey, Keith Hall, John Laurino, Michael Medler, and Charles Wolford; and $2,500 each for Catherine Roberts, Adrian Clive Roberts, Susan Albers, John Lingua, Bobby

Hamilton, Scott Morgan, Maryana Melnyk, Jeff Findlay, Gustavo Fraga-Errecart, Hassan Zavareei, Craig Thorson, Richard Yanus, Thomas Weiss, Freddie T. Holbrook, Robert Trepper, Andrew Deutsch, Wendell A. Dingle, Caroline A. Ledlie, Shelby A. Jordan, Seid Dilgisic, Tiffany Knight, Ulyana Lynevych, Robert Gershberg, Randolph Rolle, Melanie Johnson, Lars Dannberg, Walter Louis, Jr., and Vincent Minerva to be paid by the Mercedes Defendants in addition to the compensation available to the Class.

9. The Court hereby permanently BARS and ENJOINS the Settlement Class Representatives and any Class Member, and all persons acting on behalf of, or in concert or participation with such Settlement Class Representatives or Class Members (together the "Releasing Parties"), from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, participating in (as class members or otherwise), or receiving any benefits from any lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction based upon or asserting any or all of the Released Claims against one or more Released Party; (b) instituting, organizing class members in, joining with class members in, amending a pleading in or soliciting the participation of class members in any action, including but not limited to a purported class action, in any court or other tribunal or forum against one or more Released Party based on, involving, or incorporating, directly or indirectly, any or all of the Released Claims, and (c) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, participating in (as class members or otherwise) or receiving any benefits from any lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction based on an allegation that the Mercedes Defendants' compliance with the provisions of the Mercedes Settlement violates any legal right of any Class Member.

10. With respect to the effect of this Final Judgment on persons and entities eligible for membership in the Class, only those persons and entities who timely submitted valid requests to opt out of the Class are not bound by the Final Approval Order or this Final Judgment, and any such excluded persons and entities are not entitled to any recovery from the Mercedes Settlement.

11. The Final Judgment is final as to all Released Claims of all Releasing Parties, and the Clerk is directed to enter Judgment thereon, without costs to any Party except as provided in this Final Judgment, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

12. All claims against the Mercedes Defendants in the Action are hereby dismissed on the merits and with prejudice, without fees or costs to any party, other than as specified in the Final Approval Order, this Final Judgment, and the Mercedes Settlement.

13. The Court will retain continuing and exclusive jurisdiction over the Parties and the Action for the reasons and purposes set forth in this Final Judgment and the Final Approval Order. Without in any way affecting the finality of the Final Approval Order and this Final Judgment, this Court expressly retains exclusive jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Mercedes Settlement (as set forth in Section 16.6 of the Mercedes Settlement), the Final Approval Order and this Final Judgment, and for any other necessary purpose.

*The clerk shall close the file.*

**IT IS SO ORDERED.**

/s/ Kevin McNulty
Hon. Kevin McNulty
United States District Judge